**EXHIBIT A**

09CV1221
JUDGE LEINENWEBER
MAGISTRATE JUDGE NOLAN
BR

IFC InvestForClosures Financial

This certifies that

*Robert Schaufenbuel & Bradley Schaufenbuel*

has invested $35,000 on September 26, 2003 at a term of 2 years earning 17.9% APR

Note: Interest payments will be paid monthly. Upon maturity of your investment, unless a withdrawal request has been received, your principal will be reinvested in the same plan at the rate and term posted at that time. A withdrawal of principal requires a 90 day written notice by mail or electronically via email. There are no penalties for early withdrawal. Membership Interests are not transferable.

Number: IFCF092603-01
Acct#: 104101

Leo Stoller 9/26/03
Date

Signature

**EXHIBIT B**

InvestForClosures Financial

This certifies that
*American Mass Media Corp.*
*Ianhong Ng*
has invested *$50,000*
On November 09, 2004
at a term of 5 years
earning 9.0% APR

The terms and conditions of this investment are covered under the standard Subscription Agreement and your individual account documents. Membership not transferable.

Number: IFCF110904-01
Account# 104149

Signature CEO-IFCF

Date 11/9/04



**EXHIBIT D**

Page 1

John & Sarah Reed IV
2304 S. 79th Ave.
Yakima, WA  98403

Account #:   204017
Account type: Cash
Term Length:  5 years
(NOTE: interest is compounding)

$160,000  The CEO Bonus (200% bonus on your originally invested principal) that will be paid out to you at the close of your account, or your move to the SOP.  Note that this amount will not accrue interest nor change.  This is a reward for your patience.

Compound Period:            Annual

Nominal Annual Rate:        20.000%


AMORTIZATION SCHEDULE - Normal Amortization

|         | Date      | Invest    | Return    | Interest  | Net Change | Balance   |
|---------|-----------|-----------|-----------|-----------|------------|-----------|
| Invest  | 4/6/2005  | 40,000.00 |           |           | 40,000.00  | 40,000.00 |
| Invest  | 9/12/2005 | 40,000.00 |           | 3,484.93  | 43,484.93  | 83,484.93 |
| 1       | 3/29/2007 |           | 31,050.97 | 27,566.04 | 3,484.93-  | 80,000.00 |
| 2       | 3/31/2008 |           | 0.00      | 16,105.21 | 16,105.21  | 96,105.21 |
| Grand Totals |      | 80,000.00 | 31,050.97 | 47,156.18 | 96,105.21  |           |

An open balance of 96,105.21 still remains.



**EXHIBIT E**

IFC Ventures

This certifies that
*John Reed III*
has invested $50,000
On February 17, 2005
at a term of 5 years
earning 20% APR

UPDATED TO 200% CEO BONUS

The terms and conditions of this investment are covered under the standard Subscription Agreement and your individual account documents. Membership not transferable.

Number: IFCV021705-01
Account# 204013

CEO IFCF 2/17/05
Date

Signature

**EXHIBIT F**

**i·C IFC Ventures**

This certifies that

*Roberta K. Clark*

has invested
**$70,000**
On July 13, 2005
at a term of 5 years
earning 17% APR

Number: IFCV071305-01
Account# 204022

The terms and conditions of this investment are covered under the standard Subscription Agreement and your individual account documents. Membership not transferable.

7/13/05
Date

_____
Signature

**EXHIBIT G**

84 N. Eastwood Dr.
#3015
Woodstock, IL 60098



Toll Free: (877) 610-5982
Office (815) 206-5139
Fax (815) 206-5283

# POWER OF ATTORNEY

In connection with my interest in InvestForClosures Ventures, L.L.C. (the *"L.L.C."*), acquired or to be acquired pursuant to my subscription for Units in the L.L.C., I hereby irrevocably constitute and appoint Francis X. Sanchez, CEO (the *"Managing Member"*), with full power of substitution, my true and lawful attorney-in-fact, with full power and authority in my name, place and stead, to admit additional limited partners to the L.L.C., to return capital contributions to partners through redemption, to be my agent for service of process, to file, prosecute, defend, settle or compromise any and all actions at law or suits in equity for or on behalf of the L.L.C. with respect to any claim, demand or liability asserted or threatened by or against the L.L.C., to execute, acknowledge, swear to, deliver, file and record on my behalf in the appropriate public offices and publish (i) the L.L.C.'s Operating Agreement and amendments thereto; (ii) all certificates and other instruments (including but not limited to a Certificate of Limited Liability Corporation and a certificate of doing business under an assumed name) which the Managing Member deems appropriate to qualify or continue the L.L.C. as a Limited Liability Corporation in the jurisdictions in which the L.L.C. may conduct business or which may be required to be filed by the L.L.C. or the partners under the laws of any jurisdiction; (iii) all instruments which the Managing Member deems appropriate to reflect a change or modification of the L.L.C. in accordance with the terms of the L.L.C. Operating Agreement relating to the L.L.C. or any amendment thereto; (iv) all conveyances and other instruments which the Managing Member deems appropriate to reflect the dissolution and termination of the L.L.C., and (v) certificates of assumed name, and to perform any other powers granted to him by the L.L.C. Operating Agreement.

The foregoing grant of authority is a special power of attorney coupled with an interest, is irrevocable, and shall survive my death or incapacity.

Executed this **July** day of **06**, 20 **05**

L.L.C. MEMBER(S):
(If Individual or Joint Partners)

*Roberta K. Clark*
Print Name

*Cynthia Clark Spillane*
Print Name

*Roberta K. Clark*
Signature

*Cynthia Clark Spillane*
Signature

L.L.C. MEMBER(S):
(If Liability Corporation, Plan,
Trust or Corporate Partner)

_____
Name

_____
Signature of Authorized Representative

_____
Its

Updated:
May 16, 2005

Web: www.roifinancial.com
Email: Info@roifinancial.com

- 14 -

© 2004-2005 InvestForClosures Ventures, LLC - All Rights Reserved

**EXHIBIT H**

STATE OF ILLINOIS
SECRETARY OF STATE
SECURITIES DEPARTMENT

| | |
|---|---|
| IN THE MATTER OF: ) | |
| ) | |
| **James D. Bourassa,** ) | |
| ) | |
| **Francis X. Sanchez,** ) | |
| ) | |
| **InvestForClosures Financial, L.L.C.** ) | |
| its partners, members, officers and ) | |
| directors, agents, employees, affiliates, ) | |
| successors and assigns ) | |
| d/b/a ) | **File Number: 07-00023** |
|    ROI Developers ) | |
|    InvestForClosures ) | |
| ) | |
| **InvestForClosures Ventures, L.L.C.** ) | |
| its partners, members, officers and ) | |
| directors, agents, employees, affiliates, ) | |
| successors and assigns ) | |
| d/b/a ) | |
|    Sands of Gold Escrow, ) | |
|    Sands of Gold, ) | |
|    ROI Financial, ) | |
|    Realty Opportunities International ) | |
|    Escrow 23, and ) | |
|    ROI Escrow. ) | |
| ) | |

**TEMPORARY ORDER OF PROHIBITION**

**TO RESPONDENT:**    James D. Bourassa
                            254 Gregory M. Sears Drive
                            Gilberts, IL 60136

                            Francis X. Sanchez
                            710 Lake Avenue
                            Woodstock, Illinois 60098

Temporary Order of Prohibition
-2-

InvestForClosures Financial, L.L.C.
2303 Randall Rd.
PMB 120
Carpentersville, IL 60110

InvestForClosures Financial, L.L.C.
84 N. Eastwood Dr., #3015
Woodstock, IL 60098

InvestForClosures Ventures, L.L.C.
326 Railroad Street
Woodstock, IL 60093

InvestForClosures Ventures, L.L.C.
13908 IL Route 176
Woodstock, IL 60098

On information and belief, I, Jesse White, Secretary of State for the State of Illinois, through my designated representative, who has been fully advised in the premises by the staff of the Securities Department, Office of the Secretary of State, herein find:

1. Respondent **InvestForClosures Financial, L.L.C.** ("Financial") is an entity with last known addresses of 2303 Randall Rd., PMB 120, Carpentersville, IL 60110 and 84 N. Eastwood Dr., #3015, Woodstock, IL 60098. Financial conducted business with the assumed names of ROI Developers and InvestForClosures.

2. Respondent **InvestForClosures Ventures, L.L.C.** ("Ventures") is an entity with last known addresses of 326 Railroad Street, Woodstock, IL 60093, and 13908 IL Route 176, Woodstock, IL 60098. Ventures conducted business with the assumed names of Sands of Gold Escrow, Sands of Gold, ROI Financial, Realty Opportunities International Escrow 23, and ROI Escrow.

3. Respondent **Francis "Frank" X. Sanchez** ("Sanchez") is the Chief Executive Officer of both Financial and Ventures and has a last known address of 710 Lake Avenue, Woodstock, IL 60098.

4. Respondent **James "Jim" D. Bourassa** ("Bourassa") is the President of both Financial and Ventures, and has a last known address of 254 Gregory M. Sears Drive, Gilberts, IL 60136.

## COUNT I

### FRAUD IN THE SALE OF SECURITIES
### (Failure to Disclose Default to Subsequent Investors)

5. From 2001 until the present, Respondent Financial, by and through its officers Sanchez and Bourassa, sold and offered to sell notes to the general public, including residents of the State of Illinois ("Investors") involving the purchase, rehabilitation, and resale of foreclosed properties.

6. From 2004 until the present, Respondent Ventures, by and through its officers Sanchez and Bourassa, sold and offered to sell notes to the general public, including residents of the State of Illinois involving the purchase, rehabilitation, and resale of foreclosed properties.

7. Respondents Financial and Ventures solicited Investors to purchase investment notes, some for a set term ranging from ninety (90) days to five (5) years and having a fixed APR ranging from 2.9% to 19.9%.

8. In or around 2003, at least one Investor ("Investor A") paid to Financial the sum of $35,000 for a note which would mature in three (3) years with a 10% APR, in exchange for which Investor A received a certificate from Financial.

9. After the end of Investor A's three year investment term, Investor A attempted to redeem his investment. Investor A's Quarterly Statement from Financial represented that at the end of the term, Investor A had accumulated $11,161.50 worth of interest, and that "[a]n open balance of $46,161.50 remains."

10. When Investor A attempted to collect the balance of the account, however, Frank Sanchez and Jim Bourassa, acting as principals of Financial, refused to return Investor A's principal or interest, despite Investor A's repeated requests.

11. Rather, on November 12, 2006 Frank Sanchez, CEO of Financial, represented to Investor A that Financial did not have enough cash available to pay Investor A the sum which Respondents Sanchez, Bourassa, and Financial had previously acknowledged Investor A was due.

12. In November of 2007, subsequent to defaulting on notes payable to Investor A, Frank Sanchez and Jim Bourassa, in connection with an offer made to Investor B, represented to Investor B that Financial and Ventures were prospering entities.

13. Respondents failed to disclose to Investor B that Financial defaulted on a note payable to Investor A.

14. To date, Investor A has still not received the principal or interest on his investment, and has lost contact with Respondents.

15. The activities described above constitute the offer and sale of a security as those terms are defined in Sections 2.1, 2.5, and 2.5a of the Illinois Securities Law of 1953 [815 ILCS 5/1 et. seq.] (the "Act").

16. Section 12.F of the Act states that it shall be a violation of the provisions of this Act for any person to, "engage in any transaction, practice or course of business in connection with the sale or purchase of securities which works or tends to work a fraud or deceit upon the purchaser or seller thereof."

17. Section 12.G of the Act states that it shall be a violation of the provisions of this Act for any person to, "obtain money or property through the sale of securities by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading."

18. Section 12.I of the Act states that it shall be a violation of the provisions of this Act for any person to, "employ any device, scheme, or artifice to defraud in connection with the sale or purchase of any security, directly or indirectly.

19. By virtue of this conduct, Respondents violated Sections 12.F, 12.G, and 12.I of the Act.

## COUNT II

### FRAUD IN THE SALE OF SECURITIES
### (False and Misleading Statements Relating to Exempt Status)

20. Paragraphs 1-14 are realleged as if fully set forth herein.

21. On December 29, 2004 Respondent Frank Sanchez, acting on behalf of Ventures as Chief Executive Officer, filed a Form D Notice of Sale of Securities Pursuant to Regulation D Section 4(6), and/or Uniform Limited Offering Exemption.

22. In its "Form D" filing, Respondent Ventures claimed an exemption from registration for the Ventures offering, pursuant to Rule 506 of Regulation D.

23. Respondent Financial also claimed an exemption from registration in the offering materials it distributed to Investors.

24. Respondents generally solicited at least one Illinois resident to invest in Financial and Ventures by advertising the securities in mediums available to the general public, such as magazines and the Internet.

25. Investor A learned of the investment opportunities in Financial and Ventures through an advertisement in a magazine of general circulation.

26. Investor A was not an "accredited" investor under Section 501 of Regulation D, nor did Investor A have sufficient knowledge and experience in financial and business matters to be capable of evaluating the merits and risks of the investment.

27. Investor A had no substantive, pre-existing relationship with Respondents.

28. Respondents led Investor A to believe that Financial and Ventures were exempt offerings, when Respondents knew or should have known that Respondents' actions of generally soliciting investments in Financial and Ventures violated the exemption requirements of Rule 506 of Regulation D.

29. The activities described above constitute the offer and sale of a security as those terms are defined in Sections 2.1, 2.5, and 2.5a of the Illinois Securities Law of 1953 [815 ILCS 5/1 *et. seq.*] (the "Act").

30. Section 12.E of the Act provides, *inter alia*, that it shall be a violation for any person "to make or cause to be made, in any application, report or document filed under this Act or any rule or regulation made by the Secretary of State pursuant to this Act, any statement which was false or misleading with respect to any material fact."

31. Section 12.F of the Act states that it shall be a violation of the provisions of this Act for any person to, "engage in any transaction, practice or course of business in connection with the sale or purchase of securities which works or tends to work a fraud or deceit upon the purchaser or seller thereof."

32. Section 12.G of the Act states that it shall be a violation of the provisions of this Act for any person to, "obtain money or property through the sale of securities by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading."

33. Section 12.H of the Act states that it shall be a violation of the provisions of this Act for any person to, "sign or circulate any statement, prospectus, or other paper or document required by any provision of this Act or pertaining to any security knowing or having reasonable grounds to know any material representation therein contained to be false or true."

34. Section 12.I of the Act states that it shall be a violation of the provisions of this Act for any person to, "employ any device, scheme, or artifice to defraud in connection with the sale or purchase of any security, directly or indirectly.

35. By virtue of this conduct, Respondents violated Sections 12.E, 12.F, 12.G, 12.H, and 12.I of the Act.

## COUNT III

### FAILURE TO REGISTER SECURITIES

36. Paragraphs 1-14 are realleged as if fully set forth herein.

37. The activities described above constitute the offer and sale of a transferable share and therefore a security as those terms are defined in Sections 2.1, 2.5, and 2.5a of the Illinois Securities Law of 1953 [815 ILCS 5/1 *et. seq.*] (the "Act").

38. Section 5 of the Act provides, *inter alia*, that all securities except those exempt under Section 3 or those offered or sold in transactions exempt under Section 4 "shall be registered either by coordination or by qualification prior . . . to their offer or sale" in the State of Illinois.

39. Respondents failed to file with the Secretary of State an application for registration of the securities described above as required by the Act and, as a result, the securities were not registered pursuant to Section 5 of the Act prior to its offer in the State of Illinois.

40. Section 12.A of the Act provides, *inter alia*, that it shall be a violation for any person "to offer or sell any security except in accordance with the provisions of the Act."

41. Section 12.D of the Act provides, *inter alia*, that it shall be a violation for any person "to fail to file with the Secretary of State any application, report or document required to be filed under the provisions of the Act or any rule or regulation made by the Secretary of State pursuant to the Act."

42. By virtue of the foregoing, Respondent violated Sections 12.A and 12.D of the Act.

## COUNT IV

### FAILURE TO FILE WITH THE SECRETARY OF STATE
### (Respondents Frank Sanchez, Jim Bourassa, and Financial)

43. Paragraphs 1-14 are realleged as if fully set forth herein.

44. The activities described above constitute the offer and sale of a transferable share and therefore a security as those terms are defined in Sections 2.1, 2.5, and 2.5a of the Illinois Securities Law of 1953 [815 ILCS 5/1 *et. seq.*] (the "Act").

45. In its offering materials, Financial represented that the investments it offered were exempt from registration.

46. Respondents failed to file a Form D Notice of Sale of Securities Pursuant to Regulation D Section 4(6), and/or Uniform Limited Offering Exemption for the offerings of Financial.

47. Section 12.A of the Act provides, *inter alia*, that it shall be a violation for any person "to offer or sell any security except in accordance with the provisions of the Act."

48. Section 12.D of the Act provides, *inter alia*, that it shall be a violation for any person "to fail to file with the Secretary of State any application, report or document required to be filed under the provisions of the Act or any rule or regulation made by the Secretary of State pursuant to the Act."

49. By virtue of the foregoing, Respondent violated Sections 12.A and 12.D of the Act.

50. The aforementioned findings are based upon credible evidence.

## PROHIBITION

51. Section 11.F(2) of the Act provides, *inter alia*, that the Secretary of State may temporarily prohibit the offer or sale of securities by any person, without notice and prior hearing, if the Secretary of State shall deem it necessary to prevent an imminent violation of the Act or to prevent losses to investors that will occur as a result of prior violations of the Act.

52. The entry of this **Temporary Order of Prohibition** prohibiting Respondent, or their agents, affiliates, successors and employees, from offering or selling securities in the State of Illinois is in the public interest and for the protection of the investing public and is consistent with the purposes intended by the provisions of the Act.

NOW THEREFORE IT IS HEREBY ORDERED THAT: pursuant to the authority granted by Section 11.F of the Act, Respondents **James D. Bourassa, Francis X. Sanchez, InvestForClosures Financial, L.L.C.** d/b/a ROI Developers and InvestForClosures, **InvestForClosures Ventures, L.L.C.**, d/b/a Sands of Gold Escrow, Sands of Gold, ROI Financial, Realty Opportunities International Escrow 23, ROI Escrow, and each Respondent's partners, members, officers and directors, agents, employees, affiliates, successors and assigns, are **Temporarily Prohibited** from offering or selling securities in or from this State until the further Order of the Secretary of State.

NOTICE is hereby given that Respondent may request a hearing on this matter by transmitting such request in writing to the Director, Illinois Securities Department, 69 West Washington Street, Suite 1220, Chicago, Illinois 60602. Such request must be made within thirty (30) calendar days of the date of entry of the **Temporary Order of Prohibition**. Upon receipt of a request for hearing, a hearing will be scheduled as soon as reasonably practicable. A request for hearing will not stop the effectiveness of this Temporary Order of Prohibition and will extend the effectiveness of this Temporary Order of Prohibition for sixty (60) days from the date the hearing request is received by the Department.

FAILURE BY ANY RESPONDENT TO REQUEST A HEARING WITHIN THIRTY (30) CALENDAR DAYS AFTER ENTRY OF THIS TEMPORARY ORDER OF

Temporary Order of Prohibition
-8-

PROHIBITION SHALL CONSTITUTE AN ADMISSION OF ANY FACTS ALLEGED HEREIN AND SHALL CONSTITUTE SUFFICIENT BASIS TO MAKE THIS TEMPORARY ORDER OF PROHIBITION FINAL.

Dated: This 9th day of November 2007.

*[signature]*
JESSE WHITE
Secretary of State
State of Illinois

Attorney for the Secretary of State:

Angela P. Angelakos
Illinois Securities Department
69 West Washington Street
Chicago, Illinois 60602
312-793-3595

**EXHIBIT I**

Bradley J. Schaufenbuel
5009 Cornell Avenue
Downers Grove, Illinois  60515-4314

Robert N. Schaufenbuel
2340 16th Street N.W.
Cedar Rapids, Iowa  52405-1172

Investforclosures Financial, L.L.C.

c/o James D. Bourassa
254 Gregory M. Sears Drive
Gilberts, Illinois  60136-4024

c/o Francis X. Sanchez
710 Lake Avenue
Woodstock, Illinois  60098-4255

Thursday, April 17th, 2008

### Notice of Election to Void Securities Purchase

Per Section 13 of the Illinois Securities Law of 1953 (815 ILCS 5/13), we hereby exercise our election and right to rescind and void our purchase of the security issued to us on September 26th, 2003 (certificate number IFCF-092603-01, account number 104101). The sale was made in violation of the provisions of the Act (see Temporary Order of Prohibition issued by the Office of the Illinois Secretary of State dated November 9th, 2007). As provided for in 815 ILCS 5/13(A)(1), you, as officers of the organization, are jointly and severally liable to us for the full amount that we paid for the security, plus accumulated interest from the purchase date to the present (at the rate as stipulated), minus the payments of interest and principle made in the past.

*Bradley J Schaufenbuel*
Bradley J. Schaufenbuel

*Robert N Schaufenbuel*
Robert N. Schaufenbuel

| Sender: Complete this section | Complete this section upon Delivery: |
|---|---|
| 1. Complete item 2.<br>2. Print your name and address on the reverse so that we can return the card to you.<br>3. Attach this card to the back of the mailpiece, or on the front if space permits. | |
| 1. Article Number<br><br>7106 9953 3210 6500 8719 | A. Received by *(Printed name)*  B. Date of Delivery<br>JIM Bourassa |
| 2. Article Addressed to<br><br>James D. Bourassa<br>26 Gregory M Sears Dr<br>Gilberts, IL 60136-<br>4024 | C. Signature<br>☑ Agent<br>☐ Addressee<br>D. Is delivery address different from item 2?<br>If YES, enter delivery address below ☐ Yes<br>☐ No |
| 3. Service Type<br>CERTIFIED MAIL | |
| 4. Restricted Delivery? *(Extra fee)* | |

PS Form 3811V, March 2005 (PSN: 7530-07-000-0300)    Domestic Return Receipt

2303 Randall Rd
PMB 120
Carpentersville, IL 60110


InvestForClosures Financial   close this window

Toll Free: (877) 610-5982
Main Office: (847) 426-8701
Fax: (847) 426-8795

**EXHIBIT J**

## Principal and Interest Withdrawal Request Form
## And Forfeiture of Warrants Acknowledgment

By requesting a payout of principal and earned interest, the undersigned hereby acknowledges that interest is subject to federal income tax and will be reported to the IRS. A 1099 will be supplied to the undersigned. Note that it is the responsibility of the undersigned to truthfully report all gains to both federal and state tax authorities when filing income tax returns.

Requests for principal interest withdrawals are subject to administrative review by InvestForClosures Financial (IFCF).

Pursuant to the Terms and Conditions signed and approved by me/us (the undersigned), I/we hereby request a payout of principal and earned interest from my/our account as specified below.

_NEVER RECEIVED_

Account #: _204013_
Investor Name(s): _REED_ (Last)  _JOHN_ (First)  _A III_ (MI)
_____ (Last)  _____ (First)  _____ (MI)

Principal Withdrawal:   ☒ Complete principal and interest withdrawal
                        ☒ This amount: $ _80,000.00_ ON _2/17/2008_

Investment Type:   ☒ Cash    ☐ IRA    ☐ MIG

Please send my interest to me in the following manner:

☒ U.S.P.S. (No Charge)    ☐ Airborne Express (Overnight - $20 charge)    ☐ Wire Transfer ($20 charge)

Note: Airborne will not deliver to a P.O. Box.
All charges will be deducted from the interest payment

Address: _JOHN REED, III_
_19311 N.E. 190TH STREET_
_WOODINVILLE, WA 98077_

Bank: _____
ABA: _____
Account #: _____
Account Title: _____

By signing below, I warrant that I have read the terms and conditions of InvestForClosures Financial and agree to any applicable penalty of interest and forfeiture of issued warrants that may be incurred due to withdrawal of principal prior to the maturity of my term.

Signatures: _John Andrew Reed, III_  _11/30/2007_
            Investor #1               Date         Investor #2   Date

Web: www.investforclosures.com
Email: info@investforclosures.com

http://www.investors.com/member/checkup/CheckUp.asp?ac=    4/2/2008