IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| BRADLEY J. SCHAUFENBUEL; | ) | |
| ROBERT N. SCHAUFENBUEL; | ) | |
| JOHN AND SARAH REED, IV; | ) | |
| JOHN AND JAN REED, III; | ) | |
| AMERICAN MASS MEDIA CORPORATION; | ) | |
| ROBERTA K. CLARK; | ) | |
| on behalf of Themselves and All Others | ) | |
| Similarly Situated, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| V. | ) | |
| | ) | |
| INVESTFORCLOSURES FINANCIAL, L.L.C.; | ) | Case No. 09-CV-1221 |
| ROI DEVELOPERS; | ) | |
| INVESTFORCLOSURES; | ) | |
| INVESTFORCLOSURES.COM, LLC; | ) | Judge Leinenweber |
| INVESTFORCLOSURES VENTURES, LLC; | ) | |
| SANDS OF GOLD ESCROW; | ) | Magistrate Judge Nolan |
| SANDS OF GOLD; | ) | |
| ROI FINANCIAL; | ) | |
| REALTY OPPORTUNITIES INTERNATIONAL | ) | **JURY DEMAND** |
| ESCROW 23; | ) | |
| ROI ESCROW; | ) | |
| REALTY OPPORTUNITIES INTERNATIONAL | ) | |
| S. de R.L. de C.V.; | ) | |
| REALTY OPPORTUNITIES INTERNATIONAL; | ) | |
| ROI MEXICO; | ) | |
| SANDS OF GOLD ESTATES; | ) | |
| FRANCIS X. SANCHEZ aka FRANK SANCHEZ; | ) | |
| JAMES D. BOURASSA aka JIM BOURASSA; | ) | |
| SCOTT D. WESSEL; | ) | |
| DEANA M. GUIDI; | ) | |
| DANIEL E. FITZGERALD aka DAN | ) | |
| FITZGERALD; | ) | |
| SCOTT R. SLAGLE; | ) | |
| DARCEY L. MARTIN; | ) | |
| TOM RODRIGUEZ; and | ) | |
| JOHN DOES 1 – 30, | ) | |
| | ) | |
| Defendants. | ) | |

## MOTION FOR PRELIMINARY INJUNCTION

NOW COME Plaintiffs Bradley J. Schaufenbuel ("Brad S"); Robert N. Schaufenbuel ("Robert S"); John and Sarah Reed, IV ("Reed IV"); John and Jan Reed, III ("Reed III"); American Mass Media Corporation ("AMMC"); and Roberta K. Clark ("Clark"), on behalf of themselves and all others similarly situated (collectively referred to as "Plaintiffs" or "Investors"), by and through their attorneys Thurston Law Offices, P.C. and Law Offices of Joel M Weiner, LLC, and pursuant to Fed.R.Civ.P. 65 hereby respectfully moves this honorable Court to enter a Preliminary Injunction against Defendants, InvestForClosures Financial, L.L.C.; ROI Developers; InvestForClosures; InvestForClosures.com, LLC; InvestForClosures Ventures, LLC; Sands of Gold Escrow; Sands of Gold; ROI Financial; Realty Opportunities International Escrow 23; ROI Escrow; Realty Opportunities International S. de R.L. de C.V.; Realty Opportunities International; ROI Mexico; Sands of Gold Estates; Francis X. Sanchez aka Frank Sanchez; James D. Bourassa aka Jim Bourassa; Scott D. Wessel; Deana M. Guidi; Daniel E. Fitzgerald aka Dan Fitzgerald; Scott R. Slagle; Darcey L. Martin; Tom Rodriguez; and John Does 1 - 30 (collectively referred to as "IFC" or "Defendants"). In support of their Motion, Plaintiffs hereby state and allege as follows:

1. Plaintffs filed their Complaint in this matter on February 25, 2009 ("Complaint"). The Complaint contains counts for violation of the federal securities laws (Counts I and II), fraud (Count III), breach of fiduciary duty (Count IV), civil conspiracy (Count V), violation of the Illinois Uniform Fraudulent Transfer Act (Count VI), unjust enrichment (Count VII), constructive trust (Count VIII),

consumer fraud (Count IX), piercing the legal entity (count X), and conversion (Count XI). (*See* Complaint on file with this Court.)

2. Plaintiffs seek to enjoin Defendants from selling, disposing of, encumbering or otherwise transferring property in Playa Ventura, Mexico. Essentially, Plaintiffs seek to freeze the only asset of Defendants that would satisfy a judgment in this case. Alternatively, Plaintiffs seek the appointment of a Receiver to hold the Mexican property in trust until resolution of this dispute.

3. Bradley Schaufenbuel, one of the lead Plaintiffs, has verified the allegations in the Complaint. (*See* Affidavit of Bradley Schaufenbuel, ¶2, filed contemporaneously herewith.)

4. Under Fed.R.Civ.P. 65, a Court may grant a preliminary injunction if "the party seeking the injunction has demonstrated that: (1) it has a reasonable likelihood of success on the merits of the underlying claim; (2) no adequate remedy at law exists; (3) it will suffer irreparable harm if the preliminary injunction is denied; (4) the irreparable harm the party will suffer without injunctive relief is greater than the harm the opposing party will suffer if the preliminary injunction is granted; and (5) the preliminary injunction will not harm the public interest." *Kiel v. City of Kenosha*, 236 F.3d 814 (7th Cir. 2000).

5. The Illinois Uniform Fraudulent Transfer Act, 740 ILCS 160/ *et seq.* (hereinafter "UFTA") provides in pertinent part that "A transfer made or obligation incurred by a debtor is fraudulent as to a creditor, whether the creditor's claim arose before or after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation with actual intent to hinder, delay, or defraud any creditor of the debtor." 740 ILCS 160/5.

6. If a transfer violates UFTA, then "in an action for relief against a transfer or obligation under this Act, a creditor . . . may obtain . . . (3) subject to applicable principles of equity and in accordance with applicable rules of civil procedure, (A) an injunction against further disposition by the debtor or a transferee, or both, of the asset transferred or of other property; (B) appointment of a receiver to take charge of the asset transferred or of other property of the transferee; or (C) any other relief the circumstances may require." 740 ILCS 160/8.

7. There are both statutory and equitable bases for a preliminary injunction in the case at bar.

8. Plaintiffs have a reasonable likelihood of success on the merits of all of the underlying claims because there is no dispute over the key facts. Specifically, Plaintiffs invested money in IFC's plan to rehabilitate and resell foreclosed or distressed properties. (Complaint ¶¶48-49, 51-58, and Securities Class Action Certifications.) The investments were made in InvestForClosures Financial, L.L.C., InvestForClosures.com, LLC, or InvestForClosures Ventures, LLC. (Complaint ¶¶51-58, and Securities Class Action Certifications.) However, all three of those legal entities have been involuntarily dissolved by the Illinois Secretary of State and the IFC entities that sold and issued the investment notes and certificates to Investors no longer exist. (Complaint ¶¶17, 20, 21, 77 and Affidavit of Bradley Schaufenbuel, ¶3.) Indeed, Defendants never invested any of Plaintiffs' money in foreclosed or distressed real estate properties, but, rather, took the accumulated investments from Plaintiffs; transferred them to Realty Opportunities International S. de R.L. de C.V., a Mexican company in which Plaintiffs do not have an investment interest;

and purchased 27 acres of undeveloped property in Mexico ("Mexico property") contrary to all representations made to Investors. (Complaint ¶¶27, 69, and Affidavit of Bradley Schaufenbuel, ¶4.)

9. There is no adequate remedy at law because if Defendants were allowed to dispose of the Mexico property, it would defeat the express statutory purpose of UFTA, make Defendants insolvent and judgment proof, and otherwise dissipate the only asset available to satisfy a judgment in this case. Upon information and belief, Defendants do not have sufficient assets equivalent to $8 million or more. Defendants have already transferred the assets of the Illinois IFC entities to a Mexican IFC entity and purchased the property in violation of UFTA once; Plaintiffs are quite sure that Defendants would do the same again in order to defeat any claims.

10. If the preliminary injunction is denied, the Class of Plaintiffs would suffer irreparable harm because there would be no recourse against Defendants and no way to satisfy a judgment.

11. There is essentially no harm to Defendants if the preliminary injunction is granted because Defendants would still own the property; the relative extra cost to maintain the property in its current state is minimal if not zero; and ultimately it will be shown that Defendants have no rights in the property or because the asset was purchased with stolen investments.

12. Entering a preliminary injunction against Defendants to freeze the Mexico property or to appoint a Receiver for the preservation of the property would not harm any public interest. Indeed, there is no public interest at stake here; rather, this is a dispute over private rights to property. In fact, enjoining

Defendants would improve public interest, because there is a Class of Plaintiffs, some of whom are not yet known, that require protection and the public needs to know that if they are defrauded by an investment scam the Courts of this country will protect their rights and assure that the perpetrators cannot hide assets to make them judgment proof.

WHEREFORE, Plaintiffs respectfully request that this honorable Court grant the following relief:

A. Issue a preliminary injunction against Defendants prohibiting further disposition, sale, encumbering or transfer of the Mexico property by Defendants and which may be certified and used in a Mexican court to assure compliance by Defendants;

B. Alternatively, appointing a Receiver for the Mexico property and/or other assets of Realty Opportunities International S. de R.L. de C.V. to ensure preservation of such assets until resolution of this dispute;

C. All such other and further relief as this honorable Court deems just and equitable.

Respectfully submitted,
PLAINTIFFS' CLASS

By: __/s/ Robert C. Thurston_____
One of Their Attorneys

Thurston Law Offices, P.C.
Robert C. Thurston
A.R.D.C. No. 6209353
10469 Bethel Avenue
Huntley, IL 60142
Phone: 847-659-8613
Fax: 847-628-0930
Email: tj@thurstonlawpc.com

Law Offices of Joel M Weiner, LLC
Joel M. Weiner
579 N 1st Bank Drive Suite 150
Palatine, IL 60067-8102
Phone: 847-654-3105
Fax: 847-358-7165
Email: jweiner@jweinerlaw.com