IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF
ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| BRADLEY J. SCHAUFENBUEL; ROBERT N. SCHAUFENBUEL; JOHN AND SARAH REED, IV; JOHN AND JAN REED, III; AMERICAN MASS MEDIA CORPORATION; ROBERTA K. CLARK; on behalf of Themselves and All Others Similarly Situated | ) ) ) ) ) ) ) | |
| | ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 09-cv-1221 The Honorable Judge Leinenweber |
| INVESTFORCLOSURES FINANCIAL, L.L.C ROI DEVELOPERS; INVESTFORCLOSURES; INVESTFORCLOSURES.COM, LLC; INVESTFORCLOSURES VENTURES; LLC SANDS OF GOLD ESCROW; SANDS OF GOLD; ROI FINANCIAL; REALTY OPPORTUNITIES INTERNATIONAL ESCROW 23; ROI ESCROW; REALTY OPPORTUNITIES INTERNATIONAL S. de R.L. de C.V; REALTY OPPORTUNITIES INTERNATIONAL; ROI MEXICO; SANDS OF GOLD ESTATES; FRANCIS X. SANCHEZ aka FRANK SANCHEZ; JAMES D. BOURASSA aka JIM BOURASSA; SCOTT D. WESSEL; DEANA M. GUIDI; DANIEL E. FITZGERALD aka DAN FITZGERALD; SCOTT R. SLAGLE; DARCEY L. MARTIN; TOM RODRIGUEZ; and JOHN DOES 1-30. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| | ) ) | |
| Defendants. | ) | |

**MOTION TO TRANSFER VENUE**

NOW COMES Defendant, DEANA GUIDI., by and through her attorneys, CAMPION,

CURRAN, DUNLOP & LAMB, P.C., and moves for an order transferring this case to the

Western Division of the Northern District of Illinois, and in support thereof states:

1

## I.    BACKGROUND AND AUTHORITY

1.    Plaintiffs' Class Action Complaint in this matter was filed on or about February 25, 2009 (the "Complaint"). A true and correct copy of the Complaint is attached hereto as Exhibit "A".

2.    The United States Code for Judiciary and Judicial Procedure provide that upon motion, consent or stipulation of all parties, any action of a civil nature may be transferred, in the discretion of the court, from the division in which it is pending to any other division in the same district. 18 U.S.C. §1404(b).

4.    A §1404 inter-division transfer of venue is proper where the transfer will serve (1) the convenience of the parties; (2) the convenience of the witnesses, and (3) the interests of justice. *Monfardini v. Quinlan, et al*, 2002 U.S. Dist. LEXIS 10021 (N.D. Ill. 2002).

5.    In determining the fairest and most convenient venue, the court must look to see which venue best satisfies both the private and public interests at stake. *Clear Channel Outdoor, Inc., et al v. Rubloff Oakridge Algonquin, L.L.C.*, 2003 U.S. Dist. LEXIS 18422, *8-9 (N.D. Ill. 2003) 10. "Private interests address the convenience of the parties and include: (1) the plaintiff's choice of forum; (2) the situs of material events; (3) the ease of access to sources of proof; (4) convenience of the parties; and (5) convenience to witnesses." *Id.* "Public interests address the interest of justice and include: (1) the speed of the proceeding; (2) the court's familiarity with the applicable law; and (3) the relation of the community to the occurrence and the desirability of resolving the controversy in its local." *Id.*

## II.    TRANSFER TO THE WESTERN DIVISION IS PROPER

### A.    The Western Division is the most convenient forum (the Private Interests)

2

### 1. *Most of the Plaintiffs do not reside in the Eastern Division.*

6.    Although a plaintiff's choice of forum is afforded some deference, it is given much less weight when the plaintiff resides outside the chosen forum. *Monfardini v. Quinlan, et al*, 2002 U.S. Dist. LEXIS 10021, at *2.

7.    In this case, only two (2) of the six (6) Plaintiffs reside in a County located in the Eastern Division.

8.    Four (4) of the six (6) of the named Plaintiffs reside out of state and experience no convenience benefit from the present venue.

9.    Therefore, while this Court should give Plaintiffs' choice of forum some deference, this deference should be "given much less weight" because of the fact that it is no more convenient a forum than the Western District for four (4) of the six (6) Plaintiffs. *Id.*

### 2. *The material events took place in the Western Division.*

10.    The relationship between the parties is contractual in nature, and all contracts (including all alleged stock agreement and stock certificates) derived from and arose out of Defendants' offices located in McHenry County, Illinois in the Western Division.

11.    The actions and transactions complained of in the Complaint are all alleged to have primarily originated from Defendants FRANCIS SANCHEZ and/or INVESTFORCLOSURES VENTURES, LLC, and its related entities, all of which are located in McHenry County, Illinois.

12.    The actions and transactions complained of in the Complaint share the closest nexus to McHenry County, Illinois in the Western Division.

13.    Because the material events giving rise to this action took place in the Western

3

District, this factor weighs in favor of transfer.

### 3. The sources of proof are located in the Western Division.

14.     Because INVESTFORCLOSURES VENTURES, LLC, and its related entities are located in McHenry County, all of the business records and other probable evidence relevant to this case, is located in McHenry County, Illinois in the Western Division.

15.     In light of the number of parties, claims, and issues in this case, the proximity of the forum to the evidence is of great importance because it will have a substantial impact on the costs and convenience of the parties.

16.     Therefore, this factor weighs heavily in favor of transfer.

### 4. The majority of the parties are located in the Western Division.

17.     The majority of the parties reside in the Western Division of Illinois.

18.     The Eastern Division of the United States District Court for the Northern District of Illinois includes Cook, DuPage, Grundy, Kane, Kendall, La Salle, Lake, and Will counties.

19.     The Western Division of the United States District Court for the Northern District of Illinois includes Boone, Carroll, De Kalb, Jo Daviess, Lee, McHenry, Ogle, Stephenson, Whiteside, and Winnebago counties.

20.     Sixteen (16) of the twenty-eight (28) parties reside or are otherwise located in a county located in the Western Division.[1]

      A.     Defendants INVESTFORCLOSURES FINANCIAL L.L.C, ROI

            DEVELOPERS, and INVESTFORCLOSURES have their principal place

---

[1] Although Plaintiff alleges that several of the named Defendants are merely assumed names of other named Defendants, these allegations are issues of fact yet to be proven, and for purposes of venue each named Defendant should be treated as a separate Defendant.

4

of business located in Woodstock, McHenry County, Illinois. (*See* Complaint at paragraphs 17-19);

B.      Defendants INVESTFORCLOSURES VENTURES, LLC, SANDS OF GOLD ESCROW, SANDS OF GOLD, ROI FINANCIAL, REALTY OPPORTUNITIES INTERNATIONAL ESCROW 23, and ROI ESCROW have their principal place of business located in Woodstock, McHenry County, Illinois. (*See* Complaint at paragraph 21-26);

C.      Defendants REALTY OPPORTUNITIES INTERNATIONAL S. de R.L. de C.V, REALTY OPPORTUNITIES INTERNATIONAL, ROI MEXICO, and SANDS OF GOLD ESTATES, have their principal place of business located in Woodstock, McHenry County, Illinois. (*See* Complaint at paragraph 27-30);

D.      Defendant FRANCIS SANCHEZ resides in Woodstock, McHenry County, Illinois. (*See* Complaint at paragraph 31;.

E.      Defendant DEANA GUIDI resides in Orlando, Florida, but maintains a secondary residence with her parents in Huntley, McHenry County, Illinois. (*See* Complaint at paragraph 34); and

F.      Defendant TOM RODRIGUEZ resides in Algonquin McHenry County, Illinois. (*See* Complaint at paragraph 17).

21.      Correspondingly, only seven (7) of the twenty-eight (28) parties reside or otherwise are located in a county located in the Eastern Division.

22.      Five (5) Defendants resides out of state.

5

23.    Because the Western Division is a more convenient forum for most of the parties and transfer will greatly reduce the costs and travel associated with conducting discovery and litigating this action, this factor weighs in favor of transfer.

## 5.    *The witnesses are located in the Western Division.*

24.    Norman Wierer was the tax consultant for INVESTFORCLOSURES VENTURES, LLC, and its related entities and is a key witness in the instant dispute. Mr. Wierer resides in Woodstock, Illinois in the Western Division.

25.    Kirsten Motsinger was the Information Technology ("I.T.") manager for INVESTFORCLOSURES VENTURES, LLC, and its related entities and is also a key witness in the instant dispute. Ms. Motsinger resides in DeKalb County, Illinois in the Western Division.

26.    The majority of witnesses will likely be located in the Western Division because the events giving rise to this action took place in the Western Division; the majority of the parties who will likely be witnesses are located in the Western Division, and the evidence which may require third party authentication is located in the Western Division.

27.    Therefore, this factor weighs heavily in favor of transfer.

## B.    The Western Division serves the interest of justice (the Public Interests).

28.    Although this factor is given less in the case of intra-district transfer, 2003 U.S. Dist. LEXIS 18422, it still weighs in favor of transfer.

29.    Transfer to the Western Division would serve judicial economy and increase the speed of processing because it has a smaller and less crowded docket.

30.    The Western Division is equally familiar with the applicable laws.

31.    Because the events, persons, and businesses in this matter are located in Counties

6

within the Western Division, it has a close connection and an interest in the resolution of these claims which will affect its community.

32.    Thus, this factor also weighs in favor of transfer.

### III.    CONCLUSION

33.    The Northern District recognized in *Monfardinin v. Quinlan, et al.* that transfer to a new division is appropriate where (1) the plaintiffs reside out of state, (2) the proposed witnesses reside in the transferee division, (3) the "main companies involved in the underlying dispute between the parties are both located in the [transferee] division," and (4) "numerous important documents that may be relevant to the case" are located in the transferee division. 2002 U.S. Dist. LEXIS 10021 (N.D. Ill. 2002) (*See* Exhibit "B").

34.    The *Monfardini* case is directly analogous to this case because:

    A.    Four (4) of the six (6) of the named Plaintiffs reside out of state and outside of the chosen forum;

    B.    INVESTFORCLOSURES VENTURES, LLC, and its related entities - the companies involved in the underlying dispute - are located in the Western Division;

    C.    The business records of INVESTFORCLOSURES VENTURES, LLC, and its related entities - the important documents that may be relevant to this case - are located in the Western; Division of Illinois; and

    D.    The majority all of the witnesses will likely be located the Western Division.

35.    In addition to the factors found in *Monfardini*, this case further justifies transfer

7

because the majority of the parties reside in the Western Division.

36.    The Plaintiffs present choice of forum in the Eastern Division does not serve either the Public or Private Interests in this case.

37.    In fact, the choice of the Eastern Division only serves the convenience of two (2) of the six (6) Plaintiffs. For the remaining parties, the Western Division is the more convenient forum.

38.    Indeed, Plaintiffs' Complaint does not, and cannot, identify a single compelling reason to keep the venue in the Eastern Division.

39.    Other the other hand, there are many compelling reasons to transfer to the Western Division. Indeed, all of the factors for convenience and the interests of justice identify the Western Division as the more proper venue.

WHEREFORE, Defendant, DEANA GUIDI, prays that this Court enter an Order:

A.    Transferring the case to the Western Division of Illinois; and

B.    Ordering the Plaintiff to pay all costs incurred herein up to and including the cost of transfer of the case.

CAMPION, CURRAN, DUNLOP & LAMB, P.C.


/s/Russell W. Baker


CAMPION, CURRAN, DUNLOP & LAMB, P.C.
Attorneys for Defendant, Deana M. Guidi
8600 U.S. Highway 14, Suite 201
Crystal Lake, IL 60012
(815) 459-8440