IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| BRADLEY J. SCHAUFENBUEL; et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Case No. 09-CV-1221 |
| v. ) | |
| ) | |
| INVESTFORCLOSURES FINANCIAL, ) | Judge Leinenweber |
| L.L.C.; et al., ) | |
| ) | Magistrate Judge Nolan |
| ) | |
| Defendants. ) | |

## MOTION FOR TEMPORARY RESTRAINING ORDER

NOW COME Plaintiffs Bradley J. Schaufenbuel ("Brad S"); Robert N. Schaufenbuel ("Robert S"); John and Sarah Reed, IV ("Reed IV"); John and Jan Reed, III ("Reed III"); American Mass Media Corporation ("AMMC"); and Roberta K. Clark ("Clark"), on behalf of themselves and all others similarly situated (collectively referred to as "Plaintiffs" or "Investors"), by and through their attorneys Thurston Law Offices, P.C. and Law Offices of Joel M Weiner, LLC, and pursuant to Fed.R.Civ.P. 65 hereby respectfully moves this honorable Court to enter a Temporary Restraining Order against Defendants, InvestForClosures Financial, L.L.C.; ROI Developers; InvestForClosures; InvestForClosures.com, LLC; InvestForClosures Ventures, LLC; Sands of Gold Escrow; Sands of Gold; ROI Financial; Realty Opportunities International Escrow 23; ROI Escrow; Realty Opportunities International S. de R.L. de C.V.; Realty Opportunities International; ROI Mexico; Sands of Gold Estates; Francis X. Sanchez aka Frank Sanchez; James D. Bourassa aka Jim Bourassa; Scott D. Wessel; Deana M. Guidi; Daniel E. Fitzgerald aka Dan Fitzgerald; Scott R. Slagle; Darcey L. Martin; Tom Rodriguez;

and John Does 1 - 30 (collectively referred to as "IFC" or "Defendants"). In support of their Motion, Plaintiffs hereby state and allege as follows:

    1.    Plaintffs filed their Complaint in this matter on February 25, 2009 ("Complaint"). The Complaint contains counts for violation of the federal securities laws (Counts I and II), fraud (Count III), breach of fiduciary duty (Count IV), civil conspiracy (Count V), violation of the Illinois Uniform Fraudulent Transfer Act (Count VI), unjust enrichment (Count VII), constructive trust (Count VIII), consumer fraud (Count IX), piercing the legal entity (count X), and conversion (Count XI). (*See* Complaint, Document 1, on file with this Court.)

    2.    Plaintiffs seek to restrain Defendants from selling, disposing of, encumbering or otherwise transferring property in Playa Ventura, Mexico for a short period to determine if a preliminary injunction should issue and/or a Receiver should be appointed for the property. Essentially, Plaintiffs seek to freeze the only asset of Defendants that would satisfy a judgment in this case.

    3.    Bradley Schaufenbuel, one of the lead Plaintiffs, has verified the allegations in the Complaint. (*See* Affidavit of Bradley Schaufenbuel, ¶2, Document 7-2 previously filed with the Court.)

    4.    Under Fed.R.Civ.P. 65, "The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if: (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required."

5. A Motion for Preliminary Injunction was filed in this matter on February 27, 2009 (Document 7) and served directly via mail on all of the parties and/or their counsel, thereby satisfying (B) of Rule 65. (See Certification of Robert C. Thurston filed contemporaneously herewith.)

6. The Illinois Uniform Fraudulent Transfer Act, 740 ILCS 160/ *et seq.* (hereinafter "UFTA") provides in pertinent part that "A transfer made or obligation incurred by a debtor is fraudulent as to a creditor, whether the creditor's claim arose before or after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation with actual intent to hinder, delay, or defraud any creditor of the debtor." 740 ILCS 160/5.

7. If a transfer violates UFTA, then "in an action for relief against a transfer or obligation under this Act, a creditor . . . may obtain . . . (3) subject to applicable principles of equity and in accordance with applicable rules of civil procedure, (A) an injunction against further disposition by the debtor or a transferee, or both, of the asset transferred or of other property; (B) appointment of a receiver to take charge of the asset transferred or of other property of the transferee; or (C) any other relief the circumstances may require." 740 ILCS 160/8.

8. There are both statutory and equitable bases for a temporary restraining order in the case at bar.

9. Plaintiffs have a reasonable likelihood of success on the merits of all of the underlying claims because there is no dispute over the key facts. Specifically, Plaintiffs invested money in IFC's plan to rehabilitate and resell foreclosed or distressed properties. (Complaint ¶¶48-49, 51-58, and Securities Class Action

Certifications.) The investments were made in InvestForClosures Financial, L.L.C., InvestForClosures.com, LLC, or InvestForClosures Ventures, LLC. (Complaint ¶¶51-58, and Securities Class Action Certifications.) However, all three of those legal entities have been involuntarily dissolved by the Illinois Secretary of State and the IFC entities that sold and issued the investment notes and certificates to Investors no longer exist. (Complaint ¶¶17, 20, 21, 77 and Affidavit of Bradley Schaufenbuel, ¶3.) Indeed, Defendants never invested any of Plaintiffs' money in foreclosed or distressed real estate properties, but, rather, took the accumulated investments from Plaintiffs; transferred them to Realty Opportunities International S. de R.L. de C.V., a Mexican company in which Plaintiffs do not have an investment interest; and purchased 27 acres of undeveloped property in Mexico ("Mexico property") contrary to all representations made to Investors. (Complaint ¶¶27, 69, and Affidavit of Bradley Schaufenbuel, ¶4.)

10. Plaintiffs will suffer immediate and irreparable injury, loss, and damage if Defendants are not restrained as requested because if Defendants were allowed to dispose of the Mexico property, it would defeat the express statutory purpose of UFTA, make Defendants insolvent and judgment proof, and otherwise dissipate the only asset available to satisfy a judgment in this case. Upon information and belief, Defendants do not have sufficient assets equivalent to $8 million or more. Defendants have already transferred the assets of the Illinois IFC entities to a Mexican IFC entity and purchased the property in violation of UFTA once; Plaintiffs are quite sure that Defendants would do the same again in order to defeat any claims.

11. As further evidence of the immediate harm, after the Motion for Preliminary Injunction was filed and attached copies of the Defendants' website www.roimexico.com as an exhibit thereto, within days the website was down leaving only a white page in its place stating "Notice: While in the process of changing corporate structure, this website is under construction. Francis "Frank" Sanchez, CEO." (A true and correct copy of the main webpage of www.roimexico.com as of March 10, 2009 is attached hereto as Exhibit A.)

12. The issue of jurisdiction over the Mexico property was raised before Judge Leinenweber in open Court on March 12, 2009. It was represented by counsel for Certain Defendants[1] that while he did not specifically represent Defendant Realty Opportunities International S. de R.L. de C.V. ("ROI Mexico"), ROI Mexico was a Mexican corporation that owned the Mexico property and that this Court lacked personal jurisdiction over that corporation and therefore also the Mexico property.

13. Counsel's analysis is flawed. ROI Mexico listed its principal place of business on its website as "123 S. Eastwood Drive, #117, Woodstock, IL 60098" and a contact telephone number of "(815) 814-4364", which is a McHenry County phone exchange. Additionally, its CEO is Frank Sanchez, indisputably a resident of Woodstock, Illinois and a party who has already submitted to the jurisdiction of this Court. (Affidavit of Bradley Schaufenbuel, Exhibit B, Document 7-2, "Contact Us" page.)

---

[1] Although a formal Appearance has not yet been filed by Robert Christie, he represented in open Court before Judge Leinenweber that he represented Defendants InvestForClosures Financial, L.L.C., InvestForClosures.com, LLC, InvestForClosures Ventures, LLC, Francis X. Sanchez aka Frank Sanchez, and James D. Bourassa aka Jim Bourassa.

**Motion for Temporary Restraining Order**
**Page 5 of 7**

14. In *Deluxe Ice Cream Co. v. R.C.H. Tool Corp.*, 726 F.2d 1209 (7th Cir. 1984), the Seventh Circuit held that, under the Illinois Long Arm Statute, a meeting to conduct negotiations for a contract by the representative of a Netherlands corporation that didn't have any offices in Illinois was sufficiently a "transaction of any business" and therefore making the Netherlands corporation amenable to suit in the District Court.

15. Thus, ROI Mexico listing an address in Woodstock, McHenry County, Illinois with a telephone number there and encouraging investors to contact the corporation through its CEO at such address is surely a "transaction of any business" under the Illinois Long Arm Statute, thereby making ROI Mexico amenable to suit in this District Court. Therefore, the Mexico property is also subject to the jurisdiction of this Court and its status can be restrained.

WHEREFORE, Plaintiffs respectfully request that this honorable Court grant the following relief:

A. Issue a Temporary Restraining Order against Defendants prohibiting further disposition, sale, encumbering or transfer of the Mexico property by Defendants until a hearing on the Preliminary Injunction Motion can be heard;

B. Setting a discovery schedule and hearing on the Motion for Preliminary Injunction; and

C. All such other and further relief as this honorable Court deems just and equitable.

Respectfully submitted,
PLAINTIFFS' CLASS

By: __/s/ Robert C. Thurston_____
    One of Their Attorneys

Thurston Law Offices, P.C.
Robert C. Thurston
A.R.D.C. No. 6209353
10469 Bethel Avenue
Huntley, IL 60142
Phone: 847-659-8613
Fax: 847-628-0930
Email: tj@thurstonlawpc.com

Law Offices of Joel M Weiner, LLC
Joel M. Weiner
579 N 1st Bank Drive Suite 150
Palatine, IL 60067-8102
Phone: 847-654-3105
Fax: 847-358-7165
Email: jweiner@jweinerlaw.com

Case: 1:09-cv-01221 Document #: 19 Filed: 03/13/09 Page 8 of 8 PageID #:175

Notice: While in the process of changing corporate structure, this website is under construction.

*Francis "Frank" Sanchez*, CEO

**EXHIBIT A**