09-cv-01221
Schaufenbuel et al
v.
InvestForClosures Financial, L.L.C. et al

FILED
MAR 23 2009
Mar 23, 2009
MAGISTRATE JUDGE NAN R. NOLAN
UNITED STATES DISTRICT COURT

## STANDSTILL AGREEMENT

THIS STANDSTILL AGREEMENT (hereinafter referred to as the "**Agreement**"), dated March 23, 2009, is entered into by and between the Parties identified below.

### RECITALS

WHEREAS, a Motion for Temporary Restraining Order and a Motion for Preliminary Injunction were filed by the Plaintiffs in the action pending before the Northern District of Illinois, Eastern Division (the "**Court**"), captioned as Bradley J. Schaufenbuel, et. al. v. InvestForClosures Financial, L.L.C., et al., docket No. 09-cv-1221 (the "**Action**"), seeking to freeze certain assets of the defendants named in that Action;

WHEREAS, Realty Opportunities International S. de R.L. de C.V. ("**ROI Mexico**") and/or certain other defendants in the Action own(s) a piece of property in Mexico, more fully described below, which is the subject of the pending motions; and

WHEREAS, the parties hereby agree that a temporary standstill is a reasonable interim solution in lieu of protracted hearings on a Temporary Restraining Order until the Court has an opportunity to have a full hearing on the Motion for Preliminary Injunction.

NOW THEREFORE, in consideration of the covenants and conditions contained herein and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties hereto do hereby agree as follows:

I. **Recitals**: The foregoing recitals are incorporated herein and made a part hereof.

II. **Parties:** The "Parties" to this Agreement are as follows:

  A. Plaintiffs Bradley J. Schaufenbuel; Robert N. Schaufenbuel; John and Sarah Reed, IV; John and Jan Reed, III; American Mass Media Corporation; and Roberta K. Clark, on behalf of themselves and all others similarly situated (collectively referred to as "**Plaintiffs**"), by and through their attorneys Thurston Law Offices, P.C. and Law Offices of Joel M Weiner, LLC;

  B. Defendants InvestForClosures Financial, L.L.C. d/b/a ROI Developers and InvestForClosures; InvestForClosures.com, LLC; InvestForClosures Ventures, LLC d/b/a Sands of Gold Escrow, Sands of Gold, ROI Financial, Realty Opportunities International Escrow 23, and ROI Escrow; Realty Opportunities International S. de R.L. de C.V., d/b/a ROI Mexico and Sands of Gold Estates; Francis X. Sanchez; and James

        D. Bourassa (collectively referred to as "**IFC Defendants**"), by and through their attorneys Henderson & Lyman ; and

   C.    Defendant Deana Guidi ("**Guidi**"), by and through her attorneys Campion Curran Dunlop & Lamb, P.C.

III.   **Term:** The term of this Agreement shall begin upon the date set forth above and shall terminate no later than 1) upon the Court's ruling on the pending Motion for Preliminary Injunction or such earlier date as the Court may decide; 2) upon a dismissal of the Action as to any of the IFC Defendants; or 3) six (6) months from the date set forth above.

IV.   **Property subject to standstill:** The property subject to this Agreement is approximately 27 acres of undeveloped ocean front property located on the western Mexican coastline south of the city of Acapulco near the village of Playa Ventura in the Mexican state of Guerrero, sometimes referred to as the Sands of Gold Estates (the "Mexico Property"). The property is owned by ROI Mexico, solely or in conjunction with other unknown parties. The Mexico Property shall include any personal property, natural elements, and any structures currently on the property.

V.   **Scope of Standstill:**

   A.    IFC Defendants and Guidi are prohibited from selling, disposing of, encumbering, destroying, changing ownership of, or otherwise transferring the Mexico Property.

   B.    IFC Defendants shall not personally, or through any agent, in any way voluntarily assist any other person, including but not limited to any party named herein, in selling, disposing of, encumbering, destroying, changing ownership of, or otherwise transferring the Mexico Property.

   C.    Guidi shall not personally, or through any agent, in any way voluntarily assist any other person, including but not limited to any party named herein, in selling, disposing of, encumbering, destroying, changing ownership of, or otherwise transferring the Mexico Property.

**Miscellaneous provisions:**

   A.    Nothing contained herein shall be construed to be an admission of any kind by any Party hereto.

   B.    The Parties agree that ROI Mexico's consent to be a party to this agreement is not a waiver by ROI Mexico to any objection it may have to the jurisdiction of the Court and the Parties agree that they will not use ROI Mexico's consent to be a party to this agreement as the type of conduct that would subject it to the jurisdiction of the Court.

C. This Agreement shall not be construed more strictly against one party than against the other merely by virtue of the fact that it may have been prepared by counsel for one of the parties, it being recognized that all parties have contributed substantially and materially in the preparation of this Agreement

D. This Agreement is an integrated Agreement and contains the entire Agreement regarding the matters herein between the signatories hereto, and no representations, warranties, or promises have been made or relied on by any signatory hereto other than as set forth herein.

E. Each of the terms of this Agreement is binding upon the Parties hereto, and their respective predecessors, successors, assigns, agents, officers, directors, and employees, and all other persons in active concert or participation with the Parties, who receive actual notice of this Agreement.

F. This Agreement shall be interpreted in accordance with the laws of the State of Illinois.

G. The parties to this Agreement hereby agree that this Agreement may be executed in counterparts, and that all such counterparts shall constitute one instrument binding on the signatories in accordance therewith, notwithstanding that all signatories are not signatories to the original or the same counterpart.

**IN WITNESS WHEREOF** the parties have set forth their hand as of the date and year first mentioned above:

**PLAINTIFFS**

_____
Robert C. Thurston, Counsel

Dated: 03/20/2009

**DEANA GUIDI**

_____
Genevieve M. Lynott, Counsel

Dated: 3-20-09

**IFC DEFENDANTS**

_____
Robert Christie, Counsel

Dated: 3-23-09