IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| BRADLEY J. SCHAUFENBUEL; et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Case No. 09-CV-1221 |
| v. ) | |
| ) | |
| INVESTFORCLOSURES FINANCIAL, ) | Judge Leinenweber |
| L.L.C.; et al., ) | |
| ) | Magistrate Judge Nolan |
| ) | |
| Defendants. ) | |

### SECOND MOTION FOR TEMPORARY RESTRAINING ORDER

NOW COME Plaintiffs, by and through their attorneys Thurston Law Offices, P.C. and Law Offices of Joel M Weiner, LLC, and pursuant to Fed.R.Civ.P. 65 hereby respectfully move this honorable Court to enter a Temporary Restraining Order against the following Defendants:

- InvestForClosures Financial, L.L.C.
- ROI Developers
- InvestForClosures
- InvestForClosures.com, LLC
- InvestForClosures Ventures, LLC
- Sands of Gold Escrow
- Sands of Gold
- ROI Financial
- Realty Opportunities International Escrow 23
- ROI Escrow
- Realty Opportunities International S. de R.L. de C.V.
- Realty Opportunities International

- ROI Mexico
- Sands of Gold Estates
- InvestForClosures National, LLC
- Francis X. Sanchez aka Frank Sanchez
- Darcey L. Martin
- Tom Rodriguez
- Wayne M. O'Day
- AMO Realty International, Ltd.
- Sanchez & Rivera Exchange Corp.
- Sanchez & Rivera Group, LLC
- Sanchez & Rivera Title Company
- Sanchez & Rivera Title, LLC
- Mauricio Sanchez

Plaintiffs seek to freeze all personal and business assets of the named Defendants[1] and freeze all business activities of the named Defendants, including without limitation all activities relating to the "Sands of Gold Estates" project in Playa Ventura, Mexico. In support of their Motion, Plaintiffs hereby state and allege as follows:

    1.    Plaintffs filed their Complaint in this matter on February 25, 2009 ("Complaint"). The Complaint contained counts for violation of the federal securities laws (Counts I and II), fraud (Count III), breach of fiduciary duty (Count

---

[1] Defendant James D. Bourassa filed a Petition for Chapter 7 Bankruptcy in the United States Bankruptcy Court for the Northern District of Illinois, Case No. 09-12873 on April 10, 2009. Defendant James D. Bourassa file a Notice of Bankruptcy in this case on April 14, 2009 (Document No. 50), and as such this Motion for TRO does not name Bourassa as one of the parties sought to be restrained due to the automatic stay imposed by the Bankruptcy Code.

**Motion for Temporary Restraining Order**

IV), civil conspiracy (Count V), violation of the Illinois Uniform Fraudulent Transfer Act (Count VI), unjust enrichment (Count VII), constructive trust (Count VIII), consumer fraud (Count IX), piercing the legal entity (count X), and conversion (Count XI). (*See* Complaint, Document 1, on file with this Court.)

2. Plaintffs filed their Amended Complaint in this matter on March 17, 2009 ("Amended Complaint"). The Amended Complaint contained counts for violation of the federal securities laws (Counts I and II), fraud (Count III), breach of fiduciary duty (Count IV), civil conspiracy (Count V), violation of the Illinois Uniform Fraudulent Transfer Act (Count VI), unjust enrichment (Count VII), constructive trust (Count VIII), consumer fraud (Count IX), piercing the legal entity (count X), conversion (Count XI), violation of the Illinois Securities Law (Count XII), Breach of Contract (Count XIII), violation of the Investment Advisers Act of 1940 (Count XIV), violation of the Trust Indenture Act of 1939 (Count XV), and Civil RICO (Count XVI). (*See* Amended Complaint, Document 21, on file with this Court.)

3. Plaintffs[2] filed their Second Amended Complaint in this matter on April 27, 2009 ("Second Amended Complaint"). The Second Amended Complaint contains all of the same counts as the Amended Complaint and adds one additional count for violation of the Money Laundering Act (Count XVII). (*See* Second Amended Complaint, Document 58, on file with this Court.)

---

[2] Additional Plaintiffs and additional Defendants were added by the Second Amended Complaint.

**Motion for Temporary Restraining Order**
Page 3 of 10

4. Plaintiffs seek to freeze all personal and business assets of the named Defendants[3] and freeze all business activities of the named Defendants, including without limitation all activities relating to the "Sands of Gold Estates" project in Playa Ventura, Mexico for a short period to determine if preliminary and permanent injunctions should issue and/or a Receiver should be appointed for the assets of the named Defendants. Essentially, Plaintiffs seek to freeze the only assets of Defendants that would satisfy a judgment in this case.

5. Under Fed.R.Civ.P. 65, "The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if: (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required."

6. A Motion for Preliminary Injunction was filed in this matter on February 27, 2009 (Document 7) and is currently pending, but only as to 23 acres of property in Mexico.

7. Plaintiffs are filing an Amended Motion for Preliminary Injunction contemporaneously with this present motion in order to cover all assets that are sought to be restricted by this motion.

8. The Illinois Uniform Fraudulent Transfer Act, 740 ILCS 160/ *et seq.* (hereinafter "UFTA") provides in pertinent part that "A transfer made or obligation

---

[3] Defendant James D. Bourassa filed a Petition for Chapter 7 Bankruptcy in the United States Bankruptcy Court for the Northern District of Illinois, Case No. 09-12873 on April 10, 2009. Defendant James D. Bourassa file a Notice of Bankruptcy in this case on April 14, 2009 (Document No. 50), and as such this Motion for TRO does not name Bourassa as one of the parties sought to be restrained due to the automatic stay imposed by the Bankruptcy Code.

**Motion for Temporary Restraining Order**
**Page 4 of 10**

incurred by a debtor is fraudulent as to a creditor, whether the creditor's claim arose before or after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation with actual intent to hinder, delay, or defraud any creditor of the debtor." 740 ILCS 160/5.

9. If a transfer violates UFTA, then "in an action for relief against a transfer or obligation under this Act, a creditor . . . may obtain . . . (3) subject to applicable principles of equity and in accordance with applicable rules of civil procedure, (A) an injunction against further disposition by the debtor or a transferee, or both, of the asset transferred or of other property; (B) appointment of a receiver to take charge of the asset transferred or of other property of the transferee; or (C) any other relief the circumstances may require." 740 ILCS 160/8.

10. There are both statutory and equitable bases for a temporary restraining order in the case at bar.

11. "In 2004, the founders, Frank Sanchez, CEO and Jim Bourassa, COO, formed InvestForClosures Ventures, LLC aka Realty Opportunities International (ROI) to raise funds for the infrastructure and development of Sands of Gold Estates (SOG) in Playa Ventura, Mexico." (A true and correct copy of the ROI Summary is attached hereto as Exhibit A.)

12. InvestForClosures Ventures, LLC ("IFC Ventures") is the 100% owner of Realty Opportunities International S. de R.L. de C.V. ("ROI Mexico"), yet IFC Ventures was involuntarily dissolved by the Illinois Secretary of State and is not a legally existing entity, despite many of the investors Plaintiffs in this action have securities issued by IFC Ventures.

13. "Since we started the Sands of Gold Project, it has grown and become more economically viable. It started nearly 3 years ago as a small piece of ocean front land with about 23 acres and has now expanded to an entire Master Planned Community with about <u>15 thousand acres and 13 kilometers of water front property</u>." (A true and correct copy of a June 11, 2007 email from Sanchez is attached hereto as Exhibit B, emphasis added).

14. The Sands of Gold Estates project is being promoted through websites and brochures. (A true and correct copy of the SOG brochure is attached hereto as Exhibit C; see also the www.roimexico.com website pages attached as Exhibit B to Schaufenbuel Affidavit, Document 7-2).

15. Wayne O'Day is touted as the CFO of ROI. (See Exhibit A.)

16. AMO Realty International, Ltd., Wayne O'Day's company, has been promoting and trying to sell lots of the Sands of Gold Estates to the public. (A true and correct copy of AMO Realty's webpage for Sands of Gold Estates lots is attached hereto as Exhibit D.)

17. Sanchez & Rivera Exchange Corp., Sanchez & Rivera Group, LLC, Sanchez & Rivera Title Company, and Sanchez & Rivera Title, LLC are all related companies that were partnered with IFC Ventures to clear title to the alleged lots of property in the Sands of Gold Estates.

18. Mauricio Sanchez is the CEO of the Sanchez & Rivera entities and is Frank Sanchez's nephew.

19. For several years, Darcey Martin has acted as the agent for Frank Sanchez and the IFC entities. (True and correct copies of the April 2, 2009 and March 4, 2009 emails from Martin to investors are attached hereto as Exhibit E.)

20. Named Defendants have obtained and or had access to over $7.7 million of investments from Plaintiffs. (See Second Amended Complaint, ¶120 and Exhibit B thereto.)

21. Sanchez and Bourassa believe they are entitled to backpay compensation as executives of the IFC entities and as principals of the Sands of Gold project in excess of $5 million. (A true and correct copy of the Executive Compensation Report for IFC Ventures is attached hereto as Exhibit F, emphasis added.)

22. Plaintiffs fear that Sanchez and Bourassa have already transferred that money from Plaintiffs investments to themselves or secreted it in Mexico.

23. ROI Mexico already has been using established wire transfer instructions to a location in Mexico. (A true and correct copy of Wire Instructions for ROI is attached hereto as Exhibit G.)

24. Upon information and belief, Tom Rodriguez has already wire transferred substantial sums of Plaintiffs' investments to Sanchez in Mexico and has been doing so since 2003.

25. Clearly, it is difficult for Plaintiffs to access those funds if they are in Mexico, but this Court has jurisdiction over Sanchez, the IFC entities and ROI Mexico and therefore has the power to restrain named Defendants from further concealing these assets.

26. Plaintiffs also fear that Sanchez is using their investments to perpetuate the fraud of the development of the Sands of Gold Estates.

27. Plaintiffs will suffer immediate and irreparable injury, loss, and damage if Defendants are not restrained as requested because if Defendants were

allowed to transfer these assets, it would defeat the express statutory purpose of UFTA, make named Defendants insolvent and judgment proof, and otherwise dissipate the only assets available to satisfy a judgment in this case. Upon information and belief, Defendants do not have sufficient assets equivalent to $8 million or more in the United States. Defendants have already transferred some of the assets of the Illinois IFC entities to ROI Mexican and/or Frank Sanchez on a few occasions; Plaintiffs are quite sure that named Defendants would do the same again in order to defeat any claims.

28. The issue of jurisdiction over Defendant Realty Opportunities International S. de R.L. de C.V. ("ROI Mexico") and any assets of named Defendants in Mexico was raised before Judge Leinenweber in open Court on March 12, 2009. It was represented by counsel that ROI Mexico was a Mexican corporation that owned the Mexico property and that this Court lacked personal jurisdiction over that corporation and therefore also assets in Mexico in that entity's name.

29. Counsel's analysis is flawed. It is uncontested that ROI Mexico is 100% owned by IFC Ventures, an Illinois limited liability company. ROI Mexico lists its corporate offices as "123 S. Eastwood Drive, #117, Woodstock, IL 60098". (True and correct copies of documents in which ROI Mexico's Woodstock address are attached hereto as Exhibit H, emphasis added.) Additionally, Frank Sanchez is the CEO of ROI Mexico and is indisputably a resident of Woodstock, Illinois and a party who has already submitted to the jurisdiction of this Court.

30. In *Deluxe Ice Cream Co. v. R.C.H. Tool Corp.*, 726 F.2d 1209 (7th Cir. 1984), the Seventh Circuit held that, under the Illinois Long Arm Statute, a meeting

to conduct negotiations for a contract by the representative of a Netherlands corporation that didn't have any offices in Illinois was sufficiently a "transaction of any business" and therefore making the Netherlands corporation amenable to suit in the District Court.

31.     Thus, ROI Mexico listing an address in Woodstock, McHenry County, Illinois with a telephone number there and encouraging investors to contact the corporation through its CEO at such address is surely a "transaction of any business" under the Illinois Long Arm Statute, thereby making ROI Mexico amenable to suit in this District Court.  Therefore, the assets in Mexico owned by ROI Mexico and/or Frank Sanchez are also subject to the jurisdiction of this Court and their status can be restrained.

WHEREFORE, Plaintiffs respectfully request that this honorable Court grant the following relief:

A. Issue a Temporary Restraining Order against the named Defendants herein freezing all personal and business assets of the named Defendants and freeze all business activities of the named Defendants, including without limitation all activities relating to the "Sands of Gold Estates" project in Playa Ventura, Mexico; and

B. All such other and further relief as this honorable Court deems just and equitable.

Respectfully submitted,
PLAINTIFFS' CLASS

By: __/s/ Robert C. Thurston_____
    One of Their Attorneys

| | |
|---|---|
| Thurston Law Offices, P.C. | Law Offices of Joel M Weiner, LLC |
| Robert C. Thurston | Joel M. Weiner |
| A.R.D.C. No. 6209353 | 579 N 1st Bank Drive Suite 150 |
| 10469 Bethel Avenue | Palatine, IL 60067-8102 |
| Huntley, IL 60142 | Phone: 847-654-3105 |
| Phone: 847-659-8613 | Fax: 847-358-7165 |
| Fax: 847-628-0930 | Email: jweiner@jweinerlaw.com |
| Email: tj@thurstonlawpc.com | |