IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| BRADLEY J. SCHAUFENBUEL; et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Case No. 09-CV-1221 |
| v. | ) | |
| | ) | |
| INVESTFORCLOSURES FINANCIAL, L.L.C.; et al., | ) | Judge Leinenweber |
| | ) | |
| | ) | Magistrate Judge Nolan |
| | ) | |
| Defendants. | ) | |

## AMENDED MOTION FOR PRELIMINARY INJUNCTION

NOW COME Plaintiffs, by and through their attorneys Thurston Law Offices, P.C. and Law Offices of Joel M Weiner, LLC, and pursuant to Fed.R.Civ.P. 65 hereby respectfully move this honorable Court to enter a Preliminary Injunction against the following Defendants:

- InvestForClosures Financial, L.L.C.
- ROI Developers
- InvestForClosures
- InvestForClosures.com, LLC
- InvestForClosures Ventures, LLC
- Sands of Gold Escrow
- Sands of Gold
- ROI Financial
- Realty Opportunities International Escrow 23
- ROI Escrow
- Realty Opportunities International S. de R.L. de C.V.
- Realty Opportunities International

- ROI Mexico
- Sands of Gold Estates
- InvestForClosures National, LLC
- Francis X. Sanchez aka Frank Sanchez
- Darcey L. Martin
- Tom Rodriguez
- Wayne M. O'Day
- AMO Realty International, Ltd.
- Sanchez & Rivera Exchange Corp.
- Sanchez & Rivera Group, LLC
- Sanchez & Rivera Title Company
- Sanchez & Rivera Title, LLC
- Mauricio Sanchez

Plaintiffs seek to freeze all personal and business assets of the named Defendants[1] and freeze all business activities of the named Defendants, including without limitation all activities relating to the "Sands of Gold Estates" project in Playa Ventura, Mexico. In support of their Motion, Plaintiffs hereby state and allege as follows:

1. Plaintffs filed their Amended Complaint in this matter on March 17, 2009 ("Amended Complaint"). The Amended Complaint contained counts for violation of the federal securities laws (Counts I and II), fraud (Count III), breach

---

[1] Defendant James D. Bourassa filed a Petition for Chapter 7 Bankruptcy in the United States Bankruptcy Court for the Northern District of Illinois, Case No. 09-12873 on April 10, 2009. Defendant James D. Bourassa file a Notice of Bankruptcy in this case on April 14, 2009 (Document No. 50), and as such this Motion for TRO does not name Bourassa as one of the parties sought to be restrained due to the automatic stay imposed by the Bankruptcy Code.

**Motion for Preliminary Injunction**
**Page 2 of 7**

of fiduciary duty (Count IV), civil conspiracy (Count V), violation of the Illinois Uniform Fraudulent Transfer Act (Count VI), unjust enrichment (Count VII), constructive trust (Count VIII), consumer fraud (Count IX), piercing the legal entity (count X), conversion (Count XI), violation of the Illinois Securities Law (Count XII), Breach of Contract (Count XIII), violation of the Investment Advisers Act of 1940 (Count XIV), violation of the Trust Indenture Act of 1939 (Count XV), and Civil RICO (Count XVI). (*See* Amended Complaint, Document 21, on file with this Court.)

2. Plaintffs[2] filed their Second Amended Complaint in this matter on April 27, 2009 ("Second Amended Complaint"). The Second Amended Complaint contains all of the same counts as the Amended Complaint and adds one additional count for violation of the Money Laundering Act (Count XVII). (*See* Second Amended Complaint, Document 58, on file with this Court.)

3. Plaintiffs seek to freeze all personal and business assets of the named Defendants and freeze all business activities of the named Defendants, including without limitation all activities relating to the "Sands of Gold Estates" project in Playa Ventura, Mexico for a short period to determine if preliminary and permanent injunctions should issue and/or a Receiver should be appointed for the assets of the named Defendants. Essentially, Plaintiffs seek to freeze the only assets of Defendants that would satisfy a judgment in this case.

4. Under Fed.R.Civ.P. 65, a Court may grant a preliminary injunction if "the party seeking the injunction has demonstrated that: (1) it has a reasonable likelihood of success on the merits of the underlying claim; (2) no adequate remedy

---

[2] Additional Plaintiffs and additional Defendants were added by the Second Amended Complaint.

**Motion for Preliminary Injunction**
**Page 3 of 7**

at law exists; (3) it will suffer irreparable harm if the preliminary injunction is denied; (4) the irreparable harm the party will suffer without injunctive relief is greater than the harm the opposing party will suffer if the preliminary injunction is granted; and (5) the preliminary injunction will not harm the public interest." *Kiel v. City of Kenosha*, 236 F.3d 814 (7th Cir. 2000).

5. The Illinois Uniform Fraudulent Transfer Act, 740 ILCS 160/ *et seq.* (hereinafter "UFTA") provides in pertinent part that "A transfer made or obligation incurred by a debtor is fraudulent as to a creditor, whether the creditor's claim arose before or after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation with actual intent to hinder, delay, or defraud any creditor of the debtor." 740 ILCS 160/5.

6. If a transfer violates UFTA, then "in an action for relief against a transfer or obligation under this Act, a creditor . . . may obtain . . . (3) subject to applicable principles of equity and in accordance with applicable rules of civil procedure, (A) an injunction against further disposition by the debtor or a transferee, or both, of the asset transferred or of other property; (B) appointment of a receiver to take charge of the asset transferred or of other property of the transferee; or (C) any other relief the circumstances may require."  740 ILCS 160/8.

7. There are both statutory and equitable bases for a preliminary injunction in the case at bar.

8. Plaintiffs have a reasonable likelihood of success on the merits of all of the underlying claims because there is no dispute over the key facts. Specifically, Plaintiffs invested money in the various IFC entities based on representations that

those investments would accrue substantial rates of interest. (Second Amended Complaint ¶¶88-120.) The investments were made in InvestForClosures Financial, L.L.C., InvestForClosures.com, LLC, or InvestForClosures Ventures, LLC. (Second Amended Complaint ¶¶88-120 and Group Exhibit A thereto.) However, all three of those legal entities have been involuntarily dissolved by the Illinois Secretary of State and the IFC entities that sold and issued the investment notes and certificates to Investors no longer exist. (Second Amended Complaint ¶¶42, 45, and 46.) Indeed, Defendants never pursued the investments, but rather have concealed investors' money, contrary to all representations made to Investors. (Second Amended Complaint ¶¶143-145.)

9. There is no adequate remedy at law because if named Defendants were allowed to dispose or transfer any of their personal or business assets, it would defeat the express statutory purpose of UFTA, make named Defendants insolvent and judgment proof, and otherwise dissipate the only assets available to satisfy a judgment in this case. Upon information and belief, named Defendants do not have sufficient assets equivalent to $8 million or more in the United States. Defendants have already transferred some of the assets of the Illinois IFC entities to ROI Mexican and/or Frank Sanchez on a few occasions; Plaintiffs are quite sure that named Defendants would do the same again in order to defeat any claims.

10. If the preliminary injunction is denied, the Class of Plaintiffs would suffer irreparable harm because there would be no recourse against Defendants and no way to satisfy a judgment.

11. There is essentially no harm to Defendants if the preliminary injunction is granted because Defendants would still own the assets, they would just be frozen

to prevent dissipation; the relative extra cost to maintain the assets in their current state is minimal if not zero, particularly if the assets are in Mexico since all named Defendants are presently in the United States; and ultimately it will be shown that named Defendants have no rights in the assets because they are stolen investments and Plaintiffs have a priority claim on such assets.

12. Entering a preliminary injunction against named Defendants to freeze their personal and business assets or to appoint a Receiver for the preservation of the assets would not harm any public interest. Indeed, it would enhance the public interest at stake here, namely that when parties commit securities fraud, fraudulent transfers, and money laundering, the Courts of the United States will stand to protect the investors' rights and assure that they can get return of their investments.

13. In addition, halting business activities of named Defendants, especially Sanchez, relating to further promotion, development, or other activities (including email, websites, etc.) related to the Sands of Gold Estates project prevents further fraud and also preserves any assets that may be used to conduct such business.

WHEREFORE, Plaintiffs respectfully request that this honorable Court grant the following relief:

    A.    Issue a preliminary injunction against the named Defendants herein freezing all personal and business assets of the named Defendants and freeze all business activities of the named Defendants, including without limitation all activities relating to the "Sands of Gold Estates" project in Playa Ventura, Mexico;

B.　　Alternatively, appointing a Receiver for all assets of named Defendants to ensure preservation of such assets until resolution of this dispute; and

C.　　All such other and further relief as this honorable Court deems just and equitable.

Respectfully submitted,
PLAINTIFFS' CLASS

By: __/s/ Robert C. Thurston_____
　　　One of Their Attorneys

| | |
|---|---|
| Thurston Law Offices, P.C. | Law Offices of Joel M Weiner, LLC |
| Robert C. Thurston | Joel M. Weiner |
| A.R.D.C. No. 6209353 | 579 N 1st Bank Drive Suite 150 |
| 10469 Bethel Avenue | Palatine, IL 60067-8102 |
| Huntley, IL 60142 | Phone: 847-654-3105 |
| Phone: 847-659-8613 | Fax: 847-358-7165 |
| Fax: 847-628-0930 | Email: jweiner@jweinerlaw.com |
| Email: tj@thurstonlawpc.com | |