IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| BRADLEY J. SCHAUFENBUEL; et al., | ) |
| Plaintiffs, | ) |
| | ) Case No. 09-CV-1221 |
| v. | ) |
| INVESTFORCLOSURES FINANCIAL, L.L.C.; et al., | ) Judge Leinenweber |
| | ) Magistrate Judge Nolan |
| Defendants. | ) |

### MOTION TO COMPEL DISCOVERY

NOW COME Plaintiffs, by and through their attorneys Thurston Law Offices, P.C. and Law Offices of Joel M Weiner, LLC, and pursuant to Fed.R.Civ.P. 37(a), LR 37.2 and this Court's Standing Order on discovery motions hereby respectfully move this honorable Court to compel Defendant Francis Sanchez ("Sanchez") to provide discovery. In support of their Motion, Plaintiffs state as follows:

1. Plaintiffs filed their (First) Amended Complaint in this matter on March 17, 2009. (Document #21.)

2. Plaintiffs were identified in such document as follows: "Plaintiffs Bradley J. Schaufenbuel ("Brad S"); Robert N. Schaufenbuel ("Robert S"); John and Sarah Reed, IV ("Reed IV"); John and Jan Reed, III ("Reed III"); American Mass Media Corporation ("AMMC"); and Roberta K. Clark ("Clark"), on behalf of themselves and all others similarly situated (collectively referred to as "Plaintiffs" or "Investors")." (Document #21.)

3. Plaintiffs defined the "Class" as "Plaintiffs bring this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of themselves and all persons who invested money with IFC during the period March

14, 2000 through September 12, 2008 (the "Class"). Excluded from the Class is any member, officer or director of Defendants." (Document #21, ¶40.)

4. On March 31, 2009, Plaintiffs served Plaintiffs' First Set of Interrogatories – Preliminary Injunction Phase and Plaintiffs' First Request for Production of Documents - Preliminary Injunction Phase directed to Defendant Francis Sanchez ("Sanchez") upon counsel via email. (LR 37.2 Certification of Robert C. Thurston, ¶1.)

5. The discovery served upon Sanchez was due on or before April 30, 2009. (*See* Fed.R.Civ.P. 33(b)(2) and 34(b)(2) and LR 37.2 Certification of Robert C. Thurston, ¶2.)

6. More than thirty (30) days passed and Plaintiffs did not receive Sanchez's responses to discovery. (LR 37.2 Certification of Robert C. Thurston, ¶3.)

7. On or about May 7, 2009, Plaintiffs received Sanchez's responses to discovery, which were simply an objection to the discovery on the basis that the discovery was served on behalf of "Plaintiffs' Class" and no class had been certified in this case. (LR 37.2 Certification of Robert C. Thurston, ¶4 and Exhibit C thereto.)

8. Plaintiffs made a good faith effort to resolve Sanchez's objections and offered to compromise by re-serving the discovery identifying Plaintiffs specifically in exchange for expedited responses, but such compromise was rejected by Sanchez. (LR 37.2 Certification of Robert C. Thurston, ¶¶5-11 and referenced exhibits thereto.)

9. Thus, Sanchez is standing on his objection and refuses to respond to discovery.

10. The Federal Rules of Civil Procedure provide in pertinent part: "On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed.R.Civ.P. 37(a).

11. Additionally, "A party seeking discovery may move for an order compelling an answer, designation, production, or inspection. This motion may be made if: . . . (iii) a party fails to answer an interrogatory submitted under Rule 33, or (iv) a party fails to respond that inspection will be permitted — or fails to permit inspection — as requested under Rule 34." Fed.R.Civ.P. 37(a)(3)(B).

12. LR 37.2 states in pertinent part: "counsel's attempts to engage in such consultation were unsuccessful due to no fault of counsel's. . . . Where counsel was unsuccessful in engaging in such consultation, the statement shall recite the efforts made by counsel to engage in consultation."

13. Plaintiffs have complied with all of the Federal and local rules, while Sanchez stands obstinate and in defiance of the rules.

14. After diligent research, undersigned counsel can find no cases which suggest that discovery may not proceed on behalf of the Plaintiffs' Class prior to class certification. The use of "Plaintiff's Class" in the discovery requests is merely shorthand in lieu of naming all of the individual Plaintiffs, which numbered eight (8)

at the time the discovery was served and in excess of thirty-six (36) by the time the Second Amended Complaint was filed.[1]

15. Sanchez's objection that "Plaintiffs' Class" has no standing to serve discovery is just the type of gamesmanship that the Federal Rules on discovery were designed to prevent.

16. The discovery provisions in the Federal Rules of Civil Procedure are intended to be flexible. *See e.g. Goodman v. H. Hentz & Co.*, 265 F.Supp. 440 (N.D. Ill. 1967) (Held, that even though class would not be certified, defendants were required to respond to plaintiffs' discovery requests.)

17. At the time the discovery was served against Sanchez (March 31, 2009), there was a pending Motion for Preliminary Injunction (Document #7, February 7, 2009) and a Standstill Agreement (Document #33, March 23, 2009) already in place to resolve Plaintiffs' Motion for Temporary Restraining Order (Document #19, March 13, 2009).

18. Indeed, the discovery was served for the purpose of gathering information relevant to the scope of the pending motions for preliminary relief.

19. When preliminary relief is pending, "unless discovery is permitted in advance thereof, the [parties] will face the possibilities of surprise and inadequate preparation which the Federal Rules were designed to eliminate." *Madden v. Milk Wagon Drivers U. Local 753, Int. Bro. of Team.*, 229 F.Supp. 490, 492 (N.D. Ill. 1964).

20. At best, designation of the party serving discovery as "Plaintiffs' Class" was a misnomer. The designation of Plaintiffs as "Plaintiffs' Class" did not come as

---

[1] The Second Amended Complaint (Document #58) was filed on April 27, 2009, three days prior to when Sanchez's responses to discovery were due.

a surprise to Sanchez, since this case from its inception and filing of the original Complaint (Document #1) was titled "Class Action Complaint."

21.    Thus, Sanchez's failure to respond to discovery is an attempt to create surprise and block adequate preparation for the pending hearing on the Motion for Preliminary Injunction set by this Court for September 15, 2009.

WHEREFORE, Plaintiffs respectfully request that this honorable Court grant their Motion to Compel Discovery against Defendant Sanchez and order that Sanchez provide responses to the pending discovery within 5 days.

Respectfully submitted,
PLAINTIFFS

By: __/s/ Robert C. Thurston_____
      One of Their Attorneys

| | |
|---|---|
| Thurston Law Offices, P.C. | Law Offices of Joel M Weiner, LLC |
| Robert C. Thurston | Joel M. Weiner |
| A.R.D.C. No. 6209353 | 579 N 1st Bank Drive Suite 150 |
| 10469 Bethel Avenue | Palatine, IL 60067-8102 |
| Huntley, IL 60142 | Phone: 847-654-3105 |
| Phone: 847-659-8613 | Fax: 847-358-7165 |
| Fax: 847-628-0930 | Email: jweiner@jweinerlaw.com |
| Email: tj@thurstonlawpc.com | |