IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF
ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| BRADLEY J. SCHAUFENBUEL; ROBERT N. SCHAUFENBUEL; JOHN AND SARAH REED, IV; JOHN AND JAN REED, III; AMERICAN MASS MEDIA CORPORATION; ROBERTA K. CLARK; on behalf of Themselves and All Others Similarly Situated,<br><br>    Plaintiffs,<br><br>v.<br><br>INVESTFORCLOSURES FINANCIAL, L.L.C; ROI DEVELOPERS; INVESTFORCLOSURES; INVESTFORCLOSURES.COM, LLC; INVESTFORCLOSURES VENTURES; LLC SANDS OF GOLD ESCROW; SANDS OF GOLD; ROI FINANCIAL; REALTY OPPORTUNITIES INTERNATIONAL ESCROW 23; ROI ESCROW; REALTY OPPORTUNITIES INTERNATIONAL S. de R.L. de C.V; REALTY OPPORTUNITIES INTERNATIONAL; ROI MEXICO; SANDS OF GOLD ESTATES; FRANCIS X. SANCHEZ aka FRANK SANCHEZ; JAMES D. BOURASSA aka JIM BOURASSA; SCOTT D. WESSEL; DEANA M. GUIDI; DANIEL E. FITZGERALD aka DAN FITZGERALD; SCOTT R. SLAGLE; DARCEY L. MARTIN; TOM RODRIGUEZ; and JOHN DOES 1-30.<br><br>    Defendants. | Case No. 09-cv-1221<br>The Honorable Judge Leinenweber |

**DEFENDANT DARCEY L. MARTIN'S MOTION TO DISMISS FOR LACK OF
PERSONAL JURISDICTION**

NOW COMES Defendant, DARCEY L. MARTIN., by and through her attorneys,

CAMPION, CURRAN, DUNLOP & LAMB, P.C., and moves this Court for an order dismissing

Plaintiffs' Second Amended Complaint, pursuant to Federal Rule of Civil Procedure 12(b)(2),

1

and in support thereof states:

## I. INTRODUCTION

1. On April 17, 2009, Plaintiffs' filed their Second Amended Complaint ("Plaintiffs' Complaint") in this action containing the following Counts: Count I - Violation of the Securities Act of 1933; Count II - Violation of the Securities Act of 1934; Count III - Fraud; Count IV - Breach of Fiduciary Duty; Count V - Civil Conspiracy; Count VI - Violation of the Illinois Uniform Fraudulent Transfer Act; Count VII - Unjust Enrichment; Count VIII - Constructive Trust; Count IX - Violation of the Illinois Consumer Fraud Act; Count X - Piercing the Organizational Veil; Count XI - Conversion; Count XII - Violation of the Illinois Securities Law; Count XIII - Breach of Contract; Count XIV - Violation of the Investment Advisers Act of 1940; Count XV - Violation of the Trust Indenture Act of 1939; and Count XVI - Civil Rico.

2. Defendant DARCEY L. MARTIN ("Ms. Martin") is an investor in the IFC entities who Plaintiffs allege "continued the fraud [by IFC] by acting as the liaison between the IFC entities and investors."

3. This Court's subject matter jurisdiction is based on federal question jurisdiction arising under the Securities Act of 1933 and 1934 claims brought by Plaintiffs.

4. Ms. Martin resides in Winter Haven, Florida, and is an out of state defendant to this action. (*See* Affidavits of Darcey L. Martin, attached hereto as Exhibit "A").

5. Ms. Martin has never lived in Illinois. (*See* Exhibit "A").

6. Ms. Martin has never been employed in Illinois. (*See* Exhibit "A").

7. Ms. Martin has never been an agent or employee of any IFC entity. (*See* Affidavits of Darcey L. Martin, Francis Sanchez, and Jim Bourassa, attached hereto as Exhibits "A", "B",

and "C").

8. Because Ms. Martin has not purposefully established minimum contacts with Illinois to support this Court's jurisdiction, she now brings this Motion to Dismiss Plaintiffs' Complaint against her for lack of personal jurisdiction.

## II. LEGAL STANDARD

9. Once a defendant moves to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2), **a plaintiff has the burden of establishing the existence of personal jurisdiction** over an out of state defendant. Purdue Research Foundation v. Sanofi-Synthelabo, S.A., 338 F.3d 773, 782 (7th Cir. 2003).

10. In order to defeat a motion to dismiss based on personal jurisdiction, a plaintiff must provide sufficient evidence to establish at least a *prima facie* case of personal jurisdiction. *Turnock v. Cope*, 816 F.2d 332, 333 (7th Cir. 1987). In determining whether personal jurisdiction exists over a defendant the Court may consider affidavits submitted by the parties. *Nelson v. Park Indus., Inc.* 717 F.2d 1120, 1123 (7th Cir. 1983).

11. Where the action is based on a federal question, the Court may exercise personal jurisdiction within the due process limits of the United States Constitution. ISI International, Inc. v. Borden Ladner Gervais llp, 256 F.3d 548, 551 (7th Cir. 2001). Federal due process permits the exercise of personal jurisdiction over a nonresident individual only where the defendant has "certain minimum contacts with the [the state] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945).

12. Where the Court is asked to exercise jurisdiction over limited claims arising out of

3

the defendant's contacts with the forum, the Court must have specific jurisdiction over the defendant to proceed. Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414 (1984). In order to exercise specific jurisdiction, the Court must find that the defendant has **purposefully established minimum contacts within Illinois** and, as a result of those contacts, **could reasonably anticipate being hauled into court in the forum state**. Burger King Corp v. Rudzewicz, 471 U.S. 462, 474 - 476 (1985).

### III. ARGUMENT

13. This Court lacks personal jurisdiction over Ms. Martin because she has not established minimum contacts in Illinois for jurisdiction and could not reasonably foresee being hauled into this lawsuit as a result of her contacts with Illinois.

14. Ms. Martin is not an Illinois resident. In fact, Ms. Martin has never been employed or even visited Illinois. (*See* Exhibit "A").

15. Since 2007 Ms. Martin has not solicited or transacted any business within Illinois. (*See* Exhibit "A").

16. In fact, Ms. Martin's only contacts with Illinois are (1) her investment in the IFC entities; and (2) her follow up correspondence regarding that investment. (*See* Exhibit "A").

17. As explained below, under the Seventh Circuit's holding in Jadair, Inc. v. The Walt Keller Company, Inc., Ms. Martin's contacts with Illinois are insufficient to support personal jurisdiction. 679 F.2d 131 (7th Cir. 1982).

#### A. Ms. Martin's Investment In IFC Entities.

18. In Jadair, the Seventh Circuit evaluated whether jurisdiction was proper over a defendant whose only connection with the forum state (Wisconsin) was ordering a machine from a

manufacturer headquartered in that state. The Court found that this limited connection to Wisconsin did not create sufficient minimum contacts to confer jurisdiction. Jadair, Inc. v. The Walt Keller Company, Inc., 679 F.2d 131, 134.

19. The Jadair Court reasoned that because the defendant had never visited the plant in Wisconsin and negotiated the purchase contract outside of Wisconsin he could not reasonably foresee being hauled into court in Wisconsin. *Id.*

20. Similarly, in the present case, Ms. Martin's only connection with Illinois was her purchase of an investment in an Illinois company (IFC).

21. Ms. Martin was not an employee, manager, principal, or agent of any IFC entity. (*See* Exhibits "A", "B", and "C").

22. Ms. Martin did not solicit or receive any monies from any persons or companies in Illinois. (*See* Exhibit "A"). Neither did Ms. Martin meet with any investors or IFC entities in Illinois at any time. (*See* Exhibits "A", "B", and "C").

23. Ms. Martin's limited ties to Illinois do not make it reasonably foreseeable that she would be sued in Illinois. Ms. Martin was presented with the opportunity to invest in the IFC entities, through IFC's online website, while sitting at her home computer in Florida. Like the plaintiff in Jadair, Ms. Martin negotiated all investment terms outside of the forum state. (*See* Exhibit "A").

24. Also like the plaintiff in Jadair, Ms. Martin never visited the IFC entities in Illinois or made any appearance in Illinois. (*See* Exhibits "A", "B", and "C").

25. Therefore, this Court should find that, like the plaintiff in Jadair, Ms. Martin did not purposefully avail herself of the laws of Illinois, could not have reasonably anticipated being sued

in this state, and, as such, is not amenable to this Court's jurisdiction.

**B.     Ms. Martin's Correspondence Regarding The Status of Her Investment.**

26.     In Jadair, the Seventh Circuit also addressed whether Ms. Martin's conduct of merely following up on the status of her investment could create sufficient minimum contacts to subject her to this state's jurisdiction. The Court held that it did not.

27.     In Jadair, the defendant made multiple telephone calls and sent several letters to the Illinois manufacturer in order to get the manufacturer to repair the malfunctioning machinery which he had purchased. The Jadair Court held that the follow up telephone calls and letters were not separate contracts and found that these communications were not sufficient to confer jurisdiction. *Id.*

28.     The Court reasoned that "[i]f selling the machine is not sufficient to warrant bringing [the defendant] into a Wisconsin court, [the defendant's] later efforts to get the machine to work properly cannot add anything to the calculations. *Id.*

29.     Again the Jadair case in on point with the this case. After Ms. Martin's initial out of state investment, Ms. Martin's only contact with Illinois was her periodic correspondence regarding the status of that investment. (*See* Exhibit "A").

30.     Ms. Martin merely sent e-mail inquiries to IFC for information regarding her investment, and occasionally, upon request, relayed the information which she received from IFC (IFC investor updates and IFC investor account statements) to other investors.

31.     Ms. Martin did not create the information in IFC investor updates or IFC investor account statements or make any representations regarding their accuracy. Instead, Ms. Martin, like the plaintiff in Jadair was simply checking on the status of what she had purchased, and shared the

information she received with investors who shared her concerns.

## IV. CONCLUSION

32. The facts are clear that Ms. Martin did not purposefully establish minimum contacts with Illinois and could not reasonably anticipate being hauled into this Illinois court. Ms. Martin was an out of state investor who made an investment in Illinois and periodically checked to see when she would see the return on that investment.

33. If such limited contacts were to confer jurisdiction, it would subject every investor to virtually limitless jurisdiction in courts across the country.

34. This Court should not haul Ms. Martin, a person with no other contacts to Illinois, from a thousand miles away into this Illinois courts simply by virtue of her investment in an Illinois company. Indeed, such action would offend all notions of fair play and substantial justice and set a dangerous precedent that could severely hinder the Illinois capital economy by deterring investment in Illinois business.

WHEREFORE, Defendant, DARCEY L. MARTIN, prays that this Court enter an Order dismissing Plaintiffs' Second Amended Complaint for lack of personal jurisdiction.

CAMPION, CURRAN, DUNLOP & LAMB, P.C.

/s/Russell W. Baker

CAMPION, CURRAN, DUNLOP & LAMB, P.C.
Attorneys for Defendant, Deana M. Guidi
8600 U.S. Highway 14, Suite 201
Crystal Lake, IL 60012
(815) 459-8440