IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF
ILLINOIS, EASTERN DIVISION

BRADLEY J. SCHAUFENBUEL; ROBERT N. )
SCHAUFENBUEL; JOHN AND SARAH REED, )
IV; JOHN AND JAN REED, III; AMERICAN )
MASS MEDIA CORPORATION; ROBERTA K. )
CLARK; on behalf of Themselves and All Others )
Similarly Situated )
)
          Plaintiffs, )
)
     v. )
)
INVESTFORCLOSURES FINANCIAL, L.L.C )
ROI DEVELOPERS; INVESTFORCLOSURES; )
INVESTFORCLOSURES.COM, LLC; )
INVESTFORCLOSURES VENTURES; LLC )
SANDS OF GOLD ESCROW; SANDS OF GOLD; )
ROI FINANCIAL; REALTY OPPORTUNITIES ) )
INTERNATIONAL ESCROW 23; ROI ESCROW; )
REALTY OPPORTUNITIES INTERNATIONAL )
S. de R.L. de C.V; REALTY OPPORTUNITIES )
INTERNATIONAL; ROI MEXICO; SANDS OF )
GOLD ESTATES; FRANCIS X. SANCHEZ )
aka FRANK SANCHEZ; JAMES D. BOURASSA )
aka JIM BOURASSA; SCOTT D. WESSEL; )
DEANA M. GUIDI; DANIEL E. FITZGERALD )
aka DAN FITZGERALD; SCOTT R. SLAGLE; )
DARCEY L. MARTIN; TOM RODRIGUEZ; and )
JOHN DOES 1-30. )
)
          Defendants. )

Case No. 09-cv-1221
The Honorable Judge Leinenweber

## MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

NOW COME Defendants, DARCEY L. MARTIN, DEANA M. GUIDI, and TOM

RODRIGUEZ, by and through their attorneys, CAMPION, CURRAN, DUNLOP & LAMB,

P.C., and submit this memorandum in support of their motion to dismiss Plaintiffs' Second

Amended Complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6).

1



EXHIBIT
to Motion to
Dismiss
A

## INTRODUCTION

On April 17, 2009, Plaintiffs filed their Second Amended Complaint ("Plaintiffs' Complaint") with the following Counts: I - Violation of the Securities Act of 1933; II - Violation of the Securities Act of 1934; III - Fraud; IV - Breach of Fiduciary Duty; V - Civil Conspiracy; VI - Violation of the Illinois Uniform Fraudulent Transfer Act; VII - Unjust Enrichment; VIII - Constructive Trust; IX - Violation of the Illinois Consumer Fraud Act; X - Piercing the Organizational Veil; XI - Conversion; XII - Violation of the Illinois Securities Law; XIII - Breach of Contract; XIV - Violation of the Investment Advisers Act of 1940; XV - Violation of the Trust Indenture Act of 1939; XVI - Civil Rico; and XVII - Money Laundering.

Plaintiffs' claims against DARCEY L. MARTIN ("Ms. Martin"), DEANA M. GUIDI ("Ms. Guidi"), and TOM RODRIGUEZ ("Mr. Rodriguez") (collectively "Movants"), all arise out of Plaintiffs' theory that Movants, acting as principals and "controlling persons" of the above captioned corporate and limited liability company Defendants (the "IFC entities"), engaged in fraud against Plaintiffs. In support of their claims, Plaintiffs have pled **only three (3) allegations** of wrongdoing by Ms. Martin, Ms. Guidi, and Mr. Rodriquez individually. Plaintiffs allege that Ms. Martin was an investor in the IFC entities who "continued the fraud [by IFC] by acting as the liaison between the IFC entities and investors." (*See* Plaintiffs' Complaint, at ¶62, attached hereto as Exhibit "A"). Plaintiffs allege that Ms.Guidi "was General Counsel and/or a principal and agent of the IFC entities" and that she "interacted with investors, acted more as an officer of the IFC entities than as legal counsel, and furthered the fraud of the IFC entities." (*See* Plaintiffs' Complaint, at ¶59). Plaintiffs allege that Mr. Rodriguez "was the staff accountant and/or principal or officer for the IFC entities and assisted in the fraud by concealing investor

2

moneys and wire transferring the money to Sanchez in Mexico." (*See* Plaintiffs' Complaint, at ¶63).

Plaintiffs allegations, however, are conclusory and unsupported. Plaintiffs' Complaint fails to provide **any** factual allegations how Ms. Martin, Ms. Guidi, and Mr. Rodriguez "are controlling persons" and "furthered and assisted in the fraud" as they claim. Instead, Plaintiffs' Complaint names as each and every person which they believe *may or could* be involved in the alleged IFC fraud as individual defendants in this action. Plaintiffs then lump all of these individual defendants together with Mr. Sanchez, Mr. Bourassa, and the IFC entities as a single named group of "Defendants" in its allegations. Plaintiffs' Complaint against Movants is nothing more than an improper fishing expedition and should be dismissed for two (2) reasons. First, Plaintiffs' Complaint fails to notify Ms. Martin, Ms. Guidi, and Mr. Rodriguez of their alleged participation in the allegations as required by Federal Rule of Civil Procedure 9(b). Second, Plaintiffs' Complaint fails to set forth required elements of their causes of action with the particularity required by Federal Rule of Civil Procedure 9(b) and otherwise fails to state a claim.

## **LEGAL STANDARD**

Where a complaint fails to allege facts sufficiently setting forth the essential elements of the cause of action, it is properly dismissed, pursuant to Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim upon which relief can be granted. *See* Lucien v. Preiner, 967 F.2d 1166, 1168 (7th Cir. 1992).

In response to the "great harm to the reputation of a business firm or other enterprise a fraud claim can do" the Federal Rules of Civil Procedure imposes a heightened pleading

3

requirement for such claims. *See* <u>Payton v. Rush-Presbyterian-St. Luke's Med. Ctr.</u>, 184 F.3d

623, 627 (7th Cir. 1999). Federal Rule of Civil Procedure 9(b) serves three purposes: (1)

protecting a defendant's reputation from harm; (2) minimizing strike suits and fishing

expeditions; and (3) providing notice of the claim to the adverse party. <u>Vicom, Inc. v. Harbridge</u>

<u>Merchant Services, Inc.</u>, 20 F.3d 771, 776 (7th Cir. 1994). Rule 9(b) provides that "[i]n alleging

fraud or mistake, a party must state with particularity the circumstances constituting fraud or

mistake." Fed. R. Civ. P. 9(b). Rule 9(b) applies to all averments of fraud or mistake including

those which are not by definition fraudulent torts but that nonetheless are premised on fraudulent

conduct. <u>Lewis Borsellino and I.M. Acquisitions, LLC, v. Goldman Sachs Group, Inc.</u>, 477 F.3d

502, 507 (7th Cir. 2007).

## ARGUMENT

## I. FEDERAL RULE OF CIVIL PROCEDURE 9(b) APPLIES TO ALL OF PLAINTIFFS COUNTS EXCEPT ITS COUNTS BREACH OF CONTRACT.

With the exception of Plaintiffs' breach of contract and Trust Indenture Act claims

(Counts XIII and XIV), all of the Counts in Plaintiffs' Complaint must be pled with the

specificity and are subject to the heightened pleading standard, required under Rule 9(b).

Plaintiffs' Counts I-III, VI, IX, XI-XII, and XVI for Violation of the Securities Act of 1933;

Violation of the Securities Act of 1934; Fraud; Violation of the Illinois Uniform Fraudulent

Transfer Act; Violation of the Illinois Consumer Fraud Act; Conversion; Violation of Illinois

Securities Law; and Civil Rico, are fraudulent torts which must be pled "with particularity." <u>In</u>

<u>re HealthCare Compare Corp. Sec. Litig.</u>, 75 F.3d 276, 281 (7th Cir. 1996) (allegations of

securities fraud must meet the heightened pleading requirements of Rule 9(b)); <u>Kruse v. Aamed,</u>

4

Inc., 1997 U.S.Dist. LEXIS 2530, at *13-14 (N.D. Ill. Feb. 27, 1997) (claims under the Illinois Uniform Fraudulent Transfer Act are subject to the pleading requirements under Rule 9(b)); Connick v. Suzuki Motor Co., 174 Ill.2d 482, 501 (1996) (holding that a "complaint alleging a violation of consumer fraud must be pled with the same particularity and specificity as that required under common law fraud; Pipestone, LLC v. Milton Venture, LLP, 2005 U.S. Dist. LEXIS 14174, at *7 (N.D. Ill. July 13, 2005) (noting that conversion is subject to the pleading requirements under Rule 9(b)); National Council on Compensation Ins., Inc, at *46-47 (Civil Rico claims must be pled with particularity under Rule 9(b)).

Plaintiffs' remaining Counts IV-V, VII-VIII, X, XIV, and XVII for Breach of Fiduciary Duty; Civil Conspiracy; Unjust Enrichment; Constructive Trust; Piercing the Corporate Veil; Violation of the Investment Advisers Act of 1940; and Money Laundering are also subject to Rule 9(b)'s particularity requirement because they all rely and center around Plaintiffs' allegations of fraud. *Id.* (holding that the plaintiffs' claims for Civil Conspiracy, Fraud, Breach of Fiduciary Duty, Unjust Enrichment, and any other claims which rely on allegations of fraud are within the purview of Rule 9(b)); White & Brewer Trucking, Inc. v. Leroy Donley, Environ. Site Dev., Inc, 952 F.Supp. 1306, at 1307-1308 (C.D. Ill. 1997) (where the basis for piercing the corporate veil is fraud, Rule 9(b) pleading requirements are applicable).

## II. PLAINTIFFS HAVE FAILED TO NOTIFY EACH DEFENDANT OF THEIR ALLEGED PARTICIPATION IN THE ALLEGATIONS.

In a multiple defendant case, Rule 9(b) requires a plaintiff to plead sufficient facts to notify each defendant of its alleged participation in the scheme. Goren v. New Vision Intern. Inc., 156 F.3d 721, 726 (7th Cir. 1998); *see also* National Council on Compensation Ins., Inc. v.

5

American Int'l Group, Inc., 2009 LEXIS 14524, at *46-47 (N.D. Ill. Feb. 23, 2009). Although a motion to dismiss allows for all reasonable inferences to be drawn in favor of the pleading party, it does not relieve the pleading party's obligation to specifically allege how each defendant committed a fraud. National Council on Compensation Ins., Inc, at *46-47. The reasonable inference allowance does not allow a plaintiff to extrapolate the allegations against one defendant to the entire pool of defendants. *Id.*

In the present case, Plaintiffs have failed to comply with Rule 9(b) by grouping all thirty-two (32) Defendants into a single group of Defendants (labeled "IFC", "IFC Principals", or "Defendants"). (*See* Second Amended Complaint, at pages 1-2). Instead of putting Ms. Martin, Ms. Guidi, and Mr. Rodriguez on notice as to how they are alleged to have committed the fraud complained of, Plaintiffs simply name the entire group of "Defendants" or "IFC Principals" as the perpetrating party in each allegation. (*See* Second Amended Complaint, at Counts I-XVI). In its current state, it is impossible for Ms. Martin, Ms. Guidi, and Mr. Rodriguez to identify which allegations in Plaintiffs' Complaint are directed at them and which, alternatively, solely pertain to the other twenty-nine (29) Defendants. Therefore, Plaintiffs' Complaint fails to meet the pleading requirements of Rule 9(b) and should be dismissed for failure to state a claim.

## III.   PLAINTIFFS HAVE FAILED TO PLEAD THE ESSENTIAL ELEMENTS OF ITS CLAIMS WITH THE REQUIRED PARTICULARITY.

Under Federal Rule of Civil Procedure 9(b), Plaintiffs' Complaint must plead with particularity the "who, what, when, where, and how" of each Defendants' wrongdoing. DiLeo v. Ernst & Young, 901 F.2d 624, 627 (7th Cir. 1990). Plaintiffs' Complaint in this case fails to meet this burden. In fact, Plaintiffs' Complaint is woefully inadequate as it does not provide any

particular allegations of wrongdoing and instead relies wholly on conclusory allegations.

Each and every Count of Plaintiffs' Complaint as they relate to Ms. Martin, Ms. Guidi, and Mr. Rodriguez is deficient. Indeed, Plaintiffs' Complaint is nothing more than a fishing expedition which has provided no notice to these defendants as to the claims against them, but which is presently soiling their reputations and threatening their financial livelihood and security. Rule 9(b)'s heightened pleading requirement was put in place in order to protect defendants, like Ms. Martin, Ms. Guidi, and Mr. Rodriguez, from the unjust financial and reputation damage that is imposed by exactly the type of improper fishing expedition filed by the Plaintiffs in this case.

### A.    Count I - II: Securities Act Claims

"Allegations of securities fraud must meet the heightened pleading requirements of Federal Rule of Civil Procedure 9(b) as well as the strict pleading mandates of the Private Securities Litigation Regulatory Act ("PSLRA"). Johnson v. Tellabs, Inc., et al., 303 F.Supp. 2d 941, 951-952 (N.D. Ill. 2004). The PSLRA requires that the complaint "specify each statement alleged to have been misleading, the reason or reasons the statement is misleading ... ." and "with respect to each act or omission alleged to violate this chapter, state with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind." 15 U.S.C. §78u-4(b)(1)-(2). The PSLRA further prohibits a plaintiff from relying on group pleading by "requir[ing] [p]laintiffs to allege facts to support an inference that the statement is attributable to individual defendants" and "obligat[ing] a plaintiff to allege specific facts as to each of the defendant's misrepresentations or omissions." Johnson v. Tellabs, Inc., et al., 303 F.Supp. 2d 941, 953, citing 15 U.S.C. §78u-4(b)(1).

### 1.    *Violation of the Securities Act of 1933.*

Plaintiffs' claim against Ms. Martin, Ms. Guidi, and Mr. Rodriguez under Securities Act of 1933 (the "1933 Act") is based section 77 of the Act which creates liability for "controlling persons" in companies who issue unauthorized and/or fraudulent securities. The Act provides that "every person who, by or through stock ownership, agency or otherwise ... ***controls*** any person liable under section 11 or 12 [for issuing unregistered securities or engaging in fraudulent sale of securities] shall also be liable ... ." 15 U.S.C. §77o. (***emphasis added***).

Plaintiffs' Complaint does not identify any factual allegations that Ms. Martin, Ms. Guidi, or Mr. Rodriguez individually issued unauthorized or fraudulent securities. Instead, Plaintiffs rely on their conclusory allegation that "[e]ach of the Defendants is a "Controlling person" as that term is defined by §77o of the 1933 Act." (*See* Plaintiffs Complaint at ¶164). This allegation is Plaintiffs' sole basis for imputing liability to Ms. Martin, Ms. Guidi, and Mr. Rodriguez, and is wholly unsupported by any factual allegations. Indeed, Plaintiffs' Complaint is completely devoid of any facts, much less facts pled with particularity, which would indicate that Ms. Martin, Ms. Guidi, or Mr. Rodriguez controlled Mr. Sanchez, Mr. Bourassa, or any of the IFC entities. Therefore, Plaintiffs Count I fails to plead the essential elements of its 1933 Act claims against Movants and should be dismissed.

### 2.     *Count II: Violation of the Securities Act of 1934.*

Plaintiffs' claim against Ms. Martin, Ms. Guidi, and Mr. Rodriguez under Securities Exchange Act of 1934 (the "1934 Act") is similarly based upon "controlling persons" liability. The 1934 Act provides that "every person who, directly or indirectly, ***controls*** any person liable under any provision of this *title* or of any rule or regulation thereunder shall also be liable ... ." 15 U.S.C. §78t. (***emphasis added***).

8

Plaintiffs' Count II similarly relies on its conclusory allegation that "[e]ach of the Defendants is a "Controlling person" as that term is defined by §78t of the 1934 Act." (*See* Plaintiffs Complaint at ¶180). Plaintiffs' Count II again fails to identify any specific misrepresentations or omissions attributable to Ms. Martin, Ms. Guidi, or Mr. Rodriguez. Nor does it contain any facts which would give rise to an inference that they acted with the required state of mind, as required by the PSLRA. Plaintiffs' Complaint also fails to plead any particular facts which would indicate that Ms. Martin, Ms. Guidi, or Mr. Rodriguez owned any stock or otherwise controlled Mr. Sanchez, Mr. Bourassa or any of the IFC entities that Plaintiffs allege issued and sold the securities. Therefore Count II of Plaintiffs Complaint should be dismissed to protect Ms. Martin, Ms. Guidi, and Mr. Rodriguez from the financial and reputation damage that Plaintiffs' unjustified and improperly pled fraud claims are imposing.

### Count III: Fraud.

To state a claim for fraud the plaintiff must allege (1) a representation of material fact; (2) the representation was false; (3) the maker of the statement knew the representation to be untrue at the time it was made; (4) justifiable reliance by the plaintiff; (5) the statement was made by the defendant to induce the plaintiff to take some act; and (5) injury to plaintiff as a result of his/her reliance. Roth v. Roth, 45 Ill.2d 19 (1970).

Plaintiffs' fraud count improperly relies on conclusory allegations that "Defendants knew that each of their statements were false" and "that this was all a scheme to take investors money and conceal it in Mexico." (*See* Plaintiffs Complaint at ¶189-191). Plaintiffs, however, have provided no facts regarding Movants' personal involvement in the making of the "numerous false statements" allegedly made by Defendants. Nor have Plaintiffs provided any facts or particulars

9

to indicate how or why Ms. Martin, Ms. Guidi, or Mr. Rodriguez knew, or could have known, that the statements made by the "Defendants" were false. As such, Plaintiffs' Count III fails to plead the essential elements of its fraud claim with particularity and should be dismissed.

**IV.    Count IV: Breach of Fiduciary Duty**.

In order to state a claim for a breach of fiduciary duty, the plaintiff must allege (1) the existence of a duty by defendant to plaintiff; (2) a breach of that duty; and (3) injury proximately caused by defendant's breach. <u>Beringer v. Standard Parking O'Hare Joint Venture</u>, 2008 U.S. Dist. LEXIS 91568 (N.D. Ill. Nov. 12, 2008).

Plaintiffs' claim for breach of fiduciary duty fails to plead the essential elements with particularity because it relies on its conclusory allegation that "[b]y soliciting investments for IFC entities, the IFC principals created a fiduciary relationship with investors ... ." (*See* Plaintiffs Complaint at ¶195). Plaintiffs' conclusion is not only devoid of any facts as to the who, what, when, and where the Movants allegedly engaged in this solicitation but also contradicts Plaintiffs' earlier allegations that "Sanchez and Bourassa solicited and obtained [the] investments." (*See* Plaintiffs Complaint at ¶84). Moreover, Plaintiffs' Complaint provides no allegations or reasonable interference as to how merely soliciting investments for IFC would create a fiduciary duty between Ms. Martin, Ms. Guidi, and Mr. Rodriguez and those investors. Indeed, not every salesman owes its customer a fiduciary duty. Thus, Plaintiffs' Count IV fails to plead the essential elements of its breach of fiduciary duty claims with the requisite particularity and should be dismissed.

**V.    Count V: Civil Conspiracy**.

A complaint for civil conspiracy must allege (1) an agreement between two or more

10

persons; (2) to participate in an unlawful act; (3) an injury caused by an overt unlawful act performed by one of the parties; and (4) the over act was done pursuant and in furtherance of the common scheme. Canel & Hale, Ltd. v. Tobin, 304 Ill.App.3d 906 (1st Dist. 1999).

Instead of pleading the requisite elements of its conspiracy claim with the particularity required by Rule 9(b), Plaintiffs' Count V relies on its conclusory allegation that all the "Defendants" acted together in committing a fraud. Plaintiffs do not provide a single allegation which would create a reasonable inference that the individual Movants came to an agreement to defraud Plaintiffs. (See Plaintiffs Complaint at ¶199-207). In fact, Plaintiffs' Complaint does not even allege how Ms. Martin, an investor in IFC, and Ms. Guidi and Mr. Rodriguez, IFC employees, know each other. Therefore, Plaintiffs' Count V for civil conspiracy should be dismissed for failure to state a claim.

## VI.    Count VI: Violation of Illinois Uniform Fraudulent Transfer Act.

The Illinois Fraudulent Transfer Act requires, in pertinent part, that in order to sustain a cause of action a plaintiff must plead that the defendants transferred assets "with actual intent to hinder, delay, or defraud any creditor of the debtor." 740 ILCS 160/1, et seq.

Plaintiffs' Count VI under the Fraudulent Transfer Act summarily concludes that the group of thirty-two (32) "Defendants" transferred Plaintiffs' assets fraudulently and made themselves insolvent. (See Plaintiffs Complaint at ¶209 & 212). Plaintiffs, however, again fail to identify any facts as to how or why they believe Ms. Martin, Ms. Guidi, and Mr. Rodriguez were involved in any transfers of assets or had the actual intent to defraud the investors. Therefore, Count VI should properly be dismissed.

11

## VII.  Count VII: Unjust Enrichment.

A claim for unjust enrichment must set forth sufficient facts which indicate that defendants have voluntarily accepted goods, services or money from defendants under circumstances whereby the principles of justice, equity, and good conscience compel the defendant to compensate plaintiffs for the benefit received. Kenneke v. First National Bank of Chicago, 65 Ill.App.3d 10 (1st Dist. 1978).

Plaintiffs' claim for unjust enrichment, however, provides no such fact.  Instead, it provides only a conclusory allegation that "Defendants have taken Plaintiffs' money and concealed it in Mexico and benefitted by enriching themselves to the detriment of Plaintiffs." (See Plaintiffs' Complaint at ¶226).   Plaintiffs make no factual allegations how Ms. Martin, Ms. Guidi, and Mr. Rodriguez, as individuals, accepted Plaintiffs' money.  Nor have Plaintiffs indicated how Ms. Martin, Ms. Guidi, and Mr. Rodriguez are beneficiaries of the money transfers.  Therefore, because Plaintiffs claim for unjust enrichment fails to state a claim against Ms. Martin, Ms. Guidi, and Mr. Rodriguez as individuals, Count VII should be dismissed.

## VIII.  Count VIII: Constructive Trust.

A constructive trust is a remedy which may be imposed to avoid unjust enrichment. Norton v. City of Chicago, 293 Ill.App.3d 620, 628 (1997).  Thus, in order to sustain its action for a constructive trust, plaintiffs must properly plead an action for unjust enrichment.  As noted above, because Plaintiffs have failed to plead a proper claim for unjust enrichment, Plaintiffs Count VIII for a constructive trust must also be dismissed.

## IX.  Count IX: Violation of the Illinois Consumer Fraud Act.

To adequately plead a private cause of action under the Illinois Consumer Fraud and

12

Deceptive Practices Act, a plaintiff must allege: (1) a deceptive act or practice by the defendant, (2) the defendant's intent that the plaintiff rely on the deception, (3) the occurrence of the deception in the course of conduct involving trade or commerce, and (4) actual damage to the plaintiff, (5) proximately caused by the deception.

Plaintiffs' Count IX again relies on conclusory allegations and contains no particular facts as to what Ms. Martin, Ms. Guidi, and Mr. Rodriguez are alleged to have done wrong. There is no reference to any specific statements or acts made by these individuals but instead only a conclusory statement that "Defendants have employed deceptive acts and practices, including without limitation false representations about investing in foreclosed or distressed properties ... ." (*See* Plaintiffs' Complaint at ¶239). Indeed, Plaintiffs fail to identify which individuals made the wrongful statements, what the statements were, or when and where they were made. As a result, Plaintiffs' Count IX fails to satisfy the pleading requirements of Rule 9(b) and should be dismissed.

## X.     Piercing the Organizational Veil

The Illinois Appellate Court has held that the corporate veil may only be pierced where adherence to the fiction of separate existence would sanction a fraud by the company or promote injustice. *People v. V&M Indus., Inc.*, 298 Ill.App. 3d 733 (Ill.App.Ct. 1998). In such cases, the limited liability protection may be discarded and subject the shareholders or owners to individual liability for the organization's debts and liabilities. There are three circumstances which justify piercing the corporate veil: (1) a failure by the defendant to follow corporate formalities; (2) the commingling of funds or assets; and (3) treating the assets of the corporation as the defendant's own. Macaluso v. Jenkings, 95 Ill.App.3d 461 (2d Dist. 1981).

13

Plaintiffs' Count X to pierce the organizational veil turns on the third (3rd) circumstance. Plaintiffs, however, have failed to plead any allegations which would support piercing the organizational veil and imposing personal liability on Ms. Martin, Ms. Guidi, and Mr. Rodriguez. Plaintiffs have not alleged any facts to support its conclusion that "Defendants have treated these companies as non-entities and rather as mere extensions of their own personal acts." (*See* Plaintiffs' Complaint at ¶249). Neither has it provided any particular allegations to support its conclusion that Ms. Martin, Ms. Guidi, and Mr. Rodriguez (the alleged "IFC Principals") were actually members of the limited liability companies whose veil Plaintiffs seek to pierce. (*See* Plaintiffs' Complaint at ¶250). Thus, Plaintiffs' Count X should be dismissed.

## XI. Conversion.

To plead a claim of conversion, the plaintiff must allege: (1) a right in the property; (2) an absolute right to the immediate possession of the property; (2) the plaintiff made a demand for the property; and (4) the defendant wrongfully and without authorization assumed control, dominion, or ownership of the property. <u>Fortech, L.L.C. v. R.W. Dunteman Co., Inc.</u>, 304 Ill. Dec. 201 (Ill. App. Ct. 1st Dist. 2006).

Plaintiffs' Complaint fails to make any allegations that Ms. Martin, Ms. Guidi, or Mr. Rodriguez, as individuals, are in possession or control of the money which they claim is converted. (*See* Plaintiffs' Complaint at Count XI). Instead, Plaintiffs' Complaint merely alleges that the group of thirty-two (32) "Defendants have exercised wrongful dominion over Plaintiffs' money... ." Plaintiffs have not provided any facts indicating how the Movants (two IFC employees and an IFC investor) are in control over the money allegedly taken by the IFC entities. (*See* Plaintiffs' Complaint at ¶257). Therefore, Plaintiffs have failed to state a claim for

14

conversion against Movants and Count XI should be dismissed.

## XII.   Violation of the Illinois Securities Law.

Plaintiffs' Illinois Securities Law action against Movants, like their 1933 Act and 1934

Act actions, is based on "controlling person" liability.    The Illinois Securities Law ("IL Sec.

Act") provides that "[c]ontrolling person means any person offering or selling a security or group

of persons acting in concert in the offer or sale of a security ... owning beneficially either (i) 25%

or more of the outstanding voting securities or (ii) such number of outstanding securities ...

which would enable such person, or group of persons to elect a majority of the board of directors

or other managing body ... ." 815 ILCS 5/2.4.

Plaintiffs' Complaint does not identify any factual allegations that Ms. Martin, Ms. Guidi,

or Mr. Rodriguez individually sold any IFC securities.  In fact, they are not alleged to be sales

persons but an investor, an attorney, and an accountant. (*See* Plaintiffs' Complaint at ¶s 59, 62,

and 63).  Instead, Plaintiffs again rely solely on their conclusory allegation that "[e]ach of the

Defendants is a "Controlling person." (*See* Plaintiffs Complaint at ¶262).  Plaintiffs have not pled

any facts showing that Ms. Martin, Ms. Guidi, or Mr. Rodriguez own 25% or other percentage of

the IFC entities which would allow them to control management.  (*See* Plaintiffs' Complaint at

Count XIII). Therefore, like the 1933 and 1934 Act claims, Plaintiffs Count under the IL Sec. Act

should also be dismissed.

## XIII.  Breach of Contract.

In order to state a claim for breach of contract, the plaintiff must allege (1) the existence

of a contract between the plaintiff and defendant; (2) the terms of the contract; (3) performance

by the plaintiff; (4) a breach by the defendant; and (5) damages. Skinner v. Shirley of Hollywood,

723 F.Supp. 50, 52 (N.D. Ill 1989). Although the breach of contract claim is not subject to the heightened pleading of Rule 9(b), Plaintiffs must still allege facts to satisfy all of the essential elements its claim. *See* Lucien v. Preiner, 967 F.2d 1166, 1168.

Plaintiffs' Count XIII fails to set forth the existence of any contract between Plaintiffs and Ms. Martin, Ms. Guidi, and/or Mr. Rodriguez. In fact, the allegations in Plaintiffs' Complaint and the investment notes and certificates attached to Plaintiffs' Complaint make clear that the contract alleged was between the IFC entities and the Plaintiffs. (*See* Group Exhibit A to Plaintiffs' Complaint) (*see also* Plaintiffs' Complaint at ¶278-279). The Investment notes and certificates do not contain any signature of, or reference to, Ms. Martin, Ms. Guidi, or Mr. Rodriguez. Indeed, there is no allegation in Plaintiffs' Complaint that Movants were parties to the contracts referenced in its Count XIII. (*See* Plaintiffs' Complaint at Count XIII). Therefore, because Plaintiffs' Count XIII fails to plead the essential elements of its breach of contract claim, it should be dismissed for failure to state a claim.

**XIV. Violation of the Investment Advisers Act of 1940.**

The Investment Advisors Act of 1940 ("IAA") prohibits the sale of unregistered investments and fraudulent practices by "Investment Advisors." The IAA defines "Investment Advisors" as "any person who for compensation, engages in the business of advising others, ... as to the value of securities or as to the advisability of investing in, purchasing or selling securities ..." 15 U.S.C. §80b-2(a)(11). Plaintiffs, however, have again failed to provide any factual allegations that Ms. Martin, Ms. Guidi, or Mr. Rodriguez performed any advising related to securities. (*See* Plaintiffs' Complaint at Count XIV). Instead, Plaintiffs once again rely on a general and unsupported conclusory allegation that "Defendants acted as Investment Advisors to

16

Plaintiffs as that term is defined in the [IAA]." Thus, because Plaintiffs' Count XIV fails to sufficiently plead a cause of action under the IAA, it should be dismissed.

### XV.    Violation of the Trust Indenture Act of 1939

The Trust Indenture Act of 1939 ("Indenture Act") prohibits the sale of unregistered securities and/or indentures and requires the indenture trustee to create and disclose certain reports. 15 U.S.C. §77aaa & mmm. Plaintiffs' Count XV should be dismissed because it contains no factual allegations to indicate that Ms. Martin, Ms. Guidi, or Mr. Rodriguez sold, individually or on behalf of the IFC entities, any securities or indentures. (*See* Plaintiffs' Complaint, at Count XV). Like Plaintiffs' other claims, Count XV only provides a conclusory statement that "Defendants offered to sell, sold, and issued securities and/or indentures." (*See* Plaintiffs' Complaint at ¶299). Plaintiffs' Complaint also fails to provide any factual allegations to support its conclusion that Ms. Martin, Ms. Guidi, and Mr. Rodriguez are, somehow, the indenture trustees for the indentures sold. (*See* Plaintiffs' Complaint, at Count XV). As such, Plaintiffs' Count XV, like their other claims, fails to plead a cause of action and should be dismissed.

### XVI.   Civil RICO.

The Racketeer Influenced and Corrupt Organizations Act ("Rico Act") imposes liability on the "principals of organizations for wire fraud and other racketeering and fraudulent conduct. 18 U.S.C. §2 *et seq.* Plaintiffs' Complaint, however, fails to provide any factual allegations, let alone particular allegations as required by Rule 9(b), of acts by Ms. Martin, Ms. Guidi, or Mr. Rodriguez which would constitute wire fraud or racketeering under the Rico Act. (*See* Plaintiffs' Complaint at Count XVI). Plaintiffs' Complaint also fails to provide any

17

allegations to support its conclusion that "Defendants are all principals as that term is defined in §1962 of RICO and 18 U.S.C. §2." (*See* Plaintiffs' Complaint at ¶323). Therefore, because there are no allegations to support any wrongdoing or liability by Movants under RICO, Plaintiffs' Count XVI should be dismissed.

### XVII. Money Laundering.

Section 1956 of the Racketeering Act prohibits the knowing and voluntarily engaging in financial transactions to disguise or conceal the source of money unlawfully obtained. 18 U.S.C. §1956. Plaintiffs' Count XVII under this section fails to meet its burden of pleading under Rule 9(b) because it fails to provide any factual allegations related to Ms. Martin, Ms. Guidi, or Mr. Rodriguez to support its claim. Plaintiffs' Complaint does not provide any particular allegations that Ms. Martin, Ms. Guidi, or Mr. Rodriguez were involved in the transfer of funds of unlawfully obtained money. (*See* Plaintiffs' Complaint at Count XVII). Instead, Plaintiffs once again rely on a series of conclusory allegations that the "Sanchez and the other Defendants" took certain actions to conceal the theft of money.[1] Rule 9(b) is clear that such general conclusary allegations will not suffice to save a fraud based claim from dismissal.

Nor do Plaintiffs make any allegations which would create a reasonable inference that Ms. Martin, Ms. Guidi, and Mr. Rodriguez had knowledge that the funds were unlawfully obtained, as alleged, or had the requisite intent to conceal the source of these monies. Therefore, Plaintiffs' Count XVII for money laundering should be dismissed for failure to state a claim.

### CONCLUSION

---

[1] Moreover, Plaintiffs' Complaint does not provide sufficient factual allegations from which one could reasonably infer that the investments solicited and allegedly not paid back constitutes the stealing of money under 18 U.S.C. §1956.

Put simply, Plaintiffs' Complaint does not plead the essential elements against Ms. Martin, Ms. Guidi, or Mr. Rodriguez for its causes of action and is in woeful violation of the heightened pleading requirements of Rule 9(b). Plaintiffs' Complaint is completely devoid of any factual allegations of wrongdoing by Ms. Martin, Ms. Guidi, or Mr. Rodriguez. Plaintiffs do not have any knowledge or reasonable belief of any specific wrongdoing by Ms. Martin, Ms. Guidi, or Mr. Rodriguez and have wrongfully named them in this lawsuit in order to conduct an unwarranted fishing expedition against them and the other Defendants. The Seventh Circuit has made clear that such course is improper. Vicom, Inc. v. Harbridge Merchant Services, Inc., 20 F.3d 771, 776. Moreover, Plaintiffs' failure to comply with the Federal Rules is not without its victim. Plaintiffs' unwarranted and improper Complaint is causing sever and unjust harm to the reputations and financial security of Ms. Martin, Ms. Guidi, and Mr. Rodriguez. Indeed, justice demands that this Court dismiss Plaintiff's improper action against Movants to prevent further harassment and harm to Ms. Martin, Ms. Guidi, and Mr. Rodriguez.

WHEREFORE, Defendants, DARCEY L. MARTIN, DEANA M. GUIDI, and TOM RODRIGUEZ, pray that this Court enter an Order dismissing Plaintiffs' Second Amended Complaint in its entirety, or alternatively Counts I-XVII individually against them, pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.

CAMPION, CURRAN, DUNLOP & LAMB, P.C.

/s/Russell W. Baker

CAMPION, CURRAN, DUNLOP & LAMB, P.C.
Attorneys for Defendant, Deana M. Guidi
8600 U.S. Highway 14, Suite 201
Crystal Lake, IL 60012
(815) 459-8440