UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BRADLEY J. SCHAUFENBUEL, *et. al.*, | |
| Plaintiffs, | |
| v. | Case No. 09 cv 1221 |
| INVESTFORCLOSURES FINANCIAL, L.L.C., *et. al.*, | |
| Defendants. | |

## MOTION TO DISMISS

InvestForClosures Financial, L.L.C., InvestForClosures.com LLC, InvestForClosures Ventures, LLC, and Francis Sanchez (collectively, the **"Movants"**), through their attorney and pursuant to Rules 8(a), 9(b), and 12(b)(6) of the Federal Rules of Civil Procedure and sections 78u-4(b)(3) and 78u-5(c)(1) of the Private Securities Litigation Reform Act of 1995, 15 U.S.C. 78u-4(b)(3) & 78u-5(c)(1), respectfully request the entry of an order dismissing Plaintiffs' Second Amended Complaint, and in support thereof states as follows:

### Nature of Motion to Dismiss

The Movants seek to dismiss Plaintiffs' Second Amended Complaint (the **"Complaint"**), naming 37 plaintiffs and 21 defendants.[1] The Complaint contained seventeen separate counts, as follows:

---

[1] On its face, the Complaint's caption identifies 30 defendants. However, many of the named defendants are actually the assumed names of other defendants and when that fact is taken into consideration the number of defendants is reduced to 21.

| Count | Alleged Cause of Action |
|---|---|
| 1 | **Violation of the Securities Act of 1933 (based on alleged fraudulent activity)** |
| 2 | **Violation of the Securities Exchange Act of 1934 (based on alleged fraudulent activity)** |
| 3 | **Fraud (based on common law fraud)** |
| 4 | **Breach of Fiduciary Duty (based on alleged fraudulent activity)** |
| 5 | **Civil Conspiracy (based on alleged fraudulent activity)** |
| 6 | **Violation of the Illinois Uniform Fraudulent Transfer Act (based on alleged fraudulent activity)** |
| 7 | **Unjust Enrichment (based on alleged fraudulent activity)** |
| 8 | **Constructive Trust (based on alleged fraudulent activity)** |
| 9 | **Violation of the Illinois Consumer Fraud Act (based on alleged fraudulent activity)** |
| 10 | **Piercing the Organizational Veil (based on alleged fraudulent activity)** |
| 11 | **Conversion (based on alleged fraudulent activity)** |
| 12 | **Violation of the Illinois Securities Law (based on alleged fraudulent activity)** |
| 13 | Breach of Contract |
| 14 | **Violation of the Investment Act of 1940 (based on alleged fraudulent activity)** |
| 15 | Violation of the Trust Indenture Act of 1930 |
| 16 | **Civil RICO (based on alleged fraudulent activity)** |
| 17 | **Money Laundering (based on alleged fraudulent activity)** |

In support of each of the above referenced causes of action, Plaintiffs for the most part make general allegations regarding the conduct, representations, and/or omissions by all 21 of the Defendants, collectively, against all 37 of the Plaintiffs, collectively, without distinction as to who did what to whom. Accordingly, in its present form, the Complaint fails to adequately

2

inform the Movants (who comprise less than 20% of the named defendants) who did what to whom. The Complaint is so vague that it fails to meet the minimum requirements of Rule 8(a) in providing the Movants with fair notice of who the Plaintiffs' claims are directed against and the grounds upon which each claim rests. In the instant case, the legal theory of each claim is spelled in bold letters, but the grounds for the claim is obfuscated to such a degree that it is unclear which of the 21 Defendants did what. In essence, without more, Movants would be forced to answer the allegations contained in each paragraph with a statement that Movants are "without knowledge or information sufficient to form a belief as to the truth of" the allegations alleged. *See EEOC v. Concentra Health Servs., Inc.*, 496 F.3d 773, 779 at note 3 (7th Cir. 2007)(noting that undue vagueness in a complaint, even through the allegations may comply with Rule 8(a), could render Rule 8(a) empty).

In addition, at least fifteen of Plaintiffs' causes of action (highlighted in the table on pages 1 and 2 herein) are based on the alleged fraudulent activity of the Defendants, yet none of those causes of action were plead with the necessary specificity required under Rule 9(b) of the Rules of Civil Procedure and the Private Securities Litigation Reform Act of 1995, 15 U.S.C.S. § 78u-4(b)(1 & 2). In fact, the Complaint's undue vagueness, coupled with allegations of fraudulent conduct, produces some bizarre results. As an example, in Count XVI of the Complaint, Plaintiffs attempt to plead a cause of action for a violation of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961, commonly referred to as RICO. (Compl. at ¶¶ 321-331) In support of that cause of action, Plaintiffs allege that "Defendants are all 'principals,'" the term "Defendants" having been defined in the Complaint as including all 21 of the defendants named in this matter. (Compl. at p3 and ¶ 323) The Complaint then proceeds to state that "Defendants were either active principals,

3

employed by or associated with the IFC entities," the term "IFC entities" having been defined in the Complaint to include defendants InvestForClosures Ventures, L.L.C., InvestForClosures Financial, LLC, Realty Opportunities International S. de R.L. de C.V., and InvestForClosures National, LLC. (Compl. at ¶¶ 75, 321-331)  Of course, those companies were also included in the term "Defendants," thus making the IFC entities principals, employees, or associates of themselves.   In a RICO context, Plaintiffs would have the principals and the enterprise be the same – which is on its face fails to satisfy at least one of the necessary elements to a RICO claim.[2] *Cedric Kushner Promotions, Ltd. v. King*, 533 U.S. 158, 162 (2001)(approving the established principal that "to establish liability under § 1962(c) one must allege and prove the existence of two distinct entities: (1) a "person"; and (2) an "enterprise" that is not simply the same "person" referred to by a different name").

Likewise, in Court XIII, alleging a cause of action for breach of contract, the Plaintiffs allege that the IFC entities (defined as four individual companies) each had an agreement with the 37 Plaintiffs. (Compl. at ¶¶ 279-81)  Yet Plaintiffs alleged that the "Defendants [all 21 of the defendants] are in breach of their agreements with Plaintiffs," and Plaintiffs seek relief from each of the 21 Defendants, although purportedly only four defendant companies had agreements with the Plaintiffs.  (Compl. at ¶¶ 286-87)  This inconsistent and convoluted reasoning is evident in  every count of Plaintiffs' Complaint.

### Motion Standard

There are two standards to be applied to Movant's motion, 1) the standard for a

---

[2]   Because of the confusion and obfuscation created by the Plaintiffs in failing to provide a clear and plain statement of their case, many of their causes of action fail on their face.  However, in the interest of efficiency, and because the Complaint fails to meet the minimum requirements of Rule 8(a) and Rule 9(b), Movants reserve the right to address each individual claim alleged by the Plaintiff, with appropriate citation, after Plaintiffs provide this Court and the Defendants with a clear and concise notice of their claims.

motion pursuant to Rule 12(b)(6), based on the pleading requirements of Rule 8(a) and Rule 9(b), and 2) the standard enunciated in sections 78u-4(b)(3) and 78u-5(c)(1) of the Private Securities Litigation Reform Act of 1995, 15 U.S.C.S. 78u-4(b)(3) & 78u-5(c)(1).

### a.     Rule 8(a) Pleading Requirements.

The standard to be applied in evaluating a motion pursuant to Rule 12(b)(6), with regard to Rule 8(a), was explained by the Supreme Court in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007) (abandoning the "no set of facts" standard in addressing a Rule 12(b)(6) motion to dismiss), as follows:

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests,"  While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" *requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.* Factual allegations must be enough to raise a right to relief above the speculative level,  on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

(Citations omitted). "Rule 8(a)(2) still requires a "showing," rather than a blanket assertion, of entitlement to relief.  Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only "fair notice" of the nature of the claim, but also" grounds" on which the claim rests." *Id.* at n2.

Thus, as the *Twombly* court explained, "*something beyond the mere possibility of loss causation must be alleged*, lest a plaintiff with '"a largely groundless claim'" be allowed to '"take up the time of a number of other people, with the right to do so representing an *in terrorem* increment of the settlement value.'"  So, when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, '"this basic deficiency should . . .

5

be exposed at the point of minimum expenditure of time and money by the parties and the court.'" *Id.* at 557-58 (emphasis added). The *Twombly* court did "not require heightened fact pleading of specifics [on causes of action not governed by Rule 9(b)], but only enough facts to state a claim to relief that is *plausible on its face*." *Id.* at 570.

The lumping of multiple defendants further weakens the plausibility of a plaintiff's complaint. "Courts have been quick to reject pleadings in which multiple defendants are "lumped together.'" *McKee v. Pope Ballard Shepard & Fowle, Ltd.*, 604 F. Supp. 927, 931 (N.D.Ill. 1985). In the instant case, by "lumping" the Defendants, the Plaintiffs have even failed to meet the less exacting standing under Rule 8(a). (*See* Compl. at ¶¶ 279-80, 286, alleging that the four "IFC Entities" entered into agreements with the 37 Plaintiffs, followed by an allegation that the 21 "Defendants are in breach of their agreements."

Although the Complaint in the instant matter is prolix, the Complaint fails to provide a clear description of which Defendant did what to the Plaintiffs (either individually or taken as a whole), and thus failed to give the Movants "fair notice" of the grounds for the claims alleged. Moreover, as explained in more detail below, the Private Securities Litigation Reform Act of 1995, 15. U.S.C. § 78u-4, et seq. "impose[s] a heightened pleading standard. This means it overrides the general notice pleading requirement of Federal Rule of Civil Procedure 8(a)(2)." *ACA Fin. Guar. Corp. v. Advest, Inc.*, 512 F.3d 46, 56 (1st Cir. 2008). However, because the Plaintiffs here have not nudged their claims across the line of conceivable to plausible, as was the case in *Twombly*, their complaint should be dismissed under even the more liberal standard of Rule 8(a).

### b.    *Rule 9(b) Pleading Requirements.*

Under Rule 9(b), "[i]n alleging fraud or mistake, a party must state with particularity

6

the circumstances constituting fraud or mistake." Fed. R. Civ. Rules, Rule 9(b). As explained by the court in *Slaney v. The International Amateur Athletic Fed'n*, 244 F.3d 580, 599 (7th Cir. 2001), the plaintiff must allege "the identity of the person who made the misrepresentation, the time, place and content of the misrepresentation, and the method by which the misrepresentation was communicated." As noted by the court in *Uni\*Quality, Inc. v. Infotronx, Inc.*, 974 F.2d 918, 923 (7th Cir. 1992), the requirement to plead who, what, when, and where, "serves an important purpose. Accusations of fraud can seriously harm a business. This is especially so in RICO cases where those accusations of fraud lead to the probably more damaging accusation that the business engaged in 'racketeering.' Rule 9(b) ensures that a plaintiff have some basis for his accusations of fraud before making those accusations and thus discourages people from including such accusations in complaints simply to gain leverage for settlement or for other ulterior purposes." *See McKee v. Pope Ballard Shepard & Fowle, Ltd.*, 604 F. Supp. at 931 (explaining that "Courts have been quick to reject pleadings in which multiple defendants are 'lumped together' and in which no defendant can determine from the complaint which of the alleged misrepresentation[s] it is specifically charged with having made, nor the identity of the individual by whom and to whom the statements were given, nor the situs and circumstances of the conversation, nor . . . the date of the utterance").

The court in *Pugh v. Tribune Co.*, 521 F.3d 686, 693-94 (7th Cir. 2008) (citing to *Makor Issues & Rights, Ltd. v. Tellabs, Inc.*, 513 F.3d 702, 710 (7th cir. 2008)), reminds us that this Circuit has "rejected the 'group pleading doctrine,' a judicial presumption that statements in group-published documents are attributable to officers who have daily involvement in company operations." Simply put, the Plaintiffs were required to plead the

7

particularity required under Rule 9(b) in Counts 1 through 12, 14, 16, and 17, and they have not done so.

    *c.*      ***Pleading requirements under the Private Securities Litigation Reform Act.***

At all times relevant, the Private Securities Litigation Reform Act of 1995 (the "PSLRA" or "Act"), 15 U.S.C. § 78u-4, *et seq.*, provided, in part, that any private class action alleging a claim under the Securities Act of 1934 must, in addition to the requirements imposed by Rule 9(b) above, plead with particularity, as follows:

> (b) Requirements for securities fraud actions.
>
> > (1) Misleading statements and omissions. In any private action arising under this title in which the plaintiff alleges that the defendant—
> >
> > > (A) made an untrue statement of a material fact; or
> > >
> > > (B) omitted to state a material fact necessary in order to make the statements made, in the light of the circumstances in which they were made, not misleading;
> >
> > the complaint shall *specify each statement alleged to have been misleading, the reason or reasons why the statement is misleading*, and, if an allegation regarding the statement or omission is made on information and belief, the complaint shall state with particularity all facts on which that belief is formed.
> >
> > (2) Required state of mind. In any private action arising under this title in which the plaintiff may recover money damages only on proof that the defendant acted with a particular state of mind, the complaint shall, with respect to each act or omission alleged to violate this title, state with particularity facts *giving rise to a strong inference* that the defendant acted with the required state of mind.

15 U.S.C.S. § 78u-4(b) (emphasis added). As explained by the Supreme Court in *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 323 (2007), "Congress required plaintiffs to plead with particularity facts that give rise to a 'strong'--*i.e.*, a powerful or cogent— inference" of scienter.

In addition to the above, Section 78u-5 of the PSLRA, 15 U.S.C.S. 78u-5, also provided, in part, as follows:

> (1) In general. Except as provided in subsection (b), in any private action arising under this title that is based on an untrue statement of a material fact or omission of a material fact necessary to make the statement not misleading, a person referred to in subsection (a) *shall not be liable with respect to any forward-looking statement*, whether written or oral, if and to the extent that—
>
>> (A) the forward-looking statement is—
>>
>>> (i) identified as a forward-looking statement, and is accompanied by meaningful cautionary statements identifying important factors that could cause actual results to differ materially from those in the forward-looking statement; or
>>>
>>> (ii) immaterial; or
>>
>> (B) the plaintiff fails to prove that the forward-looking statement—
>>
>>> (i) *if made by a natural person, was made with actual knowledge by that person that the statement was false or misleading*; or
>>>
>>> (ii) if made by a business entity;[,] was—
>>>
>>>> (I) made by or with the approval of an executive officer of that entity; and
>>>>
>>>> (II) made or approved by such officer with actual knowledge by that officer that the statement was false or misleading.

As explained by the court in *Makor Issues & Rights, Ltd. v. Tellabs Inc.*, 513 F.3d 702, 705 (7th Cir. 2008), this provision "has implications for pleading, since the "strong inference" that must be drawn to avoid dismissal cannot be an inference merely of recklessness if predictions are challenged as fraudulent." *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 314 (2007) (holding that to "qualify as "strong" within the intendment of § 21D(b)(2), [15 U.S.C.S. § 78u-4(b)(2),] we hold, an inference of scienter

9

must be more than merely plausible or reasonable--it must be cogent and at least as compelling as any opposing inference of nonfraudulent intent). Accordingly, Plaintiffs must allege in their Complaint that each of the Defendants (if Plaintiffs continue to seek damages from all of the Defendants for securities fraud), "knowledge of the statement's falsity or reckless disregard of a substantial risk that the statement is false." *Higginbotham v. Baxter Int'l, Inc.*, 495 F.3d 753, 756 (7th Cir. 2007). "In any private action arising under this title, the court *shall*, on the motion of any defendant, dismiss the complaint if the requirements of paragraphs (1) and (2) are not met." 15 U.S.C.S. 78u-4(b)(3)(A) (emphasis added).

### Application of the Standard

None of the seventeen causes of action alleged by the Plaintiffs meet the notice requirements under Rule 8 of the Rule of Civil Procedure, and thus it should be no surprise that none of the fifteen causes of action alleging fraudulent conduct meet pleading standards of either Rule 9(b) of the Rules of Civil Procedure or the heighten pleading requirements under the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, *et seq*. The fundamental deficiency in each of the causes of action centers around the Plaintiffs propensity in "lumping" the Defendants together, as if all 21 Defendants acted as one, made representations as one, and thus, according to the Plaintiffs, are liable as one. As noted above, lumping of Defendants creates some bizarre and inconsistent results.

As an example, in Count X, the Plaintiffs seek to pierce the corporate veil of thirteen entities (which condense down to four entities if those entities' assumed names are eliminated). (Compl. at ¶ 246) Those four entities, along with a fifth company – InvestForClosures National, LLC – were defined elsewhere in the Complaint as the "IFC Entities." (Compl. at 75) In their Complaint, Plaintiffs attempt to describe how the

10

"Defendants disregarded the separate identity and entity of these named companies" (Compl. at ¶ 247), "Defendants have continued to operate using these entity names" (Compl. at ¶ 249), and "Defendants have treated these companies as non-entities and rather as mere extensions of their own acts" (Compl. at ¶ 249). Yet the term "Defendants" is defined in the Complaint as including all 21 of the Defendants, (Compl. at preamble, p1)  – individuals and the IFC entities combined,  and the individuals included officers of a title company (Compl. at ¶ 72), realtors (Compl. at ¶ 65), and attorneys (Compl. at ¶ 59). Thus, according to the Plaintiffs, the IFC entities disregarded themselves and individuals that were not officers or principals of the IFC entities should be liable because they also disregarded the IFC entities – it all makes little sense.

Likewise, in Count XIII, the Plaintiffs attempt to allege a cause of action for breach of Contract. (Compl. at ¶¶ 277-287)  In support of that cause of action, Plaintiffs allege that the IFC Entities entered into agreements with each of the Plaintiffs. (Compl. at ¶ 279)  The exhibits attached to the Complaint in support of that Count reflects documents showing some Plaintiffs had promissory notes from InvestForClosures Financial, L.L.C. and other Plaintiffs held promissory notes from InvestForClosures Ventures, LLC. (*See* Compl. at Ex. A.) Despite the fact that Plaintiffs allege five companies entered into agreements with the Plaintiffs, and the terms of the agreements, as reflected in the exhibits differed, the Plaintiffs proceed to allege that the "Defendants are in breach," not that the IFC Entities are in breach, but that the "Defendants are in breach of their agreements with Plaintiffs . . . [and as] a direct and proximate result of Defendants' breaches, Plaintiffs have been injured." (Compl. at ¶¶ 286-87)  Accordingly, Plaintiffs have morphed of what at first glance appears to be a cause of action against five companies into a liability for all 21 Defendants – merely because Plaintiffs

11

chose to take short cuts and fail to identify the agreements and their parties.[3]

The Plaintiffs do not limit their confusing, vague, and inconsistent pleading to just the non-fraudulent counts (which account for only two of the seventeen causes of action). As explained above, the lumping of the Defendants in Plaintiffs fifteen counts alleging fraud, as in their RICO Count, causes such inconsistencies that that Count, on its face, fails to state a cause of action and fails to provide notice to the Defendants as to which Defendant or entity is the enterprise involved in racketeering. (*See* generally, Compl. at ¶¶ 321-331)

Accordingly, by lumping the Defendants together in their causes of action sounding in fraud, Plaintiffs have failed to meet even the most minimum requirements of Rule 9(b) of the Rules of Civil Procedure or the heighten pleading requirements of the PSLRA. The simplest of the deficiencies in the causes of action sounding in fraud is Plaintiffs' cause of action for common law fraud, Count III. (Compl. at 32) Under Paragraph 189 of that Count, Plaintiffs allege, "Defendants made numerous false statements of material fact to Plaintiffs," and then give a few example of the statements, but fail to allege "the identity of the person who made the misrepresentation, the time, place and content of the misrepresentation, and the method by which the misrepresentation was communicated." *See Slaney v. The International Amateur Athletic Federation*, 244 F.3d at 599 (holding that Rule 9(b) requires a plaintiff, in alleging fraud, to identify "person who made the misrepresentation, the time, place and content of the misrepresentation, and the method by which the misrepresentation was communicated"). All of the other causes of action alleging fraud, Counts I through XII, XIV, XVI, and XVII, are

---

[3] Plaintiffs took similar liberties with their cause of action for violation of the Trust Indenture Act of 1930, Count XV, in alleging that "[b]y virtue of the conduct of IFC and its principals, Defendants violated" the Act and all are liable for "Plaintiffs' injuries have been directly and proximately caused by Defendants' violations of the TIA." (Compl. at ¶ 317, 320) Such inconsistencies in pleading merely confuse the Movants rather than provide them with adequate notice as required under Rule 8(a).

12

similarly deficient.

Likewise, Plaintiffs have failed to sufficiently plead the scienter requirement imposed by PSLRA in alleging securities fraud. (*See* Compl. at Counts I and II, at p26-32) In Court I of Plaintiffs' Complaint, purportedly alleging a cause of action for a violation of the Securities Exchange Act of 1934, Plaintiffs fail to provide any allegation that Defendants (again, the Plaintiffs lump all of the Defendants together) acted with scienter, and thus failed to come with a hair of complying with the pleading requirements of the PSLRA. The same is true of Count II, purportedly alleging a cause of action for violation of the Securities Exchange Act of 1934. Instead, Plaintiffs merely provided labels and alleged conclusions with a "formulaic recitation of the elements of a cause of action" for those two counts. *See Bell Atlantic Corp. v. Twomby*, 550 U.S. at 555-56 (instructing litigants that such pleading deficiencies will not do – even under a Rule 8(a) standard). In the instant case, despite the fact that the PSLRA has been the rule of law for over ten years, Plaintiffs have ignored it in its entirety, and no small part of their Complaint even hints at an attempt to comply with PSLRA's heighten pleading requirements.[4] Because the Complaint fails to comply with the PSLRA, it should be dismissed, as required under Section 78u-4(b)(3)(A) of the Act.

## CONCLUSION

Because the Complaint, as a whole, failed to comply with the minimal requirements imposed by Rule 8(a), failed to plead its causes of action sounding in fraud pursuant to the long established standard under Rule 9(b), and failed to even consider the heighten pleading standard required under the Private Securities Litigation Reform Act of 1995, the Complaint should be dismissed. Because it does not appear that the Complaint could be amended to

---

[4]   In fact, it would be futile to parse the relevant counts to describe their deficiencies in complying with PSLRA's standards, because it appears that no part of the PSLRA was even considered in drafting the Complaint or its predecessor.

13

comply with the PSLRA, having been amended once before, the Complaint should be dismissed with prejudice.

WHEREFORE, defendants InvestForClosures Financial, L.L.C., InvestForClosures.com LLC, InvestForClosures Ventures, LLC, and Francis Sanchez respectfully request the entry of an order of dismissal against the Plaintiffs and such further or alternative relief as the Court deems appropriate under the circumstances.

Respectfully submitted,

INVESTFORCLOSURES FINANCIAL, L.L.C.,
INVESTFORCLOSURES.COM LLC,
INVESTFORCLOSURES VENTURES, LLC, and
FRANCIS SANCHEZ

By:    /s/  Robert B. Christie
One of Their Attorneys
Robert B. Christie, ARDC #6229020
HENDERSON & LYMAN
175 West Jackson, Suite 240
Chicago, Illinois 60604
Voice: 312-986-6960
Facsimile: 312-986-6961

## CERTIFICATE OF SERVICE

I, an attorney of record, hereby certify that on May 27, 2009, I electronically filed the forgoing motion through the Court's Electronic Cases Filing System, and that pursuant to Local Rule 5.9, such filing constitutes service on all Filing Users that have appeared in the above captioned proceeding.

   /s/ Robert B. Christie

14