UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BRADLEY J. SCHAUFENBUEL, *et. al.*, | |
| Plaintiffs, | |
| v. | Case No. 09 cv 1221 |
| INVESTFORCLOSURES FINANCIAL, L.L.C., *et. al.*, | |
| Defendants. | |

**RESPONSE TO**
**PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER**

InvestForClosures Financial, L.L.C., InvestForClosures.com LLC, InvestForClosures Ventures, LLC, and Francis Sanchez (collectively, the "**Respondents**"), through their attorney and as their response to Plaintiffs' <u>Second Motion for Temporary Restraining Order</u>, states as follows:

**Introduction**

This matter was commenced on February 25, 2009, by Plaintiffs' filing of their unverified complaint against Respondents and other defendants (which was amended on March 17, 2009, and again on April 27, 2009), alleging various causes of action based on fraud, ranging from common law fraud to violation of securities laws, in addition to a cause of action for breach of contract.[1] All the causes of action were apparently based on losses suffered by

---

[1] The term "Plaintiffs" is rather fluid, because the number of named plaintiffs has grown with each amendment of the complaint, from the original eight plaintiffs to the current count of 34 plaintiffs – despite the fact that Plaintiffs have billed this action as a class action. The same is true of the term "Defendants," which has grown from twelve defendants named in the original pleading (not counting assumed names) to the current count of approximately 21 entities and individuals. For simplicity, references herein to "**Plaintiffs**" includes all current plaintiffs, "**Defendants**" includes all current defendants, and "**Complaint**" refers to the second amended complaint filed on April 27, 2009.

5/26/2009 5:23 PM

holders of promissory notes issued by either defendants InvestForClosures Financial, L.L.C., InvestForClosures.com LLC, InvestForClosures Ventures, L.L.C., or a combination of the three. The modifier "apparently" is used because nearly all the causes of action alleged a violation by the "Defendants," and the term "Defendants" was defined in Plaintiffs' Complaint as consisting of all of the 21 defendants named in this matter. Neither the original complaint nor any of its amended versions were verified and none of the allegations in those complaints was supported by affidavits.

Two days after commencing this action, Plaintiffs' filed a motion for preliminary injunction (which was unsupported by any legal authority or affidavits), followed on March 13, 2009, with Plaintiffs' filing of a motion for temporary injunction (which was also unsupported by any legal authority or affidavits). To ease the burden of the Court, the parties agreed to the entry of a Standstill Agreement, which was received by the Court on March 23, 2009. Under the Standstill Agreement, the Respondents agreed not to take any action to sale or encumber a plot of land located in Mexico that was owned by defendant Realty Opportunities International S. de R.L. de C.V., the only titled real property located in Mexico concerning the issues raised in this matter. Having been presented with the Standstill Agreement, the Court dismissed Plaintiffs' motion for temporary restraining order as moot.

On April 27, 2009, Plaintiffs filed an amended motion for preliminary injunction and an amended motion for temporary restraining order (the "1st Amended Motion for TRO"). As was the case with the original motions, neither of the amended motions was supported by legal authority or affidavits. Accordingly, on April 29, 2009, the Court ordered Plaintiffs to file a memorandum of law supporting their request for relief in their 1st Amended Motion for TRO by May 27, 2009.

By May 27, 2009, no such memorandum of law was filed with the Court. Instead, on May 28, 2009, Plaintiffs, without leave of Court, filed a new amended motion for a temporary restraining order (the "Motion for TRO" or "Motion"). To eliminate unnecessary delay and expense, the Respondents agreed to file this Response to Plaintiffs' Motion for TRO within the same timeframe that was provided by the Court for the previous motion. As was the case with the two previous motions for a temporary restraining order, Plaintiffs' Motion for TRO was not supported by any affidavits.

Plaintiffs Motion for TRO also be considered in the context of Plaintiffs pending motion for a preliminary injunction. Currently the Plaintiffs' motion for preliminary injunction, although not briefed (do in part to the fact that Plaintiffs failed to provided any legal authority in support of that motion, and there is little need to brief a facially flawed motion), is set for an evidentiary hearing on September 14, 2009. Accordingly, it is clear that Plaintiffs Motion for TRO was presented pursuant to Fed. R. Civ. P. Rule 65(b), and Plaintiffs do not seek a formal hearing on their Motion, but rather a summary proceeding. The choice of a summary proceeding is well established, and a "court may consider affidavits and verified pleadings as evidence" in considering a motion for a temporary restraining order. *Hunter v. Atchison, T. & S. F. R. Co.*, 188 F.2d 294, 298 (7th Cir. 1951).

The choice of a summary proceeding is also reasonable in this proceeding because Plaintiffs merely seek the entry of an order of injunction to temporarily fill the gap until an evidentiary hearing on their motion for preliminary injunction can be held. A temporary restraining order is, by its very character, temporary in nature, and the temporal limit on any such order was explained by the court in *Chicago United Industries, Ltd. v. City of Chicago*, 445 F.3d 940, 946 (7th Cir. 2006), that "[t]he proper interpretation of the 'without notice'

language in Rule 65(b) is that the rule imposes *additional* restrictions on temporary restraining orders issues without notice, but imposes the 20-day limit on *all* TROs." (Emphasis in original). However, whatever temporal restrictions might be imposed on a temporary restraining order are of no consequence here because Plaintiffs have failed to set forth a prima facie case for the entry of a temporary restraining order, and Plaintiffs' Motion for TRO must be denied.

## ARGUMENT

**I.    Standard for Motions for Temporary Restraining Orders.**

As explained by the court in *Budget Rent a Car Corp. v. Harvey Kidd Auto.*, 249 F. Supp. 2d 1048, 1049 (N.D.Ill. 2003), "[w]here, as here, defendants have notice of and an opportunity to respond to a motion for a TRO, [a court applies] the standards governing issuance of preliminary injunctions. *See Coca-Cola Co. v. Alma-Leo U.S.A., Inc.*, 719 F. Supp. 725, 726-27 (N.D. Ill. 1989) (Moran, J.) (citing 11 Wright & Miller, Federal Practice and Procedure: Civil § 2951, at 499). In order to obtain preliminary relief, "[Plaintiffs] must show, as a threshold matter, (1) a likelihood of success on the merits, (2) irreparable harm if preliminary relief is denied, and (3) the inadequacy of any remedy at law. If [Plaintiffs] makes this threshold showing, . . . [a court] then balance (4) the harm to [Plaintiffs] if the injunction is wrongfully denied with the harm to [Respondents] if the injunction is wrongfully granted, and (5) the impact on persons not directly concerned in the dispute (the public interest)." *Cooper v. Salazar*, 196 F.3d 809, 813 (7th Cir. 1999).

**II.    Plaintiffs' Motion for TRO must be denied because they failed to submit any evidence in support of a prima facie case that is required to be made before a Court can consider the entry of a temporary injunction order.**

By failing to provide any evidence showing that they have a likelihood of success or

would suffer irreparable harm if a preliminary relief was denied, Plaintiffs have failed to meet their burden of proof necessary to receive any relief in this matter. It is well established that the burden of proving the propriety and necessity of injunctive relief rests upon the movant. *See Fox Valley Harvestore, Inc. v. A. O. Smith Harvestore Products, Inc.*, 545 F.2d 1096, 1097 (7th Cir. 1976)(explaining that "[a] preliminary injunction is an extraordinary remedy which is not available unless the plaintiffs carry their burden of persuasion as to all of the prerequisites"). To carry that burden, Plaintiffs must present reliable evidence to the Court. The need for reliable evidence was acknowledged by the Plaintiffs in their Motion for TRO, when they cited Rule 65(b) for the proposition that there were two methods by which evidence can be submitted by a movant seeking a temporary restraining order – by affidavit or through a verified complaint. (Plaintiffs' Mem. of Law at 1, referencing Fed. R. Civ. Proc. 65(b)) Of course, if "a motion is supported by affidavit, the affidavit must be served with the motion and notice of hearing." *See Marshall Durbin Farms, Inc. v. National Farmers Organization, Inc.*, 446 F.2d 353, 358 (5th Cir. 1971).

In the instant case, the Plaintiffs' Complaint, as amended and its previous versions, was unverified, Plaintiffs Motion for TRO was not verified, and Plaintiffs failed to supplement their motion with any affidavits. In fact, it is worth noting that the record is void of any such evidence, despite the fact that Plaintiffs filed three versions of their Complaint in this matter, three versions of the Motion for TRO, multiple versions of their motion for preliminary injunction, and warned by the Court that they had repeatedly failed to provide any authority in their motions for the Court to enter injunctive relief.

Plaintiffs' failure to provide evidence is fatal. It is well established that "[e]vidence that goes beyond the unverified allegations of the pleadings and motion papers *must* be presented to

5

support or oppose a motion for a preliminary injunction." *Eyler v. Babcox*, 582 F. Supp. 981, 986 (N.D.Ill. 1983)(citing to Wright & Miller, *Federal Practice and Procedure* sec. 2919, at 460 (1973)) (emphasis in original). Plaintiffs have failed to provide any such evidence, and that failure relieves Respondents from filing any counter affidavits – because there is simply no affidavits to counter. Furthermore, "unsworn representations cast considerable doubt upon plaintiff's probability of success." *Eyler*, 582 F. Supp. at 986.

The mere fact that Plaintiffs counsel confirms that allegations made in the pleadings is also immaterial. Likewise, given the current state of the pleadings, the conclusory allegation by the Plaintiffs that they have "established sufficient evidentiary proof to at least meet the temporary restraining order state" is absurd. (Mem. of Law at 6) Any representations by Plaintiffs' attorneys, whether made in the Complaint, motions, or at oral argument "constitute hearsay and are 'wholly insufficient to support the issuance of a preliminary injunction' in their own right." *Eyler*, 582 F. Supp. at 986. Simply put – Plaintiffs have failed to provide any evidence in this matter through affidavits or verified pleadings – and as a result, this Court must deny their motion.

**III.     Notwithstanding Plaintiffs' lack of evidence, even if the unverified allegations were taken as true, Plaintiffs have failed to show that they would suffer irreparable harm if an injunction were not entered.**

The keystone to any injunction proceeding is a showing by the movant that it would suffer irreparable harm if an injunction was not entered and an inadequacy of legal remedies. *Fox Valley Harvestore, Inc. v. A. O. Smith Harvestore Products, Inc.*, 545 F.2d 1096, 1097 (7th Cir. 1976). In the instant case, Plaintiffs merely alleged that "it is clear that Defendants do not have sufficient assets to repay all of the investors. Indeed, it is questionable whether there are sufficient assets to pay a small percentage of the damages at bar." (Plaintiffs' Mem. of Law at

4) Of course, that is a common problem for many creditors who to resort to litigation. However, after alleging that Respondents have little or no assets, Plaintiffs go giant step further and state that "Defendants will wire transfer any remaining assets to Mexico." But what money? Plaintiffs have issued nearly forty subpoenas for documents in this matter, and appear to have served every financial institution where Respondents have an account. Yet at no time have Plaintiffs informed the Court of the holdings in those accounts (through affidavit or otherwise). If they had, the Court would most likely find that such holdings are minuscule, with barely enough funds for the individual Respondent, and his son, to carry on their ordinary affairs of life. Accordingly, Plaintiffs have failed to show that they would suffer any harm if an injunction were not issued. Furthermore, Plaintiffs allegation that the Respondents, especially the individual Respondent, "would suffer no harm by an injunction freezing their personal and business assets," based on the fact that his minimal personal funds would be frozen, is ludicrous, given the fact that Plaintiffs know that he has few assets. (*See* Plaintiffs' Mem. of Law at 5) In summary, Plaintiffs would not be any better off with an injunction than without an injunction.

### IV. Plaintiffs' have failed to show a likelihood of succeeding on the merits.

Because Plaintiffs have failed to submit any evidence on the merits of their case, and have failed to properly plead any of the causes of action identified in their Complaint, the Plaintiffs cannot show that they have any likelihood of succeeding on the merits – a material flaw that would prevent this Court from entering any injunctive order. As demonstrated above, Plaintiffs have failed to submit any evidence to this court in support of their Motion for TRO. All Plaintiffs have accomplished is a submission by one of their attorneys (in the form of factual unsworn allegations alleged in Plaintiffs' Motion and its accompanying statement of

facts and memorandum of law). However, counsel's representations are "wholly insufficient to support the issuance of a preliminary injunction' in their own right." *Eyler*, 582 F. Supp. at 986. As noted by the Court in *Eyler v. Babcox*, 582 F. Supp. at 986, "unsworn representations cast considerable doubt upon plaintiff's probability of success."

Likewise, Plaintiffs' reliance on the Securities Act of 1933, 15 U.S.C.S. §77a *et seq*, in their Motion for TRO is not without its pitfalls. In the instant case, most of the named Plaintiffs in this action loaned money to one or more of the Respondent entities, and in return received a promissory note. The promissory notes were not all identical. The interest rates and loan terms differed among some note holders, and interest was fixed for some and not fixed on others. As explained by the court in *Hunssinger v. Rockford Business Credits, Inc.*, 745 F.2d 484, 489 (7th Cir. 1984)(finding that the fact "[a] note that bears a fixed rate of interest is just as likely to be an investment as it is likely to be evidence of a commercial loan"). Moreover, the fact that an issuer identifies a note as an investment is not dispositive. *Id.* at 493 (holding that the mere fact that defendant identified is notes as investments was not dispositive, in finding that defendant issued notes were not securities within the meaning of the Securities Act of 1933). Accordingly, there could be an issue whether the Securities Act of 1933 applies in this matter.

In addition to the above, Plaintiffs have yet to properly plead any cause of action against the Respondents. Currently pending before Judge Leinenweber in this action is Respondents' Motion to Dismiss, pursuant to Rules 8(a), 9(b), and 12(b)(6) of the Federal Rules of Civil Procedure, in which Respondents seek to dismiss each of the seventeen counts alleged against the Defendants – based on the simple fact that the allegations under each count are so vague that Plaintiffs have failed to provide notice who did what to whom. In fact, the allegations

contained in each count of the Complaint were so general that it would have been a waste of the court's time to analyze whether the claims were otherwise properly pled.

As an example, in Count XVII of the Complaint, Plaintiffs seek relieve from Defendants' alleged violation of the Money Laundering Act ("MLA"), 18 U.S.C.S. §1956. As was the case with the Securities Act of 1933, Plaintiffs also place heavy reliance on the MLA in their Motion for TRO. However, Respondents are unaware of any federal court that has recognized a private right of action under MLA. *See De Pacheco v. Martinez*, 515 F. Supp. 2d 773, 787 (S.D.TX. 2007)(finding that "federal courts have not recognized a private right of action for breach of § 1956, the money laundering statute"). Numerous other such flaws exist in the Plaintiffs' pleadings. Because the Complaint is so vague that it fails to meet the minimum requirements of Rule 8(a) in providing the Respondents with fair notice of who the Plaintiffs' claims are directed against and the grounds upon which each claim rests, those flaws can only be address economically after Plaintiff files a proper pleading in this matter. Simply put, the flaws contained in the pleadings on record prevent this Court from making a finding whether Plaintiffs have a likelihood of succeeding on the merits.

## CONCLUSION

Because Plaintiffs failed to submit proper evidence in support of their Motion for TRO, any further analysis of whether Plaintiffs have otherwise met the standards required to be shown, prevent this Court in even consider the issuance of a temporary restraining order, let alone engaging in any balancing of harm. According, Plaintiffs' Motion for TRO must be summarily denied. Even if the Court took Plaintiffs' unverified statements as true (and Respondents are unaware of any legal authority for the Court to take such a step), Plaintiffs have failed to satisfy the prerequisites necessary for the Court to issue an injunctive order.

WHEREFORE, defendants InvestForClosures Financial, L.L.C., InvestForClosures.com LLC, InvestForClosures Ventures, LLC, and Francis Sanchez respectfully request the entry of an order denying Plaintiffs' application for the issuance of a temporary restraining order and such further or alternative relief as the Court deems appropriate under the circumstances.

        Respectfully submitted,

        INVESTFORCLOSURES FINANCIAL, L.L.C.,
        INVESTFORCLOSURES.COM LLC,
        INVESTFORCLOSURES VENTURES, LLC, and
        FRANCIS SANCHEZ

By:   /s/ Robert B. Christie
      One of Their Attorneys
      Robert B. Christie, ARDC #6229020
      HENDERSON & LYMAN
      175 West Jackson, Suite 240
      Chicago, Illinois 60604
      Voice: 312-986-6960
      Facsimile: 312-986-6961

## CERTIFICATE OF SERVICE

I, an attorney of record, hereby certify that on June 18, 2009, I electronically filed the forgoing motion through the Court's Electronic Cases Filing System, and that pursuant to Local Rule 5.9, such filing constitutes service on all Filing Users (which includes all persons that have filed an appearance in this matter) that have appeared in the above captioned proceeding.

        /s/ Robert B. Christie