IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| BRADLEY J. SCHAUFENBUEL; et al., | ) |
| Plaintiffs, | ) |
| | ) Case No. 09-CV-1221 |
| v. | ) |
| INVESTFORCLOSURES FINANCIAL, L.L.C.; et al., | ) Judge Leinenweber |
| | ) Magistrate Judge Nolan |
| Defendants. | ) |

### REPLY IN SUPPORT OF PLAINTIFFS' AMENDED SECOND MOTION FOR TEMPORARY RESTRAINING ORDER

NOW COME Plaintiffs, by and through their attorneys Thurston Law Offices, P.C. and Law Offices of Joel M Weiner, LLC, and hereby respectfully submit this Reply in Support of their Amended Second Motion for Temporary Restraining Order ("TRO2") against Certain Defendants.

**Introduction**

There is an old saying in litigation: When you are strong on the law, pound the law; when you are strong on the facts, pound the facts; when you are strong on neither, pound the table. The Response of defendants InvestForClosures Financial, LLC, InvestForClosures.com LLC, InvestForClosures Ventures, LLC, and Francis Sanchez (collectively referred to as "Certain Defendants") to the TRO2 is the written equivalent of pounding the table. This is most evident by the fact that Certain Defendants do not deny one single fact in Plaintiffs' Statement of Facts submitted with the TRO2 motion. Certain Defendants are now blocking discovery of vital evidence for the preliminary injunction hearings. Pounding the table here is

fatal to Certain Defendants' defense and only further supports granting of Plaintiffs' TRO2.

**Sufficiency of Factual Support**

Certain Defendants expend six (6) pages (out of a total of 10) to incorrectly assert that Plaintiffs have presented no evidence in support of the TRO2. Aside from the 14 page Statement of Facts containing 56 allegations of fact and attaching 32 documents (most of which were authored by or originated from Frank Sanchez), Certain Defendants apparently disregard the Affidavit of Bradley J. Schaufenbuel (Document #7-2) filed on February 27, 2009 in which the first named Plaintiff asserted "I have reviewed the Class Action Complaint in which I am named as one of the lead Plaintiffs and hereby verify that the allegations contained therein are true and correct to the best of my knowledge"; the three Securities Class Action Certifications submitted by Roberta K. Clark (Document #3 filed 2/25/2009), Bradley J. Schaufenbuel (Document #4 filed 2/25/2009), and John Reed IV (Document #6 filed 2/27/2009), in which each testified as to their investment and that they authorized the filing of the complaint pursuant to the federal Securities Acts; and the evidence submitted in the two prior versions of Plaintiffs' motions for temporary restraining orders (Documents ##19 and 61-2.)

Certain Defendants then complain that the evidence is not in the form of affidavits or verified complaints. However, the requirement of affidavits or a verified complaint only applies when relief is sought without notice to the adverse party. *See e.g. Consumer Sales & Marketing, Inc. v. Digital Equipment Corp.*, 1995 WL 548765 (N.D.Ill. 1995) and Fed.R.Civ.P. 65(b). By contrast, when a party has received notice of the motion and relief sought even evidence not admissible at trial

may be used to support the temporary relief. *See CSC Holdings, Inc. v. Greenleaf Electronics, Inc.*, 2000 WL 715601 (N.D.Ill. 2000) (Rosemond, Magistrate J.) *citing People of State of Ill. ex rel. Hartigan v. Peters*, 871 F.2d 1336 (7th Cir. 1989). "Evidence that is received on the motion and that would be admissible at trial becomes part of the trial record and need not be repeated at trial." Fed.R.Civ.P. 65(a)(2). This is true because preliminary relief is merely to preserve relative positions of parties until trial on merits can be held and thus movant is not required to prove its case in full at preliminary hearing stage. *University of Texas v. Camenisch*, 451 U.S. 390, 101 S.Ct. 1830 (1981).

Most, if not all, of the evidence submitted by Plaintiffs in support of TRO2 would be admissible at trial. Federal Rule of Evidence 201allows a court to take judicial notice of a fact that is "not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed.R.Evid. 201(b). Plaintiffs' recitation of facts regarding the formation and involuntary dissolution of the defendant LLCs according to the Illinois Secretary of State (TRO2 Statement of Facts, ¶¶2, 10, 14, 17, 30, and fn 6); and the cease and desist orders issued by the Pennsylvania Securities Commission and Illinois Securities Departments (Second Amended Complaint, ¶¶132 and 138 and Exhibits E and F respectively), are matters of which this Court can take judicial notice.[1]

Certain Defendants' websites (TRO2 Statement of Facts, ¶¶3, 5, fn 1, 7, 9, 18, 20, 32, 33 and 34) are exceptions to the hearsay rule. Fed.R.Evid. 803(6)

---

[1] These documents also fall within the public records exception to hearsay under Fed.R.Evid. 803(8).

**Reply in Support of Amended Second Motion for Temporary Restraining Order**
Page 3 of 7

(records of regularly conducted activity) and 803(b)(3) (admissions against interest). The press release published in Yahoo Finance (TRO2 Statement of Facts, ¶¶4-6) is a commercial publication and an exception to hearsay under Fed.R.Evid. 803(17). Plaintiffs could cite rule after rule about the admissibility of this evidence, but as stated previously it is unnecessary. It is also quite telling that Certain Defendants do not even challenge the evidentiary bases of anything contained in the Statement of Facts.

Not only do Certain Defendants want to distract this Court from the law and facts that are against them, but they are also now blocking discovery by Plaintiffs to further develop evidence for submission to this Court. On May 19, 2009, this Court ordered that written discovery be completed by June 30, 2009. (Document #92.) Such Order was intended to maintain the timeline for this Court to hold hearings on the Motion for Preliminary Injunction beginning on September 15, 2009. (Document #71.) However, Certain Defendants filed a Motion to Dismiss (Document #89) on May 27, 2009[2] citing the Private Securities Litigation Reform Act of 1995, which statutorily requires the automatic stay of discovery until resolution of the motion. *See* 15 U.S.C. 78u-4(b)(3) and 78u-5(c)(1). Research indicates that only two cases in this District have addressed obtaining relief from the stay, neither of which would assist Plaintiffs herein. *See In re Comdisco Securities Litigation*, 166 F.Supp.2d 1260 (N.D. Ill. 2001) (discovery of insurance policies allowed when motion to dismiss had not yet been filed) and *In re Spiegel,*

---

[2] 8 days after this Court issued its discovery order.

**Reply in Support of Amended Second Motion for Temporary Restraining Order**
**Page 4 of 7**

*Inc. Securities Litigation*, 382 F.Supp.2d 989 (N.D. Ill. 2004) (relief from stay granted because motions to dismiss resolved at same time).[3]

**Irreparable Harm**

Certain Defendants wish to hide behind a cloak of seemingly no assets ("such holdings are minuscule," Response p. 7), yet do not explain whether they still possess the hundreds of thousands of dollars they wired to Mexico. (TRO2 Statement of Facts, ¶¶51c-h, 53.) Certainly, Mexican banks are outside the jurisdiction of this Court and attempts to discover such information would not only be ignored, but are now stayed by the Motion to Dismiss. Yet, defendant InvestForClosures Ventures, LLC is undeniably the 100% owner of ROI Mexico (TRO2 Statement of Facts, ¶54), so presumably also has control over any funds that are held in Mexico by that entity.

Certain Defendants offer no explanation as to how they are paying for attorneys to represent them in this action. Indeed, Certain Defendants have filed numerous motions, appeared several times through counsel before the Court, and have had Rule 37 conferences with counsel.[4] Unless counsel for Certain Defendants are acting out of the goodness of their hearts, there must be assets to pay for such representation. If in fact Certain Defendants are using Plaintiffs' investments to fund their own defense, that would be an even more egregious instance of irreparable harm.

---

[3] NOTE: The schedule on Certain Defendants' Motion to Dismiss effectively blocks all discovery related to the Preliminary Injunction proceedings because Judge Leinenweber will not rule on the motion to dismiss until September 10, 2009. (Document #93, June 2, 2009.)

[4] Interestingly when attorney Robert Christie appeared before this Court on several occasions, he represented on the record that Realty Opportunities International S. de R.L. de C.V. ("ROI Mexico") was his client. Yet, ROI Mexico has not filed its appearance in this case after valid service of process and is now technically in default. (Document #97.)

**Reply in Support of Amended Second Motion for Temporary Restraining Order**
Page 5 of 7

Finally, although Certain Defendants indicate that defendant Sanchez has "minimal personal funds" and "few assets" (Response, p. 7), they have never explained the source of money to continue marketing the Sands of Gold Estates project in Mexico or pay for the websites. (*See e.g.* Motion for Contempt and Sanctions, Document #34, ¶¶6-7.) As of April 2009, Certain Defendants were still soliciting investments for the Sands of Gold Estates project and presumably incurring expenses related thereto. Websites and marketing materials are not free. If Certain Defendants are destitute, their actions do not confirm it.

**Likelihood of Success on the Merits**

The chief argument by Certain Defendants on this issue is that Plaintiffs' reliance on the federal securities acts is wrong because Certain Defendants issued "promissory notes" to Plaintiffs. (Response, p. 8.) However, this analysis is both legally and factually flawed. Both the Illinois Securities Department and the Pennsylvania Securities Commission have declared that Certain Defendants were issuing "securities." (*See* Second Amended Complaint, ¶¶132 and 138 and Exhibits E and F.) The definition of the term "security" is also conclusive:

> The term "security" means any note, stock, treasury stock, security future, bond, debenture, evidence of indebtedness, certificate of interest or participation in any profit-sharing agreement, collateral-trust certificate, preorganization certificate or subscription, transferable share, investment contract, voting-trust certificate, certificate of deposit for a security, fractional undivided interest in oil, gas, or other mineral rights, any put, call, straddle, option, or privilege on any security, certificate of deposit, or group or index of securities (including any interest therein or based on the value thereof), or any put, call, straddle, option, or privilege entered into on a national securities exchange relating to foreign currency, or, in general, any interest or instrument commonly known as a "security", or any certificate of interest or participation in, temporary or interim certificate for, receipt for, guarantee of, or warrant or right to subscribe to or purchase, any of the foregoing.

**Reply in Support of Amended Second Motion for Temporary Restraining Order**
**Page 6 of 7**

15 U.S.C. §77b(a)(1). Certain Defendants constantly referred to "Rule 504" and "non-accredited members" in its solicitations. (*See e.g.* TRO2 Statement of Facts, ¶8.) Those references have nothing to do with promissory notes. To suggest that Certain Defendants were merely issuing promissory notes and not securities is like suggesting that Bernard Madoff was just a Boy Scout troop leader.

Certain Defendants attempt to use their Response to further bolster their Motion to Dismiss ("Because the Complaint is so vague that it fails to meet the minimum requirements of Rule 8(a)", Response, p. 9.) Such is not the purpose of the motion for temporary relief or the role of this Court in this motion. This is not an issue of sufficiency of pleading, but rather whether the status quo of any assets of Certain Defendants should be maintained to protect Plaintiffs' recovery of their investments. There is no question that Plaintiffs have shown a likelihood of success on the merits of such claim.

**Conclusion**

WHEREFORE, for the reasons set forth above, Plaintiffs respectfully request that this honorable Court grant the relief sought in their Second Amended Motion for Temporary Restraining Order.

>Respectfully submitted,
>PLAINTIFFS
>
>By: __/s/ Robert C. Thurston_____
>     One of Their Attorneys

| Thurston Law Offices, P.C. | Law Offices of Joel M Weiner, LLC |
|---|---|
| Robert C. Thurston | Joel M. Weiner |
| A.R.D.C. No. 6209353 | 579 N 1st Bank Drive Suite 150 |
| 10469 Bethel Avenue | Palatine, IL 60067-8102 |
| Huntley, IL 60142 | Phone: 847-654-3105 |
| Phone: 847-659-8613 | Fax: 847-358-7165 |
| Email: tj@thurstonlawpc.com | Email: jweiner@jweinerlaw.com |