**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | |
|---|---|
| **BRADLEY J. SCHAUFENBUEL; et al.,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | **Case No. 09-CV-1221** |
| **v.** ) | |
| ) | |
| **INVESTFORCLOSURES FINANCIAL,** ) | **Judge Leinenweber** |
| **L.L.C.; et al.,** ) | |
| ) | **Magistrate Judge Nolan** |
| ) | |
| **Defendants.** ) | |

<u>**PLAINTIFFS' MOTION FOR RELIEF FROM STAY OF DISCOVERY OR,
ALTERNATIVELY, FOR EXPEDITED RULING ON MOTIONS TO DISMISS**</u>

NOW COME Plaintiffs, by and through their attorneys Thurston Law Offices,

P.C. and Law Offices of Joel M Weiner, LLC, and hereby respectfully move this Court

for relief from the stay of discovery imposed by the Private Securities Litigation

Reform Act of 1995 ("PSLRA"), or, alternatively, to expedite the ruling on the

motions to dismiss. In support of their Motion, Plaintiffs state as follows:

**Factual / Procedural Background**

1.     Plaintffs filed their Complaint in this matter on February 25, 2009

("Complaint"). The Complaint contained counts for violation of the federal

securities laws (Counts I and II), fraud (Count III), breach of fiduciary duty (Count

IV), civil conspiracy (Count V), violation of the Illinois Uniform Fraudulent Transfer

Act (Count VI), unjust enrichment (Count VII), constructive trust (Count VIII),

consumer fraud (Count IX), piercing the legal entity (count X), and conversion

(Count XI). (Complaint, Document #1.)

2.     Two days later on February 27, 2009, Plaintiffs filed their Motion for

Preliminary Injunction to freeze certain property in Mexico held by some of the

Defendants as possibly the only asset from which a judgment may be satisfied. (Motion for Preliminary Injunction, Document #7.)

3. On March 12, 2009, this Court referred the preliminary injunction motion to Magistrate Nolan. (Order, Document #22.)

4. On March 13, 2009, Plaintiffs filed their Motion for Temporary Restraining Order ("TRO") as the preliminary step in the injunction process seeking the same relief as the previously filed Motion for Preliminary Injunction. (TRO, Document #19.)

5. Plaintffs filed their Amended Complaint in this matter on March 17, 2009 ("Amended Complaint"). The Amended Complaint added counts for violation of the Illinois Securities Law (Count XII), Breach of Contract (Count XIII), violation of the Investment Advisers Act of 1940 (Count XIV), violation of the Trust Indenture Act of 1939 (Count XV), and Civil RICO (Count XVI). (*See* Amended Complaint, Document 21, on file with this Court.)

6. As a result of the intervention in the injunction matters by Judge Nolan and negotiations by the parties, the parties entered into a Standstill Agreement (Document #33) regarding the property in Mexico and agreed to a discovery schedule for the preliminary injunction matter, which were both adopted by the Court. (Document #37.)

7. The schedule on the preliminary injunction matter contemplated Rule 26(a) disclosures by April 13, 2009; written discovery completed by May 15, 2009; and oral discovery completed by 07/31/09. Hearing on the Motion for Preliminary Injunction was set for 09/17/09 at 10:00 a.m. (Document #37.)

8.      It bears repeating that this schedule was stipulated and by <u>agreement</u> <u>of the parties</u>.  (Stipulated Discovery Schedule – Preliminary Injunction Phase, Document #32.)

9.      Because Defendants were violating the Standstill Agreement, Plaintiffs were forced to file a Motion to Hold Certain Defendants in Contempt and for Sanctions on March 25, 2009.  (Document #34.)

10.     On April 8, 2009, Judge Nolan agreed that there was confusion over the property in Mexico and Plaintiffs agreed to voluntarily withdrawal their Motion for Contempt.  Judge Nolan further granted Plaintiffs the opportunity to file another amended complaint by April 29, 2009 because more parties (both Plaintiffs and Defendants) were identified and that the preliminary injunction hearing was reset to September 15, 2009.  (Order, Document #47.)

11.     Plaintffs[1] filed their Second Amended Complaint in this matter on April 27, 2009 ("Second Amended Complaint").  The Second Amended Complaint contains all of the same counts as the Amended Complaint and adds one additional count for violation of the Money Laundering Act (Count XVII).  (Second Amended Complaint, Document #58.)

12.     Having learned that the Mexico property was 23,000 acres instead of the previously understood 23 acres and that there may be other assets of Defendants that should be subject to the injunction, Plaintiffs filed their Second Motion for Temporary Restraining Order ("TRO2") on April 27, 2009 seeking expanded relief.  (TRO2, Document #61.)

---

[1] Additional Plaintiffs and additional Defendants were added by the Second Amended Complaint.

**Motion for Relief from Stay**
**Page 3 of 10**

13.     On the same date, Plaintiffs filed an Amended Motion for Preliminary Injunction to mirror TRO2.  (Amended Motion for Preliminary Injunction, Document #63.)

14.     After service of the Second Amended Complaint, this Court granted Defendants until May 27, 2009 to answer the pleading.  (Order, Document #73.)

15.     On April 29, 2009, Judge Nolan set a briefing schedule for TRO2 and required a statement of facts and memorandum of law to support the preliminary relief.  (Order, Document #71.)

16.     At various times from March 31, 2009 to April 30, 2009, Plaintiffs served discovery on Defendants.  The first set of responses by Defendant Sanchez were due on April 30, 2009.  However, Sanchez's counsel had to be reminded that the responses were past due.  When Sanchez's responses arrived with only one objection and no response, Plaintiffs were forced to file a Motion to Compel against Sanchez.  (Document #74.)

17.     On May 18, 2009, Plaintiffs filed their Amended Second Motion for Temporary Restraining Order ("TRO2 Amended"), eliminating certain defendants from the requested relief but expanding the relief to freeze all personal and business assets of Sanchez and some of his related business entities.  (TRO2 Amended, Document #91.)

18.     After Defendants were admonished in open court by Judge Nolan to their cavalier attitude towards discovery and this case, Judge Nolan ordered that all discovery was to be completed by June 30, 2009 and that further status on discovery would be held on July 9, 2009.  (May 19, 2009 Order, Document #92.)

19.     On May 27, 2009[2], Sanchez and his related IFC entities filed their Motion to Dismiss the Second Amended Complaint on the basis of failure to state a cause of action and insufficient pleading.  They cited sections of the Private Securities Litigation Reform Act of 1995 ("PSLRA") which purport to stay discovery while a motion to dismiss is pending.  (Document #89.)

20.     Defendants Martin, Guidi and Rodriguez filed a motion to dismiss on May 20, 2009, but did not reference the PSLRA provisions.  (Document #87.)

21.     On June 2, 2009, this Court set a briefing schedule on the motions to dismiss with a response due by July 17, 2009; replies due by August 7, 2009; and the Court would rule orally on September 10, 2009.[3]  (Order, Document #93.)

22.     Before the proceedings before this Court on June 2, 2009, counsel for Plaintiffs inquired to Defendants' counsel whether they intended to seek a stay of discovery that was in process related to the preliminary injunction.  Attorney Christie responded cryptically, "I don't believe there is a need to move to stay discovery."  Undersigned counsel then made representations to this Court about the discovery schedule before Judge Nolan on the preliminary injunctions and Defendants' counsel remained mum.  (Declaration of Robert C. Thurston, filed herewith.)

23.     Later that afternoon, attorney Christie sent a letter via email to Plaintiffs' counsel stating, "Prior to court this morning, you asked whether Defendants would be filing a motion to stay discovery, based on the pending Motions to Dismiss, and I answered that I did not believe such a motion was

---

[2] 8 days after Judge Nolan issued a discovery Order.
[3] NOTE: this date is 5 days prior to when Judge Nolan intended to begin a 5 day hearing on the preliminary injunction motion.

required.  So that there is no misunderstanding, pursuant to 78u-4(b)(3)(B) of the [PSLRA], discovery is <u>automatically stayed</u> upon a filing of a motion to dismiss. Thus, no motion staying discovery is required in this matter." (A true and correct copy of Christie's June 2, 2009 letter is attached hereto as Exhibit A, emphasis in original.)

**The Automatic (?) Discovery Stay**

24.    The PSLRA states in pertinent part: "In any private action arising <u>under this chapter</u>, all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss, <u>unless the court finds upon the motion of any party that particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party</u>." 15 U.S.C. 78u-4(b)(3)(B) (emphasis added.)

25.    Only two cases in this District have addressed obtaining relief from the stay, neither of which apply herein. *See In re Comdisco Securities Litigation*, 166 F.Supp.2d 1260 (N.D. Ill. 2001) (discovery of insurance policies allowed when motion to dismiss had not yet been filed) and *In re Spiegel, Inc. Securities Litigation*, 382 F.Supp.2d 989 (N.D. Ill. 2004) (relief from stay granted because motions to dismiss resolved at same time).

26.    This Court, however, should allow discovery to proceed for purposes of the preliminary injunction proceedings for two reasons: (1) there are causes of action pleaded in the Second Amended Complaint beyond the private securities litigation; and (2) discovery is necessary not only to preserve evidence but also to prevent undue prejudice to Plaintiffs.

27.    The PSLRA stays discovery for private actions arising under the PSLRA, but doesn't expressly stay discovery in private actions arising under other causes of

action.  Since the Second Amended Complaint includes causes of action for

common law fraud (Count III), breach of fiduciary duty (Count IV), civil conspiracy

(Count V), violation of the Illinois Uniform Fraudulent Transfer Act (Count VI),

unjust enrichment (Count VII), constructive trust (Count VIII), consumer fraud

(Count IX), piercing the legal entity (count X), conversion (Count XI), violation of

the Illinois Securities Law (Count XII), Breach of Contract (Count XIII), violation of

the Investment Advisers Act of 1940 (Count XIV), violation of the Trust Indenture

Act of 1939 (Count XV), Civil RICO (Count XVI), and violation of the Money

Laundering Act (Count XVII), there are ample other grounds upon which the Court

may issue a preliminary injunction and for which discovery may proceed.  This is

not solely a case for violations of the securities acts or securities fraud.

28.     Discovery is necessary not only to preserve evidence but also to

prevent undue prejudice to Plaintiffs.

29.     Plaintiffs have provided ample evidence that Defendants have sought

to either deplete or secrete their assets by wire transfers to Mexico.  (Plaintiffs'

Statement of Facts in Support of TRO2 Amended, Document #91-2, ¶¶46-53.)

30.     Indeed, a preliminary review of an incomplete set of Defendants'

banking documents has shown that at least $183,500.00 was wire transferred by

Defendants to Banco Santander Serfin S.A. and BBVA Bancomer, two banks located

in Mexico, during the months of April 2006; March – May 2007; July 2007; and May

2008.  (Plaintiffs' Statement of Facts in Support of TRO2 Amended, Document #91-

2, ¶¶51c-53.)

31.     Most of Plaintiffs' discovery for purposes of the preliminary injunction

is designed to have Defendants account for the $8 million invested by Plaintiffs in

Defendants' businesses and how much of it is still in existence, particularly in Mexico. Without such discovery, Plaintiffs will be unable to convince the Court to freeze these assets thereby allowing Defendants to further deplete or secrete the assets and place them out of reach to satisfy any judgment in this case.

32.     Defendants have blocked every attempt by Plaintiffs to gather evidence in this case and apparently view the Federal Rules of Civil Procedure and the power of this Court with disdain. If Defendants had properly and timely answered the preliminary injunction phase discovery, it would have been served prior to the time they filed their motion to dismiss and the issue of a discovery stay would be moot. Defendants have only filed the motion to dismiss so they can further delay discovery of the facts in this case, which inevitably will reveal the fraud perpetuated by Defendants.

33.     The discovery stay provisions of the PSLRA were put in place to prevent abuses of securities fraud cases. "The purpose of the Act was to restrict abuses in securities class-action litigation, including: (1) the practice of filing lawsuits against issuers of securities in response to any significant change in stock price, regardless of defendants' culpability; (2) the targeting of "deep pocket" defendants; (3) the abuse of the discovery process to coerce settlement; and (4) manipulation of clients by class action attorneys." *SG Cowen Sec. Corp. v. U.S. Dist. Ct.*, 189 F.3d 909, 911 (9th Cir. 1999) *citing In re Advanta Corp. Secs. Litig.*, 180 F.3d 525, 530-31 (3rd Cir. 1999).

34.     However, none of those situations exist herein. This is not a case involving plummeting stock prices, deep pocket Defendants, an attempt to coerce settlement, or manipulation by class action attorneys. The securities involved in

this case were not even registered or listed on the market, so stock price is not at issue. Defendants claim they have no money, so it isn't a deep pocket case – it is a preservation and recovery of any remaining assets case. Indeed, most Plaintiffs have never received any of their investment back despite numerous requests for same to Defendants. Rather than trying to coerce settlement, Plaintiffs just want Defendants to return their investments.[4] There is no manipulation by class action attorneys because the two counsel representing plaintiffs herein are sole practitioners and have been retained by approximately 45 of the 130 investors.

35.    If this Court rules that the stay should not be lifted, then Plaintiffs respectfully request that this Court expedite its rulings on the motions to dismiss and move the ruling date up substantially from September 10, 2009.

36.    If the stay continues, discovery will not commence until after such ruling. This will certainly change the hearing date of September 15, 2009 on the preliminary injunction and likely set back the preliminary relief another several months. In the meantime, Defendants are free to dissipate the assets, the only hope Plaintiffs have in recovering any portion of their investments. A shorter ruling date on the motions to dismiss may keep the delay in the preliminary injunction proceedings to a minimum and provide some relief to Plaintiffs.

---

[4] Interestingly, one of the previous defendants James D. Bourassa – Sanchez's partner - has filed for personal bankruptcy, but included all of the investors' claims as creditors on his unsecured creditors sheet.

**Motion for Relief from Stay**
**Page 9 of 10**

**Conclusion**

WHEREFORE, for the reasons set forth above, Plaintiffs respectfully request that this honorable Court lift the automatic stay imposed by the PSLRA or, alternatively, expedite and move up its ruling date on the motions to dismiss.

Respectfully submitted,
PLAINTIFFS

By: __/s/ Robert C. Thurston___
One of Their Attorneys

Thurston Law Offices, P.C.                Law Offices of Joel M Weiner, LLC
Robert C. Thurston                         Joel M. Weiner
A.R.D.C. No. 6209353                      579 N 1st Bank Drive Suite 150
10469 Bethel Avenue                       Palatine, IL 60067-8102
Huntley, IL 60142                          Phone: 847-654-3105
Phone: 847-659-8613                       Fax: 847-358-7165
Email: tj@thurstonlawpc.com               Email: jweiner@jweinerlaw.com