IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF
ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| BRADLEY J. SCHAUFENBUEL; ROBERT N.<br>SCHAUFENBUEL; JOHN AND SARAH REED,<br>IV; JOHN AND JAN REED, III; AMERICAN<br>MASS MEDIA CORPORATION; ROBERTA K.<br>CLARK; on behalf of Themselves and All Others<br>Similarly Situated<br><br>Plaintiffs,<br><br>v.<br><br>INVESTFORCLOSURES FINANCIAL, L.L.C<br>ROI DEVELOPERS; INVESTFORCLOSURES;<br>INVESTFORCLOSURES.COM, LLC;<br>INVESTFORCLOSURES VENTURES; LLC<br>SANDS OF GOLD ESCROW; SANDS OF GOLD;<br>ROI FINANCIAL; REALTY OPPORTUNITIES )<br>INTERNATIONAL ESCROW 23; ROI ESCROW;<br>REALTY OPPORTUNITIES INTERNATIONAL<br>S. de R.L. de C.V; REALTY OPPORTUNITIES<br>INTERNATIONAL; ROI MEXICO; SANDS OF<br>GOLD ESTATES; FRANCIS X. SANCHEZ<br>aka FRANK SANCHEZ; JAMES D. BOURASSA<br>aka JIM BOURASSA; SCOTT D. WESSEL;<br>DEANA M. GUIDI; DANIEL E. FITZGERALD<br>aka DAN FITZGERALD; SCOTT R. SLAGLE;<br>DARCEY L. MARTIN; TOM RODRIGUEZ; and<br>JOHN DOES 1-30.<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 09-cv-1221<br>The Honorable Judge Leinenweber |

## REPLY IN SUPPORT OF MOTION TO DISMISS

NOW COME Defendants, DARCEY L. MARTIN, DEANA M. GUIDI, and TOM

RODRIGUEZ, by and through their attorneys, CAMPION, CURRAN, DUNLOP & LAMB,

P.C., and submit this Reply in Support of their Motion to Dismiss Plaintiffs' Second Amended

Complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6), and in support thereof states:

## INTRODUCTION

Plaintiffs filed their Second Amended Complaint (the "Complaint") in this matter on April 27, 2009. On May 20, 2009, Defendants DEANA M. GUIDI, DARCEY L. MARTIN, and TOM RODRIGUEZ ("Certain Defendants") filed their motion to dismiss the Complaint because it lacks any factual allegations against the Certain Defendants individually to satisfy Rule 9(b), and also fails to meet the less exacting Rule 8(a) standard by wrongfully group pleading its claims against all Defendants.

At 9:12 p.m. on July 17, 2009, after this Courts' deadline for filing, Plaintiffs filed their Response to Defendants' Motion to Dismiss ("Plaintiffs' Response"). Plaintiffs' Response attempts to save their deficient Complaint by asserting that (1) their Counts IV, V, VII, VIII, IX, X, XI, XII, XIV, XV, and XVII are not subject to Rule 9(b)'s heightened pleading requirement; (2) their causes of action meet the pleadings requirements of Rule 9(b); and (3) their causes of action meet the requirements of Rule 8. Plaintiffs are mistaken on all points and Defendants' Motion to Dismiss should be granted.[1]

## ARGUMENT

**I.    WITH THE EXCEPTION OF COUNT XIII, ALL COUNTS ARE ALL SUBJECT TO RULE 9(b)'s HEIGHTENED PLEADING REQUIREMENTS.**

Plaintiffs first argue that their Counts IV, V, VII, VIII, IX, X, XI, XII, XIV, XV, and XVII do not need to satisfy the heightened pleading requirements of Federal Rule of Civil Procedure

---

[1] Plaintiffs also argue that Defendants have mistakenly relied on Illinois pleading standard cases in their motion. Plaintiffs' claim, however, is simply disingenuous as the Illinois cases cited in Defendants' motion address the substantive elements of the Plaintiffs' underlying claims and not the relevant pleading standard.

9(b).[2]  The language of Rule 9(b) and the Seventh Circuits' holding in <u>Lewis Borsellino and I.M.</u>

<u>Acquisitions, LLC v. Goldman Sachs Group, Inc.</u> make clear that Rule 9(b)'s heightened

pleading requirements apply to ***all averments of fraud or mistake*** including those which are not

by definition fraudulent torts but that nonetheless are premised on fraudulent conduct.  477 F.3d

502, 507 (7th Cir. 2007).  Despite the Seventh Circuit's clear direction, Plaintiffs argue that their

fraud based claims are not subject to Rule 9(b).  In support of their untenable position, Plaintiffs'

counsel has cited  numerous cases which he claims show that Rule 8(a) governs Plaintiffs' causes

of action.  Each of the cases cited by Plaintiffs, however, do not even remotely support their

position.  Indeed, several of the cases explicitly provide for the opposite conclusion from which

Plaintiffs' counsel cites.

      a.     Count IV (Breach of Fiduciary Duty). Plaintiffs cite <u>Hefferman v. Bass</u>, 467 F.3d

586 (7th Cir. 2006).  <u>Hefferman</u> held that a breach of fiduciary duty claim *based on*

*legal malpractice*, not on fraud, was subject to Rule 8(a) pleading requirements.

<u>Hefferman</u> does not overrule or address the Seventh Circuit's holding in <u>Lewis</u>

<u>Borsellino and I.M. Acquisitions, LLC</u> , 477 F.3d 502, 507, and the Northern

District's holding in  <u>National Council on Compensation, Ins. Inc. v. American</u>

<u>Int'l Group, Inc.</u>, 2009 WL 466802 (N.D. Ill. Feb. 23, 2009), that a breach of

fiduciary duty claim based on fraudulent conduct is governed by Rule 9(b).

      b.     Count V (Civil Conspiracy). Plaintiffs cite <u>Walker v. Thompson</u>, 288 F.3d 1005

(7th Cir. 2002).  <u>Walker</u> held that allegations of a *conspiracy to violate the*

---

[2] Plaintiffs' Response concedes that the remaining Counts in their Complaint are subject to Rule
9(b).

*plaintiffs 4th Amendment rights* was subject to Rule 8(a) pleading requirements. Walker does not overrule or address the Seventh Circuit's holding in Lewis Borsellino and I.M. Acquisitions, LLC, 477 F.3d 502, 507, and the Northern District's holding in National Council on Compensation, 2009 WL 466802, that a claim for civil conspiracy which relies on allegations of fraud must satisfy Rule 9(b).

c.     Count VII (Unjust Enrichment). Plaintiffs cite Leatherman v. Tarrant County Narchotics Intelligence Coordination Unit, 507 U.S. 163. Leatherman held that a *1983 Civil Rights claim* was not subject to Rule 9(b) because it is not enumerated in Rule 9(b). Leatherman does not overrule or address the Seventh Circuit's holding in Lewis Borsellino and I.M. Acquisitions, LLC, 477 F.3d 502, 507, and the Northern District's holding in National Council on Compensation, 2009 WL 466802, that a claim for civil conspiracy which relies on allegations of fraud must satisfy Rule 9(b).

d.     Count VIII (Constructive Trust). Plaintiffs cite Rollins v. Metropolitan Life Ins. Co, 863 F.2d 1436. Rollins held that a plaintiff seeking a constructive trust *for insurance proceeds based on uncertainty* in the beneficiary, not on fraud, only needed to meet Rule 8(a) pleading requirements. Rollins does not overrule or address the Seventh Circuit's holding in Lewis Borsellino and I.M. Acquisitions, LLC, 477 F.3d 502, 507, that a claim for constructive trust which relies on allegations of fraud must satisfy Rule 9(b).

e.     Count IX (Violation of the Illinois Consumer Fraud Act). Plaintiffs cite Windy

4

City Metal Fabricators & Supply Inc., v. CIT Technology Financing Services, Inc.
536 F.3d 663 (7th Cir. 2008). Windy City held that where a Consumer Fraud Act
claim is *based on unfair practices as opposed to fraud and does not make any*
*allegations of fraud* the cause of action is governed by Rule 8(a) instead of Rule
9(b). Windy City does not overrule or address the Seventh Circuit's holding in
Lewis Borsellino and I.M. Acquisitions, LLC , 477 F.3d 502, 507, that a claim
under the Consumer Fraud Act based on fraud must satisfy Rule 9(b).

f.   Count X (Piercing the legal entity). Plaintiffs cite Financial Services Corp. v.
Chromas Technologies Canada, 356 F.3d 731 (7th Cir. 2004). This case is
irrelevant to the issues in Defendants' Motion to Dismiss. Financial Services
Corp. did not address a motion to dismiss or the pleading standard applicable to a
piercing the legal entity claim but instead reviewed a jury's determination that the
corporate veil should be pierced.

g.   Count XI (Conversion). Plaintiffs cite National Union Fire Ins. Co of Pittsburg,
Pa. v. Wilkins-Lowe & Co., Inc. 29 F.3d 337 (7th Cir. 1994). This case is
irrelevant to the issues in Defendants' Motion to Dismiss. National Union Fire
Ins. Co. of Pittsburg did not address a motion to dismiss or the pleading standard
applicable to a conversion claim but instead reviewed the trial court's ruling on a
motion for summary judgment.

h.   Count XII (Violation of Illinois Securities Law). Plaintiffs cite Tomera v. Galt,
511 F.2d 504 (7th Cir. 1975). Completely contrary to Plaintiffs' Response, the
Tomera Court stated that *Rule 9(b) did apply* to claims under the Illinois

Securities Laws and that such claims must be pled with particularity.

i.    Count XIII (Breach of Contract) - Defendants' Motion to Dismiss identified

Plaintiffs' Breach of Contract as being governed by Rule 8(a) thereby making

Plaintiffs' argument of the same moot.

j.    Count XIV (Violation of the Investment Advisors Act of 1940). Plaintiffs cite

Monetta Financial Services, Inc. v. S.E.C., 390 F.3d 952 (7th Cir. 2004). This case

is irrelevant to the issues in Defendants' Motion to Dismiss. Monetta Financial

Services, Inc did not address a motion to dismiss or the pleading standard

applicable to a conversion claim but instead reviewed the trial court's ruling on a

motion for summary judgment. Moreover, this case only serves to belie

Plaintiffs' position as the Monetta Financial Services Court recognized that claims

under Investment Advisors Act did constitute "fraud or deceit" which would put

them "on the list" enumerated in Rule 9(b).

k.    Count XV (Violation of the Trust Indenture Act of 1939). Plaintiffs cite.

Hunssinger v. Rockford Business Credits, Inc. 745 F.2d 484 (7th Cir. 1984). This

case is irrelevant to the issues in Defendants' Motion to Dismiss. Hunssinger did

not address a motion to dismiss or the pleading standard applicable to a Trust

Indenture Act claim but instead reviewed the trial court's dismissal for lack of

subject matter jurisdiction.

l.    Count XVII (Violation of the Money Laundering Act of 1939). Plaintiffs cite

Leatherman v. Tarrant County Narchotics Intelligence Coordination Unit, 507

U.S. 163. Leatherman held that a *1983 Civil Rights claim* was not subject to Rule

6

9(b) because it is not enumerated in Rule 9(b). <u>Leatherman</u> does not overrule or address the Seventh Circuit's holding in <u>Lewis Borsellino and I.M. Acquisitions, LLC</u>, 477 F.3d 502, 507, and the Northern District's holding in <u>National Council on Compensation</u>, 2009 WL 466802, that a claim under the Money Laundering Act which relies on allegations of fraud must satisfy Rule 9(b).

Illinois law is clear that any and all causes of action which contain "averments of fraud or mistake" must be pled with the heightened particularity required by Rule 9(b). It is equally clear that each and every one of Plaintiffs' causes of action are based solely on allegations of fraud and misrepresentation in an alleged "ponzi scheme." Plaintiffs' Response does not even deny that all of their Counts rely on averments of fraud. Indeed, despite Plaintiffs' futile contention otherwise, each and every one of their causes of action are "on the list" proscribed in Rule 9(b). Therefore, each and every one of Plaintiffs' causes of action must be pled to satisfy Rule 9(b).

## II.    PLAINTIFFS' COUNTS I - XII and XIV - XVII DO NOT SATISFY RULE 9(b).

Rule 9(b) requires that Plaintiffs plead their actions with particularity including "the identity of the person who made the misrepresentation, the time, place and content of the misrepresentation, and the method by which the misrepresentation was communicated to the plaintiff." <u>Windy City Metal Fabricators & Supply Inc., v. CIT Technology Financing Services, Inc.</u> 536 F.3d 663, 668 (7th Cir. 2008). For each cause of action, Plaintiffs have completely failed to set forth which one of the multiple defendants made the alleged representation. Neither have they set forth any indication of when and where the alleged misrepresentation was made, nor the content of alleged misrepresentation, how the alleged misrepresentation was made, or when it was communicated to the plaintiff. As a result, Plaintiffs' Complaint fails to provide each of the

7

Certain Defendants any notice of their alleged individual participation in the scheme and should be dismissed. *See* Goren v. New Vision Intern. Inc. 156 F.3d 721, 726 (7th Cir. 1998); Vicom, Inc. v. Harbridge Merchant Servs.,Inc., 20 F.3d 771, 777 (7th Cir. 1994). Plaintiffs Counts I-XII and XIV-XVII should be dismissed for failure to comply with Rule 9(b).

## III. PLAINTIFFS' COUNTS I - XVII DOES NOT SATISFY RULE 8.[3]

Even if this Court were to overlook Plaintiffs' failure to meet the heightened requirements of Rule 9(b), Plaintiffs Complaint should still be dismissed because it fails to meet the minimum requirements set forth in Rule 8(a). Plaintiffs have not and cannot dispute the fact that Plaintiffs' reliance on group pleading is fatal to their Complaint even under the less exacting Rule 8 standard. Indeed, "[c]ourts have been quick to reject pleadings in which multiple defendants are lumped together." McKee v. Pope Ballard Sheparrd & Fowle, Ltd., 604 F. Supp. 927, 931 (N.D.Ill.. 1985). Tellingly, Plaintiffs' have not provided a single case nor any other authority on the propriety of group pleading.

Not only does Plaintiffs' Complaint wrongfully group all Defendants into one group actor, it fails to provide Defendants the "fair notice" required under Rule 8(a). Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 55-556 (2007). In fact, Plaintiffs' Complaints does not provide any factual allegations from which the Certain Defendants may obtain fair notice of the wrongdoing alleged against them. All that is clear from Plaintiffs' Complaint is that they believe that there were some fraudulent actions perpetrated by some of the thirty-two (32) Defendants. What cannot be surmised from Plaintiffs' Complaint, and is required to survive a 12(b)(6)

---

[3] Plaintiffs' Response misrepresents that their Count XIII is "[n]ot contested in the motion to dismiss." In fact, however, Defendants' Motion to Dismiss does challenge that Count XIII fails to satisfy Rule 8(a). *See* Defendants' Motion to Dismiss at page 15.

motion, is notice as to who is alleged to have done what.

## CONCLUSION

The purpose of Rule 8(a) is to prevent largely groundless claims from "tak[ing] up the time of a number of other people, with the right to do so representing an *in terrorem* increment of the settlement value." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 55-556 (2007). Rule 9(b) further serves to minimize strike suit and fishing expeditions in suits involving fraud. Vicom, Inc. v. Harbridge Merchant Services, Inc., 20 F.3d 771, 776 (7th Cir. 1994). This is exactly the case these Rules seek to protect against.

To date, despite the fact that there are **no allegations** identifying any individual wrongdoing by Ms. Martin, Ms. Guidi, or Mr. Rodriguez (or any of the other individual Defendants), the Plaintiffs, through their counsel, have already taken up a deleterious amount of time and monies from these Certain Defendants in defending this action. Without any knowledge of any specific wrongdoing by Ms. Martin, Ms. Guidi, or Mr. Rodriguez, Plaintiffs' counsel has named them in this action to conduct a fishing expedition against them and further overwhelm and pressure a settlement payment. Indeed, Plaintiffs' counsel has even stated that rather than asserting a defense in this lawsuit, Ms. Martin "should have come to [him] to discuss letting her out of the case." Upon information and belief, Plaintiffs' plan has already succeeded in procuring settlement from at least (1) of the individual Defendants, Scott Wessel. Equity, justice and the plain language of Federal Rules demand that Plaintiffs be stopped from imposing further injury to Ms. Martin, Ms. Guidi, and Mr. Rodriguez until they can identify some sort of wrongdoing committed by them.

WHEREFORE, Defendants, DARCEY L. MARTIN, DEANA M. GUIDI, and TOM RODRIGUEZ, pray that this Court enter an Order dismissing Plaintiffs' Second Amended Complaint in its entirety, or alternatively Counts I-XVII individually against them, pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.

CAMPION, CURRAN, DUNLOP & LAMB, P.C.

/s/Russell W. Baker

CAMPION, CURRAN, DUNLOP & LAMB, P.C.
Attorneys for Defendant, Deana M. Guidi
8600 U.S. Highway 14, Suite 201
Crystal Lake, IL 60012
(815) 459-8440

10