IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| BRADLEY J. SCHAUFENBUEL; et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Case No. 09-CV-1221 |
| v. ) | |
| ) | |
| INVESTFORCLOSURES FINANCIAL, ) | Judge Leinenweber |
| L.L.C.; et al., ) | |
| ) | Magistrate Judge Nolan |
| ) | |
| Defendants. ) | |

## MOTION TO DISQUALIFY COUNSEL

NOW COME Plaintiffs, by and through their attorneys Thurston Law Offices, P.C. and Law Offices of Joel M Weiner, LLC, and pursuant to LR 83.51.7 and 83.51.10 and Illinois Rules of Professional Conduct 1.7 and 1.10 respectfully moves this honorable Court to disqualify the law firm of Campion Curran Dunlop & Lamb, P.C. ("Campion Firm")[1] from its representation of Defendants Darcey Martin ("Martin"), Deana Guidi ("Guidi") and Tom Rodriguez ("Rodriguez") in this matter. In support of their Motion, Plaintiffs hereby state and allege as follows:

1. Russell W. Baker ("Baker") and Charles A. Dunlop ("Dunlop") of the Campion Firm entered their Appearances on behalf of Defendant Guidi on March 9, 2009. (Documents ##15 and 16.)

---

[1] The Campion firm has a history of ignoring conflicts of interest. In the case of *In Re the Estate of Joshua Sesko and Zachary Sesko*, Circuit Court for the 22nd Judicial Circuit of Illinois, McHenry County, Case No. 01-PR-178, the Campion firm had previously represented Diane Sesko as Guardian of the children's estates and as corporate counsel to the family business, Sesko, Inc., and then later represented Keith Sesko as adversary to Diane Sesko in both a divorce case and as petitioner for alleged violations in the same guardianship case. After motion to disqualify by undersigned counsel (representing Diane Sesko in the guardianship case), the Campion firm was disqualified as counsel for Keith Sesko. (A true and correct copy of the Order disqualifying the Campion firm in the referenced case is attached hereto as Exhibit A.)

2. Genevieve M. Lynott ("Lynott") of the Campion Firm entered her Appearance on behalf of Defendant Guidi on March 19, 2009. (Document #28.)

3. Baker, Dunlop and Lynott of the Campion Firm (collectively referred to as the "Campion attorneys") entered their Appearances on behalf of Defendant Martin on April 23, 2009. (Documents ##53, 54 and 57.)[2]

4. The Campion attorneys entered their Appearances on behalf of Defendant Rodriguez on April 23, 2009. (Documents ##52, 55 and 56.)

5. Guidi was General Counsel and an officer of the InvestForClosure ("IFC") entities and is alleged to have, in her role as an officer more than legal counsel, furthered the fraud committed by the IFC entities. (Second Amended Complaint, Document #58, ¶59.)

6. Rodriguez was the staff accountant for the IFC entities as well as a principal and/or officer and it is alleged that he was engaged in fraudulent activities on behalf of the IFC entities including concealing investors' money and making wire transfers to Mexico. (Second Amended Complaint, Document #58, ¶63.)

7. Martin is a former investor and/or member of the companies who began to act as agent on behalf of the IFC entities and helped perpetuate the fraud by false statements to investors. (Second Amended Complaint, Document #58, ¶62.)

8. The rules on conflict of interest are very clear:

> (a) A lawyer shall not represent a client if the representation of that client will be directly adverse to another client, unless: (1) the lawyer reasonably believes the representation will not adversely affect the

---

[2] Originally Martin entered her own Appearance *pro se* on April 13, 2009 (Document #51), but that was later withdrawn by the Campion attorneys at a hearing before Magistrate Judge Nolan on May 19, 2009. (Document #92.)

relationship with the other client; and (2) each client consents after disclosure.

(b) A lawyer shall not represent a client if the representation of that client may be materially limited by the lawyer's responsibilities to another client or to a third person, or by the lawyer's own interests, unless: (1) the lawyer reasonably believes the representation will not be adversely affected; and (2) the client consents after disclosure.

(c) When representation of multiple clients in a single matter is undertaken, the disclosure shall include explanation of the implications of the common representation and the advantages and risks involved.

LR 83.51.7.  *See also* Ill.RPC 1.7.

9.  The prohibition against representing a client or multiple clients due to a conflict of interest extends to the entire firm.  LR 83.51.10.  *See also* Ill.RPC 1.7.

10.  The conflict of interest between these parties arises as follows:

   a.  If Martin is proven not to have any knowledge of the fraud, which is disputed, as an investor she may have a cross-claim against defendants Guidi and/or Rodriguez, among others, for their wrongful acts;

   b.  Similarly, if Guidi is proven not to have any knowledge of the fraudulent scheme or participation therein and was only acting in capacity as legal counsel, which is disputed, she may have claims against defendants Martin and/or Rodriguez, among others, for their wrongful acts;

   c.  If Rodriguez is proven not to have any knowledge of the fraud and was only acting as an employee at the direction of Sanchez or other officers (including potentially Ms. Guidi) and didn't know why he was wire transferring hundreds of thousands of

        dollars to Mexico, which is disputed, he may have claims against Guidi and/or Martin, among others, for their wrongful acts; and

    d.    Even if any two of these defendants remain in the case, they may have claims for contribution based on their level of involvement or based on the causes of action for which they may be held liable.

11.    Indeed, the fact that none of these defendants have filed cross-claims against each other or against Sanchez or any other defendant is evidence that not only have the Campion attorneys failed to address the conflict of interest, they are working with other defendants in collusion against plaintiffs.

12.    The Campion attorneys profess the innocence of all of their clients. (*See e.g.* Martin's Motion to Dismiss for Lack of Personal Jurisdiction, Document #85, ¶¶21-22 and 30-31; Martin's Reply in Support of her Motion to Dismiss for Lack of Personal Jurisdiction, Document #123, p. 6 "Ms. Martin merely made an investment in an Illinois company after being *solicited by* the IFC entities. Her subsequent involvement was merely checking up on her investment and relaying the information she obtained *at the request of the investors*." emphasis in original; and Martin, Guidi and Rodriguez's Motion to Dismiss and Memorandum in Support, Documents ##87 and 87-2.)

13.    If Martin is simply an innocent Florida investor as the Campion attorneys repeatedly claim, it is axiomatic that she would be angry at the fraud perpetrated by Sanchez and the IFC entities and seek to obtain return of her investment from any potentially liable defendant, including Guidi and Rodriguez. Indeed, Martin, if represented by independent counsel, might even oppose the

-4-

Motion to Dismiss filed by Guidi and Rodriguez rather than join in it. Yet, Martin is represented by the same attorneys as Guidi and Rodriguez.

14. The claimed innocence, or even the proven innocence, of any one of these defendants does not absolve the Campion attorneys. "Any doubts as to the existence of an asserted conflict must be resolved in favor of disqualification." *LaSalle Nat. Bank v. County of Lake*, 703 F.2d 252, 257 (7th Cir. 1983), cited with approval in *U.S. v. Goot*, 894 F.2d 231, 235 (7th Cir. 1990).

15. The conflict of interest has existed since the filing of the original complaint in this case. (*See* Complaint, Document #1, ¶¶34, 37 and 38.)

16. Indeed, undersigned counsel pointed out the conflict of interest to the Campion attorneys on April 16, 2009 and demanded that they reject representation of Martin, because if Martin was proven innocent of the alleged fraud she would potentially fall within the proposed class and be represented by undersigned counsel if approved as class counsel. (A true and correct copy of the April 16, 2009 letter is attached hereto as Exhibit B.)

17. Unfortunately, the Campion attorneys chose to ignore this warning about the conflict of interest.

18. Upon information and belief, the Campion attorneys did not obtain waivers of the conflict from any of these defendants. Even if they did, it is not clear that the conflict may be waived and certainly has the potential to be unfairly prejudicial to other investors / potential members of the class in seeking relief.

19. While undersigned counsel realize that disqualification of counsel is a drastic measure, it appears that the Campion attorneys will not voluntarily resolve the conflict absent court order.

WHEREFORE, Plaintiffs respectfully request that this honorable Court grant their Motion to Disqualify Counsel and enter an Order disqualifying the law firm of Campion Curran Dunlop & Lamb, P.C. from its representation of Defendants Darcey Martin, Deana Guidi and Tom Rodriguez in this matter.

    Respectfully submitted,
    PLAINTIFFS

    By: __/s/ Robert C. Thurston____
    One of Their Attorneys

Thurston Law Offices, P.C.
Robert C. Thurston
A.R.D.C. No. 6209353
10469 Bethel Avenue
Huntley, IL 60142
Phone: 847-659-8613
Fax: 847-628-0930
Email: tj@thurstonlawpc.com

Law Offices of Joel M Weiner, LLC
Joel M. Weiner
579 N 1st Bank Drive Suite 150
Palatine, IL 60067-8102
Phone: 847-654-3105
Fax: 847-358-7165
Email: jweiner@jweinerlaw.com

**CIRCUIT COURT FOR THE 22ND JUDICIAL CIRCUIT**

STATE OF ILLINOIS } SS
COUNTY OF MCHENRY

**EXHIBIT A**

GEN. NO. 01-PR-178
☐ Jury ☐ Non-Jury

In Re Matter of Estate of Joshua Sesko and Zachary Sesko, Minors

FILED
McHenry County, Illinois
OCT 14 2008
VERNON W. KAYS, JR.
Clerk of the Circuit Court

Date: Thurston Lawoffs
Plaintiff's/Guardian Attorney: Campion Curran
Defendant's Attorney: Keith Sesko

10/14/08

**ORDER**

THIS MATTER coming before the Court upon Guardian's Motion to Disqualify Counsel, and the parties being represented by counsel, and hearing held before the Court on the motion, and the Court being duly and fully advised in the premises;

IT IS HEREBY ORDERED that the Motion to Disqualify Counsel is granted and the firm of Campion Curran Dunlop & Lamb, P.C. is hereby disqualified from representing Keith Sesko in this matter. Keith Sesko shall have 21 days to obtain new counsel. All other pending matters are entered and continued to November 5, 2008 at 9:00 a.m.

Prepared by: Robert C. Thurston
Attorney for: Guardian
Attorney Registration No.: 6209353

Judge: [signature]



**Thurston Law Offices, P.C.**
10469 Bethel Avenue
Huntley, IL 60142
www.thurstonlawpc.com

Phone: 847.659.8613
Fax: 847.628.0930
Cell: 630-853-3744

Robert C. ("T.J.") Thurston
Attorney-at-Law
Email: tj@thurstonlawpc.com



April 16, 2009

**VIA EMAIL ONLY**
Russell W. Baker
Genevieve M. Lynott
Campion Curran Dunlop & Lamb, PC
8600 US Hwy 14, Suite 201
Crystal Lake, IL 60012

      **RE:**    **Schaufenbuel, et al. v. InvestForClosures, et al.**
             **U.S.D.C. N.D.IL. Case No. 09-cv-1221**

Dear Russell:

I am in receipt of yours dated April 16, 2009 regarding your office's representation of Darcey L. Martin. Your office already represents and has appeared on behalf of Defendant Deana Guidi.

I am demanding that your office reject its representation of Darcey L. Martin because of a direct conflict of interest (See IL RPC 1.7(a)). Ms. Martin is an investor in IFC / ROI, whereas Ms. Guidi was an officer of the company and not an investor. Thus, Ms. Martin may have a claim against Ms. Guidi as an active participant in the frauds committed by the other defendants. I don't believe this conflict is waivable, even given full disclosure.

I look forward to your confirmation that your office will no longer be representing Ms. Martin. Thank you.

Very truly yours,

*/s/ Robert C. Thurston*

Robert C. ("T.J.") Thurston

cc:    Joel Weiner
         Robert Christie