UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BRADLEY J. SCHAUFENBUEL, *et. al.*, <br><br> Plaintiffs, <br><br> v. <br><br> INVESTFORCLOSURES FINANCIAL, L.L.C., *et. al.*, <br><br> Defendants. | Case No. 09 cv 1221 |

**REPLY TO MOTION TO DISMISS**

InvestForClosures Financial, LLC, InvestForClosures.com LLC, InvestForClosures Ventures, LLC, and Francis Sanchez (collectively, the "**Movants**"), through their attorney and as their reply in support of their Motion to Dismiss, state as follows:

In their Response, the Plaintiffs make a number of conclusory allegations that they fully complied with Fed. R. Civ. Proc. Rules 8(a) and 9(b).[1] In making those allegations, the Plaintiffs, in most cases, merely recite parts of the latest version of the Complaint.[2] What is sorely lacking in Plaintiffs response, and what appears to be an intentional admission, is any response to 1) the "plausibility" pleading requirements imposed by the Supreme Court in *Bell Atlantic Corp. v. Towmbly*, 550 U.S. 544, 555-56 (2007), to meet Rule 8(a) requirements, 2) the rejection by the courts of this district to the "lumping" of defendants and the Seventh Circuit's rejection of the "group pleading doctrine," as explained in *McKee v. Pope Ballard*

---

[1] Plaintiffs' Response to Movant's Motion to Dismiss incorporated by reference Plaintiffs response to a motion to dismiss filed by defendants Martin, Guidi, and Rodriguez.

[2] The operative Complaint, the "Second Amended Complaint," is the third complaint filed in this matter by the Plaintiffs.

*Shepard & Fowle, Ltd.*, 604 F. Supp. 927, 931 (N.D.Ill. 1985) and *Pugh v. Tribune Co.*, 521 F.3d 686, 693-94 (7th Cir. 2008), respectively, and 3) the heighten pleading requirements imposed by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4 *et seq.*[3] Instead, Plaintiff stand fast on their course of action providing labels, conclusions, and a formulaic recitation of the element of their causes of action – all of which were expressly rejected by the Supreme Court in *Twombly*. (*See* Mot. at 5).

Other courts have been faced with the same situation this Court now faces – a long-winded, even prolix, complaint that fails to allege allegations with particularity. *See Wenger v. Lumisys, Inc.*, 2 F. Supp. 2d 1231 (N.D. Cal. 1998)(citing to *Williams v. WMX Technologies, Inc.*, 112 F.3d 175, 178 (5th Cir.), wherein the *Williams* court explained that a "complaint can be long-winded, even prolix, without pleading with particularity. Indeed, such a garrulous style is not an uncommon mask for an absence of detail"). In fact, the *Wenger* court, in its frustration with the trend by plaintiffs' pleadings in securities class actions, explained that in "the context of securities class actions complaints, courts have repeatedly lamented plaintiffs' counsels' tendency to place 'the burden [] on the reader to sort out the statements and match them with the corresponding adverse facts to solve the 'puzzle' of interpreting Plaintiffs' claims.'" (Citations omitted) In the instant case, Plaintiffs allege that the facts are there – somewhere, the reader merely has to solve the jigsaw puzzle. However, Plaintiffs' pleading style merely masks their inability to plead with particularly, as required by Rule 9(a) and to meet the heighten pleading requirements imposed by the PSLRA.

Because the Plaintiffs have failed to address, either directly or indirectly this Circuits'

---

[3] Although Plaintiffs cite to the PSLRA (Resp. at 13), they merely cite to the PSLRA for the invalid proposition that the PSLRA merely imposes the pleading requirements of Fed. R. Civ. Proc. Rule 9(a) in causes of action for securities violation. Although a plaintiff pleading causes of action for securities violations must adhere to the pleading requirements of Rule 9(a), the PSLRA requires much more, as more fully developed in Movant's Motion to Dismiss.

rejection of the 'group pleading doctrine" and the general rejection by the court in rejecting pleadings in which multiple defendants are "lumped together," as explained by the courts in *McKee v. Pope Ballard Shepard & Fowle*, Ltd., 604 F. Supp. 927, 931 (N.D.Ill. 1985), no reply is needed. Couple Plaintiffs' failure to address the latter issue with their complete disregard for the pleading standards imposed by the PSLRA, it is understandable that Plaintiffs have not "got it right," despite twice amending their complaint. Based on the Plaintiffs' current stance, it does not appear that they will be able to bring any complaint in compliance with the applicable rules and statutes.

WHEREFORE, defendants InvestForClosures Financial, LLC, InvestForClosures.com LLC, InvestForClosures Ventures, LLC, and Francis Sanchez respectfully request the entry of an order of dismissal against the Plaintiffs and such further or alternative relief as the Court deems appropriate under the circumstances.

Respectfully submitted,

INVESTFORCLOSURES FINANCIAL, L.L.C.,
INVESTFORCLOSURES.COM LLC,
INVESTFORCLOSURES VENTURES, LLC, and
FRANCIS SANCHEZ

By: __/s/  Robert B. Christie__
One of Their Attorneys
Robert B. Christie, ARDC #6229020
HENDERSON & LYMAN
175 West Jackson, Suite 240
Chicago, Illinois 60604
Voice: 312-986-6960
Facsimile: 312-986-6961

## CERTIFICATE OF SERVICE

      I, an attorney of record, hereby certify that on August 7, 2009, I electronically filed the forgoing motion through the Court's Electronic Cases Filing System, and that pursuant to Local Rule 5.9, such filing constitutes service on all Filing Users that have appeared in the above captioned proceeding.

                                                                                             /s/ Robert B. Christie