IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF
ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| BRADLEY J. SCHAUFENBUEL; ROBERT N. SCHAUFENBUEL; JOHN AND SARAH REED, IV; JOHN AND JAN REED, III; AMERICAN MASS MEDIA CORPORATION; ROBERTA K. CLARK; on behalf of Themselves and All Others Similarly Situated<br><br>           Plaintiffs,<br><br>v.<br><br>INVESTFORCLOSURES FINANCIAL, L.L.C ROI DEVELOPERS; INVESTFORCLOSURES; INVESTFORCLOSURES.COM, LLC; INVESTFORCLOSURES VENTURES; LLC SANDS OF GOLD ESCROW; SANDS OF GOLD; ROI FINANCIAL; REALTY OPPORTUNITIES INTERNATIONAL ESCROW 23; ROI ESCROW; REALTY OPPORTUNITIES INTERNATIONAL S. de R.L. de C.V; REALTY OPPORTUNITIES INTERNATIONAL; ROI MEXICO; SANDS OF GOLD ESTATES; FRANCIS X. SANCHEZ aka FRANK SANCHEZ; JAMES D. BOURASSA aka JIM BOURASSA; SCOTT D. WESSEL; DEANA M. GUIDI; DANIEL E. FITZGERALD aka DAN FITZGERALD; SCOTT R. SLAGLE; DARCEY L. MARTIN; TOM RODRIGUEZ; and JOHN DOES 1-30.<br><br>           Defendants. | Case No. 09-cv-1221<br>The Honorable Judge Leinenweber |

**DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE**

NOW COMES Defendants DARCEY MARTIN, DEANA GUIDI, and TOM RODRIGUEZ (collectively "Certain Defendants"), and submit this Response in Opposition to Plaintiffs' Motion to Strike, and in support thereof state as follows:

**Introduction**

On May 20, 2009, Certain Defendants filed their 12(b)(6) Motion to Dismiss Plaintiffs'

Second Amended Complaint ("Plaintiffs' Complaint"). The basis for Certain Defendants' Motion to Dismiss is that Plaintiffs' Complaint is completely devoid of any allegations of individual wrongdoing by them and improperly relies on group and conclusory pleading. In the late evening on July 17, 2009, after the deadline for filing a Response, Plaintiffs filed their Response. On August 5, 2009, Certain Defendants filed their Reply. In addition to correcting certain misstatements of law by Plaintiffs, the Reply cites to the policy of Rules 8 and 9(b) to further demonstrate why Plaintiffs' Complaint should be dismissed. On August 6, 2009, Plaintiffs filed their motion to strike portions of Plaintiffs' Reply.

## Argument

Certain Defendants' Reply brief identifies the following policy concerns to this Court:

> To date, despite the fact that there are **no allegations** identifying any individual wrongdoing by Ms. Martin, Ms. Guidi, or Mr. Rodriguez (or any of the other individual Defendants), the Plaintiffs, through their counsel, have already taken up a deleterious amount of time and monies from these Certain Defendants in defending this action. *Without any knowledge of any specific wrongdoing by Ms. Martin, Ms. Guidi, or Mr. Rodriguez, Plaintiffs' counsel has named them in this action to conduct a fishing expedition against them and further overwhelm and pressure a settlement payment. Indeed, Plaintiffs' counsel has even stated that rather than asserting a defense in this lawsuit, Ms. Martin "should have come to [him] to discuss letting her out of the case."* Upon information and belief, Plaintiffs' plan has already succeeded in procuring settlement from at least (1) of the individual Defendants, Scott Wessel. Equity, justice and the plain language of Federal Rules demand that Plaintiffs be stopped from imposing further injury to Ms. Martin, Ms. Guidi, and Mr. Rodriguez until they can identify some sort of wrongdoing committed by them.

*See* Certain Defendants' Reply at p. 9 *(Emphasis added)*

Plaintiffs' motion to strike seeks to strike the italicized portions of this policy argument (the "disputed paragraph") by contending that: (1) the paragraph is irrelevant and immaterial; (2)

Plaintiffs' counsel did not make the statement quoted therein; (3) the paragraph unjustly prejudices Defendants in the Motion to Dismiss; and (4) the paragraph contains inadmissible settlement discussions. Plaintiffs' motion to strike is simply disingenuous. In fact, the disputed paragraph is (1) highly relevant to the policy behind Rules 8 and 9(b); (2) provides a direct and accurate quote of Plaintiffs' counsel; (3) does not prejudice Plaintiffs, but addresses the current injustice to Defendants; and (4) does not contain inadmissible settlement discussions.

**I.     The Disputed Paragraph Is Highly Relevant To Policy Concerns of Rules 8 and 9(b).**

Despite Plaintiffs' contention otherwise, it is highly relevant whether a plaintiffs securities law complaint is intended to, or will have the effect of, conducting fishing expeditions and/or pressuring settlements. The United States Supreme Court and the Seventh Circuit have made it clear that the policy behind Rules 8 and 9(b) not only makes such inquiry appropriate but requires that such complaints be dismissed.

As cited in Certain Defendants' Reply: "The purpose of Rule 8(a) is to prevent largely groundless claims from "tak[ing] up the time of a number of other people, with the right to do so representing an *in terrorem* increment of the settlement value." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 55-556 (2007). Rule 9(b) further serves to minimize strike suit and fishing expeditions in suits involving fraud. Vicom, Inc. v. Harbridge Merchant Services, Inc., 20 F.3d 771, 776 (7th Cir. 1994)." Rule 9(b) serves three purposes: (1) protecting a defendant's reputation from harm; (2) minimizing strike suits and fishing expeditions; and (3) providing notice of the claim to the adverse party. Vicom, Inc. v. Harbridge Merchant Services, Inc., 20 F.3d 771, 776 (7th Cir. 1994). Indeed, the policy furthered by the disputed paragraph is at the center of the Certain Defendants' Motion to Dismiss and should be considered by this Court.

3

## II. Plaintiffs' Counsel Did Make The Quoted Statement.

Plaintiffs' motion to strike further claims that the disputed paragraph should be stricken because "[t]he alleged statement was never made by [Plaintiffs' counsel] - in pleadings, in conversations with counsel or parties or witnesses, or otherwise." (*See* Plaintiffs' Motion to Strike, at ¶6). Plaintiffs' claim is patently false. In fact, on June 3, 2009, **Plaintiffs' counsel did make the quoted statement in writing on three (3) separate occasions.**[1] Plaintiffs statement to the contrary in a signed pleading to this Court is, at best, a gross oversight and, at worst, a deliberate misrepresentation to this Court.[2] In either case, Mr. Thurston's statement, and subsequent attempt to retract it, is telling as to the Plaintiffs' motives in naming the Certain Defendants in this lawsuit.

## III. The Disputed Paragraph Addresses The Current Injustice To The Defendants and Does Not Unjustly Prejudice The Plaintiffs.

Plaintiffs' motion asserts that the allegations in the disputed paragraph are unsupported and that, as a result, they will be prejudiced by its inclusion in the Reply. Plaintiffs' assertion, however, is without merit. As Plaintiffs' counsel is fully aware, the facts described in the disputed paragraph are well supported. The attached affidavits of SCOTT D. WESSEL clearly evidence the truth of the matter asserted in the disputed paragarph. Indeed, the attached affidavits show that Plaintiffs' counsel is, in fact, conducting a fishing expedition against the

---

[1] In order to prevent unnecessary embarrassment to Plaintiffs' counsel, Defendants have not attached these letters as Exhibits but will instead provide the Court with redacted copies of these letters at the August 12, 2009 court appearance for the Court's in camera review.

[2] On August 7, 2009, Defendants' counsel sent Plaintiffs' counsel a letter notifying him that paragraph 6 of Plaintiffs' Motion to Strike was inaccurate and in violation of Federal Rule of Civil Procedure 11 and Illinois Rule of Professional Conduct 8.4, and requested that the statement be withdrawn. To date, Plaintiffs' counsel has not responded.

4

Certain Defendants and attempting to pressure a settlement from the individual defendants. (*See* Affidavit of SCOTT D. WESSEL attached hereto as Exhibits "A")[3].

The affidavits further make clear that Plaintiffs are pursuing this action without any knowledge of any individual wrongdoing by the Certain Defendants. In fact, Plaintiffs' investigation of this matter has served only to remove any reasonable and good faith belief that the Certain Defendants are culpable of any wrongdoing. When asked by Plaintiffs counsel as to the Certain Defendants' involvement and liability in this action, both Mr. Wessel and Mr. Slagle informed Plaintiffs' counsel that the Certain Defendants were not involved in, or aware of, any wrongdoing. (*See* Exhibits "D"). Nevertheless, despite this information and the Supreme Court's and Seventh Circuit's clear prohibition against such conduct, Plaintiffs have continued to utilize this action as a fishing expedition and as a tool to represent an *in terrorem* increment of the settlement value. Vicom, Inc. v. Harbridge Merchant Services, Inc., 20 F.3d 771, 776 (7th Cir. 1994); and Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 55-556 (2007).

## IV. The Disputed Paragraph Is Unrelated To Any Settlement Discussions.

Finally, Plaintiffs claim that the disputed paragraph should be struck as part of inadmissible settlement discussions. Because these letters were not addressed to Defendants or their counsel and have nothing to do with settlement of the case, they cannot be considered inadmissible settlement material. Plaintiffs' claim is further rebutted by Plaintiffs' counsel's own statement that Ms. Martin "*should* have come to [him] to discuss letting her out of the lawsuit." Although Plaintiffs' counsel apparently feels that the Certain Defendants *should* have

---

[3] The same facts addressed in Mr. Wessel's affidavit have been further confirmed by individual Defendant Scott Slagle who was also contacted by Plaintiffs' counsel regarding be settlement for this case. Mr. Slagle has further indicated that he is willing to provide an affidavit on this issue

5

# (continued)

come to him (instead of retaining counsel to investigate any defenses), the statement makes clear that the Certain Defendants, in fact, did not go to him to discuss any settlement. Instead, the Certain Defendants retained counsel to investigate the allegations against them and discovered groundless nature of Plaintiffs' Complaint.

## Conclusion

The United States Supreme Court and the Seventh Circuit have made it clear that Plaintiffs must have specific knowledge of individual wrongdoing by Defendants named in a securities action lawsuit and that a complaint may not be used as a vehicle to conduct fishing expeditions or increase the settlement value. Vicom, Inc. v. Harbridge Merchant Services, Inc., 20 F.3d 771, 776 (7th Cir. 1994); and Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 55-556 (2007). Indeed, this is why Federal Rule of Civil Procedure requires that such securities and fraud based complaints be pled with *particularity*. Fed. R. Civ. P. 9(b). Congress further attempted to stifle such fishing expeditions by enacting the Private Securities Litigation Reform Act which requires that plaintiffs specify each statement alleged to have been misleading and the facts giving rise to scienter for each individual defendant. 15 U.S.C. §78u-4(b). This policy, described in the Certain Defendants' Reply, is highly relevant to the issues and the facts in the Certain Defendants' Motion to Dismiss, and should be considered by this Court.

WHEREFORE, Defendants, DARCEY MARTIN, DEANA GUIDI, and TOM RODRIGUEZ, respectfully request that this Court Deny Plaintiffs' Motion to Strike, award costs and attorneys' fees in defending the motion, and grant any other relief this Court deems just and equitable.

Submitted by:

/s/ Charles A. Dunlop
On behalf of Defendant Darcey Martin,
Deana Guidi and Tom Rodriguez

For Defendants:
Charles A. Dunlop ARDC #6180628
Russell W. Baker  ARDC #6287995
Genevieve Lynott  ARDC #6275407
CAMPION, CURRAN, DUNLOP & LAMB, P.C.
8600 U.S. Highway 14, Suite 201
Crystal Lake, IL 60012-2759
(815) 459-8440
Fax (815) 455-8134