UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BRADLEY J. SCHAUFENBUEL, *et. al.*, <br><br> Plaintiffs, <br><br> v. <br><br> INVESTFORCLOSURES FINANCIAL, L.L.C., *et. al.*, <br><br> Defendants. | Case No. 09 cv 1221 |

**MOTION FOR CLARIFICATION OF
TEMPORARY RESTRAINING ORDER DATED AUGUST 5, 2009**

Frank Sanchez, InvestForClosures Financial, LLC, InvestForClosures Ventures, LLC, and InvestForClosures.com LLC (collectively, the "Enjoined Defendants"), through their attorneys, seek a clarification of the Court's Temporary Restraining Order dated August 5, 2009 (the "TRO"), and in support thereof state as follows:

*Procedural Status*

1. On February 25, 2009, Plaintiffs filed a multi-count Complaint against the Enjoined Defendants and a number of other defendants alleging fraud and violation of the securities laws. Plaintiffs amended their Complaint on March 17, 2009 and again on April 27, 2009, adding additional causes of actions, additional defendants, and additional plaintiffs. None of the complaints was verified and none of the complaints was supported by exhibits verifying the allegations contained in the complaints.

2. In early March 2009, the Plaintiffs filed a motion for a temporary restraining order, which was later withdrawn upon the presentation of a Standstill Agreement to the Court

that was entered into by the Plaintiffs, Enjoined Defendants, James Bourassa, and Realty Opportunities International S. de R.L. de C.V. The subject of the Standstill Agreement was limited in scope to 23.33 acres of property located in the republic of Mexico.

3. On April 28, 2009, the Plaintiffs filed an amended motion for preliminary injunction, followed a month later by the filing of a second amended motion for preliminary injunction. None of Plaintiffs' motions for preliminary injunction, or any supporting documents, was supported by affidavits.

4. By July 29, 2009, Plaintiffs' operative motion for temporary restraining order was fully briefed. On August 5, 2009, this Court entered its TRO.

*Clarification*

5. Notwithstanding the fact that the TRO was entered without the benefit of any verification or affidavits on behalf of the Plaintiffs, there was no guidance in the Court's TRO as to the basis for its entry. Pursuant to Rule 65(d)(1), Fed. R. Civ. Proc. 65(d)(1), "[e]very order granting an injunction and every restraining order must: (A) state the reasons why it issued." A companion rule, Rule 52(a)(2), provides that "[i] granting or refusing an interlocutory injunction, the court must similarly state the findings and conclusions that support its action." As explained by the court in *Chemlawn Services Corp. v. GNC Pumps, Inc.*, 823 F.2d 515, 517 (Fed. Cir. 1987), full and fair compliance with Rule 52(a) and Rule 65(d)(1) is required and "of the highest importance" for a proper review of a court's actions in granting an injunction. Furthermore, such a deficiency provides ample grounds for vacating an injunction, and raises an issue whether the order is even valid. Thus, the clarification the Enjoined Defendants request is whether the Court considers the TRO to be retroactively effective, notwithstanding its deficiency.

6. In addition to the foregoing requirement, the Federal Rules of Civil Procedure

provide, in part, that a "court may issue a . . . temporary restraining order *only* if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." Fed. R. Civ. Proc. 65(c) (emphasis added). In the instant case, the Court failed to require Plaintiffs to post a bond, notwithstanding the fact that Plaintiffs never requested the Court to enter the TRO without a bond – and the Enjoined Defendants never waived their rights to such a bond.

7. It has been well established that only in extraordinary circumstances should a restraining order be entered without a bond, and this is not a case that presents such extraordinary circumstances and Plaintiffs have not alleged any such circumstances, because they never requested the TRO to be entered without a bond. *See Reinders Bros., Inc. v. Rain Bird Eastern Sales Corp.*, 627 F.2d 44, 54 (N.D. Ill. 1980)(explaining that only in extraordinary circumstances, e.g. when a movant is indigent, may a bond be waived by a court).

8. With all due respects, the Enjoined Defendants request clarification from the Court whether the TRO is to be retroactively enforced without the prerequisite bond, and if not, when such bond will be ordered by the Court. This issue is especially important because defendant Sanchez continues to incur potential damages against the Plaintiffs and their attorneys should he prevail in this action, because he has been foreclosed from supporting himself and his teenage son as a result of the issuance of the TRO that freezes all of his assets.

WHEREFORE, Frank Sanchez, InvestForClosures Financial, LLC, InvestForClosures Ventures, LLC, and InvestForClosures.com LLC, respectfully request the entry of an order clarifying the foregoing issues.

Respectfully submitted,

3

          FRANK SANCHEZ,
          INVESTFORCLOSURES FINANCIAL, LLC,
          INVESTFORCLOSURES VENTURES, LLC,
          INVESTFORCLOSURES.COM, LLC.


       By: /s/ Robert B. Christie
          One of Their Attorneys

Jeffry M. Henderson (ARDC No. 6189553)
Robert B. Christie (ARDC No. 6229020)
HENDERSON & LYMAN
175 West Jackson, Suite 240
Chicago, Illinois 60604
312-986-6960
jhenderson@henderson-lyman.com
rchristie@henderson-lyman.com