IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF
ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| BRADLEY J. SCHAUFENBUEL; ROBERT N.<br>SCHAUFENBUEL; JOHN AND SARAH REED,<br>IV; JOHN AND JAN REED, III; AMERICAN<br>MASS MEDIA CORPORATION; ROBERTA K.<br>CLARK; on behalf of Themselves and All Others<br>Similarly Situated<br><br>        Plaintiffs,<br><br>      v.<br><br>INVESTFORCLOSURES FINANCIAL, L.L.C<br>ROI DEVELOPERS; INVESTFORCLOSURES;<br>INVESTFORCLOSURES.COM, LLC;<br>INVESTFORCLOSURES VENTURES; LLC<br>SANDS OF GOLD ESCROW; SANDS OF GOLD;<br>ROI FINANCIAL; REALTY OPPORTUNITIES<br>INTERNATIONAL ESCROW 23; ROI ESCROW;<br>REALTY OPPORTUNITIES INTERNATIONAL<br>S. de R.L. de C.V; REALTY OPPORTUNITIES<br>INTERNATIONAL; ROI MEXICO; SANDS OF<br>GOLD ESTATES; FRANCIS X. SANCHEZ<br>aka FRANK SANCHEZ; JAMES D. BOURASSA<br>aka JIM BOURASSA; SCOTT D. WESSEL;<br>DEANA M. GUIDI; DANIEL E. FITZGERALD<br>aka DAN FITZGERALD; SCOTT R. SLAGLE;<br>DARCEY L. MARTIN; TOM RODRIGUEZ; and<br>JOHN DOES 1-30.<br><br>        Defendants. | Case No. 09-cv-1221<br>The Honorable Judge Leinenweber |

**MOTION FOR CLARIFICATION**

NOW COME Defendants, DARCEY L. MARTIN, DEANA M. GUIDI, and TOM

RODRIGUEZ ("Movants" or "Certain Defendants"), by and through their attorneys, CAMPION,

CURRAN, DUNLOP & LAMB, P.C., and move this Court for Clarification of its July 23, 2007

Order lifting the automatic stay imposed by the Private Securities Litigation Reform Act of 1995, and in support thereof states as follows:

## PROCEDURAL BACKGROUND

1.      Plaintiffs filed their Complaint in this matter on February 25, 2009.  The Complaint includes counts for alleged violations of federal securities laws (Counts I and II) and other fraud based claims arising out of the alleged sale of securities.

2.      On February 27, 2009, Plaintiffs filed their First Motion for Preliminary Injunction to freeze certain property in Mexico held by some of the Defendants.

3.      Despite the fact that the assets Plaintiffs sought to freeze was alleged to be in the sole possession of Defendants FRANK SANCHEZ, JAMES BOURASSA, and the various IFC corporate and limited liability entities captioned above (the "IFC Defendants"), Plaintiffs First motion for preliminary injunction was directed against all of the Defendants.

4.      On April 27, 2009, Plaintiffs filed a Second Motion for Preliminary Injunction. Apparently realizing their previous mistake, Plaintiffs removed the Certain Defendants as named parties to their Motion for Preliminary Injunction.

5.      On April 27, 2009, Plaintiffs filed a Second Amended Complaint.  On or about the same day, this Court granted Defendants until May 27, 2009 to answer or otherwise respond to Plaintiffs' Second Amended Complaint.

6.      Since it then appeared that Plaintiffs had settled on a Complaint, on May 20, 2009, Defendants DEANA M. GUIDI, DARCEY L. MARTIN, and TOM RODRIGUEZ ("Certain Defendants") filed their motion to dismiss the Second Amended Complaint because it lacks any factual allegations against the Certain Defendants individually to satisfy Rule 9(b), and

also fails to meet the less exacting Rule 8(a) standard by wrongfully group pleading its claims against all Defendants.

7.     On May 27, 2009, the IFC Defendants filed their motion to dismiss the Second Amended Complaint. The IFC Defendants' motion to dismiss, similarly, points out Plaintiffs failure to satisfy the pleading standards of both Rule 9(b) and 8(a). The IFC Defendants' motion to dismiss also identified the Private Securities Litigation Reform Act of 1995 ("PSLRA") which imposes an automatic stay on all discovery upon the filing of a motion to dismiss.

8.     On June 2, 2009, at the request of Plaintiffs' counsel, this Court granted Plaintiffs forty-five (45) days to respond and set ruling on the motions to dismiss for September 10, 2009.

9.     On July 15, 2009, Plaintiffs brought a Motion for Relief from Stay of Discovery or, Alternatively, for Expedited Ruling on Motions to Dismiss ("Motion for Relief from Stay").

10.     On July 23, 2009, without oral arguments from the parties, this Court granted Plaintiffs' Motion for Relief from Stay and lifted the discovery stay for purposes of the preliminary injunction.

11.     Since July 23, 2009, Plaintiffs have insisted that the Court's July 23, 2009 Order allows them to proceed with written discovery and depositions against the Certain Defendants who are neither parties to the preliminary injunction nor knowledgeable about the current whereabouts of the assets sought to be frozen by the preliminary injunction. Defendants, on the other hand, interpret this Court's July 23, 2009 Order to limit discovery to those parties involved in the preliminary injunction proceedings.

12.     The Court's present minute order does not provide explanation from which the parties can resolve their disagreement without Court assistance. Therefore, the Certain

3

Defendants bring this motion to clarify the scope of this Court's July 23, 2009 Order.

## CLARIFICATION

### I.     The PSLRA Requirements for an Order Lifting an Automatic Stay.

13.     The PSLRA states in pertinent part that "[i]n any private action arising under this chapter, all discovery and other proceedings shall be stayed during the pendency of motion to dismiss, unless the court finds upon the motion of any party that **particularized** discovery is **necessary** to preserve evidence or to prevent undue prejudice to that party" 15 U.S.C. 78u-4(b)(3)(B) (**Emphasis added**).

14.     The PSLRA serves two important purposes: (1) to prevent the imposition of any unreasonable burden on a defendant before disposition of a motion to dismiss the complaint; and (2) to avoid the situation in which a plaintiff sues without possessing the requisite information to satisfy the Reform Act's heightened pleading requirements, then uses discovery to acquire that information and resuscitate an otherwise dismissible complaint. *In re Comdisco Securities Litig.*,166 F. Supp. 2d 1260, 1263 (N.D. Ill. 2004).

15.     "The goal of the PSLRA's discovery stay is to prevent the unnecessary imposition of discovery costs in both money and time on defendants in securities fraud cases, given that such costs often coerce settlements by innocent parties." *In re Spiegel, Inc. Litig* 382 F.Supp. 2d 989, 1038-1039 (N.D. Ill. 2004) *quoting Singer v. Nicor, Inc.*, No. 2 C 5168, 2003 WL 22013905 at *2 (N.D. Ill. Apr. 23, 2003). The statutory stay is in place to protect defendants and "prevent abusive, expensive discovery in frivolous lawsuits by postponing discovery until after the Court has sustained the legal sufficiency of the complaint." *In re Saloman Analyst Litig.*, 373 F. Supp. 252, 254 (SD NY 2006). Indeed, it is the policy of the PSLRA to deny discovery and the expense

4

and burden it imposes on defendants "until a complaint has been authoritatively sustained by the court." *Id* at 256.

16.     Under the PSLRA, the plaintiffs must demonstrate that the requested discovery is particularized and necessary to preserve evidence or prevent undue prejudice and must show that they will suffer undue prejudice if the specific discovery is not granted. *In re Cree, Inc. Sec. Litig.* 220 FRD 443, 447 (MD NC 2004); *Faulkner v. Verizon Communs., Inc.*, 156 F.Supp.2d 384, 404-405 (S.D.N.Y. 2001); *In re Northwestern Corp. Sec. Litig.,* 329 F. Supp. 2d 1105, 1112 (DC SD 2004).

17.     The PSLRA further requires that each particularized discovery request is necessary to preserve evidence or to prevent undue prejudice. *In re Countrywide Fin. Corp. Derivative Litig.*, 542 F.Supp. 2d 1160, 1181 (CD Cal 2008). A plaintiffs duty under the PSLRA includes the duty to show that particular documents exist and are required. *In re CFS-Related Secs. Fraud Litig.*, 179 F. Supp. 2d 1260, 1264-1265 (ND Okla 2001).

18.     Broad discovery requests and those encompassing "all documents" cannot fit within the "particularized discovery" statutory exceptions to the stay. *Faulkner supra* at 384, 404-405; *In re Tyco Int'l, Ltd. Sec. Litig.,* 2000 DNH 268 (D.N.H. 2000).

## II.     The Certain Defendants Should Not Be Part of the Order Lifting the Stay for Preliminary Injunction Discovery.

19.     The PSLRA is clear that once a motion to dismiss is filed discovery may only proceed where the plaintiffs show that particularized and specific discovery is necessary to either preserve evidence or avoid undue prejudice. 15 U.S.C. 78u-4(b)(3)(B). Plaintiffs' heightened burden is required to protect defendants from fishing expeditions and undue costs in discovery.

*In re Spiegel, Inc. Litig* 382 F.Supp. 2d 989, 1038-1039 (N.D. Ill. 2004).

20.     In this case, **<u>Plaintiffs do not have a valid complaint on file</u>**.  In fact, Plaintiffs'

current complaint is completely devoid of any factual allegations to support their claims against

the Certain Defendants and is woefully inadequate under both Rules 8 and 9(b).  Thus, the

Certain Defendants filed their motion to dismiss on May 20, 2009.

21.     Plaintiffs' discovery against the Certain Defendants should not be part of the relief

from stay because: (1) Plaintiffs have not shown that any particularized discovery against the

Certain Defendants is necessary to preserve evidence or avoid undue prejudice; (2) the discovery

sought by Plaintiffs from the Certain Defendants does not fit within the "particularized

discovery" exception; and (3) the burden and prejudice to the Certain Defendants greatly

outweighs the minimal benefit to Plaintiffs in the discovery sought.

**A.      Plaintiffs have not shown that any particularized discovery from the Certain Defendants is necessary to either preserve evidence or avoid undue prejudice.**

22.     In moving this Court for relief from the PSLRA stay, Plaintiffs asserted that

lifting the stay was necessary to prevent delay to hearing and ruling on Plaintiffs' motion for a

preliminary injunction.

23.     Although Plaintiffs will clearly require discovery from the IFC Defendants in

order to justify the injunctive relief sought, Plaintiff have not made any showing that the

discovery sought from the Certain Defendants (who are not parties to or involved in the

injunction proceedings) is in any way necessary to the preliminary injunction proceedings.

24.     There is no reason to believe that the Certain Defendants - who were merely

employees of the IFC Entities - would be in possession of any documents or could testify to any

6

facts which would not equally be within the possession and knowledge of the IFC Entities and their principals themselves. Nor have Plaintiffs provided any evidence to support such a belief.

25. Indeed, Plaintiffs' current claim that the Certain Defendants may have certain unique information or documents is purely speculative and the discovery sought from the Certain Defendants is, in fact, duplicative and unnecessary.

26. Plaintiffs can fully proceed with their motion for preliminary injunction without imposing the burden and cost on the Certain Defendants and Plaintiffs will not be prejudiced in any way by waiting until after ruling on the motions to dismiss to pursue discovery against these Certain Defendants.

**B.    The discovery sought by Plaintiffs from the Certain Defendants does within the "particularized discovery" exception**

27. The PSLRA also prohibits broad discovery requests. Broadly constructed requests and those encompassing "all documents" cannot fit within the "particularized discovery" exception to the stay. *Faulkner v. Verizon Communs., Inc.* 156 F. Supp. 2d 384 (SD NY 2001).

28. In this case, the discovery sought by Plaintiffs from the Certain Defendants is extraordinarily broad and cannot fit within the "particularized discovery" exception. (*See* Plaintiffs' Requests to Produce directed toward Darcey Martin ("Martin RTPs"), attached hereto as Exhibit "A"). For example, Plaintiffs Request to Produce No. 2 requests "[a]ll correspondence, including without limitation all e-mails exchanged between you and any investor in any of the [IFC Entities]." Such a request is clearly not particularized to provide information necessary to the preliminary injunction. Nor is it narrowly constructed to identify information which is not likely also in the IFC Defendants possession.

7

29.     Plaintiffs' remaining Requests to Produce and Plaintiffs' Interrogatories are equally broad as they similarly seek "all documents" and encompass any documents which are even remotely related to the general issues in this lawsuit.

30.     Plaintiffs' Requests to Produce and Interrogatories are also nearly identical to those served upon the IFC Defendants, thereby making them duplicative and unnecessary to the preliminary injunction proceedings. (*See* Martin RTP, at Exhibit "A", and Plaintiffs' Requests to Produce and Interrogatories directed toward Tom Rodriguez, attached hereto as Exhibit "B") (*see also* Plaintiffs Requests to Produce to the IFC Defendants, attached hereto as Exhibit "C").

31.     Even more problematic than the written discovery sought, is Plaintiffs' request for the depositions of the Certain Defendants.  Without any evidence or indication as to how their testimony is necessary to prosecute their preliminary injunction, Plaintiffs are demanding that these defendants incur the substantial costs of travel and attorneys fees in submitting to what will almost certainly be duplicative evidence.[1]

32.     Plaintiffs' failure to present "particularized" discovery requests to the Certain Defendants and to show necessity for the discovery is fatal to their requests under the PSLRA.

**C.      The burden and prejudice to the Certain Defendants greatly outweighs the minimal benefit to Plaintiffs in the discovery sought.**

33.     The PSLRA serves two important goals:(1) to prevent the imposition of any unreasonable burden on a defendant; and (2) to prevent plaintiff from using discovery to acquire information needed to resuscitate an otherwise dismissible complaint. *In re Comdisco Securities Litig.*,166 F. Supp. 2d 1260, 1263 (N.D. Ill. 2004).  These goals require that this Court consider

---

[1] Certain Defendants Deana Guidi and Darcey Martin live in Florida and would need to travel more than 1000 miles to submit to Plaintiffs deposition.

and weigh the benefit of the discovery sought against the burden on the Certain Defendants in producing the discovery and the possible prejudice of allowing a fishing expedition at the Certain Defendants' expense.

34.     In this case, the burden on the Certain Defendants and the likelihood that the discovery will serve as a fishing expedition to cure the Plaintiffs' deficient complaint outweighs the minimal benefit of the duplicative discovery sought by Plaintiffs.

35.     The burden on the Certain Defendants in producing the discover in question is substantial because of the limited resources and tenuous financial positions of these individuals in trying to defend this action.  This burden is furthered compounded by the extraordinarily broad scope of discovery sought and the time, costs, and attorneys fees which the requested depositions would impose.

36.     More importantly, permitting discovery to proceed against the Certain Defendants prior to a ruling on the motions to dismiss would greatly prejudice the Certain Defendants and eviscerate the purpose of the PSLRA.  Indeed, permitting the Plaintiffs to pursue discovery against the Certain Defendants would allow the Plaintiffs to conduct an unwarranted fishing expedition to save their dismissable complaint.

37.     Even a cursory review of the Plaintiffs' Complaint shows that they have zero knowledge of any specific wrongdoing by Ms. Martin, Ms. Guidi, or Mr. Rodriguez.  In fact, there is not a single factual allegation against them individually.  Instead, Plaintiffs have couched all of their allegations in general group pleading against the more than thirty (30) Defendants in this action.

38.     Plaintiffs are now hoping to use their discovery against these Certain Defendants -

9

who are not parties to the preliminary injunction - to investigate whether and what the Certain Defendants may have done wrong as it relates to the issues in this case. Such a fishing expedition is expressly prohibited by the PSLRA.

39.     On the other hand, as described above, the benefit of the discovery to Plaintiffs is minimal. Per this Court's Order, the discovery stay was lifted only for discovery necessary to proceed with the hearing preliminary injunction. The Certain Defendants are not parties to nor included in the preliminary injunction motion and have no knowledge which is unique and necessary to those proceedings.

## CONCLUSION

40.     The policy of the PSLRA makes clear that its protections, including the automatic stay, are necessary and appropriate in this case.

41.     Plaintiffs discovery toward the Certain Defendants does not serve the limited preliminary injunction purpose for which the stay was lifted. Instead, the discovery has only two results. First, it imposes tremendous burden on the Certain Defendants and serves to coerce a settlement by innocent parties. Second, it allows the Plaintiffs to conduct an improper fishing expedition in the hopes of finding the factual allegations that their current complaint is so severely lacking. The PSLRA and the congressional notes thereto make clear that both of these inevitable results of Plaintiffs' discovery must be thwarted by this Court.

42.     The United States Senate enacted the PSLRA in order to address a growing concern that "plaintiffs sometimes file lawsuits in order to conduct discovery in the hopes of finding a sustainable claim not alleged in the complaint." S.REP. NO. 104-98." Indeed, the PSLRA was expressly designed protect the Certain Defendants in this case where the Plaintiffs'

are attempting to conduct discovery against them with only faint hope that the discovery process might lead eventually to some plausible cause of action." *Faulkner supra* at 406 *quoting* Statement of House Managers, 141 CONG.REC. H13699 (Nov. 28, 1995).

WHEREFORE, Defendants, DARCEY L. MARTIN, DEANA M. GUIDI, and TOM RODRIGUEZ, pray that this Court Clarify its July 23, 2007 Order lifting the automatic stay imposed by the Private Securities Litigation Reform Act of 1995, and order limiting all discovery prior to this Court's ruling on the pending motions to dismiss to discovery between the parties to the preliminary injunction.

CAMPION, CURRAN, DUNLOP & LAMB, P.C.

/s/ Charles A. Dunlop

CAMPION, CURRAN, DUNLOP & LAMB, P.C.
Attorneys for Defendants Darcey L. Martin,
Deana M. Guidi and Tom Rodriguez
8600 U.S. Highway 14, Suite 201
Crystal Lake, IL 60012
(815) 459-8440

11

**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | |
|---|---|
| **BRADLEY J. SCHAUFENBUEL; et al.,** )<br>)<br>**Plaintiffs,** )<br>)<br>**v.** )<br>)<br>**INVESTFORCLOSURES FINANCIAL,** )<br>**L.L.C.; et al.,** )<br>)<br>**Defendants.** ) | **Case No. 09-CV-1221**<br><br>**Judge Leinenweber**<br><br>**Magistrate Judge Nolan** |

## SIXTH REQUEST FOR PRODUCTION OF DOCUMENTS– PRELIMINARY INJUNCTION PHASE

Plaintiffs' Class, by and through their attorneys, Thurston Law Offices, P.C. and Law Offices of Joel M Weiner, LLC, hereby requests that Defendant, Darcey L. Martin ("Darcey"), produce documents identified below at Thurston Law Offices, P.C., 10469 Bethel Avenue, Huntley, IL 60142 within 30 days after service hereof pursuant to Rule 34 of the Federal Rules of Civil Procedure ("F.R.C.P.").

## DEFINITIONS AND INSTRUCTIONS

1.  "Person" or "persons" means any individual or entity, including, but not limited to partnerships, associations, corporations, or any other form of business or any body of government or instrumentality or subdivision thereof.

2.  As used herein, "Related to" or "Relating to" means referring to, recording, reflecting upon or in any way logically or factually connected with the matters discussed.

3.  "You," "Your" and/or "Darcey" refers to Darcey L. Martin.

4.  "Complaint" means the currently pending Complaint filed in this action.

5.  "Answer" shall mean any and all Answers, Affirmative Defenses or other responsive pleadings to the currently pending Complaint on file with the Court.

6.  "ROI Mexico" means Realty Opportunities International S. de R.L. de C.V., Realty Opportunities International, ROI Mexico, Sands of Gold Estates and each of their predecessors, parent companies, subsidiaries, affiliated companies, successors in interest, and/or their members, shareholders, directors, officers, agents, representatives, and control group employees.

-1-



EXHIBIT

A

7.     The term "Party" or "Parties" shall mean and include each and every Plaintiff and Defendant, collectively.

8.     The term "Communication" means any oral, written or electronic transmission of information, opinion, belief, idea or statement, including, but not limited to, letters or correspondence, conversations, meetings, discussions, telephone calls, telegrams, telecopies, telexes, seminars, conferences, messages, notes, e-mails or memoranda.

9.     The term "or" is meant to include the term "and" if that interpretation would call for the further disclosure of additional information, and vice versa.

10.     The term "all" is meant to include the term "any" if that interpretation would call for the further disclosure of additional information, and vice versa.

11.     Use of the singular shall be deemed to include the plural, and use of the masculine shall be deemed to include the feminine as appropriate and vice versa.

12.     Unless stated otherwise, information requested by these Requests is for the period January 1, 2000 to the present and continuing forward pursuant to F.R.C.P. 26(e).

13.     Pursuant to F.R.C.P. 26(e), these Requests shall be deemed continuing so as to require supplemental responses should you or your attorney obtain further information between the time responses are served and the time of trial.

14.     In answering these Requests, furnish not merely information available from your personal knowledge, but all information available to you, including · information in the possession of your attorneys, agents, investigators, and all persons acting on your behalf. If you cannot answer the Requests in full after exercising due diligence to secure the information, so state and answer to the extent possible, specifying the reason for your inability to answer the remainder and stating whatever information or knowledge you have concerning the unanswered portions.

15.     "Document" is used in the broadest possible sense and means, including without limitation all documents, copies of documents, correspondence, letters, telephone messages, voicemail messages, electronic mail ("email") messages, facsimiles / faxes, electronic files and documents, including without limitation spreadsheets, databases, Portable Document Format files, raw data, and attachments thereto. A draft or non-identical copy of a document, including an otherwise identical copy but for handwritten matter, is a separate document within the meaning of this term.

16.     If you are producing electronic documents and/or email in lieu of a written response to these Requests, you are instructed that if such information is stored in Microsoft Office 2003 or lesser format you shall produce it in its native

format on CDs or DVDs readable by Microsoft Windows 2000 or greater. If the data is stored in another format, Defendants request that the information be produced in multi-page Adobe Portable Document Format (PDF) version 5.0 or greater on CDs or DVDs readable by Microsoft Windows 2000 or greater. Production of electronic data or documents shall be in compliance with The Sedona Conference® Cooperation Proclamation (July 2008) and/or any Standing Order of this Court on electronic discovery.

17. If any information requested by these Requests is claimed to be immune from discovery on the grounds of privilege or otherwise:

a. identify the communication or document or source of information;
b. identify the person or persons making the communication or authoring the document and all persons receiving the documents;
c. specify the type of privilege or other reason asserted for withholding the requested information;
d. specify the basis for the assertion; and
e. describe the withheld information to a degree sufficient to enable the court to decide if any such claim has been properly invoked.
f. If you are producing electronic documents and/or email, Plaintiff/Defendants request that if such information is stored in Microsoft Office 2003 or lesser format you shall produce it in its native format on CDs or DVDs readable by Microsoft Windows 2000 or greater. If the data is stored in another format, Plaintiff/Defendants request that the information be produced in multi-page Adobe Portable Document Format (PDF) version 5.0 or greater on CDs or DVDs readable by Microsoft Windows 2000 or greater.

## DOCUMENT REQUESTS

**REQUEST NO. 1:** All documents that you reviewed or support your responses to the Sixth Set of Interrogatories – Preliminary Injunction Phase served upon you.

### RESPONSE:

**REQUEST NO. 2:** All correspondence, including without limitation all emails, exchanged between you and the following individuals and/or entities:

(a) Francis X. Sanchez aka Frank Sanchez

(b) James D. Bourassa aka Jim Bourassa

(c) Scott D. Wessel

-3-

    (d)    Deana M. Guidi

    (e)    Daniel E. Fitzgerald aka Dan Fitzgerald

    (f)    Scott Slagle

    (g)    Tom Rodriguez

    (h)    Wayne O'Day

    (i)    Richard Sanchez

    (j)    Salomon Sanchez

    (k)    Mauricio Sanchez

    (l)    Stewart Title Company

    (m)    Sterling Trust Company

**RESPONSE:**

**REQUEST NO. 3:** All correspondence, including without limitation all emails, exchanged between you and any investor in any of the following entities:

    (a)    InvestForClosures Financial, L.L.C.

    (b)    ROI Developers

    (c)    InvestForClosures

    (d)    InvestForClosures.com, LLC

    (e)    InvestForClosures Ventures, LLC

    (f)    Sands of Gold Escrow

    (g)    Sands of Gold

    (h)    ROI Financial

    (i)    Realty Opportunities International Escrow 23

      (j)    ROI Escrow

      (k)    Realty Opportunities International S. de R.L. de C.V.

      (l)    Realty Opportunities International

      (m)   ROI Mexico

      (n)    Sands of Gold Estates

**RESPONSE:**

**REQUEST NO. 4:** All electronic files, including without limitation MS Office (Word, Excel, Powerpoint, Access, Publisher) files, PDF files, image (.jpg, .tif, .tiff, .gif, etc.) files and database files, you have relating to any of the entities listed in Request No. 3 and/or Playa Ventura, Mexico.

**RESPONSE:**

**REQUEST NO. 5:** All documents which evidence the members, officers, board of directors, agents, and/or representatives of any of the entities listed in Request No. 3.

**RESPONSE:**

**REQUEST NO. 6:** All documents which evidence the identity of investors of any of the entities listed in Request No. 3.

**RESPONSE:**

**REQUEST NO. 7:** All documents in your possession used or reviewed to create ROI Update emails, including without limitation those attached to the Sixth Set of Interrogatories – Preliminary Injunction Phase as Group Exhibit B.

**RESPONSE:**

**REQUEST NO. 8:** All documents evidencing your relationship, employment or capacity relating to any of the entities listed in Request No. 3 above.

**RESPONSE:**

**REQUEST NO. 9:** All documents relating to properties or assets obtained or purchased by any of the entities or persons listed in Request No. 3.

**RESPONSE:**

**REQUEST NO. 10:** All documents evidencing and/or verifying the values contained in the March 31, 2008 Account Statements sent by you via email to investors.

**RESPONSE:**

PLAINTIFFS' CLASS

By: /s/ Robert C. Thurston
    One of Their Attorneys

Thurston Law Offices, P.C.          Law Offices of Joel M Weiner, LLC
Robert C. Thurston                   Joel M. Weiner
A.R.D.C. No. 6209353                 579 N 1st Bank Drive Suite 150
10469 Bethel Avenue                  Palatine, IL 60067-8102
Huntley, IL 60142                    Phone: 847-654-3105
Phone: 847-659-8613                  Fax: 847-358-7165
Fax: 847-628-0930                    Email: jweiner@jweinerlaw.com
Email: tj@thurstonlawpc.com

## CERTIFICATE OF SERVICE

I, Robert C. Thurston, an attorney, hereby certify that pursuant to F.R.C.P. 5(a) I served this Sixth Request for Production of Documents – Preliminary Injunction Phase by sending a copy via email to all members of the Service List below except where noted otherwise on April 30, 2009.

By:   /s/ Robert C. Thurston
      Robert C. Thurston

## SERVICE LIST

**Attorneys For Defendants**
**InvestForClosures Financial, L.L.C.;**
**InvestForClosures.com, LLC;**
**InvestForClosures Ventures, LLC;**
**Francis X. Sanchez; and James D.**
**Bourassa**
Robert B. Christie
Jeffry M. Henderson
Harris L. Kay
Henderson & Lyman
175 West Jackson Blvd, Suite 240
Chicago, IL 60604
(312) 986-6960
RChristie@henderson-lyman.com
jhenderson@henderson-lyman.com
ECF FILER

**Attorneys For Defendant Deana M.**
**Guidi; Darcey L. Martin; Tom Rodriguez**
Charles A. Dunlop
Russell W. Baker
Genevieve M. Lynott
Campion Curran Dunlop & Lamb, PC
8600 US Hwy 14, Suite 201
Crystal Lake, IL 60012
(815) 459-8440
cdunlop@ccdllaw.com
rbaker@ccdllaw.com
glynott@ccdllaw.com
ECF FILER

**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | |
|---|---|
| **BRADLEY J. SCHAUFENBUEL; et al.,** | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) **Case No. 09-CV-1221** |
| **v.** | ) |
| | ) |
| **INVESTFORCLOSURES FINANCIAL,** | ) **Judge Leinenweber** |
| **L.L.C.; et al.,** | ) |
| | ) **Magistrate Judge Nolan** |
| | ) |
| **Defendants.** | ) |

## FIFTH SET OF INTERROGATORIES – PRELIMINARY INJUNCTION PHASE

Plaintiffs' Class, by and through their attorneys, Thurston Law Offices, P.C. and Law Offices of Joel M Weiner, LLC, propound the following Fifth Set of Interrogatories to be answered under oath by Defendant, Tom Rodriguez ("Rodriguez") within 30 days after service hereof pursuant to Rule 33 of the Federal Rules of Civil Procedure ("F.R.C.P.").

## DEFINITIONS AND INSTRUCTIONS

In connection with these Interrogatories, the following definitions apply when such are applicable:

1. "Identify" means: (a) with respect to an individual, to state the individual's name, last known address, social security number, last known telephone number, last known email address, last known employer, last known title of employment, and dates of employment; (b) with respect to an entity other than an individual, to state the entity's name and the address of the entity's principal place of business; (c) with respect to a document, to state the type of document, date of the document, author of the document, senders and receivers of the document and a summary of the contents of the document; and (d) with respect to a communication, to state: (i) whether the communication was oral, written or both written and oral; (ii) the identity of the individuals who were parties to the communication; (iii) the date(s) of the communication; (iv) the substance of the communication; (v) with respect to an asset, to state the type of asset, all owners including without limitation joint owners, ownership type (e.g. joint tenancy, partnership, etc.), its location, any associated account number, the current balance and/or value of the asset, and the source of funds for the asset; and (vi) the type or title of any document (*e.g.* memorandum, letter, note, etc.) that constitutes all or a part of any written communication.

**EXHIBIT**

B

tabbies®

2. "Person" or "persons" means any individual or entity, including, but not limited to partnerships, associations, corporations, or any other form of business or any body of government or instrumentality or subdivision thereof.

3. As used herein, "Related to" or "Relating to" means referring to, recording, reflecting upon or in any way logically or factually connected with the matters discussed.

4. "You," "Your" and/or "Rodriguez" refers to Tom Rodriguez.

5. "Complaint" means the currently pending Complaint filed in this action.

6. "Answer" shall mean any and all Answers, Affirmative Defenses or other responsive pleadings to the currently pending Complaint on file with the Court.

7. "ROI Mexico" means Realty Opportunities International S. de R.L. de C.V., Realty Opportunities International, ROI Mexico, Sands of Gold Estates and each of their predecessors, parent companies, subsidiaries, affiliated companies, successors in interest, and/or their members, shareholders, directors, officers, agents, representatives, and control group employees.

8. The term "Party" or "Parties" shall mean and include each and every Plaintiff and Defendant, collectively.

9. The term "Communication" means any oral, written or electronic transmission of information, opinion, belief, idea or statement, including, but not limited to, letters or correspondence, conversations, meetings, discussions, telephone calls, telegrams, telecopies, telexes, seminars, conferences, messages, notes, e-mails or memoranda.

10. The term "or" is meant to include the term "and" if that interpretation would call for the further disclosure of additional information, and vice versa.

11. The term "all" is meant to include the term "any" if that interpretation would call for the further disclosure of additional information, and vice versa.

12. Use of the singular shall be deemed to include the plural, and use of the masculine shall be deemed to include the feminine as appropriate and vice versa.

13. Unless stated otherwise, information requested by these Interrogatories is for the period January 1, 2000 to the present and continuing forward pursuant to F.R.C.P. 26(e).

14. Pursuant to F.R.C.P. 26(e), these Interrogatories shall be deemed continuing so as to require supplemental responses should you or your attorney

obtain further information between the time responses are served and the time of trial.

15.  In answering these interrogatories, furnish not merely information available from your personal knowledge, but all information available to you, including information in the possession of your attorneys, agents, investigators, and all persons acting on your behalf. If you cannot answer the interrogatories in full after exercising due diligence to secure the information, so state and answer to the extent possible, specifying the reason for your inability to answer the remainder and stating whatever information or knowledge you have concerning the unanswered portions.

16.  "Document" is used in the broadest possible sense and means, including without limitation all documents, copies of documents, correspondence, letters, telephone messages, voicemail messages, electronic mail ("email") messages, facsimiles / faxes, electronic files and documents, including without limitation spreadsheets, databases, Portable Document Format files, raw data, and attachments thereto. A draft or non-identical copy of a document, including an otherwise identical copy but for handwritten matter, is a separate document within the meaning of this term.

17.  If you are producing electronic documents and/or email in lieu of a written response to these Interrogatories, you are instructed that if such information is stored in Microsoft Office 2003 or lesser format you shall produce it in its native format on CDs or DVDs readable by Microsoft Windows 2000 or greater. If the data is stored in another format, Defendants request that the information be produced in multi-page Adobe Portable Document Format (PDF) version 5.0 or greater on CDs or DVDs readable by Microsoft Windows 2000 or greater. Production of electronic data or documents shall be in compliance with The Sedona Conference® Cooperation Proclamation (July 2008) and/or any Standing Order of this Court on electronic discovery.

18.  If any information requested by these Interrogatories is claimed to be immune from discovery on the grounds of privilege or otherwise:

    a.  identify the communication or document or source of information;
    b.  identify the person or persons making the communication or authoring the document and all persons receiving the documents;
    c.  specify the type of privilege or other reason asserted for withholding the requested information;
    d.  specify the basis for the assertion; and
    e.  describe the withheld information to a degree sufficient to enable the court to decide if any such claim has been properly invoked.

## INTERROGATORIES

**INTERROGATORY NO. 1:** Identify each person that supplied information to respond to these Interrogatories, indicating to which Interrogatory such person's information was responsive, as well as each person's employer, title, current residence address, date of birth, driver's license number and issuing state, and last four digits of their social security number, and, if different, give the full name, as well the current residence address, date of birth, driver's license number and issuing state, and last four digits of the social security number of the individual signing these answers.

**ANSWER:**

**INTERROGATORY NO. 2:** Did you ever wire transfer money from a bank or financial account held by any of the following entities or persons to a bank or financial institution in Mexico:

(a)    InvestForClosures Financial, L.L.C.

(b)    ROI Developers

(c)    InvestForClosures

(d)    InvestForClosures.com, LLC

(e)    InvestForClosures Ventures, LLC

(f)    Sands of Gold Escrow

(g)    Sands of Gold

(h)    ROI Financial

(i)    Realty Opportunities International Escrow 23

(j)    ROI Escrow

(k)    Realty Opportunities International S. de R.L. de C.V.

(l)    Realty Opportunities International

(m)    ROI Mexico

(n)    Sands of Gold Estates

(o)   Francis X. Sanchez aka Frank Sanchez

(p)   James D. Bourassa aka Jim Bourassa

(q)   Scott D. Wessel

(r)   Deana M. Guidi

(s)   Daniel E. Fitzgerald aka Dan Fitzgerald

(t)   Scott Slagle

(u)   Darcey L. Martin

(v)   Tom Rodriguez

(w)   Wayne O'Day

(x)   Sanchez and Rivera Title Company

(y)   Stewart Title Company

(z)   Sterling Trust Company

**ANSWER:**

**INTERROGATORY NO. 3:** If your answer to Interrogatory No. 2 is anything other than an unqualified no, for each wire transfer provide the following information:

(a)   Identify the bank or entity originating the wire transfer;

(b)   Identify the type and number of the account from which the funds were transferred;

(c)   The owner or name on the account from which the funds were transferred and the type of ownership of the account (jointly held; corporate; partnership; etc.);

(d)   Who gave you the instructions to wire transfer the money;

(e)   What were the wire transfer instructions;

(f)   For what purpose was the money being wired;

(g)     The amount of the wire transfer (in U.S. Dollars);

(h)     The source of funds that were in the account from which the transfer was made;

(i)     The date and time of the transfer;

(j)     All confirmations that the wire transfer was complete and successful;

(k)     Identify the bank or entity receiving the wire transfer;

(l)     Identify the type and number of the account to which the funds were transferred;

(m)     The owner, beneficiary or name on the account to which the funds were transferred and the type of ownership of the account (jointly held; corporate; partnership; etc.);

(n)     Whether there were forwarding wire transfer instructions, including without limitation instructions to send the money to another bank, entity or account after the initial wire transfer; and

(o)     How you accounted for the wire transfer in the books maintained for the business.

**ANSWER:**


**INTERROGATORY NO. 4:** How much money did any of the entities listed in Interrogatory No. 2 receive from investors?

**ANSWER:**


**INTERROGATORY NO. 5:** Where is the money today that was received from investors by any of the entities listed in Interrogatory No. 2?

**ANSWER:**

**INTERROGATORY NO. 6:** What did Frank Sanchez tell you about properties or assets owned in Mexico?

    **ANSWER:**


**INTERROGATORY NO. 7:** What assets do Frank Sanchez or ROI Mexico currently own in Mexico?

    **ANSWER:**


**INTERROGATORY NO. 8:** What is your current home address and telephone number?

    **ANSWER:**


**INTERROGATORY NO. 9:** During what time frame were you employed by any of the entities listed in Interrogatory No. 2 and what was/were your title(s) during each period?

    **ANSWER:**


PLAINTIFFS' CLASS

By:  /s/ Robert C. Thurston
    One of Their Attorneys

Thurston Law Offices, P.C.
Robert C. Thurston
A.R.D.C. No. 6209353
10469 Bethel Avenue
Huntley, IL 60142
Phone: 847-659-8613
Fax: 847-628-0930
Email: tj@thurstonlawpc.com

Law Offices of Joel M Weiner, LLC
Joel M. Weiner
579 N 1st Bank Drive Suite 150
Palatine, IL 60067-8102
Phone: 847-654-3105
Fax: 847-358-7165
Email: jweiner@jweinerlaw.com

## CERTIFICATE OF SERVICE

I, Robert C. Thurston, an attorney, hereby certify that I served this Fifth Set of Interrogatories − Preliminary Injunction Phase by sending a copy via email to all members of the Service List below except where noted otherwise on April 23, 2009.

By: /s/ Robert C. Thurston
Robert C. Thurston

## SERVICE LIST

**Attorneys For Defendants**
**InvestForClosures Financial, L.L.C.;**
**InvestForClosures.com, LLC;**
**InvestForClosures Ventures, LLC;**
**Francis X. Sanchez; and James D.**
**Bourassa**
Robert B. Christie
Jeffry M. Henderson
Harris L. Kay
Henderson & Lyman
175 West Jackson Blvd, Suite 240
Chicago, IL 60604
(312) 986-6960
RChristie@henderson-lyman.com

**Attorneys For Defendant Deana M. Guidi**
Charles A. Dunlop
Russell W. Baker
Genevieve M. Lynott
Campion Curran Dunlop & Lamb, PC
8600 US Hwy 14, Suite 201
Crystal Lake, IL 60012
(815) 459-8440
rbaker@ccdllaw.com
glynott@ccdllaw.com

**NOT SENT TO DARCEY MARTIN**
Darcey Martin is not being served a copy of this document as a result of notification by Campion Curran that they represent her, yet no appearance is on file reflecting such representation as yet

**Tom Rodriguez, Unrepresented**
Tom Rodriguez
c/o Consolidated School District #158
650 Academic Drive
Algonquin, IL 60102
**VIA REGULAR MAIL**

**Interrogatories**
**Page 8 of 8**

## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| **BRADLEY J. SCHAUFENBUEL; et al.,** | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) **Case No. 09-CV-1221** |
| **v.** | ) |
| | ) |
| **INVESTFORCLOSURES FINANCIAL,** | ) **Judge Leinenweber** |
| **L.L.C.; et al.,** | ) |
| | ) **Magistrate Judge Nolan** |
| | ) |
| **Defendants.** | ) |

### FOURTH REQUEST FOR PRODUCTION OF DOCUMENTS– PRELIMINARY INJUNCTION PHASE

Plaintiffs' Class, by and through their attorneys, Thurston Law Offices, P.C. and Law Offices of Joel M Weiner, LLC, hereby requests that Defendant, InvestForClosures Financial, LLC ("IFCF"), produce documents identified below at Thurston Law Offices, P.C., 10469 Bethel Avenue, Huntley, IL 60142 within 30 days after service hereof pursuant to Rule 34 of the Federal Rules of Civil Procedure ("F.R.C.P.").

### DEFINITIONS AND INSTRUCTIONS

1.     "Person" or "persons" means any individual or entity, including, but not limited to partnerships, associations, corporations, or any other form of business or any body of government or instrumentality or subdivision thereof.

2.     As used herein, "Related to" or "Relating to" means referring to, recording, reflecting upon or in any way logically or factually connected with the matters discussed.

3.     "You," "Your" and/or "IFCF" refers to InvestForClosures Financial, LLC, its members, managers, officers, directors, subsidiaries, parent companies, and other entities in which IFCF owns more than a 5% interest and legal counsel and other agents acting on the behalf of any of the foregoing.

4.     "Complaint" means the currently pending Complaint filed in this action.

5.     "Answer" shall mean any and all Answers, Affirmative Defenses or other responsive pleadings to the currently pending Complaint on file with the Court.

6.     "ROI Mexico" means Realty Opportunities International S. de R.L. de C.V., Realty Opportunities International, ROI Mexico, Sands of Gold Estates and



EXHIBIT

C

each of their predecessors, parent companies, subsidiaries, affiliated companies, successors in interest, and/or their members, shareholders, directors, officers, agents, representatives, and control group employees.

7.    The term "Party" or "Parties" shall mean and include each and every Plaintiff and Defendant, collectively.

8.    The term "Communication" means any oral, written or electronic transmission of information, opinion, belief, idea or statement, including, but not limited to, letters or correspondence, conversations, meetings, discussions, telephone calls, telegrams, telecopies, telexes, seminars, conferences, messages, notes, e-mails or memoranda.

9.    The term "or" is meant to include the term "and" if that interpretation would call for the further disclosure of additional information, and vice versa.

10.    The term "all" is meant to include the term "any" if that interpretation would call for the further disclosure of additional information, and vice versa.

11.    Use of the singular shall be deemed to include the plural, and use of the masculine shall be deemed to include the feminine as appropriate and vice versa.

12.    Unless stated otherwise, information requested by these Requests is for the period January 1, 2000 to the present and continuing forward pursuant to F.R.C.P. 26(e).

13.    Pursuant to F.R.C.P. 26(e), these Requests shall be deemed continuing so as to require supplemental responses should you or your attorney obtain further information between the time responses are served and the time of trial.

14.    In answering these Requests, furnish not merely information available from your personal knowledge, but all information available to you, including information in the possession of your attorneys, agents, investigators, and all persons acting on your behalf.  If you cannot answer the Requests in full after exercising due diligence to secure the information, so state and answer to the extent possible, specifying the reason for your inability to answer the remainder and stating whatever information or knowledge you have concerning the unanswered portions.

15.    "Document" is used in the broadest possible sense and means, including without limitation all documents, copies of documents, correspondence, letters, telephone messages, voicemail messages, electronic mail ("email") messages, facsimiles / faxes, electronic files and documents, including without limitation spreadsheets, databases, Portable Document Format files, raw data, and attachments thereto.  A draft or non-identical copy of a document, including an otherwise identical copy but for handwritten matter, is a separate document within the meaning of this term.

-2-

16.     If you are producing electronic documents and/or email in lieu of a written response to these Requests, you are instructed that if such information is stored in Microsoft Office 2003 or lesser format on CDs or DVDs readable by Microsoft Windows 2000 or greater. If the data is stored in another format, Defendants request that the information be produced in multi-page Adobe Portable Document Format (PDF) version 5.0 or greater on CDs or DVDs readable by Microsoft Windows 2000 or greater. Production of electronic data or documents shall be in compliance with The Sedona Conference® Cooperation Proclamation (July 2008) and/or any Standing Order of this Court on electronic discovery.

17.     If any information requested by these Requests is claimed to be immune from discovery on the grounds of privilege or otherwise:

   a.   identify the communication or document or source of information;
   b.   identify the person or persons making the communication or authoring the document and all persons receiving the documents;
   c.   specify the type of privilege or other reason asserted for withholding the requested information;
   d.   specify the basis for the assertion; and
   e.   describe the withheld information to a degree sufficient to enable the court to decide if any such claim has been properly invoked.
   f.   If you are producing electronic documents and/or email, Plaintiff/Defendants request that if such information is stored in Microsoft Office 2003 or lesser format you shall produce it in its native format on CDs or DVDs readable by Microsoft Windows 2000 or greater. If the data is stored in another format, Plaintiff/Defendants request that the information be produced in multi-page Adobe Portable Document Format (PDF) version 5.0 or greater on CDs or DVDs readable by Microsoft Windows 2000 or greater.

## DOCUMENT REQUESTS

**REQUEST NO. 1:** All documents evidencing all assets of InvestForClosures Financial, LLC ("IFCF"), including without limitation all assets in the name of ROI Mexico.

### RESPONSE:

**REQUEST NO. 2:** All documents showing the legal relationship between InvestForClosures Financial, LLC and ROI Mexico.

**RESPONSE:**

**REQUEST NO. 3:** All documents, including without limitation statements, for every bank account or financial institution, including those in any foreign country, at which an account is or was held in the name of InvestForClosures Financial, LLC.

**RESPONSE:**

**REQUEST NO. 4:** All documents evidencing your assets, including without limitation land holdings, options to purchase land, bank accounts, investments, corporate shares or LLC memberships, and other cash or property assets, and in what manner of control or ownership those assets are held.

**RESPONSE:**

**REQUEST NO. 5:**

**RESPONSE:**

**REQUEST NO. 6:** All documents showing the chain of ownership over the last 10 years for the property development known as "New Hope Park" in Cortland, Illinois as referenced by the map attached hereto as Exhibit A, including without limitation the period in which any Defendant owned the property, the price paid by such Defendant, the date and price of any sale of such property(ies), the current owner and the price paid by the current owner for the property(ies).

**RESPONSE:**

**-4-**

**REQUEST NO. 7:** If any of the properties listed in Request No. 6 went into foreclosure during a time when any Defendant owned such property, provide all documents evidencing the foreclosure proceedings for such property.

**RESPONSE:**

**REQUEST NO. 8:** All documents evidencing the source of funds for the purchase of any of the properties listed in Request No. 6 by any Defendant.

**RESPONSE:**

**REQUEST NO. 9:** All documents showing where the revenues from the sale of properties in the New Hope Park development were deposited, the amount of such revenues, your profits, whether any claims are made to such revenues or profits, and where such money was transferred or spent.

**RESPONSE:**

**REQUEST NO. 10:** All documents relating to the suit captioned *Schieve v. InvestForClosures Financial, LLC*, DeKalb County Court, Case No. 07-L-33.

**RESPONSE:**

PLAINTIFFS' CLASS

By: /s/ Robert C. Thurston
One of Their Attorneys

Thurston Law Offices, P.C.
Robert C. Thurston
A.R.D.C. No. 6209353
10469 Bethel Avenue
Huntley, IL 60142
Phone: 847-659-8613
Fax: 847-628-0930
Email: tj@thurstonlawpc.com

Law Offices of Joel M Weiner, LLC
Joel M. Weiner
579 N 1st Bank Drive Suite 150
Palatine, IL 60067-8102
Phone: 847-654-3105
Fax: 847-358-7165
Email: jweiner@jweinerlaw.com

## CERTIFICATE OF SERVICE

I, Robert C. Thurston, an attorney, hereby certify that I served this Fourth Request for Production of Documents – Preliminary Injunction Phase by sending a copy via email to all members of the Service List below on April 19, 2009.

By: /s/ Robert C. Thurston
Robert C. Thurston

## SERVICE LIST

**Attorneys For Defendants
InvestForClosures Financial, L.L.C.;
InvestForClosures.com, LLC;
InvestForClosures Financial, LLC;
InvestForClosures Financial, LLC; and
InvestForClosures Financial, LLC**
Robert B. Christie
Jeffry M. Henderson
Harris L. Kay
Henderson & Lyman
175 West Jackson Blvd, Suite 240
Chicago, IL 60604
(312) 986-6960
RChristie@henderson-lyman.com

**Attorneys For Defendant Deana M. Guidi**
Charles A. Dunlop
Russell W. Baker
Genevieve M. Lynott
Campion Curran Dunlop & Lamb, PC
8600 US Hwy 14, Suite 201
Crystal Lake, IL 60012
(815) 459-8440
rbaker@ccdllaw.com
glynott@ccdllaw.com

**NOT SENT TO DARCEY MARTIN**
Darcey Martin is not being served a copy of this document as a result of notification by Campion Curran that they represent her, yet no appearance is on file reflecting such representation as yet

**-6-**









**Town of Cortland • Current Development**
Cortland, Illinois