IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

BRADLEY J. SCHAUFENBUEL; ROBERT N. )
SCHAUFENBUEL; JOHN AND SARAH REED, )
IV; JOHN AND JAN REED, III; AMERICAN )
MASS MEDIA CORPORATION; ROBERTA K. )
CLARK; on behalf of Themselves and All Others )
Similarly Situated )
                                                                               )
                   Plaintiffs, )
                              )
v.                                             )     Case No. 09-cv-1221
                              )     The Honorable Judge Leinenweber
INVESTFORCLOSURES FINANCIAL, L.L.C )
ROI DEVELOPERS; INVESTFORCLOSURES; )
INVESTFORCLOSURES.COM, LLC; )
INVESTFORCLOSURES VENTURES; LLC )
SANDS OF GOLD ESCROW; SANDS OF GOLD; )
ROI FINANCIAL; REALTY OPPORTUNITIES ) )
INTERNATIONAL ESCROW 23; ROI ESCROW; )
REALTY OPPORTUNITIES INTERNATIONAL )
S. de R.L. de C.V; REALTY OPPORTUNITIES )
INTERNATIONAL; ROI MEXICO; SANDS OF )
GOLD ESTATES; FRANCIS X. SANCHEZ )
aka FRANK SANCHEZ; JAMES D. BOURASSA )
aka JIM BOURASSA; SCOTT D. WESSEL; )
DEANA M. GUIDI; DANIEL E. FITZGERALD )
aka DAN FITZGERALD; SCOTT R. SLAGLE; )
DARCEY L. MARTIN; TOM RODRIGUEZ; and )
JOHN DOES 1-30. )
                              )
                   Defendants. )

**DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION TO DISQUALIFY**

NOW COMES Defendants DARCEY MARTIN, DEANA GUIDI, and TOM RODRIGUEZ (collectively "Certain Defendants"), and submit this Response in Opposition to Plaintiffs' Motion to Disqualify, and in support thereof state as follows:

**Introduction**

In March 2009, Russell W. Baker, Charles A. Dunlop, and Genevieve M. Lynott (the

"Campion attorneys") entered their appearances on behalf of Defendant Deana M. Guidi. In April 2009, the Campion attorneys were contacted by Defendants Darcey L. Martin and Tom Rodriguez regarding jointly representing them with Ms. Guidi in order to make their defense in this action cost affordable. After performing thorough research on the propriety of such joint representation, including researching Illinois ARDC Advisory Opinions, and obtaining the consent of all three (3) clients, on April 23, 2009, the Campion attorneys entered their appearances on behalf of Defendants Darcey L. Martin and Tom Rodriguez (the "Certain Defendants"). On May 20, 2009, the Certain Defendants filed their Motion to Dismiss Plaintiffs Second Amended Complaint ("Plaintiffs' Complaint") on the grounds that is devoid of any allegations of any individual wrongdoing by the Certain Defendants. Upon realizing that with proper representation the Certain Defendants were able to effectively defend against Plaintiffs' fishing expedition, Plaintiffs filed the instant Motion to Disqualify Counsel on August 6, 2009. Plaintiffs' motion is without merits and seeks to make defense in this action cost prohibitive and coerce settlement.

### Argument

Plaintiffs' Motion to Disqualify is correct on only one point - that the Rules of Professional Conduct are very clear. Rule 1.7 (and corresponding Local Rule 83.51.7) provides that lawyer shall not represent a client if the representation of that client will be directly adverse or materially limit the lawyers responsibilities to another client **unless**: (1) the lawyer reasonably believes the representation will not adversely affect the relationship; and (2) each client consents after disclosure. In this case, the Campion attorneys' representation of the Certain Defendants is both reasonable and being done with each clients' informed consent. Additionally, because the

2

Plaintiffs are neither current nor former clients, they have no standing to bring the instant motion to disqualify. Therefore, Plaintiffs' Motion to Disqualify Counsel should be denied.

### I.     The Campion Attorneys' Representation of the Certain Defendants Is Not Directly Adverse And Will Not Materially Limit Their Responsibilities to Each Client.

The alleged liability of all three (3) of the Certain Defendants arises from their involvement and alleged agency on behalf of the IFC Defendants. (*See* Plaintiffs' Complaint). Plaintiffs now contend that the joint representation of the Certain Defendants is an impermissible conflict of interest because of their different alleged roles in the IFC Entities. Specifically, Plaintiffs claim that because Ms. Guidi was an attorney, Mr. Rodriguez was an accountant, and Ms. Martin was an investor, they are somehow directly adverse to each other in this action. Plaintiffs' claim, however, is belied by the allegations in their own Complaint which shows that the Certain Defendants are not only similarly situated but have mutually aligned interests and defenses.

The allegations in Plaintiffs' Complaint against the Certain Defendants are **virtually identical**. The Second Amended Complaint identifies all three (3) defendants as persons who are alleged to have assisted in and furthered the fraud of Defendant Frank Sanchez and the IFC Entities. (*See* Plaintiffs' Second Amended Complaint, at ¶s 59, 62, and 63). Similarly, the Second Amended Complaint identifies all three (3) Defendants as being "a member or principal of the IFC entities." There is absolutely no discernable distinction between the allegations against these three (3) Defendants. In fact, all of the remaining allegations in the Second Amended Complaint lump Ms. Martin, Ms. Guidi, and Mr. Rodriguez together, along with the remaining Defendants, as a group of Defendants. Indeed, it is this perfectly aligned position

3

which gave rise to the joint defense in the Certain Defendants' Motion to Dismiss. There simply is no direct conflict of interest based on the allegations in Plaintiffs' Complaint.

Although Ms. Martin's role as an investor creates a *potential* conflict of interest, it has not yet and will not likely materialize into an actual conflict of interest. While Ms. Martin may have potential claims against the IFC Entities and, less likely against Ms. Guidi and Mr. Rodriguez as former IFC employees, Ms. Martin has indicated that at this time she does not believe that there was any wrongdoing by the IFC Entities and does not wish to pursue any claims against the IFC Entities or Defendants. In fact, Ms. Martin was previously contacted about joining this lawsuit as a plaintiff and has declined to pursue any claims against the remaining Defendants. At this point, all three (3) of the Certain Defendants are identically situated in this action as individuals alleged to have assisted the alleged fraud as agents of the IFC Entities and for whom there are no individual allegations in Plaintiffs Complaint to support a cause of action.[1]

Plaintiffs' claim that Ms. Guidi and Mr. Rodriguez may have claims against each other and or Ms. Martin is unfounded in law and fact. There simply no evidence or facts alleged to indicate that, as Plaintiffs' claims, there is a potential that Ms. Guidi or Mr. Rodriguez, as former employees and non-investors, may have any claims against each other for contribution. Nor is there any legal basis to support claims by Ms. Guidi or Mr. Rodriguez against anyone in this action. Ms. Guidi and Mr. Rodriguez were not investors and there are no allegations of any fraud

---

[1] All three (3) Defendants have been advised that the Campion attorneys would be required to withdraw if these circumstances and their positions were to change and become adverse. Based on the pleadings and the evidence in this case, there is no indication that any future withdrawal will be necessary.

4

perpetrated on them by anyone. Tellingly, Plaintiffs have not cited to any legal theory nor any facts to support their assertion of a conflict. Ironically, Plaintiffs' entire motion relies on the premise that all of the allegations in Plaintiffs' Complaint are without merit and that the Certain Defendants have been wrongfully named in this suit. Although this premise is true, Plaintiffs cannot have it both ways.

In the end, the party seeking disqualification bears a heavy burden of showing the necessary facts that require disqualification." *Weeks v. Samsung Heavy Indus. Co. Ltd.*, 909 F.Supp. 582, 583 (N.D.Ill.1996). Plaintiffs' motion is nothing more than unsupported speculation and conjecture and should not be entertained by this Court.

## II. The Certain Defendants Have Provided Informed Consent After Full Disclosure.

The Certain Defendants provided informed consent to this joint representation after being provided full disclosure of any and all potential conflicts and the risks and costs involved. The Campion attorneys provided this disclosure in oral conversation and again in writing to each client. The Campion attorneys similarly obtained each clients' informed consent both orally and in writing. A true and correct copy of the Informed Consent Agreements of Ms. Guidi, Mr. Rodriguez, and Ms. Martin, are attached hereto as Exhibits "A", "B", and "C".

Contrary to Plaintiffs' Motion, Plaintiffs do not have any good faith information or belief that "the Campion attorneys did not obtain conflict of interest waivers from any of these defendants." (*See* Plaintiffs Motion to Disqualify, at ¶18). In fact, Plaintiffs' counsel was advised by Mr. Baker of such on April 29, 2009. Tellingly, if Plaintiffs' counsel was truly unsure of whether such consent had been obtained why did he not simply ask Mr. Baker, Mr. Dunlop, or Ms. Lynott prior to filing the instant motion. Moreover, under Federal Rule of Civil Procedure

5

11, Plaintiffs counsel had an obligation to make such an inquiry prior to filing his Motion to Disqualify. Rule 11(b) provides that: "By presenting to the court a pleading, written motion, or other paper - whether by signing, filing, submitting, or later advocating it - an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, **formed after an inquiry reasonable under the circumstances** ... (4) the factual contentions are warranted on the evidence, or if specifically so identified, are reasonably based on belief or lack of information. Fed. R. Civ. P. 11 (**Emphasis added**)." Plaintiffs' counsel, however, does not point to any such inquiry. Indeed, the reason is that he had already been informed to the contrary.[2]

The Seventh Circuit has made clear that "disqualification is a drastic measure which courts should hesitate to impose except when absolutely necessary." *Cromley v. Bd. of Lockport Twp. High Sch. Dist. 205*, 17 F.3d 1059, 1066 (7th Cir. 1994). As such, as the Seventh Circuit identified, motions to disqualify should be viewed "with extreme caution for they can be misused as techniques of harassment." *Freeman v. Chi. Musical Instrument Co.*, 689 F.2d 715, 721 (7th Cir. 1982). There is no justification for such a drastic measure in this case. Instead, Plaintiffs' Motion to Disqualify was brought merely to harass and make it financially prohibitive for the Certain Defendants to defend themselves in this action. Joint representation serves to allow individual defendants to retain counsel and protect their rights in defense when they would otherwise be financially unable to do so. This right must be protected. It is this concern for a

---

[2] On August 7, 2009, Defendants' counsel sent Plaintiffs' counsel a letter notifying him that paragraph 18 of Plaintiffs' Motion to Disqualify was inaccurate and in violation of Federal Rule of Civil Procedure 11 and Illinois Rule of Professional Conduct 8.4, and requested that the statement be withdrawn. To date, Plaintiffs' counsel has not responded.

6

defendants rights, which has led the Illinois Advisory Opinions to condone joint representation in far more troubling conflict of interest situations than the present case. (*See* Illinois ARDC Advisory Opinions, attached hereto as group Exhibit "D"). These Advisory Opinions proscribe that so long as the client provides informed consent, an attorney may represent clients, not only with mere potential conflicts such as the present case, but also those in far more severe direct conflict of interest situations.

### III. Plaintiffs Do Not Have Standing To Move To Disqualify The Campion Attorneys.

Even if there were an direct conflict of interest between the Certain Defendants - which there is not - Plaintiffs do not have standing to move for disqualification based on any conflict. The "proper party to raise the conflict of interest issue, in a motion to disqualify counsel, is the party that [LR 83.51.7] was intended to protect - the client or the former client." *Tizes v. Curcio*, 1997 WL 116797 at *1 (N.D.Ill. Mar. 12, 1997). Since none of the Plaintiffs are current nor former clients of the Campion attorneys, they have no standing to raise any issue under LR 83.51.7. *See Thomas & Betts Corporation v. Panduit Corp.*, 1995 WL 319635 at *2 (N.D.Ill. May 25, 1995).

The law is clear that an attorney-client relationship is a threshold requirement to have standing to raise disqualification:

> Absent a complaint by the affected client, a party has no status to object to the representation of an adverse party by an attorney of his choice. Only a party who sustains a relation of client to an attorney who undertakes to represent conflicting interest may be entitled to such representation.

*Renard v. Columbia Broadcasting System, Inc.*, 126 Ill.App.3d 563, 568 (1984). As the Illinois Supreme Court pointed out: "It is axiomatic that *only* a party who has been a client of the

7

attorney whose conduct is in question may complain of the attorney's subsequent representation of another. *Schwartz v. Cortelloni*, 177 Ill.2d 166, 173-74 (1997). Indeed, the right to challenge whether an attorney should represent multiple clients lies solely with those clients. *See Renard supra.* In this case, all of the current and/or former clients of the Campion attorneys - the Certain Defendants - have all provided informed consent to the multiple representation and do not make any protest to the joint representation. Thus, the Plaintiffs, who are neither current nor former clients, have no right to challenge the Certain Defendants choice of counsel and have no standing to bring their Motion to Disqualify.

## CONCLUSION

The present joint representation of Ms. Guidi, Ms. Martin, and Mr. Rodriguez is both permissible under Illinois law and necessary to protect these Certain Defendants' right to mount a viable defense in this lawsuit. In accordance with the Illinois Rules of Professional Conduct and this Court's Local Rules, the Campion attorneys' joint representation is reasonable under the circumstances and is being done with full disclosure and informed consent. *See* ILRPC 1.7 and L.R. 83.51.7.

Furthermore, the Campion attorneys' joint representation is necessary to enable these individual Defendants to allow them to defend against this complex securities litigation matter. Without joint representation, these Certain Defendants - with scarce resources - would be unable to afford an attorney to defend against the allegations in this action. Nor is it likely that the Certain Defendants would be able to effectively defend in this complex area of law without the assistance of counsel. Tellingly, outside of these jointly represented Certain Defendants, each other individual Defendant named in this action has been forced to settle or has had a default

judgement entered against them.

Based on the pleadings, the individual Defendants have multiple meritorious defenses to Plaintiffs' improper action against them - one of which is the pending joint 12(b)(6) motion. It is imperative that the Certain Defendants be permitted to protect their rights and assert these defenses through the benefit of counsel which is is made possible only through joint representation.

WHEREFORE, Defendants, DARCEY MARTIN, DEANA GUIDI, and TOM RODRIGUEZ, respectfully request that this Court Deny Plaintiffs' Motion to Disqualify, award costs and attorneys' fees in defending the motion, and grant any other relief this Court deems just and equitable.

Submitted by:

/s/ Charles A. Dunlop
On behalf of Defendant Darcey Martin,
Deana Guidi and Tom Rodriguez

For Defendants:
Charles A. Dunlop ARDC #6180628
Russell W. Baker   ARDC #6287995
Genevieve Lynott   ARDC #6275407
CAMPION, CURRAN, DUNLOP & LAMB, P.C.
8600 U.S. Highway 14, Suite 201
Crystal Lake, IL 60012-2759
(815) 459-8440
Fax (815) 455-8134

9