IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| BRADLEY J. SCHAUFENBUEL; et al., | ) |
| Plaintiffs, | ) |
| | ) Case No. 09-CV-1221 |
| v. | ) |
| INVESTFORCLOSURES FINANCIAL, L.L.C.; et al., | ) Judge Leinenweber |
| | ) Magistrate Judge Nolan |
| Defendants. | ) |

**PLAINTIFFS' MOTION TO COMPEL DISCOVERY**

NOW COME Plaintiffs, by and through their attorneys Thurston Law Offices, P.C. and Law Offices of Joel M Weiner, LLC, and pursuant to Fed.R.Civ.P. 37(a), LR 37.2 and this Court's Standing Order on discovery motions hereby respectfully move this honorable Court to compel Defendants Darcey Martin ("Martin") and Tom Rodriguez ("Rodriguez") to provide discovery. In support of their Motion, Plaintiffs hereby state and allege as follows:

Introduction

We start with the premise that in this case Plaintiffs seek to recover over $8 million stolen from them in a fraudulent Ponzi scheme. As an initial phase in the case, Plaintiffs filed a Motion for Preliminary Injunction seeking to freeze assets and place a status quo on their investments, wherever the money may be, in order to preserve a remedy to which they are entitled, whether that is restitution, damages, or equitable relief. As such, Plaintiffs carry a substantial burden of proof – this Court has likened the burden to proving the entire case against Defendants – to establish the four legal requirements in preliminary injunction proceedings and need discovery as permitted by the Federal Rules of Civil Procedure to meet that

burden. Part of that burden is tracing the money trail from when Plaintiffs invested the money to where it is now and who has any information about the path the money has taken. Martin and Rodriguez have repeatedly obstructed Plaintiffs' attempts to obtain such discovery and continue to do so. After failed good faith attempts to resolve the discovery dispute, Plaintiffs now seek intervention by this Court to get the discovery requested nearly five (5) months ago.

Procedural Background

1. On March 23, 2009, this Court adopted and entered the Stipulated Order regarding the discovery schedule for the preliminary injunction phase (Document #32). This schedule provided that written discovery was to be completed by May 15, 2009 and oral discovery to be completed by July 31, 2009.

2. Plaintiffs served their Fifth[1] Set of Interrogatories and Requests for Production of Documents upon Rodriguez on April 23, 2009. (Certification of Robert C. Thurston, ¶1.)

3. Plaintiffs served their Sixth[2] Set of Interrogatories and Requests for Production of Documents upon Martin on April 30, 2009. (Thurston Certification, ¶2.)

4. Pursuant to Federal Rules of Civil Procedure 33(b)(2) and 34(b)(2), the responses thereto were due on May 25, 2009 and June 1, 2009 respectively.

5. After Plaintiffs' Motion to Compel against Defendant Sanchez, Judge Nolan entered an Order requiring pending written discovery to be completed by

---

[1] The degree of the discovery represents the total number served to all Defendants, not just the single defendant. In other words, this was the 5th set served in total, not the 5th set served on Mr. Rodriguez. Only one set has been served on each Defendant.
[2] See fn. 1.

Page 2 of 6

June 30, 2009 and granting leave to Guidi, Martin and Rodriguez to serve discovery by May 26, 2009 (Document #92).

6.     On May 20, 2009, Guidi, Martin and Rodriguez filed their Motion to Dismiss the Complaint and referencing *inter alia* the Private Securities Litigation Reform Act ("PSLRA") (Document #87).

7.     On or about June 2, 2009, counsel for Guidi, Martin and Rodriguez repeated the representation of prior counsel for Sanchez that discovery was automatically stayed pursuant to the PSLRA.  (Thurston Certification, ¶7.)

8.     After motion by Plaintiffs, Judge Leinenweber lifted the stay on discovery on July 21, 2009 (Document #111).  At that hearing, no counsel spoke up requesting exceptions to the ruling as to Guidi, Martin or Rodriguez.  (Thurston Certification, ¶8.)

9.     On July 29, 2009, Judge Nolan entered an Order accepting Plaintiffs' proposed revised discovery schedule with all written discovery to be completed by August 14, 2009 and oral discovery to be completed by September 18, 2009 (Document #119).  Again, no one spoke up requesting exceptions to the discovery schedule as to Guidi, Martin or Rodriguez.  (Thurston Certification, ¶9.)

10.     In response to an August 17, 2009 demand for discovery responses from Martin and Rodriguez, two days later on August 19, 2009, Defendants Guidi, Martin or Rodriguez filed a Motion for Clarification of Judge Leinenweber's lift of the stay of discovery, arguing that the lift didn't apply to them (Document #142).  They noticed the motion for another 6 days later on August 25, 2009 (Document #143.) (Thurston Certification, ¶¶10-11.)

11.     Judge Leinenweber denied the Motion for Clarification on August 25, 2009 (Document #151.)

12.     On August 28, 2009 (now 4 months after discovery was served and 3 months after responses were originally due), Defendants served <u>unverified</u> Defendant Tom Rodriguez's <u>Answers</u> to Plaintiffs' Fifth Set of Interrogatories – Preliminary Injunction Phase; <u>unverified</u> Defendant Darcey L. Martin <u>Response</u> to Plaintiffs' Sixth Set of Interrogatories – Preliminary Injunction Phase; and Defendant Darcey L. Martin <u>Response</u> to Plaintiffs' Sixth Request for Production of Documents – Preliminary Injunction Phase.  Rodriguez has not responded to the Fifth Request for Production of Documents to date.  (Thurston Certification, ¶13 and Exhibits D, E and F attached thereto.)

13.     A meet and confer process began on September 1, 2009 and culminated by a failed meet and confer conference call on September 4, 2009. (Thurston Certification, ¶¶14-26.)

14.     Plaintiffs have received no documents from these Defendants and have no received full and proper responses to the discovery requests.  (Thurston Certification, ¶30.)

15.     However, by contrast Plaintiffs have produced almost 5 GB of data, including PDF files, emails, Word Documents, spreadsheets, image files, and other data, and full responses to all discovery requests.  (Thurston Certification, ¶31.)

16.     Plaintiffs have made a good faith effort to request Martin and Rodriguez's compliance with discovery in this matter.  (Thurston Certification, ¶¶28 and 32.)

17.     However, despite Plaintiffs' attempts, Martin and Rodriguez refuse to comply with discovery demands or enter into good faith discussions as required by LR 37.2.  (Thurston Certification, ¶¶27, 29 and 32.)

Argument

18.     The Federal Rules of Civil Procedure provide in pertinent part: "On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed.R.Civ.P. 37(a).

19.     Specifically, "A party seeking discovery may move for an order compelling an answer, designation, production, or inspection. This motion may be made if: . . . (iii) a party fails to answer an interrogatory submitted under Rule 33, or (iv) a party fails to respond that inspection will be permitted — or fails to permit inspection — as requested under Rule 34." Fed.R.Civ.P. 37(a)(3)(B).

20.     LR 37.2 states in pertinent part: "counsel's attempts to engage in such consultation were unsuccessful due to no fault of counsel's. . . . Where counsel was unsuccessful in engaging in such consultation, the statement shall recite the efforts made by counsel to engage in consultation."

21.     Plaintiffs have complied with all of the Federal and local rules, while Defendants Martin and Rodriguez stand obstinate and in defiance of the rules.

WHEREFORE, Plaintiffs respectfully request that this honorable Court grant their Motion to Compel Discovery against Defendants Darcey Martin and Tom Rodriguez and order that they provide responses to the outstanding discovery and documents to Plaintiffs within 7 days.

Respectfully submitted,
PLAINTIFFS

By: __/s/ Robert C. Thurston____
One of Their Attorneys

Thurston Law Offices, P.C.
Robert C. Thurston
A.R.D.C. No. 6209353
10469 Bethel Avenue
Huntley, IL 60142
Phone: 847-659-8613
Fax: 847-628-0930
Email: tj@thurstonlawpc.com

Law Offices of Joel M Weiner, LLC
Joel M. Weiner
579 N 1st Bank Drive Suite 150
Palatine, IL 60067-8102
Phone: 847-654-3105
Fax: 847-358-7165
Email: jweiner@jweinerlaw.com