**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | |
|---|---|
| BRADLEY J. SCHAUFENBUEL; et al., | ) |
| Plaintiffs, | ) |
| | ) Case No. 09-CV-1221 |
| v. | ) |
| INVESTFORCLOSURES FINANCIAL, L.L.C.; et al., | ) Judge Leinenweber |
| | ) Magistrate Judge Nolan |
| Defendants. | ) |

### LR 37.2 CERTIFICATION OF ROBERT C. THURSTON

I, Robert C. Thurston, an attorney and counsel for Plaintiff, hereby certify as follows:

1. Discovery was served via email upon Defendant Tom Rodriguez on April 23, 2009. (True and correct copies of the Fifth Set of discovery requests are attached hereto as Exhibit A.)

2. Discovery was served via email upon Defendant Darcey Martin on April 30, 2009. (True and correct copies of the Sixth Set of discovery requests are attached hereto as Exhibit B.)

3. Pursuant to Federal Rules of Civil Procedure 33(b)(2) and 34(b)(2), the responses thereto were due on May 25, 2009 and June 1, 2009 respectively.

4. I made repeated requests to their counsel for responses to the discovery requests from Martin and Rodriguez, but each time my request was ignored or I was told by Mr. Baker that discovery didn't apply to his clients.

5. After Plaintiffs' Motion to Compel against Defendant Sanchez, Judge Nolan entered an Order requiring pending written discovery to be completed by

June 30, 2009 and granting leave to Guidi, Martin and Rodriguez to serve discovery by May 26, 2009 (Document #92).

6. On May 20, 2009, Guidi, Martin and Rodriguez filed their Motion to Dismiss the Complaint and referencing *inter alia* the Private Securities Litigation Reform Act ("PSLRA") (Document #87).

7. On or about June 2, 2009, counsel for Guidi, Martin and Rodriguez repeated the representation of prior counsel for Sanchez that discovery was automatically stayed pursuant to the PSLRA.

8. After motion by Plaintiffs, Judge Leinenweber lifted the stay on discovery on July 21, 2009 (Document #111). At that hearing, no counsel spoke up requesting exceptions to the ruling as to Guidi, Martin or Rodriguez.

9. On July 29, 2009, Judge Nolan entered an Order accepting Plaintiffs' proposed revised discovery schedule with all written discovery to be completed by August 14, 2009 and oral discovery to be completed by September 18, 2009 (Document #119). Again, no one spoke up requesting exceptions to the discovery schedule as to Guidi, Martin or Rodriguez.

10. On August 17, 2009, I sent a letter to counsel outlining the above-referenced procedural history and that his clients' responses to discovery were overdue. (A true and correct copy of the 8/17/09 letter is attached hereto as Exhibit C.)

11. Instead of responding to my letter and/or discovery, two days later on August 19, 2009, Defendants Guidi, Martin or Rodriguez filed a Motion for Clarification of Judge Leinenweber's lift of the stay of discovery, arguing that the lift

didn't apply to them (Document #142). They noticed the motion for another 6 days later on August 25, 2009 (Document #143.)

12. Judge Leinenweber denied the Motion for Clarification on August 25, 2009 (Document #151.)

13. On August 28, 2009 (now 4 months after discovery was served and 3 months after responses were originally due), Defendants served <u>unverified</u> Defendant Tom Rodriguez's <u>Answers</u> to Plaintiffs' Fifth Set of Interrogatories – Preliminary Injunction Phase; <u>unverified</u> Defendant Darcey L. Martin <u>Response</u> to Plaintiffs' Sixth Set of Interrogatories – Preliminary Injunction Phase; and Defendant Darcey L. Martin <u>Response</u> to Plaintiffs' Sixth Request for Production of Documents – Preliminary Injunction Phase. (True and correct copies of the referenced discovery responses are attached hereto as Exhibits D, E and F respectively.) Rodriguez has not responded to the Fifth Request for Production of Documents to date.

14. By letter dated September 1, 2009, I wrote to counsel outlining the areas of dispute on the responses to discovery and proposed a meet and confer conference. (A true and correct copy of the 9/1/09 letter is attached hereto as Exhibit G.)

15. At the September 2, 2009 status hearing before this Court, I heard and believed that this Court advised these Defendants that they were not exempted from discovery and that relevance to the preliminary injunction was not a proper objection because of the scope and burden of proof on Plaintiffs in their preliminary injunction proceedings.

16. Counsel for the three Defendants responded by letter dated September 2, 2009 stating that they were standing by the objections that all of the discovery is irrelevant to the preliminary injunction phase. (A true and correct copy of the 9/2/09 letter is attached hereto as Exhibit H.)

17. After an exchange of emails and pursuant to this Court's instructions, a meet and confer conference call was set up for Friday, September 4, 2009. (True and correct copies of the emails exchanged are attached hereto as Exhibit I.)

18. I requested that the conference call be audio taped, but such request was denied by attorneys Baker and Dunlop. I withdrew my request on the conditions that the meet and confer conference call be conducted in a professional manner, with no interruptions of the speaker (as had happened with this Court at the September 2 status hearing), and that it be conducted in a good faith manner. (*See* Exhibit I.)

19. On Friday, September 04, 2009, I participated in the conference call with Joel Weiner, Russell Baker and Charles Dunlop to meet and confer on discovery disputes. (A true and correct copy of the conference call log is attached hereto as Exhibit J.)

20. I called from telephone number 847-659-8613 and joined the conference call at approximately 10:26 a.m. central time. (See Exhibit J.)

21. Throughout the entire call, attorneys Dunlop and Baker interrupted or tried to talk over me when I was speaking. In fact, throughout the call Dunlop was very antagonistic and spoke in loud tones.

22. On two occasions, I interrupted or spoke over either Mr. Dunlop or Mr. Baker, but then I stopped myself and apologized for the interruption each time.

23. Mr. Baker confirmed that his clients do not have a burden of proof in the preliminary injunction phase of the case. He also confirmed that his clients are not targets of the relief sought by the preliminary injunction.

24. When discussing Plaintiffs' responses to Defendants' discovery requests, Mr. Dunlop insisted that I answer "yes" or "no" as to whether I was going to change Plaintiffs' responses to the requests. I made a sincere attempt to explain the legal basis for the objections and also that the answers provided were sufficient, but Mr. Dunlop kept cutting off such discussions demanding a "yes" or "no" answer.

25. When it came to Defendants' responses to Plaintiffs' Discovery, Mr. Dunlop wanted to control and run the discussion and then kept interrupting me when I tried to respond. Mr. Dunlop repeatedly stated that "we wasted over 20 [26] [28] minutes talking about this."

26. After I had had enough interruptions and attempts to shout me down by Dunlop and Baker, I began to advise those on the call that if I was interrupted or shouted over again by Mr. Dunlop that I would terminate the conference call. Just as I was saying this, Mr. Dunlop interrupted and spoke over me again, at which time I hung up.

27. It is my belief that Mr. Dunlop interrupted me and spoke over me intentionally so as to provoke me and force this issue to come before the Court.

28. I tried to conduct myself throughout the call professionally and with the exhibited intent of having a good faith meet and confer discussion.

29. It is apparent to me that attorneys Dunlop and Baker do not intend to engage in a good faith LR 37.2 conference.

-6-

30. To date, I have received no documents from these Defendants and have no received full and proper responses to the discovery requests.

31. However, by contrast I have produced almost 5 GB of data, including PDF files, emails, Word Documents, spreadsheets, image files, and other data, and full responses to all discovery requests on behalf of Plaintiffs.

32. I make this Certificate to affirm that counsel for Plaintiffs have made good faith efforts to resolve the discovery dispute pursuant to LR 37.2, but opposing counsel has elected not to participate in good faith in such efforts and that I was never given an opportunity to propose compromises to the disputes.

                                                                          __/s/ Robert C. Thurston_____
                                                                          Robert C. Thurston