

Thurston Law Offices, P.C.
10469 Bethel Avenue
Huntley, IL 60142
www.thurstonlawpc.com



Phone: 847.659.8613
Fax: 847.628.0930
Cell: 630-853-3744

Robert C. ("T.J.") Thurston
Attorney-at-Law
Email: tj@thurstonlawpc.com

August 17, 2009

**VIA EMAIL ONLY**
Russell W. Baker
Campion Curran Dunlop & Lamb, PC
8600 US Hwy 14, Suite 201
Crystal Lake, IL 60012

      **RE:**    **Schaufenbuel, et al. v. InvestForClosures, et al.**
             **U.S.D.C. N.D.IL. Case No. 09-cv-1221**

Dear Mr. Baker:

Please allow this letter to be Plaintiffs' formal demand regarding discovery requests and initial step in 'meet and confer' process pursuant to LR 37.2. First, the procedural background:

- March 23, 2009 – Judge Nolan enters the Stipulated Order regarding discovery for the preliminary injunction phase (Document #32)
- Interrogatories and Requests for Production of Documents served upon Tom Rodriguez on April 23, 2009
- Interrogatories and Requests for Production of Documents served upon Darcey Martin on April 30, 2009
- After Plaintiffs' Motion to Compel, Judge Nolan entered an Order requiring written discovery to be completed by June 30, 2009 and for your clients to serve discovery by May 26, 2009 (Document #92)
- Discovery stayed by the Motions to Dismiss referencing the Private Securities Litigation Reform Act ("PSLRA") on or about May 27, 2009 (Documents ##87 and 89)
- On July 21, 2009, after motion by Plaintiffs, Judge Leinenweber lifts discovery stay imposed by PSLRA (Document #111); no exceptions made and no one spoke up on your clients' behalf requesting that the stay remain in place with respect to your clients
- On July 29, 2009, Judge Nolan enters an Order accepting Plaintiffs' proposed revised discovery schedule with all written discovery to be completed by August 14, 2009 and oral discovery to be completed by September 18, 2009 (Document #119); again, no one spoke up on your clients' behalf regarding the amended discovery schedule

Since I intend to take your clients' depositions on matters relating to the preliminary injunction and we are on an expedited schedule, I am demanding that they respond to discovery immediately. Your clients have had since April to prepare their responses and collect documents. Your office did not raise any issues relating to the stay of discovery (that was done by Mr. Christie's office) or the lifting

THURSTON LAW OFFICES, P.C.
**August 17, 2009**
**Page 2 of 2**

of the stay of discovery, thus Judge Nolan's July 29 Order applies to all parties. Finally, since your clients served discovery upon Plaintiffs, it is only equitable that your clients respond to discovery.

If you feel that there is some legal, factual or equitable basis that your clients should not respond to discovery immediately, please advise and we can discuss those matters. Otherwise, I expect compliance with the Courts' Orders.

Very truly yours,

Robert C. ("T.J.") Thurston

cc:	Joel Weiner (via email only)
	Frank Sanchez (via email only)
	Jim Bourassa (via email only)