


IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| BRADLEY J. SCHAUFENBUEL; ROBERT N. SCHAUFENBUEL; JOHN AND SARAH REED, IV; JOHN AND JAN REED, III; AMERICAN MASS MEDIA CORPORATION; ROBERTA K. CLARK; on behalf of Themselves and All Others Similarly Situated | ) | |
| Plaintiffs, | ) | |
| v. | ) | Case No. 09-cv-1221<br>The Honorable Judge Leinenweber |
| INVESTFORCLOSURES FINANCIAL, L.L.C ROI DEVELOPERS; INVESTFORCLOSURES; INVESTFORCLOSURES.COM, LLC; INVESTFORCLOSURES VENTURES; LLC SANDS OF GOLD ESCROW; SANDS OF GOLD; ROI FINANCIAL; REALTY OPPORTUNITIES ) INTERNATIONAL ESCROW 23; ROI ESCROW; REALTY OPPORTUNITIES INTERNATIONAL S. de R.L. de C.V; REALTY OPPORTUNITIES INTERNATIONAL; ROI MEXICO; SANDS OF GOLD ESTATES; FRANCIS X. SANCHEZ aka FRANK SANCHEZ; JAMES D. BOURASSA aka JIM BOURASSA; SCOTT D. WESSEL; DEANA M. GUIDI; DANIEL E. FITZGERALD aka DAN FITZGERALD; SCOTT R. SLAGLE; DARCEY L. MARTIN; TOM RODRIGUEZ; and JOHN DOES 1-30. | ) | |
| Defendants. | ) | |

**DEFENDANT TOM RODRIGUEZ' ANSWERS TO PLAINTIFF'S FIFTH SET OF INTERROGATORIES-PRELIMINARY INJUNCTION PHASE**

NOW COME Defendant, TOM RODRIGUEZ, by and through his attorneys, CAMPION, CURRAN, DUNLOP & LAMB, P.C., and answers the Fifth Set of Interrogatories as follows:

**Objections Common to All Interrogatories**

Defendants object to the entire set of interrogatories and requests for production and submits each individual response subject to the following objections:

I. Defendants object to the interrogatories and requests for production propounded by Plaintiff to the extent that they seek non-discoverable expert information and information subject to the attorney-client privilege, the attorney work product doctrine, or any other applicable privileges or limitation on discovery. In responding to these interrogatories, and requests for production, Defendants will not provide any information protected from disclosure by the attorney -client privilege or the attorney work product doctrine.

II. Defendants have not fully completed its investigation of the facts relating to this case, have not concluded discovery and have not completed preparation for trial. Accordingly, the responses contained herein are based only upon the information and documents presently available and known to Defendants. Further discovery, independent investigation, legal research and analysis may well supply additional facts or lend new meaning or clarification to know facts, and may also establish new factual conclusions or legal contentions, all of which may lead to substantial changes or addition to or modifications of the matters set forth herein. Defendants specifically reserve the right, without acknowledging any obligation to do so, except as required by law, to supplement or amend these responses or to introduce at or prior to the time of trial information which may come to its attention after the date of these responses.

III. Defendants object to the entire set of interrogatories and requests for production and to each individual demand on the grounds that the interrogatories and requests for production are unduly burdensome and oppressive, and calculated to impose an unreasonable and needless expense on Defendants, to the extent that the interrogatories and requests for production are vague, ambiguous and overly broad, and to the extent they are not calculated to lead tot he discovery of admissible evidence.

IV. Defendants object to each interrogatory and demand for inspection to the extent that it seeks information that is not relevant to the subject matter of this action and therefore beyond the scope of permissible discovery.

V. Defendants object to each interrogatory and demand for inspection to the extent that it seeks information that is not in the possession, custody or control of Defendants.

VI. Defendants object to each instruction, definition, interrogatory and demand for inspection to the extent it purports to impose upon Defendants duties greater than those imposed by the Federal Rules of Civil Procedures.

VII. Defendants object to the extent that each interrogatory and demand seeks information that is confidential, proprietary, or a trade secret.

VIII. Defendants object to the extent it is duplicative of information sought from the parties to the preliminary injunction proceedings and otherwise irrelevant and/or unnecessary for the preliminary injunction proceedings

**INTERROGATORY NO. 1:** Identify each person that supplied information to respond to these Interrogatories, indicating to which Interrogatory such person's information was responsive, as well as each person's employer, title, current residence address, date of birth, driver's license number and issuing state, and last four digits of their social security number, and, if different, give the full name, as well the current residence address, date of birth, driver's license number and issuing state, and last four digits of the social security number of the individual signing these answers.

**Answer to Interrogatories**

**ANSWER:** Thomas M. Rodriguez
3805 Linden Road
Rockford, IL 61109
Title: Staff Accountant

**INTERROGATORY NO. 2:** Did you ever wire transfer money from a bank or financial account held by any of the following entities or persons to a bank or financial institution in Mexico.

(a) InvestForClosures Financial, L.L.C.

(b) ROI Developers

(c) InvestForClosures

(d) InvestForClosures.com, LLC

(e) InvestForClosures Ventures, LLC

(f) Sands of Gold Escrow

(g) Sands of Gold

(h) ROI Financial

(i) Realty Opportunities International Escrow 23

(j) ROI Escrow

(k) Realty Opportunities International S. de R.L. de C.V.

(l) Realty Opportunities International

(m) ROI Mexico

(n) Sands of Gold Estates

(o) Francis X. Sanchez aka Frank Sanchez

(p) James D. Bourassa aka Jim Bourassa

(q) Scott D. Wessel

(r) Deana M. Guidi

(s) Daniel E. Fitzgerald aka Dan Fitzgerald

(t) Scott Slagle

(u) Darcey L. Martin

(v) Tom Rodriguez

(w) Wayne O'Day

(x) Sanchez and Rivera Title Company

(y) Stewart Title Company

(z) Sterling Trust Company

**ANSWER:** (a) Unknown

(b) No

(c) No

(d) No

(e) Yes

(f) No

(g) No

(h) No

(i) No

(j) No

(k) Yes

(l) No

(m) No

(n) No

(o) No

(p) No

(q) No

(r) No

(s) No

(t) No

(u) No

(v) No

(w) No

(x) No

(y) No

(z) No

**INTERROGATORY NO. 3:** If your answer to Interrogatory No. 2 is anything other than an unqualified no, for each wire transfer provide the following information:

(a) Identify the bank or entity originating the wire transfer;

(b) Identify the type and number of the account from which the funds were transferred;

(c) The owner or name on the account from which the funds were transferred and the type of ownership of the account (jointly held; corporate; partnership; etc.)

(d) Who gave you the instructions to wire transfer the money;

(e) What were the wire transfer instructions;

(f) For what purpose was the money being wired;

(g) The amount of the wire transfer in (U.S. Dollars);

(h) The source of funds that were in the account from which the transfer was made;

(i) The date and time of the transfer;

(j) All confirmations that the wire transfer was complete and successful

(k) Identify the bank or entity receiving the wire transfer;

(l) Identify the type and number of the account to which the funds were transferred;

(m) The owner, beneficiary or name on the account to which the funds were transferred and the type of ownership of the account (jointly held; corporate; partnership; etc.);

(n) Whether there were forwarding wire transfer instructions, including without

limitation instructions to send the money to another bank, entity or account after the initial wire transfer; and

(o) How you accounted for the wire transfer in the books maintained for the business.

**ANSWER:**

a. See answer to #2 above

b. Unknown

c. Unknown

d. Frank Sanchez and/or Jim Bourassa

e. Transfer funds

f. Business expenditures such as legal, labor fees, office expenses, etc.

g. Unknown

h. Unknown

i. Unknown

j. Unknown

k. Unknown

l. Unknown

m. Unknown

n. Unknown

o. Recorded on ledger of Company and /or companies as allowed by the generally accepted accounting principles guidelines.

**INTERROGATORY NO. 4:** How much did any of the entities listed in Interrogatory No. 2 receive from investors?

**ANSWER:** Unknown.

**INTERROGATORY NO. 5:** Where is the money today that was received from investors by any of the entities listed in Interrogatory No. 2?

**ANSWER:** Unknown

**INTERROGATORY NO. 6:** What did Frank Sanchez tell you about properties or assets owned in Mexico?

**ANSWER:** Defendant objects to this Interrogatory as being overly broad and ambiguous and is outside the scope of the limited preliminary injunction discovery because it is not reasonably calculated to lead to evidence which would be relevant and admissible at the preliminary injunction proceedings. Without waiving the foregoing objection, Defendant answers that Mr. Sanchez indicated that the land in Mexico was acquired from previous owner(s) and options to purchase additional real estate were obtained for future developments.

**INTERROGATORY NO. 7:** What assets do Frank Sanchez or ROI Mexico currently own in Mexico?

**ANSWER:** Unknown

**INTERROGATORY NO. 8:** What is your current home address and telephone number?

**ANSWER:** See Answer #1.

**INTERROGATORY NO. 9:** During what time frame were you employed by any of the entities listed in Interrogatory No. 2 and what was/were your title(s) during each period?

**ANSWER:** Defendant objects to this Interrogatory as being outside the scope of the limited preliminary injunction discovery because it is not reasonably calculated to lead to evidence which would be relevant and admissible at the preliminary injunction proceedings.

CAMPION, CURRAN, DUNLOP & LAMB, P.C.

/s/Russell W. Baker

CAMPION, CURRAN, DUNLOP & LAMB, P.C.
Attorneys for Certain Defendants
8600 U.S. Highway 14, Suite 201
Crystal Lake, IL 60012
(815) 459-8440