

IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| BRADLEY J. SCHAUFENBUEL; ROBERT N. SCHAUFENBUEL; JOHN AND SARAH REED, IV; JOHN AND JAN REED, III; AMERICAN MASS MEDIA CORPORATION; ROBERTA K. CLARK; on behalf of Themselves and All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>INVESTFORCLOSURES FINANCIAL, L.L.C ROI DEVELOPERS; INVESTFORCLOSURES; INVESTFORCLOSURES.COM, LLC; INVESTFORCLOSURES VENTURES; LLC SANDS OF GOLD ESCROW; SANDS OF GOLD; ROI FINANCIAL; REALTY OPPORTUNITIES INTERNATIONAL ESCROW 23; ROI ESCROW; REALTY OPPORTUNITIES INTERNATIONAL S. de R.L. de C.V; REALTY OPPORTUNITIES INTERNATIONAL; ROI MEXICO; SANDS OF GOLD ESTATES; FRANCIS X. SANCHEZ aka FRANK SANCHEZ; JAMES D. BOURASSA aka JIM BOURASSA; SCOTT D. WESSEL; DEANA M. GUIDI; DANIEL E. FITZGERALD aka DAN FITZGERALD; SCOTT R. SLAGLE; DARCEY L. MARTIN; TOM RODRIGUEZ; and JOHN DOES 1-30.<br><br>Defendants. | Case No. 09-cv-1221<br>The Honorable Judge Leinenweber |

**DEFENDANT DARCEY L. MARTIN RESPONSE TO PLAINTIFF'S SIXTH SET OF INTERROGATORIES-PRELIMINARY INJUNCTION PHASE**

NOW COME Defendant, DARCEY L. MARTIN, by and through her attorneys,

CAMPION, CURRAN, DUNLOP & LAMB, P.C., and responds to the Sixth Set of

Interrogatories - Preliminary Injunction as follows:

1

## Objections Common to All Interrogatories

Defendants object to the entire set of interrogatories and requests for production and submits each individual response subject to the following objections:

I. Defendants object to the interrogatories and requests for production propounded by Plaintiff to the extent that they seek non-discoverable expert information and information subject to the attorney-client privilege, the attorney work product doctrine, or any other applicable privileges or limitation on discovery. In responding to these interrogatories, and requests for production, Defendants will not provide any information protected from disclosure by the attorney-client privilege or the attorney work product doctrine.

II. Defendants have not fully completed its investigation of the facts relating to this case, have not concluded discovery and have not completed preparation for trial. Accordingly, the responses contained herein are based only upon the information and documents presently available and known to Defendants. Further discovery, independent investigation, legal research and analysis may well supply additional facts or lend new meaning or clarification to know facts, and may also establish new factual conclusions or legal contentions, all of which may lead to substantial changes or addition to or modifications of the matters set forth herein. Defendants specifically reserve the right, without acknowledging any obligation to do so, except as required by law, to supplement or amend these responses or to introduce at or prior to the time of trial information which may come to its attention after the date of these responses.

III. Defendants object to the entire set of interrogatories and requests for production and to each individual demand on the grounds that the interrogatories and requests for production are unduly burdensome and oppressive, and calculated to impose an unreasonable and needless expense on Defendants, to the extent that the interrogatories and requests for production are vague, ambiguous and overly broad, and to the extent they are not calculated to lead tot he discovery of admissible evidence.

IV. Defendants object to each interrogatory and demand for inspection to the extent that it seeks information that is not relevant to the subject matter of this action and therefore beyond the scope of permissible discovery.

V. Defendants object to each interrogatory and demand for inspection to the extent that it seeks information that is not in the possession, custody or control of Defendants.

VI. Defendants object to each instruction, definition, interrogatory and demand for inspection to the extent it purports to impose upon Defendants duties greater than those imposed by the Federal Rules of Civil Procedures.

VII. Defendants object to the extent that each interrogatory and demand seeks information that is confidential, proprietary, or a trade secret.

VIII. Defendants object to the extent it is duplicative of information sought from the parties to the preliminary injunction proceedings and otherwise irrelevant and/or unnecessary for the preliminary injunction proceedings

## Answers to Interrogatories

**INTERROGATORY NO. 1:** Identify each person that supplied information to respond to these Interrogatories, indicating to which Interrogatory such person's information was responsive, as well as each person's employer, title, current residence address, date of birth, driver's license number and issuing state, and last four digits of their social security number, and, if different, give the full name, as well the current residence address, date of birth, driver's license number and issuing state, and last four digits of the social security number of the individual signing these answers.

**ANSWER:** Defendant objects to this Interrogatory to the extent is calls for Defendants date of birth, driver's license number and social security number, as this information is not reasonably calculated to lead to admissible evidence and unnecessarily invades on Defendants' personal privacy. Without waiving the foregoing objection, Defendant responds:

> Name: Darcey L. Martin
> Address: 9507 Waterford Oaks Blvd.
> Winter Haven, FL 33884

**INTERROGATORY NO. 2:** Did you invest in any of the following entities:

(a) InvestForClosures Financial, L.L.C.
(b) ROI Developers
(c) InvestForClosures
(d) InvestForClosures.com, LLC
(e) InvestForClosures Ventures, LLC
(f) Sands of Gold Escrow
(g) Sands of Gold
(h) ROI Financial
(i) Realty Opportunities International Escrow 23
(j) ROI Escrow
(k) Realty Opportunities International S. de R.L. de C.V.
(l) Realty Opportunities International
(m) ROI Mexico
(n) Sands of Gold Estates

**ANSWER:** Defendant objects to this Interrogatory as being outside the scope of the limited preliminary injunction discovery because it is not reasonably calculated to lead to evidence which would be relevant and admissible at the preliminary injunction proceedings.

**INTERROGATORY NO. 3:** If your answer to Interrogatory No. 2 is anything other

than an unqualified no, for <u>each</u> such investment:

    (a)    Identify the entity in which you invested;
    (b)    Identify the amount of your investment;
    (c)    Identify the method of payment for such investment, including without limitation check, cash, wire transfer, credit card payment, payment through a broker or intermediary, etc.;
    (d)    Identify whether you received a certificate or other document confirming your investment;
    (e)    Identify the name of your principal contact at the entity for the investment;
    (f)    Identify all documents you reviewed or considered prior to making your investment;
    (g)    Identify whether you were repaid for the investment;
    (h)    Identify the amount of any such repayment, including without limitation any interest you received;
    (i)    Identify the method of such repayment;
    (j)    Identify the entity that provided such repayment to you;
    (k)    Identify the source of funds for such repayment to you; and
    (l)    State whether you believe you have been repaid in full by the entity.

**ANSWER:** Defendant objects to this Interrogatory as being outside the scope of the limited preliminary injunction discovery because it is not reasonably calculated to lead to evidence which would be relevant and admissible at the preliminary injunction proceedings.

**INTERROGATORY NO. 4:** Did you send March 31, 2008 Account Statements to investors via email? (See attached e Exhibit A as examples.)

**ANSWER:** Yes.

**INTERROGATORY NO. 5:** If your answer to Interrogatory No. 4 is anything other than an unqualified no, with respect to the Account Statements:

    (a)    Identify the source of information for such Account Statements;
    (b)    State whether you verified the information contained in those Account Statements;
    (c)    Identify the person or persons who were responsible for preparing such Account Statements;
    (d)    If your answer to subpart (c) above is you, state why you were the person responsible for preparing such Account Statements;
    (e)    State whether you notified Sterling Trust and other intermediaries of the information contained in the Account Statements;
    (f)    Identify all investors that indicated that the Account Statements were inaccurate, if

            any; and

(g) Identify the basis upon which the "warrants" were accounted for in the Account Statements.

5.   ANSWER:
   a. Account statement files provided by Jim Bourassa.
   b. Defendant objects to this Interrogatory as being outside the scope of the limited preliminary injunction discovery because it is not reasonably calculated to lead to evidence which would be relevant and admissible at the preliminary injunction proceedings.
   c. Jim Bourassa.
   d. Defendant objects to this Interrogatory as being outside the scope of the limited preliminary injunction discovery because it is not reasonably calculated to lead to evidence which would be relevant and admissible at the preliminary injunction proceedings.
   e. Defendant objects to this Interrogatory as being outside the scope of the limited preliminary injunction discovery because it is not reasonably calculated to lead to evidence which would be relevant and admissible at the preliminary injunction proceedings.
   f. Defendant objects to this Interrogatory as being outside the scope of the limited preliminary injunction discovery because it is not reasonably calculated to lead to evidence which would be relevant and admissible at the preliminary injunction proceedings.
   g. The "warrants" were based on documents and information provided by Heidi Valentin and Jim Bourassa.

**INTERROGATORY NO. 6:** In what capacity were you sending ROI Updates via email to investors such as those attached hereto as Group Exhibit B?

6.   ANSWER: Defendant objects to this Interrogatory as being outside the scope of the limited preliminary injunction discovery because it is not reasonably calculated to lead to evidence which would be relevant and admissible at the preliminary injunction proceedings.

**INTERROGATORY NO. 7:** For the ROI Update you were sending to investors, please state the following:

(a) Identify the source of information in such ROI Updates;
(b) State whether you verified the information contained in those ROI Updates;
(c) Identify the person or persons who were responsible for preparing such ROI

6

Updates;

(d) If your answer to subpart (c) above is you, state why you were the person responsible for preparing such ROI Updates;

(e) Identify all persons and entities who are mentioned or referenced in the ROI Updates contained in Group Exhibit B, including without limitation "Frank," "Jim," "Darcey," "a board member," "Jorge," the "Mexican Bank," "Georgia," "Adam," "Mike," "Mark," "Group Leaders," "Michael," "Zac," "Leo," "John," "Robert," "Cooper," "Poncho," "Poncho's Daughter," "the bank, "political contacts" in Mexico, and "officials";

(f) Identify the date of the first ROI Update you sent to investors and the date of the last ROI Update you sent to investors;

(g) Why you were sending these ROI Updates to investors; and

(h) Why the ROI Updates didn't identify the last names or full entity names of the persons or entities mentioned or referenced therein.

7 ANSWER:  a. Frank Sanchez
b. Defendant objects to this Interrogatory as being outside the scope of the limited preliminary injunction discovery because it is not reasonably calculated to lead to evidence which would be relevant and admissible at the preliminary injunction proceedings.
c. The statements were prepared by Frank Sanchez with the clerical assistant of Defendant.
d. Defendant objects to this Interrogatory as being outside the scope of the limited preliminary injunction discovery because it is not reasonably calculated to lead to evidence which would be relevant and admissible at the preliminary injunction proceedings.
e. Upon information and belief:
Frank Sanchez,
Jim Bourassa,
Darcey Martin,
Advisory board-Mark Lincoln, Richard Zhu, Al Akagi,
Jorge - Nafinsa, Mexican bank ,
Nafinsa- Mexican Bank,
Gregoria - unknown
Adam- potential JV partner,
Mike - unknown
Mark Lincoln
Group Leaders-People down in Mexico that own land, names unknown
Michael - potential funder, last name unknown
Zac - Brandy Marine

7

       Leo - <u>potential funder</u>
       John <u>Lauden</u>
       Robert - <u>unknown</u>
       Cooper - <u>unknown</u>
       Poncho- <u>Frank Sanchez contact in Mexico</u>
       Poncho's daughter - <u>unknown</u>
       The bank - <u>Nafinsa</u>
       Political contacts in Mexico- <u>unknown</u>
       Officials - <u>unknown</u>

  f. Started-1/24/09, ended 3/28/09

  g. Defendant objects to this Interrogatory as being outside the scope of the limited preliminary injunction discovery because it is not reasonably calculated to lead to evidence which would be relevant and admissible at the preliminary injunction proceedings.

  h. Frank Sanchez directed that full names not be used in order to avoid unnecessary nuisance to the persons and entities from excessive direct investor contact.

**INTERROGATORY NO. 8:** Other than any repayment of your investment, have you been compensated in any way, including without limitation cash, stock, warrants, bonuses and/or promises of compensation, stock, warrants, bonuses, by the entities listed in Interrogatory No. 2 above?

  8. ANSWER: Defendant objects to this Interrogatory as being outside the scope of the limited preliminary injunction discovery because it is not reasonably calculated to lead to evidence which would be relevant and admissible at the preliminary injunction proceedings.

**INTERROGATORY NO. 9:** If your answer to Interrogatory No. 8 is anything other than an unqualified no, please state what form and amount of compensation you have been given by any of the entities listed in Interrogatory No. 2 above.

  9. ANSWER: See Answer to #8

          CAMPION, CURRAN, DUNLOP & LAMB, P.C.

          /s/<u>Russell W. Baker</u>

CAMPION, CURRAN, DUNLOP & LAMB, P.C.
Attorneys for Certain Defendants
8600 U.S. Highway 14, Suite 201
Crystal Lake, IL 60012
(815) 459-8440