

IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| BRADLEY J. SCHAUFENBUEL; ROBERT N. SCHAUFENBUEL; JOHN AND SARAH REED, IV; JOHN AND JAN REED, III; AMERICAN MASS MEDIA CORPORATION; ROBERTA K. CLARK; on behalf of Themselves and All Others Similarly Situated,<br><br>  Plaintiffs,<br><br>v.<br><br>INVESTFORCLOSURES FINANCIAL, L.L.C ROI DEVELOPERS; INVESTFORCLOSURES; INVESTFORCLOSURES.COM, LLC; INVESTFORCLOSURES VENTURES; LLC SANDS OF GOLD ESCROW; SANDS OF GOLD; ROI FINANCIAL; REALTY OPPORTUNITIES INTERNATIONAL ESCROW 23; ROI ESCROW; REALTY OPPORTUNITIES INTERNATIONAL S. de R.L. de C.V; REALTY OPPORTUNITIES INTERNATIONAL; ROI MEXICO; SANDS OF GOLD ESTATES; FRANCIS X. SANCHEZ aka FRANK SANCHEZ; JAMES D. BOURASSA aka JIM BOURASSA; SCOTT D. WESSEL; DEANA M. GUIDI; DANIEL E. FITZGERALD aka DAN FITZGERALD; SCOTT R. SLAGLE; DARCEY L. MARTIN; TOM RODRIGUEZ; and JOHN DOES 1-30.<br>  Defendants. | Case No. 09-cv-1221<br>The Honorable Judge Leinenweber |

**DEFENDANT DARCEY L. MARTIN RESPONSE TO PLAINTIFF'S SIXTH REQUEST FOR PRODUCTION OF DOCUMENTS-PRELIMINARY INJUNCTION PHASE**

NOW COME Defendant, DARCEY L. MARTIN, by and through her attorneys,

CAMPION, CURRAN, DUNLOP & LAMB, P.C., and responds to the Fifth Set of

Interrogatories as follows:

1

## **OBJECTIONS COMMON TO ALL REQUESTS TO PRODUCE.**

Defendants object to the entire set of interrogatories and requests for production and submits each individual response subject to the following objections:

I. Defendants object to the interrogatories and requests for production propounded by Plaintiff to the extent that they seek non-discoverable expert information and information subject to the attorney-client privilege, the attorney work product doctrine, or any other applicable privileges or limitation on discovery. In responding to these interrogatories, and requests for production, Defendants will not provide any information protected from disclosure by the attorney -client privilege or the attorney work product doctrine.

II. Defendants have not fully completed its investigation of the facts relating to this case, have not concluded discovery and have not completed preparation for trial. Accordingly, the responses contained herein are based only upon the information and documents presently available and known to Defendants. Further discovery, independent investigation, legal research and analysis may well supply additional facts or lend new meaning or clarification to know facts, and may also establish new factual conclusions or legal contentions, all of which may lead to substantial changes or addition to or modifications of the matters set forth herein. Defendants specifically reserve the right, without acknowledging any obligation to do so, except as required by law, to supplement or amend these responses or to introduce at or prior to the time of trial information which may come to its attention after the date of these responses.

III. Defendants object to the entire set of interrogatories and requests for production and to each individual demand on the grounds that the interrogatories and requests for production are unduly burdensome and oppressive, and calculated to impose an unreasonable and needless expense on Defendants, to the extent that the interrogatories and requests for production are vague, ambiguous and overly broad, and to the extent they are not calculated to lead tot he discovery of admissible evidence.

IV. Defendants object to each Request to Produce and demand for inspection to the extent that it seeks information that is not relevant to the subject matter of this action and therefore beyond the scope of permissible discovery.

V. Defendants object to each Request to Produce and demand for inspection to the extent that it seeks information that is not in the possession, custody or control of Defendants.

VI. Defendants object to each instruction, definition, Request to Produce and demand for inspection to the extent it purports to impose upon Defendants duties greater than those imposed by the Federal Rules of Civil Procedures.

VII. Defendants object to the extent that each Request to Produce and demand seeks information that is confidential, proprietary, or a trade secret.

VIII. Defendants object to the extent it is duplicative of information sought from the parties to the preliminary injunction proceedings and otherwise irrelevant and/or unnecessary for the preliminary injunction proceedings

3

## Responses to Requests to Produce

**REQUEST NO. 1:** All documents that you reviewed or support your responses to the Sixth Set of Interrogatories – Preliminary Injunction Phase served upon you.

**RESPONSE:** Defendant objects to this Request to Produce as overly broad and unduly burdensome and being outside the scope of the limited preliminary injunction discovery because it is not reasonably calculated to lead to evidence which would be relevant and admissible at the preliminary injunction proceedings. Without waiving the foregoing objection, Defendant responds that all responsive documents will be produced in accordance with Defendants objections to Plaintiffs' Sixth Set of Interrogatories.

**REQUEST NO. 2:** All correspondence, including without limitation all emails, exchanged between you and the following individuals and/or entities:

(a) Francis X. Sanchez aka Frank Sanchez
(b) James D. Bourassa aka Jim Bourassa
(c) Scott D. Wessel
(d) Deana M. Guidi
(e) Daniel E. Fitzgerald aka Dan Fitzgerald
(f) Scott Slagle
(g) Tom Rodriguez
(h) Wayne O'Day
(i) Richard Sanchez
(j) Salomon Sanchez
(k) Mauricio Sanchez
(l) Stewart Title Company
(m) Sterling Trust Company

**RESPONSE:** Defendant objects to this Request to Produce as overly broad and unduly burdensome and being outside the scope of the limited preliminary injunction discovery because it is not reasonably calculated to lead to evidence which would be relevant and admissible at the preliminary injunction proceedings.

**REQUEST NO. 3:** All correspondence, including without limitation all emails, exchanged between you and any investor in any of the following entities:

(a) InvestForClosures Financial, L.L.C.
(b) ROI Developers

4

    (c)    InvestForClosures
    (d)    InvestForClosures.com, LLC
    (e)    InvestForClosures Ventures, LLC
    (f)    Sands of Gold Escrow
    (g)    Sands of Gold
    (h)    ROI Financial
    (i)    Realty Opportunities International Escrow 23
    (j)    ROI Escrow
    (k)    Realty Opportunities International S. de R.L. de C.V.
    (l)    Realty Opportunities International
    (m)    ROI Mexico
    (n)    Sands of Gold Estates

**RESPONSE:** Defendant objects to this Request to Produce as overly broad and unduly burdensome and being outside the scope of the limited preliminary injunction discovery because it is not reasonably calculated to lead to evidence which would be relevant and admissible at the preliminary injunction proceedings.

**REQUEST NO. 4:** All electronic files, including without limitation MS Office (Word, Excel, Powerpoint, Access, Publisher) files, PDF files, image (.jpg, .tif, .tiff, .gif, etc.) Files and database files, you have relating to any of the entities listed in Request No. 3 and/or Playa Ventura, Mexico.

**RESPONSE:** Defendant objects to this Request to Produce as overly broad and unduly burdensome and being outside the scope of the limited preliminary injunction discovery because it is not reasonably calculated to lead to evidence which would be relevant and admissible at the preliminary injunction proceedings.

**REQUEST NO. 5:** All documents which evidence the members, officers, board of directors, agents, and/or representatives of any of the entities listed in Request No. 3.

**RESPONSE:** Defendant objects to this Request to Produce as overly broad and unduly burdensome and being outside the scope of the limited preliminary injunction discovery because it is not reasonably calculated to lead to evidence which would be relevant and admissible at the preliminary injunction proceedings.

**REQUEST NO. 6:** All documents which evidence the identity of investors of any of the entities listed in Request No. 3.

**RESPONSE:** Defendant objects to this Request to Produce as overly broad and unduly

burdensome and being outside the scope of the limited preliminary injunction discovery because it is not reasonably calculated to lead to evidence which would be relevant and admissible at the preliminary injunction proceedings.

**REQUEST NO. 7:** All documents in your possession used or reviewed to create ROI Update emails, including without limitation those attached to the Sixth Set of Interrogatories – Preliminary Injunction Phase as Group Exhibit B.

> **RESPONSE:** Defendants object to this request to Produce to the extent it is duplicative and the discovery sought may similarly be obtained from parties to the preliminary injunction. Without waiving the foregoing objection, Defendant responds that all responsive documents in her possession will be produced.

**REQUEST NO. 8:** All documents evidencing your relationship, employment or capacity relating to any of the entities listed in Request No. 3 above.

> **RESPONSE:** Defendant objects to this Request to Produce as overly broad and unduly burdensome and being outside the scope of the limited preliminary injunction discovery because it is not reasonably calculated to lead to evidence which would be relevant and admissible at the preliminary injunction proceedings.

**REQUEST NO. 9:** All documents relating to properties or assets obtained or purchased by any of the entities or persons listed in Request No. 3.

> **RESPONSE:** None.

**REQUEST NO. 10:** All documents evidencing and/or verifying the values contained in the March 31, 2008 Account Statements sent by you via email to investors.

> **RESPONSE:** Defendants object to this Request to Produce to the extent it is duplicative and the discovery sought may similarly be obtained from parties to the preliminary injunction. Without waiving the foregoing objection, Defendant responds that all responsive documents in her possession will be produced.

CAMPION, CURRAN, DUNLOP & LAMB, P.C.

/s/Russell W. Baker

CAMPION, CURRAN, DUNLOP & LAMB, P.C.
Attorneys for Certain Defendants
8600 U.S. Highway 14, Suite 201
Crystal Lake, IL 60012
(815) 459-8440