

THURSTON LAW OFFICES, P.C.
10469 BETHEL AVENUE
HUNTLEY, IL 60142
WWW.THURSTONLAWPC.COM




PHONE: 847.659.8613
FAX: 847.628.0930
CELL: 630-853-3744

ROBERT C. ("T.J.") THURSTON
ATTORNEY-AT-LAW
EMAIL: TJ@THURSTONLAWPC.COM

September 1, 2009

**VIA EMAIL ONLY**
Russell W. Baker
Campion Curran Dunlop & Lamb, PC
8600 US Hwy 14, Suite 201
Crystal Lake, IL 60012

**RE: Schaufenbuel, et al. v. InvestForClosures, et al.**
**U.S.D.C. N.D.IL. Case No. 09-cv-1221**

Dear Mr. Baker:

Please allow this letter to be Plaintiffs' formal second demand regarding discovery and follow up in the 'meet and confer' process pursuant to LR 37.2.

- By letter from counsel on August 17, 2009, Plaintiffs demanded that your clients provide discovery that was already overdue (due on 8/14).
- On August 19, 2009, in order to further delay responding to discovery, you filed a Motion for Clarification on the lift of stay by Judge Leinenweber and noticed the motion for August 25, 2009.
- On August 25, 2009, Judge Leinenweber denied your frivolous motion.
- On August 28, 2009, you served what purports to be "Defendant Tom Rodriguez's Answers to Plaintiffs' Fifth Set of Interrogatories – Preliminary Injunction Phase;" "Defendant Darcey L. Martin Response to Plaintiffs' Sixth Set of Interrogatories – Preliminary Injunction Phase;" and "Defendant Darcey L. Martin Response to Plaintiffs' Sixth Request for Production of Documents – Preliminary Injunction Phase." (Emphasis added.)
- Your clients have not produced any documents to date.

The following represents Plaintiffs' objections and demand pursuant to Rule 37 and LR 37.2 for proper discovery responses and/or a meet and confer to discuss the following objections:

1. Rodriguez's "Answers" and Martin's "Response" to their respective Interrogatories are not signed by either party. Rule 33(b)(3) requires: "Each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing **under oath**" and Rule 33(b)(5) requires "**The person who makes the answers must sign them**, and the attorney who objects must sign any objections." Thus, both of those discovery responses violate the Federal Rules of

Civil Procedure. Further, since in many instances shown below your clients' responses are not proper, it is evidence that your firm provided the answers instead of your clients. Unless you intend to testify on behalf of these two individuals, which would remove you as their counsel as a testifying witness, your clients must comply with the Rules and sign their answers under oath.

2. Rodriguez failed to respond to the Fifth Set of Requests for Production served upon him.

3. Martin only answered one Interrogatory fully and two other Interrogatories partially out of a total of only 9 interrogatories. This is unacceptable.

4. Specific objections to Defendant Tom Rodriguez's Answers to Plaintiffs' Fifth Set of Interrogatories – Preliminary Injunction Phase:

a. No. 1 – Rodriguez does not identify his employer, title, date of birth, driver's license number and issuing state, and last four digits of his social security number and there is no objection to this request. Further, there is no valid objection to this request. Mr. Rodriguez must provide this information.

b. No. 3 – (a) requires Rodriguez to "identify the bank or entity originating the wire transfer." Rodriguez's response refers to No. 2. However, LLC do not originate wire transfers. Only banks and financial institutions can do that. Rodriguez's response is not responsive. (e) asks for the "wire transfer instructions." This is a term of art meaning specific instructions that tell the bank from which account to take the funds and to which account to wire the funds. Rodriguez's response is not responsive.

c. No. 9 – You object to providing Rodriguez's employment timeframe and his titles with the IFC entities as outside the scope of discovery for preliminary injunction on the basis that it is not relevant. Judge Nolan has not limited the scope to fit your objection and indeed has made comments in open court that discovery for the preliminary injunction is almost discovery for the entire case because of the relief requested. Plaintiffs demand that this information be provided.

5. Specific objections to Defendant Darcey L. Martin Response to Plaintiffs' Sixth Set of Interrogatories – Preliminary Injunction Phase:

a. No. 1 – Martin does not identify her employer and title and there is no objection to this request. Martin does not identify her date of birth, driver's license number and issuing state, and last four digits of his social security number because of an objection based on relevance and privacy. These are not valid objections to this request. Please cite a rule or case that provides that such information does not need to be provided. This is basic identification information. Martin must provide this information.

b. No. 2 – Martin objects to identifying her investment(s) in the IFC entities on the basis that it is outside the scope of discovery for preliminary injunction on the basis that it is not relevant. Judge Nolan has not limited the scope to fit your objection and indeed has made comments in open court that discovery for the preliminary injunction is almost discovery for the entire case because of the relief requested. Plaintiffs demand that this information be provided.

c. No. 3 - Martin objects to providing detailed information about her investment(s) in the IFC entities on the basis that it is outside the scope of discovery for preliminary injunction on the basis that it is not relevant. Judge Nolan has not limited the scope to fit your objection and indeed has made comments in open court that discovery for the preliminary injunction is almost discovery for the entire case because of the relief requested. Plaintiffs demand that this information be provided.

d. No. 5 – (b) Martin admits to sending out March 31, 2008 Account Statements to investors by email, but objects to answering whether she verified any of the information in those statements; (e) refuses to answer whether she told Sterling Trust or other intermediaries about the information in the Account Statements; and (f) refuses to answer whether any investors told her the Account Statements contained inaccuracies; all on the basis that the Interrogatory is outside the scope of discovery for preliminary injunction on the basis that it is not relevant. Judge Nolan has not limited the scope as defined by your objection and indeed has made comments in open court that discovery for the preliminary injunction is almost discovery for the entire case because of the relief requested. Plaintiffs demand that this information be provided.

e. No. 6 – Martin objects to answering in what capacity she was sending ROI updates via email to investors on the basis that it is outside the scope of discovery for preliminary injunction on the basis that it is not relevant. Judge Nolan has not limited the scope as defined by your objection and indeed has made comments in open court that discovery for the preliminary injunction is almost discovery for the entire case because of the relief requested. Plaintiffs demand that this information be provided.

f. No. 7 – (b) Martin admits to sending out the ROI Updates on behalf of Frank Sanchez, but refuses to answer whether she verified the information in those updates; (c) this answer is nonsensical; (e) claims she doesn't know the complete or last names in emails that originated from her; (f) doesn't account for the 4/2/09 email sent by Martin to all investors about a conference call Sanchez wanted to have regarding the TRO; and (g) refuses to state why she was sending these ROI Updates to investors, with the objection in (b) and (g) that it is outside the scope of discovery for preliminary injunction on the basis that it is not relevant. Judge Nolan has not limited the scope as defined by your objection and indeed has made comments in open court that discovery for the preliminary injunction is almost discovery for the entire case because of the relief requested. Plaintiffs demand that this information be provided.

g. Nos. 8 and 9 – Martin refuses to answer whether she has been compensated in any way other than repayment of her investment, including without limitation cash, stock, warrants, bonuses and/or promises of compensation, stock, warrants, bonuses, by the IFC entities on the basis that it is outside the scope of discovery for preliminary injunction on the basis that it is not relevant. Judge Nolan has not limited the scope as defined by your objection and indeed has made comments in open court that discovery for the preliminary injunction is almost discovery for the entire case because of the relief requested. Indeed, this Interrogatory couldn't be more relevant because it goes to whether Martin has any assets from the investors/Plaintiffs that should be accessible under either a fraud basis or a clawback basis. Plaintiffs demand that this information be provided.

6. Specific objections to Defendant Darcey L. Martin Response to Plaintiffs' Sixth Request for Production of Documents – Preliminary Injunction Phase:

a. No. 1 – You indicate that Martin will only produce those documents "in accordance with Defendants [sic] objections to Plaintiffs' Sixth Set of Interrogatories." Since you objected to virtually every interrogatory, it is incumbent upon you to identify what documents will be produced.

b. Nos. 2-8 – You flatly refuse to produce documents based on the objection that these requests are outside the scope of discovery for preliminary injunction on the basis that it is not relevant. Judge Nolan has not limited the scope as defined by your objection and indeed has made comments in open court that discovery for the preliminary injunction is almost discovery for the entire case because of the relief requested. Plaintiffs demand that responsive documents be produced.

c. No. 9 – Does your response mean that Martin has no documents relating to the property in Mexico or the options on properties? If so, how did she make such representations in various emails? Certainly at a minimum, the emails she sent to investors are responsive to this Request.

d. As to the documents Martin does intend to produce in response to Nos. 1 and 10, please advise a date when I can review those documents or they will be produced to me.

I do intend to enforce these discovery requests as they are highly relevant to the preliminary injunction proceedings and have not been limited by any Court Order. Please cite any Rule, case, or Order which you assert allows your clients to avoid responding to these discovery requests. Otherwise, please advise when I can either expect full responses to the discovery and compliance as noted above or when we can have a LR 37.2 meet and confer on these issues.

Very truly yours,

Robert C. ("T.J.") Thurston

cc: All counsel of record (via email)

**Campion, Curran, Dunlop, Lamb & Cunabaugh**

Russell W. Baker




September 2, 2009




Robert C. Thurston
Thurston Law Offices, P.C.
10469 Bethel Ave
Huntley, IL 60142

Re: Shaufenbuel, et al. v. InvestForClosures, et al.

Dear Mr. Thurston:

This letter is in response to your letter received at 7:48 p.m. on September 1, 2009 regarding our discovery responses.

First, your recitation of the facts surrounding our discovery is simply false. Your September 1, 2009 letter is not a second formal demand but the first notice of any kind that there you have objections to our discovery responses. Your implication that your August 17, 2009 letter addressed the instant issues is simply disingenuous because that letter was sent before you had received the responses at issue. Your complaints regarding the timeliness of our responses is equally without merit as we provided our responses on the same day that you responded to our discovery. Additionally, your attempt to characterize our motion for clarification as "frivolous" is unfounded and unprofessional. Even a cursory reading of the Private Securities Reform Act reveals that the issues addressed in that motion were well supported. Even more troubling is your <u>outrageous</u> claim that "[our] firm provided the answers [to the interrogatories] instead of our clients." This statement is completely false and your recklessness in making it is deplorable. Such unfounded and inflammatory rhetoric is common place in your correspondence and filings and is highly unprofessional. It serves no purpose in advancing this case but only unnecessarily exacerbates the costs and hostile climate of this lawsuit. If these outrageous, unprofessional, and unfounded claims continue we will have no choice but to seek redress through Federal Rule of Civil Procedure 37.

Second, regarding our production of documents. You can expect them in the next few days. The documents were mailed to us by Ms. Martin on disk received on or about August 28, 2009. However, the disk received was cracked in the mail and unreadable. Ms. Martin has mailed a new copy and once it is received we will promptly screen it for privileged docs and provide you with a copy. Third, regarding the verification for our Interrogatories, we have sent the verification forms to our client's and will provide them shortly. In an effort to expedite our responses, the answers were sent prior to having an opportunity to have them verified.

8600 US Highway 14, Suite 201, Crystal Lake, IL 60012 815-459-8440 Fax 815-455-8134
Attorneys At Law, P.C.

Finally, regarding your issues with our objections and answers to your discovery, I will address them as follows:

A preliminary injunction requires that the moving party prove: (1) a likelihood of success on the merits (in this case against Mr. Sanchez and the other parties to the preliminary injunction); (2) a threat of irreparable harm if the injunction is not granted; (3) no adequate remedy at law; and (4) a balance of the hardships among the parties to the injunction proceedings in granting the injunction versus denying the injunction. *International Profit Associates, Inc. v. Paisola*, 461 F.Supp.2d 672, 675 (N.D.Ill. 2006).

Mr. Rodriguez's Answers to Interrogatories

a. No. 1 - Mr. Rodriguez's social security number, driver's license, and birth date are completely irrelevant to the issues in the preliminary injunction. Please provide me some indication of how this information is reasonably calculated to lead to admissible evidence on the four (4) prongs above.

b. No. 3 - Mr. Rodriguez has no knowledge or documents in his possession of the originating financial institutions for the wire transfers and has answered this Interrogatory to the best of his knowledge and ability.

c. No. 9 - Mr. Rodriguez's timeframe and titles with the IFC Entities is not relevant to the preliminary injunction because his culpability or non-culpability and involvement is not at issue. Please provide me some indication of how this information is reasonably calculated to lead to admissible evidence on the four (4) prongs above.

Ms. Martin's Answers to Interrogatories

a. No. 1 - Ms. Martin's social security number, driver's license, and birth date are completely irrelevant to the issues in the preliminary injunction. Neither is her current employer or title related to the preliminary injunction issues. Please provide me some indication of how this information is reasonably calculated to lead to admissible evidence on the four (4) prongs above.

b. No. 2 - Ms. Martin's investments in the IFC Entities are completely irrelevant to the issues in the preliminary injunction. Ms. Martin's status as an investor, investments, and potential loss in the IFC Entities is completely unrelated to her status as a Defendant in this case or the issues of the preliminary injunction. Please provide me some indication of how this information is reasonably calculated to lead to admissible evidence on the four (4) prongs above.

c. No. 3 - See response to No. 2 in subsection b. above.

d. No. 5 - Whether or not Ms. Martin (b) verified the information in the Account Statements, (e) made representations about those statements, or (f) received

notice from investors that the statements was believed to be inaccurate is completely irrelevant to the issues in the preliminary injunction. This information is not reasonably calculated to lead to admissible evidence as to the likelihood of success on the merits against the parties to the preliminary injunction but instead solely seeks to conduct a fishing expedition as to Ms. Martin's potential culpability. Please provide me some indication of how this information is reasonably calculated to lead to admissible evidence on the four (4) prongs above.

e. No. 6 - Ms. Martin's capacity in sending the ROI updates is completely irrelevant to the issues in the preliminary injunction. Please provide me some indication of how this information is reasonably calculated to lead to admissible evidence on the four (4) prongs above.

f. No. 7 - I am uncertain what part of the answer (c) "The statements were prepared by Frank Sanchez with the clerical assistant of Defendant" you find nonsensical. As such, I can provide no further explanation. Ms. Martin has provided the complete names from the e-mails to the best of her knowledge and recollection in answering (e). Ms. Martin's response in (f) addresses the ROI Updates which you inquired and does not include the 4/2/09 e-mail, sent after this lawsuit was filed, regarding a conference call regarding to address the TRO. Finally, regarding (b) and (g), whether Ms. Martin verified the information in the ROI Updates and/or Ms. Martin's reason for sending the ROI updates is completely irrelevant to the issues in the preliminary injunction. This information is not reasonably calculated to lead to admissible evidence as to the likelihood of success on the merits against the parties to the preliminary injunction but instead solely seeks to conduct a fishing expedition as to Ms. Martin's potential culpability. Please provide me some indication of how this information is reasonably calculated to lead to admissible evidence on the four (4) prongs above.

g. No. 8 - Whether Ms. Martin has received compensation and/or return on her investments from the IFC Entities is completely irrelevant to the issues in the preliminary injunction. Since Ms. Martin and the assets sought to be discovered in this Interrogatory are not subject to the preliminary injunction they cannot be frozen by these proceedings and are irrelevant to the issues in the preliminary injunction. Please provide me some indication of how this information is reasonably calculated to lead to admissible evidence on the four (4) prongs above.

<u>Ms.Martin's Responses to Requests to Produce</u>

a. No. 1 - We will produce all documents which are related to those Interrogatories which we have not objected to as being outside the scope of discovery.

b. Nos. 2-8 - These requests seek documents and information which is completely

irrelevant to the issues in the preliminary injunction. Please provide me some indication of how this information is reasonably calculated to lead to admissible evidence on the four (4) prongs above.

c. No. 9 - Ms. Martin is not in possession of any documents relating to the assets in Mexico. Ms. Martin's e-mails were based on representation made to her by Messers Sanchez and Bourassa.

d. As noted above, we will be producing documents on compact disk once a new undamaged disk is received from the client.

At the September 1, 2009 status hearing Judge Nolan indicated that she intends to allow discovery to the full extent it relates to any of the prongs of the preliminary injunction. As such, we will openly consider revising our responses to any requests that you can show are, in fact, reasonably calculated to lead to admissible evidence for any of the four (4) preliminary injunction elements. Although Judge Nolan's guidance has proven very helpful in negotiating this discovery dispute, it was improper for you to bring these issues before the Court without any meet and confer and less than twelve (12) hours notice of any discovery dispute. In the future, please abide by L.R. 37.2 and refrain from blind siding us with oral motions to the Court until after you have provided notice and given us an opportunity to meet and confer on the issue.

Yours very truly,
Campion, Curran,
Dunlop & Lamb, P.C.

Russell W. Baker

**TJ Thurston**

EXHIBIT I

**From:** TJ Thurston [tj@thurstonlawpc.com]
**Sent:** Thursday, September 03, 2009 12:26 PM
**To:** 'Russell W. Baker'
**Cc:** 'Joel M. Weiner'
**Subject:** RE: Schaufenbuel v. IFC Entities

Mr. Baker:

Incorporating a response to both of your emails, I propose the following:

Meet and Confer
Friday, Sep. 4, 2009, 10:30 a.m.
Conference Dial-in Number: (218) 339-3600
Participant Access Code: 363028#

Agenda:

1. (In sequential time of when discovery requests were served) Defendants' objections to Plaintiffs' discovery requests
2. Plaintiffs' objections to Defendants' discovery requests

The purpose of the audio taping is to assure an accurate record of the call, since it is clear your firm has an acute habit of distorting the facts. However, I will relinquish my request to audio tape the call only upon the condition that you conduct yourself professionally during the call (including without limitation not speaking over me when I'm talking like you did with Judge Nolan; you will have every opportunity to state your clients' position). If at any point you begin to act unprofessionally, hostile or state hyperbole instead of discussing possible compromises on discovery, the call will terminate immediately and I will report such conduct to Judge Nolan accordingly (along with my request and your denial to tape the call so as to provide an accurate record of what occurs).

If these terms are agreeable, please confirm by email no later than 3 pm today.

**TJ Thurston**
**Thurston Law Offices, P.C.**
Huntley, IL
**847-659-8613**
www.thurstonlawpc.com
**Licensed in IL and NJ (active), and PA (inactive)**

**Please DONATE to help Cure MS**
**http://www.thurstonlawpc.com/fb2face/**

---

**From:** Russell W. Baker [mailto:rbaker@ccdllaw.com]
**Sent:** Thursday, September 03, 2009 11:24 AM
**To:** tj@thurstonlawpc.com
**Cc:** 'Joel M. Weiner'
**Subject:** RE: Schaufenbuel v. IFC Entities

Mr. Thurston:

We are available between 10:00 a.m. and 12:00 p.m. tomorrow. Please confirm a time and we will intiate the call tomorrow. At that time you can conference in Mr. Weiner. Regarding your request that we tape the audio of the call, we do not consent and will not permit such recording. The purpose of the call is to meet and confer to reach a compromise

and resolve our discovery disputes. The call is not intended to be a forum for presenting evidence, arguments, or statements for the record. As such, we believe that recording the call does not serve any valid purpose and will only inhibit open dialouge about resolving these issues. We agree with the issues you have identified for the meet and confer and would also like to discuss why we believe your answers to our interrogatories are not responsive and do not meet Rule 33(d).

Thank you,

**Russell W. Baker**
**Campion, Curran, Dunlop, Lamb, & Cunabaugh P.C.**
**8600 US Highway 14, Suite 201**
**Crystal Lake, IL 60012**
**815-459-8440**
**Fax 815-455-8134**
**rbaker@ccdllaw.com**
**Web site: www.ccdllaw.com**

**THIS EMAIL CONTAINS PRIVILEGED AND CONFIDENTIAL INFORMATION** INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY NAMED ABOVE. IF THE READER OF THIS EMAIL IS NOT THE INTENDED RECIPIENT OR THE EMPLOYEE OR AGENT RESPONSIBLE FOR DELIVERING IT TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION OR COPYING OF THIS EMAIL IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS EMAIL IN ERROR, PLEASE IMMEDIATELY NOTIFY US BY A REPLY EMAIL AND DELETE THE ORIGINAL EMAIL. THANK YOU.

**THIS EMAIL CONTAINS PRIVILEGED AND CONFIDENTIAL INFORMATION** INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY NAMED ABOVE. IF THE READER OF THIS EMAIL IS NOT THE INTENDED RECIPIENT OR THE EMPLOYEE OR AGENT RESPONSIBLE FOR DELIVERING IT TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION OR COPYING OF THIS EMAIL IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS EMAIL IN ERROR, PLEASE IMMEDIATELY NOTIFY US BY A REPLY EMAIL AND DELETE THE ORIGINAL EMAIL. THANK YOU.

---

**From:** TJ Thurston [mailto:tj@thurstonlawpc.com]
**Sent:** Thursday, September 03, 2009 10:59 AM
**To:** 'Russell W. Baker'; 'Joel M. Weiner'
**Subject:** RE: Schaufenbuel v. IFC Entities

Mr. Baker:

I am in receipt of your request for a meet and confer. I am happy to discuss my clients' responses to your clients' discovery. I would also like to be in compliance with Judge Nolan's Order requiring the meet and confer to take place prior to the 9/8 conference call.

With that in mind, I have substantial availability today and tomorrow, so please identify a convenient time for you. I would also like my co counsel Mr. Weiner to be on the call and I would also request that I be permitted to tape the audio of the call for accurate record keeping only (and in case there is any need for a Rule 37 Affidavit).

Finally, in preparation for such meet and confer, one topic I would like you to address is how my clients' evidence regarding your clients' liability is at issue in the preliminary injunction phase or, alternatively, if my clients are willing to amend or supplement their responses to your discovery requests, are your clients willing to relinquish their objections as to the scope of our requests.

Thank you.

**TJ Thurston**
**Thurston Law Offices, P.C.**
Huntley, IL
**847-659-8613**
www.thurstonlawpc.com
**Licensed in IL and NJ (active), and PA (inactive)**

**Please DONATE to help Cure MS**
**http://www.thurstonlawpc.com/fb2face/**

---

**From:** Russell W. Baker [mailto:rbaker@ccdllaw.com]
**Sent:** Wednesday, September 02, 2009 4:58 PM
**To:** tj@thurstonlawpc.com; 'Joel M. Weiner'
**Subject:** Schaufenbuel v. IFC Entities

Please see attached L.R. 37.2 letter requesting a meet and confer regarding your Answers to our First Set of Interrogatories.

**Russell W. Baker**
**Campion, Curran, Dunlop & Lamb, P.C.**
**8600 US Highway 14, Suite 201**
**Crystal Lake, IL  60012**
**815-459-8440**
**Fax 815-455-8134**
**rbaker@ccdllaw.com**
**Web site: www.ccdllaw.com**

**THIS EMAIL CONTAINS PRIVILEGED AND CONFIDENTIAL INFORMATION** INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY NAMED ABOVE. IF THE READER OF THIS EMAIL IS NOT THE INTENDED RECIPIENT OR THE EMPLOYEE OR AGENT RESPONSIBLE FOR DELIVERING IT TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION OR COPYING OF THIS EMAIL IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS EMAIL IN ERROR, PLEASE IMMEDIATELY NOTIFY US BY A REPLY EMAIL AND DELETE THE ORIGINAL EMAIL. THANK YOU.