IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF
ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| BRADLEY J. SCHAUFENBUEL; ROBERT N. SCHAUFENBUEL; JOHN AND SARAH REED, IV; JOHN AND JAN REED, III; AMERICAN MASS MEDIA CORPORATION; ROBERTA K. CLARK; on behalf of Themselves and All Others Similarly Situated<br><br>          Plaintiffs,<br><br>v.<br><br>INVESTFORCLOSURES FINANCIAL, L.L.C ROI DEVELOPERS; INVESTFORCLOSURES; INVESTFORCLOSURES.COM, LLC; INVESTFORCLOSURES VENTURES; LLC SANDS OF GOLD ESCROW; SANDS OF GOLD; ROI FINANCIAL; REALTY OPPORTUNITIES INTERNATIONAL ESCROW 23; ROI ESCROW; REALTY OPPORTUNITIES INTERNATIONAL S. de R.L. de C.V; REALTY OPPORTUNITIES INTERNATIONAL; ROI MEXICO; SANDS OF GOLD ESTATES; FRANCIS X. SANCHEZ aka FRANK SANCHEZ; JAMES D. BOURASSA aka JIM BOURASSA; SCOTT D. WESSEL; DEANA M. GUIDI; DANIEL E. FITZGERALD aka DAN FITZGERALD; SCOTT R. SLAGLE; DARCEY L. MARTIN; TOM RODRIGUEZ; and JOHN DOES 1-30.<br><br>          Defendants. | Case No. 09-cv-1221<br>The Honorable Judge Leinenweber |

## MOTION TO COMPEL

NOW COME Defendants, DARCEY L. MARTIN, DEANA M. GUIDI, and TOM RODRIGUEZ ("Movants" or "Certain Defendants"), by and through their attorneys, CAMPION, CURRAN, DUNLOP & LAMB, P.C., and move this Court for an Order Compelling Plaintiffs'

1

to Answer Certain Defendants' First Set of Interrogatories

## I. Background

1. On May 27, 2009, Certain Defendants served their First Set of Interrogatories on Plaintiffs ("Certain Defendants' Interrogatories").

2. On August 28, 2009, more than three (3) months after being served with the discovery requests, Plaintiffs provided their purported Answers to Certain Defendants' Interrogatories ("Plaintiffs' Responses"). A true and correct copy of Plaintiffs' Responses to the Certain Defendants' Interrogatories is attached hereto as Exhibit "A".

3. Plaintiffs' Responses, however, are completely non-responsive to the questions asked in Certain Defendants' Interrogatories.

4. On August 28, 2009, Certain Defendants' made two separate requests to have a Rule 37 meet and confer on this issue. Both of these requests were rejected by Plaintiffs' counsel. On August 4, 2009, after instruction by the Court that the parties have a meet and confer, Plaintiffs' counsel and Defendants' counsel held a meet and confer on these issues. The Certifications of Charles A. Dunlop and Russell W. Baker regarding the August 28, 2009 meet and confer are attached hereto as Exhibits "B" and "C".

## II. Plaintiffs' Responses Completely Fail to Answer the Questions Asked.

5. Rather than answer each Interrogatory asked by Certain Defendants, as required by Rule 33, Plaintiffs have responded to the Interrogatories by referring to and incorporating their responses to completely different and irrelevant questions which were asked by Defendant Frank Sanchez in his Interrogatories ("Sanchez Interrogatories").

6. Plaintiffs' Responses do not even remotely address the questions asked in Certain

2

Defendants' Interrogatories. For example:

    A.    Certain Defendants' Interrogatory No. 5 asks Plaintiffs to: "Identify all statements and/or actions by Defendant Deana Guidi to further the fraud of the IFC entities as alleged in Paragraph 59 of the Complaint."

    B.    Plaintiffs have responded to Certain Defendants' Interrogatory No. 5 by incorporating their respective response to Defendant Sanchez's Interrogatory No. 11.

    C.    Sanchez's Interrogatory No. 11, however, asks the completely separate and unrelated question of when "[Plaintiffs] attempted to redeem their investments, as alleged in Paragraph 123 of the Complaint." Not surprisingly Plaintiffs' answer to this Interrogatory is similarly unrelated to the Certain Defendants' Interrogatory No. 5.

    D.    The remaining Sanchez Interrogatories and responses incorporated by Plaintiffs, Nos. 1, 2, 5, 8, 9, 12-14, and 16-18, are equally unrelated and unresponsive to Certain Defendants' Interrogatory No. 5.

(*See* Exhibits "B" and "C") (*See also* Plaintiff John Reed IV Responses to Defendant Sanchez's Interrogatories, attached hereto as Exhibit "D").

7.    Each and every one of Plaintiffs' Responses are equally unresponsive. Indeed, Plaintiffs have completely failed to answer any of the Interrogatories asked by the Certain Defendants.

8.    Although Plaintiffs' Responses are long and confusing, they do not at any point address the Interrogatories asked by the Certain Defendants.

3

9. In fact, Plaintiffs' Responses do not even address the proper parties to whom the inquiries relate. What is noticeably absent from Plaintiffs' Responses to the Certain Defendants' Interrogatories regarding Ms. Martin, Ms. Guidi, and Mr. Rodriguez is any mention of Ms. Martin, Ms. Guidi, or Mr. Rodriguez.

### III. Plaintiffs' Reliance on the Documents Produced is Improper.

10. Instead of responding to the Interrogatories asked, Plaintiffs attempt to rely on their common and general reference that "responsive documents have already been produced pursuant to Rule 33(d)." Plaintiffs' Response is improper and their reliance misplaced.

11. Rule 33(d) allows a party to produce business records in response to an interrogatory only where: (1) the answer to the interrogatory can be determined by business records (such as a compilation or abstract of data); (2) the burden in ascertaining the answer will be substantially the same for either party; and (3) the responding party specifies the records that must be reviewed in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could.

12. Plaintiffs have failed to meet any of the above three prongs under Rule 33(d) because: (A) the interrogatories do not seek business data; (B) the burden on the Certain Defendants is not substantially the same as the Burden on the Plaintiffs; and (3) the Plaintiffs have not specified any records to enable Certain Defendants to find the answers as required by Rule 33(d).

#### *A. The Interrogatories Do Not Seek Business Data.*

13. The Certain Defendants' Interrogatories do not seek business data which can readily be ascertained from the Plaintiffs' production of business records. Instead, the Certain

4

Defendants' Interrogatories seek to explore "statements or actions" and the Plaintiffs' personal knowledge of the wrongdoing they have generally alleged.

14. Indeed, even a thorough review of the business records and financials would not answer the Certain Defendants' questions of what statements or actions they are alleged to have taken to further the fraud as alleged. Nor would any such review answer why these actions are believed to be have been done with knowledge of any fraud. At a minimum any attempt to ascertain the answers from these documents would require speculation and interpretation as to Plaintiffs' claims and beliefs.

### B. *The Burden on the Certain Defendants is Not Substantially Greater than the Burden on Plaintiffs*

15. Even if the answers to their Interrogatories could be surmised from the business records produced, the burden on the Certain Defendants is far greater than it would be on the Plaintiffs. Plaintiffs have made allegations in their Complaint that the Certain Defendants furthered the fraud of the IFC Entities.

16. Under Federal Rule of Civil Procedure 37, the Plaintiffs were required to conduct a reasonable investigation and form a good faith belief of the validity of their allegations prior to filing their Complaint.

17. The Certain Defendants' Interrogatories simply asks the Plaintiffs to identify what actions and statements they are aware of which support the allegations in their Complaint. Indeed, the burden on Plaintiffs should be small.

18. On the other hand, requiring the Certain Defendants to examine the more than 4.4 GB of data in order to discover information already in Plaintiffs possession would be

extraordinarily burdensome and unfair.

### C. *Plaintiffs Have Not Specified Any Records to Enable Defendants to Find the Answers as Readily as Plaintiffs Could.*

19. Rule 33(d) is clear that in order to rely on documents for their responses Plaintiffs must identify what specific documents answer the Interrogatories asked and identify them with sufficient specificity to enable the Certain Defendants find the information as readily as the Plaintiffs could do so. *See* Fed. R. Civ. P. 33(d).

20. Plaintiffs' Responses, however, do not identify any specific documents to assist the Certain Defendants in answering the Interrogatories asked. Instead, Plaintiffs identify the entire universe of relevant documents in this case and tell the Certain Defendants to go find the needle in the proverbial haystack.

## CONCLUSION

The Certain Defendants' Interrogatories are simple straight forward and based upon the Plaintiffs' personal knowledge and beliefs as to what they believe the Certain Defendants are alleged to have done wrong in this action. These Interrogatories are not only fair and unduly burdensome but are also essential to proper disclosure in this action. On the other hand, Plaintiffs' failure to answer the Certain Defendants' interrogatories is blatant, inexcusable, and an improper attempt to increase the burden and cost of litigation on Plaintiffs in order to force settlement or, alternatively, an improper attempt to conceal a lack of knowledge of any facts to support the allegations in their Complaint.

WHEREFORE, Defendants, DARCEY L. MARTIN, DEANA M. GUIDI, and TOM RODRIGUEZ, pray that this Court enter an Order Compelling Plaintiffs' to Answer Certain Defendants' First Set of Interrogatories.

CAMPION, CURRAN, DUNLOP & LAMB, P.C.

/s/ Charles A. Dunlop

CAMPION, CURRAN, DUNLOP & LAMB, P.C.
Attorneys for Defendants Darcey L. Martin,
Deana M. Guidi and Tom Rodriguez
8600 U.S. Highway 14, Suite 201
Crystal Lake, IL 60012
(815) 459-8440