**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | |
|---|---|
| BRADLEY J. SCHAUFENBUEL; et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) Case No. 09-CV-1221 |
| v. | ) |
| | ) |
| INVESTFORCLOSURES FINANCIAL, L.L.C.; et al., | ) Judge Leinenweber |
| | ) |
| | ) Magistrate Judge Nolan |
| | ) |
| Defendants. | ) |

**PLAINTIFFS' RESPONSES AND OBJECTIONS TO DEFENDANTS' MARTIN, GUIDI AND RODRIGUEZ FIRST SET OF REQUESTS TO PRODUCE**

NOW COME Plaintiffs Bradley J. Schaufenbuel; Robert N. Schaufenbuel; John and Sarah Reed, IV; John and Jan Reed, III; American Mass Media Corporation; Roberta K. Clark; Maria A. Valentin; Liam A. Angelini; Keith and Bonnie Raines; Ravikumar and Sumathi Jammalamadaka; Paul J. Herink; G. Matthew Knowlton; Wilhelm Hall; Kathleen F. Markus; Jonathan Patton; Kathleen Tajak; Ruth Halverson as Trustee of The Halverson Family Trust; Dave Hale; Joseph Cavaluzzi; Joseph S. Pearse; Andrew Kaufman; Frank M. Cupp; Thomas and Mary O'Sullivan-Snyder; Mary O'Sullivan-Snyder as Administrator of the Estate of Sarah Pearse; Patrick O'Sullivan; Daniel O'Sullivan; Kailash and Kanta Gupta; Nishant Gupta; Natasha Gupta; and William R. Richoz; Andrew and Nancy Weed; Brad Bebout; and William and Sarah Lawson ("Plaintiffs"), by and through their attorneys Thurston Law Offices, P.C. and Law Offices of Joel M Weiner, LLC, and pursuant to Fed.R.Civ.P. 34(b)(2) hereby provide their responses and objections to Defendants Darcey L. Martin, Deana M. Guidi and Tom Rodriguez First Set of Requests to Produce in this matter.

**PRELIMINARY STATEMENT**

All the responses contained herein are based only upon such information and documents which are presently available to and specifically known to Plaintiffs and disclose only those contentions which presently occur to Plaintiffs. It is anticipated that further discovery, independent investigation, legal research and analysis will supply additional facts, add meaning to the known facts, as well as establish entirely new factual conclusions and legal contentions, all of which may lead to substantial additions to, changes in and variations from the contentions herein set forth. The following responses are given without prejudice to Plaintiffs' rights to produce evidence of any subsequently discovered fact or facts which Plaintiffs may later recall. Plaintiffs accordingly reserve the right to change any and all responses herein as additional facts are ascertained, analyses are made, legal research is completed and contentions are made. The responses contained herein are made in



good faith effort to supply as much factual information and as much specification of legal contentions as is presently known but should in no way be to the prejudice of Plaintiffs in relation to further discovery, research or analysis.

### GENERAL OBJECTIONS

Each and every Interrogatory and Production Request is responded to, subject to the General Objections set forth below. These objections and limitations form a part of each and every Response and are set forth here to avoid the duplication and repetition of restating them for each Response. These General Objections may be specifically referred to in a Response to certain requests for the purpose of clarity. However, the failure to specifically incorporate a General Objection should not be construed as a waiver of the General Objection.

Responses to these Interrogatories and Production Requests are subject to inadvertent or undiscovered errors, are based on and, therefore, are necessarily limited by the records and information still in existence, presently recollected and thus far discovered in the course of the preparation of the Responses. Consequently, Plaintiffs reserves the right to request withdrawal or amendment of the Responses if it appears at any time that omission or errors have been made therein or that more accurate information is available.

Responses to the Interrogatories and Production Requests shall not be construed as an admission by Plaintiffs of the relevancy, reasonableness, discoverability or admissibility of the information contained therein. Responses made subject to objection are made to demonstrate a good faith effort to respond to the Interrogatories and Document Requests and are not intended to constitute a waiver of any objection. Subject to the above, Plaintiffs set forth the following General Objections:

1. Plaintiffs object to the Interrogatories and Production Requests to the extent that they call for disclosure and/or production of information protected by the attorney-client privileges, work product doctrine, common interest doctrine or other applicable privileges, and will not disclose such information.

2. Plaintiffs object to the Interrogatories and Production Requests to the extent that they seek information and/or documents that are not within their possession; to the extent that they seek discovery that is unreasonably cumulative or duplicative; to the extent that they are obtainable from some other source that is more convenient, less burdensome, and less expensive; and to the extent that they may otherwise be construed to require responses beyond those required by the Federal Rules of Civil Procedure and all applicable Local Rules.

3. Plaintiffs object to the Interrogatories and Production Requests to the extent that they seek information and/or documents not relevant to the issues raised in this lawsuit and not reasonably calculated to lead to the discovery of admissible evidence. Nothing herein shall be construed as an admission by Plaintiffs respecting the admissibility or relevance of any fact or document, or as an

admission of the truth or accuracy of any characterization or document of any kind requested by the Interrogatories or Production Requests.

4. Plaintiffs object to each Interrogatory and Production Request which is not limited in time or which is not limited in time to the period which is at issue by the pleadings filed herein on the ground that it is overly broad, unduly burdensome and oppressive, and seeks documents neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.

5. Plaintiffs object to the Interrogatories and Production Requests to the extent that they are vague, ambiguous, overly broad, unduly burdensome or oppressive.

6. Plaintiffs object to the Interrogatories and Production Requests as unduly burdensome and oppressive, insofar as they seek information and/or documents already in propounding party's possession and/or control.

7. Plaintiffs object to the Interrogatories and Production Requests to the extent that information contained in documents is proprietary and/or confidential business information or trade secrets, the disclosure of which would provide an unfair business advantage and allow unfair competition.

8. Plaintiffs object to the Interrogatories and Production Requests as being unduly burdensome and speculative to the extent that they request that Plaintiffs produce information and/or documents supporting their contentions prior to the completion of discovery.

9. Plaintiffs object to the Interrogatories and Production Requests to the extent that they seek information and/or documents relating to the drafting history, negotiations, and/or prior interpretations of any agreements or contracts at issue in this litigation on the ground that the language of such documents is clear and unambiguous and the terms and conditions speak for themselves, as any such requests are overly broad and seek information and/or documents which are not relevant to the subject matter involved in this action and which would be unduly burdensome to produce.

10. Plaintiffs object to the Interrogatories and Production Requests to the extent that they seek collective responses on behalf of multiple parties when F.R.C.P. 33 and 34 are intended to be directed at only one party and the Plaintiffs are unable to answer for other Plaintiffs or parties. Since these discovery requests are duplicative of those served by Defendant Sanchez to each individual Plaintiff, Plaintiffs will incorporate their own separate responses to those discovery requests herein by reference as if set forth in full as responsive to these "joint" requests. Plaintiffs further object that they are unable to individually verify these responses for the reasons stated above, but have so verified their responses to Defendant Sanchez's discovery requests and therefore incorporate those verifications herein by reference without further need for all Plaintiffs to verify these responses.

11. Plaintiffs object to propounding party's definition of "IFC Entities" on the basis that the identity(ies) of their "divisions, officers, partners, directors, consultants, employees, agents, representatives, attorneys, and all persons acting or purporting to act on its behalf" is information more readily available to propounding party than to Plaintiffs. Plaintiffs will interpret this term as meaning only the legal entities, Frank Sanchez and Jim Bourassa.

12. Plaintiffs object to propounding party's definition of "Complaint" on the basis that no Third Amended Class Action Complaint has been filed in this matter. Plaintiffs will interpret this term as meaning the Second Amended Class Action Complaint, Document #58.

13. Plaintiffs object to propounding party's instruction #10 to the extent that it exceeds the requirements of Federal Rule of Civil Procedure 26(b)(5).

## **RESPONSES AND OBJECTIONS TO REQUESTS TO PRODUCE**

**Request No. 1:** All documents responsive to Defendant Sanchez's First Set of Document Requests.

**RESPONSE:** Subject to and without waiving any objections, Plaintiffs state that responsive documents have already been produced pursuant to Rule 34(b)(2).

**Request No. 2:** All documents and information received in response to any Third Party Subpoena served by Plaintiffs related to this action.

**RESPONSE:** Subject to and without waiving any objections, Plaintiffs state that responsive documents have already been produced pursuant to Rule 34(b)(2). Plaintiffs will supplement the production as they receive additional responsive documents and information.

**Request No. 3:** All documents that Plaintiffs may offer at the hearing for preliminary injunction and/or at trial.

**RESPONSE:** Plaintiffs object to this Request on the basis that it invades upon the attorney work product doctrine and seeks to discover Plaintiffs' attorneys' strategy in this case. Subject to and without waiving any objections, Plaintiffs state that responsive documents are a subset of what has already been produced pursuant to Rule 34(b)(2). Plaintiffs will supplement the entire production as they receive additional responsive documents.

**Request No. 4:** All documents reflecting Deana M. Guidi's alleged interaction with investors, as alleged in Paragraph 59 of the Complaint.

**RESPONSE:** Subject to and without waiving any objections, Plaintiffs state that responsive documents have already been produced pursuant to Rule 34(b)(2).

**Request No. 5:** All documents reflecting Tom Rodriguez's alleged concealing of and/or transferring of investor moneys to Sanchez in Mexico, as alleged in Paragraph 63 of the Complaint.

**RESPONSE:** Subject to and without waiving any objections, Plaintiffs state that responsive documents have already been produced pursuant to Rule 34(b)(2).

**Request No. 6:** All documents reflecting Darcey L. Martin's alleged interaction with investors, as alleged in Paragraph 62 of the Complaint.

**RESPONSE:** Subject to and without waiving any objections, Plaintiffs state that responsive documents have already been produced pursuant to Rule 34(b)(2).

**Request No. 7:** All documents in support of the allegation alleged in Paragraph 59 of the Complaint that Deana M. Guidi was a principal, officer, and/or controlling person of any of the IFC entities.

**RESPONSE:** Subject to and without waiving any objections, Plaintiffs state that responsive documents have already been produced pursuant to Rule 34(b)(2).

**Request No. 8:** All documents in support of the allegation alleged in Paragraph 62 of the Complaint that Darcey L. Martin was a principal, officer, and/or controlling person of any of the IFC entities.

**RESPONSE:** Subject to and without waiving any objections, Plaintiffs state that responsive documents have already been produced pursuant to Rule 34(b)(2).

**Request No. 8:** All documents in support of the allegation alleged in Paragraph 62 of the Complaint that Darcey L. Martin was a principal, officer, and/or controlling person of any of the IFC entities.

**RESPONSE:** Plaintiffs object in that there is a partial sentence on the top of page 9 of the Requests that is ambiguous, vague and impossible to respond to. Plaintiffs further object that Request No. 8 on page 9 is identical to Request No. 8 on page 8 of the Requests and refuse to respond to duplicative Requests.

**Request No. 9:** All documents in support of the allegation alleged in Paragraph 63 of the Complaint that Tom Rodriguez was a principal, officer, and/or controlling person of any of the IFC entities.

**RESPONSE:** Subject to and without waiving any objections, Plaintiffs state that responsive documents have already been produced pursuant to Rule 34(b)(2).

                                              PLAINTIFFS

                                     By: /s/ Robert C. Thurston
                                              One of Their Attorneys

Thurston Law Offices, P.C.  
Robert C. Thurston  
A.R.D.C. No. 6209353  
10469 Bethel Avenue  
Huntley, IL 60142  
Phone: 847-659-8613  
Fax: 847-628-0930  
Email: tj@thurstonlawpc.com  

Law Offices of Joel M Weiner, LLC  
Joel M. Weiner  
579 N 1st Bank Drive Suite 150  
Palatine, IL 60067-8102  
Phone: 847-654-3105  
Fax: 847-358-7165  
Email: jweiner@jweinerlaw.com

## CERTIFICATE OF SERVICE

I, Robert C. Thurston, an attorney, hereby certify that I served a copy of these Responses and Objections to Defendants Darcey L. Martin, Deana M. Guidi and Tom Rodriguez First Set of Requests to Produce upon all persons on the Service List below by causing the same to be sent via email on August 28, 2009.

By: /s/ Robert C. Thurston

## SERVICE LIST

**Defendant Francis X. Sanchez**
Elaine C. Davenport
Nora C. Elias
Sanchez Daniels & Hoffman LLP
333 W. Wacker Dr., Suite 500
Chicago, IL 60606
(312) 641-1555
edavenport@sanchezdh.com
ECF FILER

**Attorneys For Defendant Deana M. Guidi; Darcey L. Martin; Tom Rodriguez**
Charles A. Dunlop
Russell W. Baker
Genevieve M. Lynott
Campion Curran Dunlop & Lamb, PC
8600 US Hwy 14, Suite 201
Crystal Lake, IL 60012
(815) 459-8440
cdunlop@ccdllaw.com
rbaker@ccdllaw.com
glynott@ccdllaw.com
ECF FILER

**Defendant James D. Bourassa**
James Bourassa
254 Gregory M. Sears Dr.
Gilberts, IL 60136
(847) 380-9444
jimdonaldbourassa@gmail.com
NON-ECF FILER; ACCEPTING SERVICE VIA EMAIL