IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| BRADLEY J. SCHAUFENBUEL; ROBERT N. SCHAUFENBUEL; JOHN AND SARAH REED, IV; JOHN AND JAN REED, III; AMERICAN MASS MEDIA CORPORATION; ROBERTA K. CLARK; on behalf of Themselves and All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>INVESTFORCLOSURES FINANCIAL, L.L.C ROI DEVELOPERS; INVESTFORCLOSURES; INVESTFORCLOSURES.COM, LLC; INVESTFORCLOSURES VENTURES; LLC SANDS OF GOLD ESCROW; SANDS OF GOLD; ROI FINANCIAL; REALTY OPPORTUNITIES INTERNATIONAL ESCROW 23; ROI ESCROW; REALTY OPPORTUNITIES INTERNATIONAL S. de R.L. de C.V; REALTY OPPORTUNITIES INTERNATIONAL; ROI MEXICO; SANDS OF GOLD ESTATES; FRANCIS X. SANCHEZ aka FRANK SANCHEZ; JAMES D. BOURASSA aka JIM BOURASSA; SCOTT D. WESSEL; DEANA M. GUIDI; DANIEL E. FITZGERALD aka DAN FITZGERALD; SCOTT R. SLAGLE; DARCEY L. MARTIN; TOM RODRIGUEZ; and JOHN DOES 1-30.<br><br>Defendants. | Case No. 09-cv-1221<br>The Honorable Judge Leinenweber |

### LOCAL RULE 37.2 CERTIFICATION OF CHARLES A. DUNLOP

I, CHARLES A. DUNLOP, an attorney and counsel for Defendants' DEANA M. GUIDI, DARCEY L. MARTIN, and TOM RODRIGUEZ, hereby certify as follows:

1. On Friday, September 4, 2009, beginning at approximately 10:30 a.m., I participated in a conference call with Robert C. Thurston, Russell W. Baker, and Joel M. Weiner.

1


EXHIBIT B

2. The purpose of the call was to have a meet and confer, pursuant to Local Rule 37.2, regarding disputes over our responses to Plaintiffs' discovery requests and Plaintiffs' responses to our discovery requests.

3. Throughout the call, Mr. Thurston interrupted Mr. Baker on at least four (4) occasions.

4. Throughout the call, Mr. Thurston interrupted myself on at least two (2) occasions.

5. On one (1) occasion, I accidentally interrupted Mr. Thurston and promptly apologized and allowed Mr. Thurston to continue.

6. Mr. Thurston refused to let Mr. Baker address his general concerns over discovery and interrupted and forced Mr. Baker to answer "yes" or "no" as to whether his clients carried a burden of proof regarding the preliminary injunction.

7. Despite several requests that Mr. Thurston identify how the disputed discovery requests related to any of the four (4) prongs of a preliminary injunction, Mr. Thurston did not at any time identify how his requests related to these requisite elements. In fact, during the entire call Mr. Thruston did not at any time discuss any of the four (4) prongs.

8. Despite our best efforts to explain to Mr. Thurston why we believed that Plaintiffs' discovery responses were deficient and unresponsive, Mr. Thurston explicitly refused to modify any of his responses.

9. At about 11:08 p.m., while Mr. Baker was explaining why we believed that Plaintiffs' requests to discover assets had to be limited to those assets which could be frozen by the preliminary injunction, Mr. Thurston unexpectedly interrupted Mr. Baker by shouting over him. Mr. Thurston's tone was very loud and aggressive.

10. After Mr. Thurston's loud shouting interruption of Mr. Baker, I instructed Mr. Thurston to lower his voice and allow Mr. Baker to finish.

11. In response to my request that he lower his tone and cease shouting at Mr. Baker, Mr. Thurston then began to shout that I was interrupting him and threatened that he "would hang up if I interrupted him one more time."

12. In response to Mr. Thurston's threat that he would end the call, I calmly replied "Sir, you are free to end the call whenever you chose" and Mr. Thurston, without further discussion, hung up and terminated the conference call.

13. At all times during the conference call I conducted myself calmly, professionally, and in a good faith effort to resolve the discovery disputes.

14. I believe that Mr. Thurston went into the meet and confer with the specific intention of terminating the call in order to bring this motion to compel.

15. I believe that Mr. Thurston's actions of initially refusing to have a meet and confer, bringing his discovery issues before this Court prior to having any meet and confer, and requesting that the conference call be taped knowing that no reasonable counsel would agree, were all done in furtherance of this goal.

/s/ Charles A. Dunlop