IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **BRADLEY J. SCHAUFENBUEL,** *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> **InvestForClosures FINANCIAL, L.L.C.,** *et al.*, <br><br> Defendants. | Case No. 09 C 1221 <br><br> Hon. Harry D. Leinenweber |

### MEMORANDUM OPINION AND ORDER

Before the Court are three Motions to Dismiss: A Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction filed by Defendant Darcey L. Martin, a Joint Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) filed by Defendants Martin, Deana M. Guidi, and Tom Rodriguez, and a Joint Motion to Dismiss pursuant to Rule 12(b)(6) filed by Defendants InvestForClosures Financial, L.L.C., InvestForClosures.com LLC, InvestForClosures Ventures, LLC (collectively, the "IFC Entities"), and Francis Sanchez. Also pending is a Motion to Strike filed by Plaintiffs. For the following reasons, Defendant Martin's Rule 12(b)(2) Motion to Dismiss is denied; Defendants Martin, Guidi, and Rodriguez's Rule 12(b)(6) Motion to Dismiss is granted; and the Rule 12(b)(6) Motion to Dismiss of Defendant Sanchez and the IFC Entities' is

granted in part and denied in part; and Plaintiffs' Motion to Strike is granted.

## I. BACKGROUND

This action stems from Plaintiffs' investments in various "InvestForClosures" entities which, they claim, Defendants procured by fraudulent means and then refused to repay. Defendants include four entities whose names all include the term "InvestForClosures," including the IFC Entities, and several individuals who, Plaintiffs claim, control or are affiliated with the IFC Entities. Plaintiffs bring seventeen claims, on behalf of themselves and all others similarly situated, for violations of the Securities Act of 1933 (Count 1) and the Securities Exchange Act of 1934 (Count 2), fraud (Count 3), breach of fiduciary duty (Count 4), civil conspiracy (Count 5), violation of the Illinois Uniform Fraudulent Transfer Act (Count 6), unjust enrichment (Count 7), constructive trust (Count 8), violation of the Illinois Consumer Fraud Act (Count 9), piercing the organizational veil (Count 10), conversion (Count 11), violation of the Illinois Securities Law (Count 12), breach of contract (Count 13), violation of the Investment Advisers Act of 1940 (Count 14), violation of the Trust Indenture Act (Count 15), civil RICO violation (Count 16), and violation of the Money Laundering Act (Count 17).

All of Plaintiffs' claims relate to the same alleged fraudulent scheme whereby Defendants induced Plaintiffs to purchase

unregistered high-interest debt securities from IFC Entities. According to Plaintiffs, Defendants fraudulently told them that their investment money would be used to refurbish and sell distressed properties, which never happened, and to develop a resort in Mexico, which never existed. Further, Plaintiffs claim, Defendants would use the funds obtained from later investors to pay off earlier investors and, as a result, most investors, including Plaintiffs, never received any payment at all. Plaintiffs claim that Defendants have retained over $8 million of their investment money.

The Complaint originally named thirty-two separate defendants and thirty "John Does" but Plaintiffs have dismissed some defendants voluntarily as of April 27, 2009, the date they filed the most recent Complaint. Seven defendants, including Martin, Guidi, Rodriguez, Sanchez, and the IFC Entities have moved to dismiss the Complaint in its entirety. The IFC Entities are separate entities which, Plaintiffs claim, received or solicited investment money. Allegedly, Defendant Martin acted as a liaison between the IFC Entities and the investors and Defendant Guidi was General Counsel of the IFC Entities and interacted with investors. The Complaint also alleges that Defendant Rodriguez was the accountant for the IFC Entities and transferred IFC funds to Defendant Sanchez, who was the Chief Executive Officer of the IFC Entities and the mastermind of the fraud.

## II. DISCUSSION

### A. Defendant Darcey L. Martin's Rule 12(b)(2) Motion

Defendant Martin moves to dismiss the Complaint on the grounds that the Court's exercise of personal jurisdiction over her violates the Fifth Amendment's due process clause because she is a Florida resident and has insufficient contacts with Illinois. However, Plaintiffs bring Count 2 of the Complaint pursuant to the Securities Exchange Act of 1934 which provides:

> Any criminal proceeding may be brought in the district wherein any act or transaction constituting the violation occurred. Any suit or action to enforce any liability or duty created by this chapter . . . may be brought in any such district . . . and process in such cases may be served in any other district of which the defendant is an inhabitant or wherever the defendant may be found.

15 U.S.C. § 78aa.

Because the Securities Exchange Act expressly authorizes nationwide service of process, the Court's jurisdictional due process inquiry turns on defendant's contacts with the United States as a whole, rather than with the state in which the court sits. *See Lisak v. Mercantile Bancorp, Inc.*, 834 F.2d 668, 671-72 (7th Cir., 1987). That is because where a statute authorizes nationwide service of process and a defendant resides within the territorial boundaries of the United States the government's exercise of power over them in any of its courts is justified. *Fitzsimmons v. Barton*, 589 F.2d 330, 333-34 (7th Cir., 1979) (holding that in action brought under Securities Exchange Act

sufficient contacts between defendant and the United States must exist, but contacts with the specific forum are unnecessary); *see also Board of Trustees, Sheet Metal Workers' Nat. Pension Fund v. Elite Erectors, Inc.*, 212 F.3d 1031, 1035-36 (7th Cir., 2000); *Diamond Mortg. Corp. of Illinois v. Sugar*, 913 F.2d 1233, 1244 (7th Cir., 1990). The Seventh Circuit has held that the nationwide service of process provision in the Securities Exchange Act comports with due process, *Fitzsimmons*, 589 F.2d at 333-34, and the Court is bound by the Seventh Circuit's ruling. Thus, because Martin resides in the United States, the Court's exercise of personal jurisdiction over her in this case is proper and her Motion to Dismiss pursuant to Rule 12(b)(2) is denied.

**B. Defendants' Rule 12(b)(6) Motions**

*1. Standard of Review*

It is undisputed that Rule 9(b)'s heightened pleading standard applies to at least some of Plaintiffs' claims but the parties dispute which ones. Under Rule 9(b), "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." The parties disagree on the meaning of the term "alleging fraud" with respect to each of Plaintiffs' claims. Plaintiffs concede that Rule 9(b) applies to Count 1 (violation of the Securities Act of 1933), Count 2 (violation of the Securities Exchange Act of 1934), Count 3 (common law fraud), Count 6 (violation of Illinois UFTA), and Count 16

(civil RICO). Defendants argue that Count 4 (breach of fiduciary duty), Count 5 (civil conspiracy), Count 7 (unjust enrichment), Count 8 (constructive trust), Count 9 (violation of Illinois Consumer Fraud Act), Count 10 (piercing the legal entity), Count 11 (conversion), Count 12 (violation of Illinois Securities Law), Count 14 (violation of the Investment Advisers Act of 1940), Count 15 (violation of the Trust Indenture Act of 1939), and Count 17 (violation of the Money Laundering Act of 1939) are also subject to Rule 9(b)'s heightened pleading standard because these claims are based upon underlying fraud. Thus, it is Defendants' position that only Count 13 (breach of contract) is not subject to Rule 9(b)'s heightened pleading standard.

The law in this Circuit is well-settled that the applicability of Rule 9(b)'s heightened pleading standard turns not on the title of the claim but on the underlying facts alleged in the complaint. *Borsellino v. Goldman Sachs Group, Inc.*, 477 F.3d 502 (7th Cir., 2007). Where a claim, whatever its title, "sounds in fraud," meaning it is premised upon a course of fraudulent conduct, Rule 9(b) may be implicated. *Id.* Here, the Complaint and Plaintiffs' briefs in response to the pending motions to dismiss are riddled with references to the fraudulent scheme in which they allege Defendants participated. It is this alleged fraudulent scheme that underlies the entire Complaint. Counts 1-12, 14, 16,

and 17 all rest solely upon the alleged fraud and therefore are subject to Rule 9(b).

Rule 9(b) requires a party to "state with particularity the circumstances constituting fraud or mistake." Courts interpret the "circumstances" reference in Rule 9(b) to require plaintiff to plead the identity of the person who made the misrepresentation, the time, place and content of the misrepresentation, and the method by which the misrepresentation was communicated to the plaintiff. *See Windy City Metal Fabricators & Supply, Inc. v. CIT Technical Financing Services, Inc.*, 536 F.3d 663, 669 (7th Cir., 2008); *Ackerman v. Northwestern Mut. Life Ins. Co.*, 172 F.3d 467, 469 (7th Cir., 1999) (Rule 9(b) requires the complaint to set forth "the who, what, where, and when of the alleged fraud"); *Vicom, Inc. v. Harbridge Merchant Services, Inc.*, 20 F.3d 771, 777 (7th Cir., 1994). The purpose of this rule is "to force the plaintiff to do more than the usual investigation before filing his complaint" because "public charges of fraud can do great harm to the reputation of a business firm or other enterprise (or individual)." *Ackerman*, 172 F.3d at 469.

The remaining Counts 13, for breach of contract, and 15, for a violation of the Trust Indenture Act, exist independent of the alleged fraudulent scheme and, therefore, are subject to Rule 8(a)'s more lenient notice pleading standard. However, even under Rule 8(a), "a complaint must contain sufficient factual

matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949. A complaint need not set forth all of the relevant facts but it must describe the claim with sufficient detail so as to provide the defendants with fair notice of what the claim is and the grounds upon which it rests. *See* FED. R. CIV. P. 8(a); *E.E.O.C. v. Concentra Health Services, Inc.*, 496 F.3d 773, 776 (7th Cir., 2007). The Court accepts as true all well-pleaded facts alleged in the complaint and draws all reasonable inferences in a light favorable to the plaintiff. *See Twombly*, 550 U.S. at 555-56. However, the Court need not accept as true legal conclusions, and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 129 S.Ct. at 1949.

### *2. The Sufficiency of the Complaint's Fraud-Based Claims*

The Court will first examine the fraud claim found in Count 3 of the Complaint because the viability of most of Plaintiffs' claims turns on the sufficiency of their fraud claim. In other words, if Plaintiffs have failed to plead fraud adequately, Counts 1-12, 14, 16, and 17 also fail because all of these claims

matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949. A complaint need not set forth all of the relevant facts but it must describe the claim with sufficient detail so as to provide the defendants with fair notice of what the claim is and the grounds upon which it rests. *See* FED. R. CIV. P. 8(a); *E.E.O.C. v. Concentra Health Services, Inc.*, 496 F.3d 773, 776 (7th Cir., 2007). The Court accepts as true all well-pleaded facts alleged in the complaint and draws all reasonable inferences in a light favorable to the plaintiff. *See Twombly*, 550 U.S. at 555-56. However, the Court need not accept as true legal conclusions, and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 129 S.Ct. at 1949.

### *2. The Sufficiency of the Complaint's Fraud-Based Claims*

The Court will first examine the fraud claim found in Count 3 of the Complaint because the viability of most of Plaintiffs' claims turns on the sufficiency of their fraud claim. In other words, if Plaintiffs have failed to plead fraud adequately, Counts 1-12, 14, 16, and 17 also fail because all of these claims

matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949. A complaint need not set forth all of the relevant facts but it must describe the claim with sufficient detail so as to provide the defendants with fair notice of what the claim is and the grounds upon which it rests. *See* FED. R. CIV. P. 8(a); *E.E.O.C. v. Concentra Health Services, Inc.*, 496 F.3d 773, 776 (7th Cir., 2007). The Court accepts as true all well-pleaded facts alleged in the complaint and draws all reasonable inferences in a light favorable to the plaintiff. *See Twombly*, 550 U.S. at 555-56. However, the Court need not accept as true legal conclusions, and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 129 S.Ct. at 1949.

### *2. The Sufficiency of the Complaint's Fraud-Based Claims*

The Court will first examine the fraud claim found in Count 3 of the Complaint because the viability of most of Plaintiffs' claims turns on the sufficiency of their fraud claim. In other words, if Plaintiffs have failed to plead fraud adequately, Counts 1-12, 14, 16, and 17 also fail because all of these claims

are based upon the same underlying fraud alleged in Count 3. *See Borsellino*, 477 F.3d at 507-08; *National Council on Compensation Ins., Inc. v. American Intern. Group, Inc.*, No. 07-2898, 2009 WL 466802 (N.D.Ill., Feb. 23, 2009); *McKee v. Pope Ballard Shepard & Fowle, Ltd.*, 604 F.Supp. 927 (N.D.Ill., 1985).

For example, Plaintiffs' securities claims (Counts 1 and 2) rest upon the allegation that "[t]he IFC entities took the accumulated investments and concealed the money in Mexico while falsely representing to investors that the IFC entities were actively engaged in developing the Sands of Gold Estates in Playa Ventura, Mexico." (Compl. ¶ 154.) Plaintiffs' breach of fiduciary duty claim (Count 4) relies on the allegation that "the IFC principals breached their fiduciary duties to Plaintiffs by failing to invest Plaintiffs' money as represented but instead transferring it to and concealing it in Mexico with no intent on returning Plaintiffs' investments or paying the interest or return on such investments." (Compl. ¶ 197.) Plaintiffs' civil conspiracy claim (Count 5) relies upon the allegation that "[t]he IFC principals sought investments from Plaintiffs by falsifying the purpose of the investments so that they could unlawfully conceal the money in Mexico shielded from the claims of Plaintiffs for the return on their investments." (Compl. ¶ 201.) These allegations, which appear consistently throughout Counts 1-12, 14, 16 and 17, refer to the same alleged fraudulent scheme that forms the basis of Count 3.

Accordingly, Plaintiffs must plead fraud sufficiently in order for Counts 1-12, 14, 16 and 17 to survive.

Under applicable Illinois law, a plaintiff must allege the following elements to state a claim for fraud:

(1) a representation of a material fact by defendant,

(2) the representation was false,

(3) defendant knew the statement was false at the time he or she made it,

(4) plaintiff justifiably relied upon the statement,

(5) defendant made the statement to induce plaintiff to take some act, and

(6) plaintiff was injured as a result of his or her reliance.

*Davis v. G.N. Mortg. Corp.*, 396 F.3d 869, 881-82 (7th Cir., 2005) (citing *Capiccioni v. Brennan Naperville, Inc.*, 791 N.E.2d 553, 558 (Ill.App.Ct., 2003).

Here, Plaintiffs have not alleged fraud adequately with respect to any defendant and, therefore, Counts 1-12, 14, 16 and 17 fail. Throughout, the Complaint refers to Defendants collectively: "IFC systematically misrepresented returns and interest that would be earned" (Compl. ¶ 6), "IFC continued to promise investors that their return would be forthcoming" (Compl. ¶ 8), "Investors were told by Defendants" (Compl. ¶ 124), "[t]he IFC entities failed to disclose" (Compl. ¶ 130), "the IFC principals would move investors *[sic]* money around from banking institution to banking institution"

(Compl. ¶ 133), "the IFC entities did little or no actual property flipping business" (Compl. ¶ 134), "[t]he IFC principals told prior investors" (Compl. ¶ 137), "the IFC principals used false incentives" (Compl. ¶ 137), "the IFC principals [falsely] represented that such certificates were being issued" (Compl. ¶ 139), "the IFC principals continued to make false and fraudulent representations" (Compl. ¶ 140), "Defendants were selling property in Mexico that they didn't own or have the right to sell" (Compl. ¶ 142), and the list goes on. The Complaint defines the terms "IFC," "IFC entities," "IFC principals," and "Defendants" to include multiple individuals and entities. Thus, it is impossible to discern from the Complaint which Defendant made which fraudulent representation.

The only instances where the Complaint identifies the speaker of a fraudulent statement are found in paragraphs 85-87 where Plaintiffs allege that Defendants Sanchez and Bourassa made fraudulent statements to certain individuals, none of whom is a plaintiff in this case. As a result, the statements identified in paragraphs 85-87 cannot form the basis of Plaintiffs' fraud claim because Plaintiffs cannot show that they relied upon statements made to others. *See Regnery v. Wallerich*, 626 F.Supp.2d 872, 875 (N.D.Ill., 2009).

As the Seventh Circuit explained in *Ackerman* and *Vicom*, the group pleading employed by Plaintiffs in the Complaint is

insufficient under Rule 9(b). Accordingly, Count 3 (common law fraud), and Counts 1, 2, 4-12, 14, 16, and 17 which all rest upon the same alleged fraudulent scheme, are dismissed without prejudice.

### 3. *The Sufficiency of the Complaint's Remaining Claims*

#### a. *Breach of Contract (Count 13)*

The Complaint brings a breach of contract claim against all Defendants on the grounds that the IFC entities and IFC principals have refused and failed to pay Plaintiffs according to their investment agreements despite Plaintiffs' demands for payment. Under applicable Illinois law, a plaintiff must allege the following elements to state a claim for breach of contract:

(1) the existence of a valid contract between plaintiff and defendant,

(2) performance by plaintiff,

(3) breach by defendant, and

(4) damages to plaintiff as a result of defendant's breach.

*Priebe v. Autobarn, Ltd.*, 240 F.3d 584, 587 (7th Cir., 2001) (citing *Hickox v. Bell*, 552 N.E.2d 1133, 1143 (Ill.App.Ct., 1990).

Defendants Martin, Guidi and Rodriguez moved to dismiss the breach of contract claim on the grounds that the Complaint fails to allege the existence of any contract between them and Plaintiffs. Their argument is well-founded; the Complaint does not allege that any of them are party to a contract with Plaintiffs and,

accordingly, Count 13 is dismissed without prejudice with respect to Defendants Martin, Guidi and Rodriguez.

Defendants Sanchez and the IFC Entities also moved to dismiss this claim on the grounds that the Complaint fails to identify which Defendants had contracts with Plaintiffs, and which Defendants breached those contracts. However, the Complaint and the documents attached to it support Plaintiffs' claim that Defendants InvestForClosures Ventures, LLC, and InvestForClosures Financial, L.L.C., entered into investment agreements with Plaintiffs and, because the Complaint adequately alleges the remaining elements of breach of contract with respect to these two Defendants, Plaintiffs' breach of contract claim against them survives. Plaintiffs' breach of contract claim is dismissed without prejudice with respect to Defendant InvestForClosures.com LLC because neither the allegations of the Complaint nor the documents attached to it indicate that InvestForClosures.com entered into any contract with any Plaintiff.

Plaintiffs also bring a breach of contract claim against Defendant Sanchez who signed the investment agreements. However, Sanchez signed these agreements in his capacity as Chief Executive Officer of InvestForClosures Ventures, LLC, and InvestForClosures Financial, L.L.C., not in his personal capacity and thus he is not personally liable for any breach by those Defendants. *See Radioactive Energy of Illinois, LLC v. GZ Gourmet Foods & Beverage,*

*Inc.*, No. 08-311, 2009 WL 458616, at *7 (N.D.Ill., Feb. 24, 2009) (citing *White & Brewer Trucking, Inc. v. Donley*, 952 F.Supp. 1306, 1315-16 (C.D.Ill., 1997); *Wottowa Ins. Agency, Inc. v. Bock*, 472 N.E.2d 411, 413 (Ill., 1984)). Accordingly, Plaintiffs' breach of contract claim is dismissed without prejudice with respect to Defendant Sanchez.

    *b.  Violation of the Trust Indenture Act (Count 15)*

Plaintiffs bring a claim against all Defendants for violating the Trust Indenture Act, 15 U.S.C. § 77aaa *et seq.* (the "Act"), by selling unregistered securities to Plaintiffs and by failing to provide Plaintiffs with certain information required by the Act. The Act specifically prohibits any person from selling unregistered securities or selling registered securities without a prospectus containing the requisite information. 15 U.S.C. § 77fff.

Defendants Martin, Guidi and Rodriguez moved to dismiss this claim on the grounds that the Complaint does not allege they sold any securities. The Court agrees. Although the Complaint contains the conclusory allegation that "Defendants offered to sell, sold, and issued securities and/or indentures" it offers nothing else to support this conclusion with respect to Defendants Martin, Guidi, or Rodriguez. The Complaint merely alleges that Defendant Martin acted as a liaison between investors and the IFC entities after the investors had purchased their securities and not that she actually sold any securities. The Complaint alleges that Defendant Guidi

acted as General Counsel for the IFC entities and that she interacted with investors, but it does not allege that she sold any securities. With respect to Defendant Rodriguez, the Complaint alleges only that he was the staff accountant for the IFC entities and not that he sold any securities. Thus, the Trust Indenture Act does not apply to Martin, Guidi, or Rodriguez and Count 15 is dismissed without prejudice with respect to them.

Defendant Sanchez and the IFC Entities fare differently with respect to this claim. The Complaint alleges that Sanchez communicated directly with, and sold securities to, potential investors and that the IFC Entities were the issuing entities. Thus, the Act applies to Sanchez and the IFC Entities and their motion to dismiss is denied with respect to Count 15.

### C. Plaintiffs' Motion to Strike

After briefing on Defendants' Motions to Dismiss concluded, Plaintiffs filed a motion to strike a portion of the reply brief submitted by Defendants Martin, Guidi, and Rodriguez which quoted and characterized an excerpt of a letter from Plaintiffs' counsel to the Attorney Review and Disciplinary Commission. In that excerpt, Plaintiffs' counsel stated that Defendant Martin, who is also an investor in the IFC Entities, "should have come to [him] to discuss letting her out of the case." Defendants Martin, Guidi, and Rodriguez characterize this statement as evidence that Plaintiffs are unaware of any wrongdoing by Defendant Martin, but

named her as a defendant anyway in order to conduct unwarranted discovery and pressure her to settle. Plaintiffs seek to strike this portion of the reply brief on the grounds that it is unfairly prejudicial and concerns inadmissible settlement discussions.

Under Federal Rule of Civil Procedure 12(f), the Court "may strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." Without taking any position on the meaning of the quoted statement by Plaintiffs' counsel, the Court finds that the statement is immaterial to the sufficiency of the Complaint. Accordingly, Plaintiff' motion to strike is granted and that portion of Defendants' reply brief addressing the statement is stricken.

### III. <u>CONCLUSION</u>

For the reasons stated herein, the Court rules as follows:

1. Defendant Martin's Rule 12(b)(2) Motion to Dismiss for lack of personal jurisdiction is denied.

2. Defendants Martin, Guidi, and Rodriguez's Rule 12(b)(6) Motion to Dismiss is granted and the Complaint is dismissed in its entirety, without prejudice, with respect to Defendants Martin, Guidi, and Rodriguez.

3. Defendants Sanchez and the IFC Entities' Rule 12(b)(6) Motion to Dismiss is granted in part and denied in part; with respect to Defendants Sanchez and InvestForClosures.com LLC, Count 15 survives but Counts 1-14, 16, and 17 are dismissed without

prejudice; with respect to Defendants InvestForClosures Financial, L.L.C., and InvestForClosures Ventures LLC, Counts 13 and 15 survive but Counts 1-12, 14, 16, and 17 are dismissed without prejudice.

    4.   Plaintiffs' Motion to Strike is granted.

**IT IS SO ORDERED.**

                                        Harry D. Leinenweber, Judge
                                        United States District Court

**DATE:** 9/30/2009