Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Harry D. Leinenweber | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 1221 | **DATE** | 9/30/2009 |
| **CASE TITLE** | Schaufenbuel, et al. vs. InvestForClosures Financial, L.L.C., et al. | | |

**DOCKET ENTRY TEXT**

Before the Court is Plaintiffs' Motion to Disqualify Counsel [127]. For reasons stated below, Plaintiffs' Motion is DENIED.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

     In their Motion to Disqualify Counsel, Plaintiffs ask the Court to disqualify the firm Campion Curran Dunlop & Lamb, P.C. (the "Campion Firm") from representing Defendants Darcey L. Martin, Deana M. Guidi, and Tom Rodriguez. Plaintiffs filed this action on February 25, 2009, and the original complaint named Martin, Guidi and Rodriguez as defendants. The Campion Firm entered an appearance on behalf of Defendant Guidi on March 9, 2009, and then on behalf of Defendants Rodriguez and Martin on April 23, 2009. On August 6, 2009, Plaintiffs filed the pending Motion to Disqualify Counsel. Essentially, Plaintiffs complain that, although Martin, Guidi, and Rodriguez are all defendants in this action, their interests may diverge at some later point in the litigation because Martin, like the Plaintiffs, invested money in an InvestForClosures entity. Thus, according to Plaintiffs, Martin's interests may be more aligned with the Plaintiffs in this case than with her codefendants which would render the Campion Firm's continued joint representation of these defendants inappropriate.

     "Disqualification is a drastic measure which courts should hesitate to impose unless absolutely necessary" and the movant bears the burden of showing facts necessitating disqualification. *Thomas & Betts Corp. v. Panduit Corp.*, No. 93-4017, 1995 WL 319635, at *1 (N.D. Ill. May 25, 1995) (citing *Lanigan v. Resolution Trust Corp.*, No. 91-7216, 1992 WL 350688, at *1 (N.D. Ill. Nov. 19, 1992). "Similarly, a disqualification motion should be viewed with extreme caution for it can be misused as an harassment technique." *Thomas & Betts*, 1995 WL 319635, at *1. Plaintiffs have not met their burden of showing that disqualification of the Campion Firm is necessary in this case.

     First, the mere possiblity of a conflict of interest does not disqualify an attorney, rather, there must be an actual conflict. *Tizes v. Curcio*, No. 94-7657, 1997 WL 116797, at *1 (N.D. Ill. Mar. 12, 1997). Even where an actual conflict exists among clients, an attorney can still represent those clients where: (1) the attorney reasonably believes the representation will not adversely affect the relationship with either client, and (2) each client consents after disclosure of the conflict. Local Rule 83.51.7; *Tizes*, 1997 WL 116797, at *1. Here, there is no reason to believe that a conflict currently exists among the interests of Martin, Guidi, and

## STATEMENT

Rodriguez. The allegations of the complaint that pertain to them are virtually identical with the exception that Martin, unlike Guidi and Rodriguez, invested money in an InvestForClosures entity. The complaint alleges that all three of these individuals were principals of InvestForClosures and furthered the fraudulent scheme of which Plaintiffs complain. To the extent that a hypothetical conflict in the interests of these three defendants may exist, it does not appear on the face of the complaint. Thus, the Campion Firm's belief that its joint representation of Martin, Guidi, and Rodriguez will not adversely affect its attorney-client relationship with any of them is reasonable. Moreover, Martin, Guidi, and Rodriguez have been informed, in writing, of the nature of the possible conflict among them and each has consented to the Campion Firm's continued representation. Thus, the requirements of Local Rule 83.51.7 are met in this case, indicating that disqualification of the Campion Firm is unwarranted.

The second, and more fundamental, problem with Plaintiffs' motion is that they have no standing to bring it. Ethical rules relating to attorney conflict are intended to protect past and current clients, not to protect strangers to the attorney-client relationship, like Plaintiffs here. As a result, courts routinely reject motions to disqualify counsel where the movant and opposing counsel have never had an attorney-client relationship, which is the situation here. *See, e.g., In re Sandahl*, 980 F.2d 1118, 1121 (7th Cir. 1992); *Tizes*, 1997 WL 116797, at *2; *Thomas & Betts Corp. v. Panduit Corp.*, No. 93-4017, 1995 WL 319635, at *2 (N.D. Ill. May 25, 1995); *Renard v. Columbia Broadcasting Sys., Inc.*, 467 N.E.2d 1090, 1094 (Ill. App. Ct. 1984). While Plaintiffs's motion indicates that they are interested in protecting the individual right of Martin, Guidi, and Rodriguez to adequate and unconflicted legal representation, Plaintiffs' reply brief sets forth their real concern: that Defendants Martin, Guidi, and Rodriguez may shield relevant information from discovery through the joint defense privilege. However, defendants could invoke the joint defense privilege regardless of whether they share the same counsel and, in any event, this issue is not what Local Rule 83.51.7 is designed to address.

Accordingly, Plaintiffs' Motion to Disqualify Counsel is denied.